Robin E. Burgess/Bar No. 015330
Shanks Leonhardt /Bar No. 025595
Amanda M. Breemes/Bar No. 030687
**SANDERS & PARKS, P.C.**
3030 North Third Street, Suite 1300
Phoenix, AZ  85012-3099
Direct Phone: (602) 532-5783
Direct Fax: (602) 230-5048
Robin.Burgess@sandersparks.com
Shanks.Leonhardt@sandersparks.com
Amanda.Breemes@sandersparks.com

Attorneys for Defendant
U.S. Human Rights Network, Inc.

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rosalee Gonzalez,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>U.S. Human Rights Network; Marcia Johnson-Blanco; Eric Tars; Lisa Crooms-Robins; Monami Maulik;<br><br>　　　　　　Defendants. | Case No.:<br><br>**DEFENDANT U.S. HUMAN RIGHTS NETWORK, INC.'S NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and (b), and 1446, Defendant U.S. Human Rights Network, Inc. ("U.S. Human Rights Network") removes this action from Maricopa County Superior Court in Arizona to this Court based on diversity jurisdiction. In that regard, Defendant Human Rights Network states as follows.

1. On or about March 18, 2020, Plaintiff Rosalee Gonzalez ("Plaintiff") filed a lawsuit in Arizona state court against the U.S. Human Rights Network, Marcia Johnson-Blanco, Eric Tars, Lisa Crooms-Robins (sic), and Monami Maulik in a case styled *Dr. Rosalee Gonzalez v. U.S. Human Rights Network,*, Superior Court of Arizona, Maricopa County, No. CV2020-003741 ("State Court Action").  In the lawsuit, Plaintiff alleged that the Human Rights Network and the individual defendants wrongfully terminated Plaintiff

1  in violation of A.R.S. § 23-1501(A)(3)(c)(ii), breached its employment agreement pursuant
2  to A.R.S. § 23-1501(A)(3)(a), and breached the implied covenant of good faith and fair
3  dealing, resulting in damage to Plaintiff.  A copy of Plaintiff's Complaint is attached as
4  **Exhibit A**.

5    2. The U.S. Human Rights Network waived service in the State Court Action
6  on April 4, 2020—making U.S. Human Rights Network's response to Plaintiff's Complaint
7  due on June 1, 2020.  A copy of U.S. Human Rights Network's waiver of service is attached
8  as **Exhibit B.**

9    3. Defendants Marcia Johnson-Blanco, Eric Tars, Lisa Crooms-Robinson, and
10 Monami Maulik (collectively "the Individual Defendants") have not been served as of the
11 date of this Notice of Removal.  Accordingly, the Individual Defendants' consent to
12 removal is not required.  *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) (holding
13 non-served defendants were not required to joint in removal because only "[a]ll defendants
14 who have been ***properly . . . served*** in the action must join a petition for removal")
15 (emphasis added); *Cachet Residential Builders, Inc. v. Gemini Ins. Co.*, 547 F. Supp. 2d
16 1028, 1032 (D. Ariz. 2007) (same).

17   4. Plaintiff alleges she is a resident of the State of Arizona and is a citizen of
18 Arizona for the purposes of 28 U.S.C. § 1332.  (Ex. A ¶ 1.)

19   5. No Defendant is a citizen of Arizona for the purposes of 28 U.S.C. § 1332.

20   6. Defendant U.S. Human Rights Network is incorporated in Georgia.

21   7. Defendant U.S. Human Rights Network's principal place of business is in
22 Georgia and was so at the time of the incident(s) alleged in the Complaint, at the time of
23 commencement of this action in state court, and as of the date of this Notice of Removal.

24   8. Accordingly, Defendant U.S. Human Rights Network is a citizen of Georgia
25 for the purposes of 28 U.S.C. § 1332.

26   9. Defendant Marcia Johnson-Blanco is and was at all relevant time periods
27 domiciled in the state of Maryland and is a citizen of Maryland for the purposes of 28
28 U.S.C. § 1332.

10. Defendant Eric Tars is and was at all relevant time periods domiciled in the state of Pennsylvania and is a citizen of Pennsylvania for the purposes of 28 U.S.C. § 1332.

11. Defendant Lisa Crooms-Robinson is and was at all relevant time periods domiciled in the District of Columbia and is a citizen of District of Columbia for the purposes of 28 U.S.C. § 1332.

12. Defendant Monami Maulik ("Maulik") was domiciled in and a citizen of New York at the time of the incident(s) alleged in the Complaint. At the time of commencement of this action in state court and as of the date of this Notice of Removal, Maulik was domiciled in Switzerland. Thus, Maulik is a citizen of New York or "subject" of Switzerland for the purposes of 28 U.S.C. § 1332.

13. Removal is proper when the defendant provides evidence that it is more likely than not that the amount in controversy exceeds $75,000. *See, e.g.*, *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). The inquiry into the amount in controversy is not confined to the face of the complaint. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004).

14. In her Complaint, Plaintiff contends that U.S. Human Rights Network breached its employment contract and that she is entitled to compensatory damages including lost wages, past and future wages and/or impairment of power to earn money, unreimbursed business expenses, punitive damages, and attorneys' fees pursuant to A.R.S. § 12-341.01. (Ex. A ¶¶ 37, 38.)

15. In her pre-litigation correspondence, Plaintiff made a monetary settlement demand well in excess of $75,000.

16. U.S. Human Rights Network denies all of Plaintiff's allegations. But, taking those allegations as true for the purposes of evaluating removal—as this Court must do—U.S. Human Rights Network has met its burden of establishing it is more likely than not that the amount in controversy exceeds $75,000.

17. If Plaintiff initially had filed this lawsuit in Federal Court, this Court would have had diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

18. Removal is proper under 28 U.S.C. § 1441(a), (b), and § 1446.

19. This Notice of Removal is filed within the 30-day time limit provided in 28 U.S.C. § 1446(b).

20. Removal has been perfected within one year of the commencement of the action, as required by 28 U.S.C. § 1446(b).

21. In accordance with Local Rule 3.6(a), the most recent version of the docket from the State Court Action is attached as **Exhibit C**.

22. In accordance with 28 U.S. § 1446(d) and Local Rule 3.6(a), a copy of this Notice of Removal has been filed with the Clerk of Court for Maricopa County Superior Court and notice has been sent to Plaintiff.

23. In accordance with 28 U.S. § 1446(d) and Local Rule 3.6(b), true and correct copies of all pleadings and other documents that were previously filed in the State Court Action, as well as verification that they are true and correct copies, are being filed with this Notice of Removal.  The verification is attached as **Exhibit D**.  The complete record in the State Court Action (minus the Complaint already attached at **Exhibit A**) is attached as **Exhibit E**.

For these reasons, Defendant Human Rights Network respectfully requests that this case be removed from the state court to this Court.

**DATED** 20th day of April, 2020.

**SANDERS & PARKS, P.C.**

By   s/Shanks Leonhardt
    Robin E. Burgess
    Shanks Leonhardt
    Amanda M. Breemes
    3030 North Third Street, Suite 1300
    Phoenix, AZ  85012-3099
    Attorneys for Defendant U.S. Human Rights Network, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing thereby transmitting a Notice of Electronic Filing to all CM/ECF registrants.

I hereby further certify that on April 20, 2020, I served the attached document via email on the parties below, who are not registered participants of the CM/ECF System:

Carrie M. Francis
Tim Lauxman
**STINSON LLP**
1850 N. Central Avenue, Suite 2100
Phoenix, AZ 85004-4584
Carrie.Francis@stinson.com
Tim.Lauxman@stinson.com
*Attorneys for Plaintiff*

By:  s/A. Burns