**EX. A**

COPY

MAR 1 8 2020

CLERK OF THE SUPERIOR COURT
DEPUTY CLERK

Carrie M. Francis (020453)
Tim Lauxman (035222)
**STINSON LLP**
  Firm Identification Number 00462400
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Tel: (602) 279-1600
Fax: (602) 240-6925
carrie.francis@stinson.com
tim.lauxman@stinson.com
*Attorneys for Plaintiff*

## SUPERIOR COURT OF ARIZONA

### MARICOPA COUNTY

| | |
|---|---|
| DR. ROSALEE GONZALEZ, | No. CV2020 003741 |
| Plaintiff, | **COMPLAINT** |
| v. | |
| U.S. HUMAN RIGHTS NETWORK, MARCIA JOHNSON-BLANCO, ERIC TARS, LISA CROOMS-ROBINS, AND MONAMI MAULIK | |
| Defendants. | |

Plaintiff Dr. Rosalee Gonzalez, by and through undersigned counsel, for her complaint against Defendants U.S. Human Rights Network, Marcia Johnson-Blanco, Eric Tars, Lisa Crooms-Robins, and Monami Maulik, alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1.     Plaintiff Dr. Rosalee Gonzalez is a resident of Maricopa County, Arizona living and residing in Arizona at all times material to this Complaint.

2.     Defendant US Human Rights Network ("USHRN") is a 501(c)(3) registered in Georgia. Defendant hired Dr. Gonzalez to work remotely from her home in Arizona.

3.     Upon information and belief, Defendant Marcia Johnson-Blanco is a resident of the District of Columbia. Johnson-Blanco was the Chair of USHRN's Board of Directors at all times relevant to this Complaint.

CORE/3517074.0002/158240311.2

4. Upon information and belief, Defendant Eric Tars is a resident of the District of Columbia. Tars was the Vice-Chair of USHRN's Board of Directors at all times relevant to this Complaint.

5. Upon information and belief, Defendant Lisa Crooms-Robinson is a resident of the District of Columbia. Crooms-Robinson was the Treasurer of USHRN's Board of Directors at all times relevant to this Complaint.

6. Defendant Monami Maulik is resident of New York. Maulik was the Secretary of USHRN's Board of Directors at all times relevant to this Complaint.

7. The events alleged in the complaint occurred in Arizona. The Defendants caused events to occur in Arizona of which Plaintiff's causes of action arise. The amount in controversy exceeds the minimal jurisdictional amount of this Court.

8. Jurisdiction and venue are proper in this Court.

## GENERAL ALLEGATIONS

9. USHRN employed Dr. Gonzalez as its Executive Director from January 2019 until it terminated Dr. Gonzalez, on or about November 22, 2019.

10. USHRN's "Employee Handbook" specified that all staff members of the USHRN, with the exception of the Executive Director, are employees at will.

11. Dr. Gonzalez's responsibilities as USHRN's Executive Director included planning and tasks related to organizational development and management; resource development; communication and community relations; organizing, advocacy, and program leadership; and relating with the USHRN's Board of Directors.

12. Dr. Gonzalez was paid semi-monthly (on the 1st and 15th of every month), with an annual salary of $125,000.

13. Dr. Gonzalez's employment agreement with USHRN guaranteed her personal, sick, and vacation time, as well as reimbursement of business expenses she paid out-of-pocket.

14. Nevertheless, USHRN illegally classified Dr. Gonzalez as an independent contractor, and USHRN denied Dr. Gonzalez benefits to which she was entitled as an employee,

2

including but not limited to health insurance under the Affordable Care Act, earned paid sick and personal time, long-term and short-term disability insurance, Life Insurance through Standard Insurance Company, a retirement plan matching up to 3% of the Plaintiff's contribution, worker's compensation, unemployment benefits, and payment of employer portions of income tax.

15. On or before June 8, 2019, Dr. Gonzalez raised USHRN's denial of Dr. Gonzalez's misclassification and denial of her benefits with USHRN's Board of Directors.

16. On or before July 30, 2019, Dr. Gonzalez raised USHRN's denial of health benefits with Defendants Johnson-Blanco and Tars because the denial negatively impacted Dr. Gonzalez health and need for continuous treatment of Diabetes 2 and high-blood pressure.

17. On or before November 3, 2019, Dr. Gonzalez raised USHRN's denial of Dr. Gonzalez's misclassification in a meeting with its Board of Directors and key stakeholders.

18. On or before November 15, 2019, Dr. Gonzalez raised USHRN's denial of Dr. Gonzalez's health benefits with Defendants Johnson-Blanco and Tars because the denial negatively impacted a dental emergency Dr. Gonzalez suffered.

19. After and because Dr. Gonzalez raised USHRN's misclassification of and denial of benefits to Dr. Gonzalez, USHRN increased their scrutiny of Dr. Gonzalez.

20. Ultimately, USHRN terminated Dr. Gonzalez without notice on or about November 22, 2019.

21. After the termination, and despite Dr. Gonzalez's requests, USHRN withheld and delayed payment of Dr. Gonzalez's earned wages and reimbursements for business expenses Dr. Gonzalez paid out-of-pocket before her termination.

**CLAIM 1: WRONGFUL TERMINATION – RETALIATION**

22. Dr. Gonzalez incorporates all of the foregoing allegations as if set forth fully herein.

23. Defendant terminated the employment relationship with Dr. Gonzalez in retaliation for Dr. Gonzalez reporting that Defendant violated various laws when Defendant

3

misclassified Dr. Gonzalez as an independent contractor and denying Dr. Gonzalez benefits, including, but not limited to, earning and using earned sick leave. This retaliatory termination violates A.R.S. § 23-1501(A)(3)(c)(ii).

24. When Defendant denied Dr. Gonzalez earned sick leave, Defendant violated A.R.S. §§ 23-372(b) and 23-373(A).

25. Defendant's actions were carried out intentionally and with a conscious disregard to the interests of Dr. Gonzalez and specifically for its own self-interest, thereby exposing Defendant to liability for exemplary and punitive damages.

26. Because the employment relationship is contractual in nature, Dr. Gonzalez is entitled to her attorney fees pursuant to A.R.S. § 12-341.01.

## CLAIM 2: WRONGFUL TERMINATION – BREACH OF CONTRACT

27. Dr. Gonzalez incorporates all of the foregoing allegations as if set forth fully herein.

28. Despite Plaintiff being an employee specifically excluded from Defendant's standard practice of at-will employment, Defendant terminated the employment relationship with Plaintiff without notice or cause, violating A.R.S. § 23-1501(A)(3)(a).

29. Defendant's actions were carried out intentionally and with a conscious disregard to the interests of Dr. Gonzalez and specifically for its own self-interest, thereby exposing Defendant to liability for exemplary and punitive damages.

30. Because the employment relationship is contractual in nature, Plaintiff is entitled to her attorney fees pursuant to A.R.S. § 12-341.01.

## CLAIM 3: BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

31. Dr. Gonzalez incorporates all of the foregoing allegations as if set forth fully herein.

32. The employment relationship is contractual in nature, as set forth in Arizona's Employment Protection Act. See A.R.S. § 23-1501(A)(1).

4

33. The employment contract between the parties establishes Dr. Gonzalez was an employee of Defendant included terms entitling Dr. Gonzalez to nonwage benefits and obligating Defendant to provide Dr. Gonzalez those benefits.

34. In addition to the express obligations of the employment contract, a covenant of good faith and fair dealing is an implied term of every contract under Arizona law.

35. By misclassifying Dr. Gonzalez as an independent contractor and failing to provide Dr. Gonzalez with benefits to which she was entitled as an employee, including but not limited to health insurance under the Affordable Care Act, earned paid sick time, worker's compensation, unemployment benefits, and payment of employer portions of income tax, Defendant breached the implied covenant of good faith and fair dealing it owed to Dr. Gonzalez.

36. Dr. Gonzalez performed all of her obligations under the employment contract. To the extent she failed to fulfill any such obligations, the failure was solely the result of Defendant's actions or inaction.

37. As a direct and proximate result of Defendant's breach, Dr. Gonzalez has been damaged in an amount to be proven at trial.

38. Dr. Gonzalez is entitled to her attorney fees pursuant to A.R.S. § 12-341.01.

### DEMAND FOR JURY TRIAL

Dr. Gonzalez requests a jury trial with respect to all claims so triable.

### PRAYER FOR RELIEF

WHEREFORE, Dr. Gonzalez requests judgment as follows:

(A) Awarding judgment in an amount to be proven at trial in Dr. Gonzalez's favor and against Defendant for all damages provided for under applicable law, including but not limited to compensatory damages including lost wages, past and future wages and/or impairment of power to earn money, unreimbursed business expenses paid out-of-pocket by Dr. Gonzalez during her employment, and punitive damages;

(B) Awarding Dr. Gonzalez interest as provided for by law;

(C) Awarding Dr. Gonzalez her costs and attorney fees as provided for by law; and

(D) Awarding Dr. Gonzalez such further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 18th day of March, 2020.

5

STINSON LLP

By: /s/ *Carrie M. Francis*
Carrie M. Francis
Tim Lauxman
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Attorney for

ORIGINAL filed with the Clerk of the Court this 18th day of March, 2020:

Clerk of the Court
Maricopa County Superior Court
101/201 West Jefferson
Phoenix, Arizona 85003

6

CORE/3517074.0002/158240311.2