1  Robin E. Burgess/Bar No. 015330
2  Shanks Leonhardt/Bar No. 025595
   Amanda M. Breemes/Bar No. 030687
3  **SANDERS & PARKS, P.C.**
   3030 North Third Street, Suite 1300
4  Phoenix, AZ  85012-3099
   Direct Phone: (602) 532-5783
5  Direct Fax: (602) 230-5048
   Robin.Burgess@sandersparks.com
6  Shanks.Leonhardt@sandersparks.com
   Amanda.Breemes@sandersparks.com
7
8  Attorneys for Defendants US Human Rights Network, Inc.,
   Eric Tars, Marcia Johnson-Blanco and Lisa Crooms-Robinson
9
                    **UNITED STATES DISTRICT COURT**
10
                     **FOR THE DISTRICT OF ARIZONA**
11

12  | Rosalee Gonzalez, | Case No.:  2:20-CV-00757-DWL |
    |---|---|
13  | Plaintiff, | **DEFENDANTS' MARCIA** |
    | v. | **JOHNSON-BLANCO, ERIC TARS,** |
14  | | **AND LISA CROOMS-ROBINSON'S** |
    | US Human Rights Network; et al., | **MOTION FOR ENTRY OF** |
15  | | **JUDGMENT PURSUANT TO FED. R.** |
    | Defendants. | **CIV. P. 54(b)** |
16  | _____ | |
17  | US Human Rights Network, | |
18  | | |
    | Counterclaimant, | |
19  | v. | |
20  | | |
    | Rosalee Gonzalez and John Doe Gonzalez, | |
21  | husband and wife, | |
22  | Counterdefendants. | |

23       Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, Defendants Marcia

24  Johnson-Blanco, Eric Tars, and Lisa Crooms-Robinson (collectively referred to as

25  "Individual Defendants") move this Court for entry of final judgment on Plaintiff's claims

26  against Individual Defendants.  This Court granted Individual Defendants' Motion to

27  Dismiss for Lack of Personal Jurisdiction in the Court's January 11, 2021 Minute Entry.

28

1    (Doc. 55.)   Individual Defendants seek an entry of final judgment to bring finality to

2    Plaintiff's claims against them in this forum.

3         Good cause exists for the Court to enter Rule 54(b) judgment in favor of Individual

4    Defendants because it will avoid piecemeal litigation, promote judicial economy, conserve

5    the parties' resources, and ensure that litigation proceeds in a streamlined fashion.

6    **I.    Background**

7         This case arises from a dispute between Plaintiff and Defendant US Human Rights

8    Network (the "Network") regarding Plaintiff's termination from her position as Executive

9    Director of the Network and the Network's related counterclaims.   US Human Rights

10   Network is a non-profit corporation incorporated in Georgia and based in Atlanta.  Plaintiff

11   worked as the Executive Director of the Network during relevant periods.   Individual

12   Defendants were board members of the Network during relevant periods.

13        US Human Rights Network terminated Plaintiff for the following reasons: (1) her

14   misuse of the Network's funds; (2) her ineffective management style; (3) her inability to

15   successfully carry out the goals of the Network; and (4) her alienation of key member

16   organizations and individuals that were part of the Network by damaging the reputation

17   and relationship of US Human Rights Network, which caused these key members

18   organizations to cease involvement with the US Human Rights Network.

19        Plaintiff filed this lawsuit claiming that Network terminated her in retaliation for her

20   alleged complaints about her misclassification as an independent contractor for the

21   Network. (Doc. 11 ¶ 32.)  She has asserted claims for: (1) wrongful termination; (2) breach

22   of the implied covenant of good faith and fair dealing; (3) breach of her employment

23   agreement; and (4) negligent misrepresentation.  (*Id.* ¶¶ 31-54.)

24        Plaintiff's Original Complaint (Doc. 1, Ex. A) alleged no claims against Individual

25   Defendants alleging conduct outside the course and scope of their work for the Network.

26   Nevertheless, Plaintiff also sued Individual Defendants in Arizona—even though none of

27   them are Arizona residents and none have any meaningful contacts with Arizona.  (Doc.

28   10.)  Prior to filing their motions to dismiss, Individual Defendants explained the lack of

1  personal jurisdiction to Plaintiff in writing and during a meet-and-confer call—requesting

2  that Plaintiff amend her Complaint to remove Individual Defendants from the lawsuit.

3  Plaintiff refused to voluntarily dismiss Individual Defendants when she filed her First

4  Amended Complaint.  (Doc. 11.)

5      Accordingly, board members Marica Johnson-Blanco, Eric Tars filed a motion to

6  dismiss for lack of personal jurisdiction. (Doc. 21.)  Lisa Crooms-Robinson also filed a

7  motion to dismiss for lack of personal jurisdiction.  (Doc. 40.)  On November 11, 2020,

8  this Court issued a minute entry granting Johnson-Blanco, Tars, and Crooms-Robinson's

9  motions to dismiss for lack of personal jurisdiction. (Doc. 55.)

10     Individual Defendants ask this Court to enter final judgment on the Court's order

11  dismissing Individual Defendants from this action.

12  **II.    The Court should enter final judgment dismissing Individual Defendants because the Court's ruling is final and there is no just reason for delay.**

13

14     Rule 54(b) provides that "[w]hen an action presents more than one claim for relief .

15  . . the court may direct entry of a final judgment as to one or more, but fewer than all claims

16  . . . only if the court expressly determines that there is no just reason for delay."  Fed. R.

17  Civ. P. 54(b).  Final judgment pursuant to Rule 54(b) is warranted when: (1) the ruling is

18  a "final judgment"; and (2) there is no just reason for delay.  *Curtiss-Wright Corp. v.*

19  *General Electric Co.*, 446 U.S. 1, 7-8 (1980).  Rule 54(b) is not be applied rigidly—to

20  contrary, Rule 54(b) judgment "is proper if it will aid expeditious decision of the case."

21  *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797-98 (9th Cir. 1991).

22     Here, the Court's Order dismissing Individual Defendants qualifies under both

23  requirements for Rule 54(b).

24     **A.    The Court's Order is final judgment.**

25     A ruling is considered a final judgment when it is a "'judgment' in the sense that it

26  is a decision upon a cognizable claim for relief" and it is "'final' in the sense that it is an

27  ultimate disposition of an individual claim entered in the course of a multiple claims

28  action." *Curtiss-Wright Corp.*, 446 U.S. at 7.

1    A dismissal under Fed. R. Civ. P. 12(b)(2) qualifies as a final judgment for the

2   purposes of Rule 54(b).  *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1484 (9th Cir.

3   1993) (holding trial court did not abuse its discretion in entering Rule 54(b) judgment for

4   dismissal based on lack of personal jurisdiction); *Lester v. Presto Lifts, Inc.*, CV 12-398-

5   PHX-PGR, 2012 WL 3596517 (D. Ariz. Aug. 21, 2012).

6    As in *Core-Vent Corp.* and *Lester*, the Court dismissed Plaintiff's claims against

7   Johnson-Blanco, Tars, and Crooms-Robinson for lack of personal jurisdiction. (Doc. 55.)

8   The Court's Order disposed of all Plaintiff's claims against Individual Defendants such

9   that nothing remains pending against Individual Defendants.

10   **B.      There is no just reason for delay.**

11    There are two relevant factors a trial court shoulder consider in deciding whether

12   there is just reason for delay: (1) the interests of judicial administration; and (2) the equities

13   of the parties involved.  *Curtiss-Wright Corp.*, 446 U.S. at 8.  In doing so, the Court should

14   consider "such factors as whether the claims under review were separable from the others

15   remaining to be adjudicated and whether the nature of the clams already determined was

16   such that no appellate court would have to decide the same issues more than once even if

17   there were subsequent appeals."  *Id*.

18   **1.      The dismissed claims are separable from the remaining claims.**

19    The Ninth Circuit follows "a more pragmatic approach focusing on severability and

20   efficient judicial administration."  *Continental Airlines, Inc. v. Goodyear Tire & Rubber

21   Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987).  "[C]laims certified for appeal do not need to be

22   separate and independent from the remaining claims, so long as resolving the claims would

23   'streamline the ensuing litigation.'"  *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009).

24    Judicial administrative interests are satisfied if the legal issues presented in the

25   certified claims are different from those in the claims remaining in the district court.

26   *Texaco*, 939 F.2d at 798*; see also Curtiss-Wright*, 446 U.S. at 9 (holding that the presence

27   of unresolved related claims "does not render Rule 54(b) certification inappropriate.  If it

28   did, Rule 54(b) would lose much of its utility"); *Cold Metal Process Co. v. United*

- 4 -

1 *Engineering & Foundry Co.*, 351 U.S. 445, 452 (1956) (holding Rule 54(b) certification is

2 proper even when appealed claim "arises out of the same transaction or occurrence as the

3 pending claims").

4      Accordingly, dismissals based on lack of personal jurisdiction are "easily severable"

5 from the remaining claims in a lawsuit—and support Rule 54(b) judgments. *Core-Vent*

6 *Corp*, 11 F.3d at 1484; *Lester*, CV 12-398-PHX-PGR, 2012 WL 3596517 at *1 (finding

7 that final judgment was proper under Rule 54(b) because "the Court's order addressed only

8 personal jurisdiction, an issue which is easily severable from the merits of the lawsuit").

9      As in *Core-Vent Corp.* and *Lester*, Plaintiff's claims against Individual Defendants

10 are "easily severable" from her remaining claims against her employer, the Network.

11 Plaintiff's remaining claims against the Network involve questions regarding Plaintiff's

12 termination from the Network and the Network's related counterclaims against her. None

13 of her remaining claims involve the Court's determination that Arizona lacked personal

14 jurisdiction over Individual Defendants.

15      Thus, the legal issues at issue in this Court's order dismissing Individual Defendants

16 are separate from Plaintiff's remaining claims against the Network—and there is no

17 concern regarding the Ninth Circuit having to consider personal jurisdiction issues twice.

18      **2.     Final judgment promotes efficiency.**

19      This Court should also enter final judgment dismissing Plaintiff's claims against

20 Individual Defendants because it promotes efficiency by allowing Plaintiff (if she chooses

21 to do so) to seek an immediate appeal to potentially preserve the right to litigate her claims

22 against Individuals Defendants and the Network in a single forum. *See Lester*, CV 12-398-

23 PHX-PGR, 2012 WL 3596517 at *1 (finding that an entry of final judgment on a Rule

24 12(b)(2) dismissal would "allow to immediately appeal this Court's ruling on personal

25 jurisdiction").

26      **3.     The equities favor Rule 54(b) certification.**

27      The equities favor finding that there is no just reason for delaying final judgment.

28 Individual Defendants were all named personally in their role as board members for the

1 Network.  Defendants are not Arizona residents and they have no contacts with this state.

2 Entering a final judgment now prevents undue delay in the resolution of Plaintiff's claims

3 against Individual Defendants claims.

4 **III.    Conclusion**

5       For the reasons herein, Defendants Johnson-Blanco, Tars, and Crooms-Robinson

6 respectfully request that the Court issue a final judgment pursuant to Rule 54(b).

7

8       **DATED** this 27th day of January, 2021.

9

10                           **SANDERS & PARKS, P.C.**

11

                          By:*/s/ Amanda M. Breemes*
12                             Robin Burgess
                              Shanks Leonhardt
13                             Amanda M. Breemes
                              3030 North Third Street, Suite 1300
14                             Phoenix, AZ  85012-3099
                              Attorneys for Defendants US Human
15                             Rights Network, Inc., Eric Tars, Marcia
                              Johnson-Blanco, and Lisa Crooms-
16                             Robinson

17

18

19

20                      **Certificate of Service**

21       I hereby certify that on January 27, 2021, I electronically transmitted the foregoing

22 to the Clerk's Office using the CM/ECF System for filing thereby transmitting a Notice of

23 Electronic Filing to all CM/ECF registrants.

24

25 By: /s/ Shelly McKellar

26

27

28

- 6 -