**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rosalee Gonzalez, | No. CV-20-00757-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| US Human Rights Network, et al., | |
| Defendants. | |

US Human Rights Network,

Counterclaimant,

v.

Rosalee Gonzalez and John Doe Gonzalez, husband and wife,

Counterdefendants.

     Pending before the Court is a Rule 54(b) motion for entry of judgment (Doc. 60) filed by Defendants Lisa Crooms-Robinson ("Crooms-Robinson"), Marcia Johnson-Blanco ("Johnson-Blanco"), and Eric Tars ("Tars") (collectively, the "Individual Defendants"). For the following reasons, the motion is denied.

## BACKGROUND

     The parties are familiar with the facts of this case, which are set out in earlier orders. In a nutshell, Rosalee Gonzalez ("Plaintiff") asserts that U.S. Human Rights Network ("Network") misclassified her as an independent contractor and then wrongfully

terminated her after she complained about the misclassification.  (Doc. 11.)  Network denies Plaintiff's claims and has asserted various counterclaims against her.  (Doc. 58.)  Plaintiff and Network are currently engaged in the discovery process.  (*See, e.g.,* Doc. 73.)

In addition to suing Network, Plaintiff also attempted to assert claims against the Individual Defendants, who are current and former members of Network's Board of Directors and whose conduct as board members gives rise to Plaintiff's claims against Network.  However, after full briefing, the Court granted the Individual Defendants' motions to dismiss for lack of personal jurisdiction. (Doc. 55 at 4-18.)  During the motion-to-dismiss process, the Individual Defendants also asked the Court to order Plaintiff to pay their attorneys' fees, but this request was denied as premature due to the absence of final judgment resolving all claims in this action.  (*Id.* at 18 n.5.)

The Individual Defendants have now filed a Rule 54(b) motion for entry of judgment on Plaintiff's claims against them.  (Docs. 60, 66.)  Plaintiff opposes to the motion.  (Doc. 65.)

## DISCUSSION

I.    Legal Standard

Rule 54(b) of the Federal Rules of Civil Procedure provides that where, as here, an action involves multiple claims or parties,

> the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

"Rule 54(b) relaxes the former general practice that, in multiple claims actions, *all* the claims had to be finally decided before an appeal could be entertained from a final decision upon any of them."  *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 409 (2015) (internal quotation marks omitted).  Thus, Rule 54(b) is designed to provide parties with an opportunity to appeal an unfavorable ruling before a case has fully terminated.  *Sears,*

*Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956) (Rule 54(b) "provide[s] a practical means of permitting an appeal to be taken from one or more final decisions on individual claims, in multiple claims actions, without waiting for final decisions to be rendered on all the claims in the case"). *See also Special Invs., Inc. v. Aero Air, Inc.*, 360 F.3d 989, 993 (9th Cir. 2004) ("An order dismissing one party for lack of personal jurisdiction while allowing suit to continue against the remaining defendants is not a final, appealable order, absent an 'express determination that there is no just reason for delay and . . . an express direction for the entry of judgment.'") (alteration in original) (quoting Fed. R. Civ. P. 54(b); 28 U.S.C. § 1291).[1]

Under Rule 54(b), "[w]hen the district court dismisses claims against one of a number of parties, it has discretion to direct the entry of a final judgment as to that party only if the court expressly determines that there is no just reason to delay." *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009) (cleaned up). Therefore, before entering judgment under Rule 54(b), "the district court first must render 'an ultimate disposition of an individual claim.'" *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 574 (9th Cir. 2018) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)). "The court then must find that there is no just reason for delaying judgment on this claim." *Id.* "The burden is on the party endeavoring to obtain Rule 54(b) certification to demonstrate that the case warrants certification." *First Amendment Coal. of Ariz., Inc. v. Ryan*, 2016 WL 4236373, *1 (D. Ariz. 2016) (quoting *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993)).

Two sets of considerations bear on whether there is "just reason" for delaying entry of judgment. *Jewel v. NSA*, 810 F.3d 622, 628 (9th Cir. 2015). First, courts analyze

---

[1]   *See also* 2 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 54, at 75 (2021) ("Rule 54(b) attempts to reconcile the traditional final judgment rule for appeal with modern joinder practices, which can bring together in one suit claims and parties that might not all be related to one another. If the court rules on some claims but not others, the final judgment rule would not allow immediate appeal even if the resolved claims and the remaining claims were separable. Rather than adjust the final judgment rule, it was deemed preferable to give district judges authority to determine that the claims it had ruled on were sufficiently distinct from the unresolved claims that it made sense to release them for appeal without waiting until all of the other claims were resolved.").

"juridical concerns," primarily "whether the certified order is sufficiently divisible from the other claims such that the case would not inevitably come back to [the Court of Appeals] on the same set of facts." *Id.* (cleaned up). *See also Wood v. GCC Bend, LLC*, 422 F.3d 873, 878-79 (9th Cir. 2005) (suggesting that the term "juridical concerns" is synonymous with "consideration of judicial administrative interests"). "This inquiry does not require the issues raised on appeal to be completely distinct from the rest of the action, so long as resolving the claims would streamline the ensuing litigation." *Jewel*, 810 F.3d at 628 (internal quotation marks omitted). Courts in the Ninth Circuit embrace a "pragmatic approach focusing on severability and efficient judicial administration." *Wood*, 422 F.3d at 880 (internal quotation marks omitted). Thus, claims may have "overlapping facts" and still be "separate for purposes of Rule 54(b)." *Id.* at 881.

Second, courts undertake an "equitable analysis." *Jewel*, 810 F.3d at 628. District courts are "encourage[d]" but not required to "make factual findings and to explain their reasons for certifying." *Id.* Under the equitable analysis, courts "focus on traditional equitable principles such as prejudice and delay." *Gregorian v. Izvestia*, 871 F.2d 1515, 1519 (9th Cir. 1989). One example of an equitable consideration "that may inform a judge's decision" is whether the timing of the entry of judgment "would inflict severe financial harm" on either side. *Wood*, 422 F.3d at 878 n.2.

"Rule 54(b) certification is proper if it will aid expeditious decision of the case." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991) (internal quotation marks omitted). "However, Rule 54(b) certification is scrutinized to prevent piecemeal appeals in cases which should be reviewed only as single units." *Id.* at 797-98 (internal quotation marks omitted). Entry of judgment under Rule 54(b) "is not routine" in ordinary cases and "should not become so." *Wood*, 422 F.3d at 879. The Ninth Circuit has advised that it "cannot afford the luxury of reviewing the same set of facts in a routine case more than once without a seriously important reason." *Id.* at 882. It has also repeatedly admonished that "Rule 54(b) should be used sparingly." *Gausvik v. Perez*, 392 F.3d 1006, 1009 n.2 (9th Cir. 2004). *See also Frank Briscoe Co., Inc. v. Morrison-Knudson Co., Inc.*, 776 F.2d

1414, 1416 (9th Cir. 1985) ("Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.") (internal quotation marks omitted).

II.    Analysis

A.    **Final Disposition**

The parties do not dispute that the Individual Defendants' dismissal constitutes a final disposition of Plaintiff's claims against them.  (Doc. 60 at 3-4.; Doc. 65 at 4 n.1.) Dismissal for lack of personal jurisdiction is generally considered to be sufficiently final for Rule 54(b) purposes.  *See, e.g.*, *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1484 (9th Cir. 1993).  The Court therefore concludes that this prong is satisfied.

B.    **Just Reason For Delay**

1.    Juridical Concerns

The Individual Defendants argue that their dismissal based on a lack of personal jurisdiction is "easily severable" from the remaining claims in this action.  (Doc. 60 at 5.) They maintain that the legal issue of personal jurisdiction in Arizona is distinct from "Plaintiff's termination from the Network and the Network's related counterclaims against her," so "there is no concern" that the Ninth Circuit will have to "consider personal jurisdiction issues twice."  (*Id.*)  They also argue that entry of a Rule 54(b) judgment would "promote[] efficiency by allowing Plaintiff (if she chooses to do so) to seek an immediate appeal to potentially preserve the right to litigate her claims against Individual[] Defendants and the Network in a single forum."  (*Id.*)

Plaintiff responds that her "remaining claims stem from the exact same facts and legal theories as her claims against the Individual Defendants," so "entry of judgment virtually guarantees that the Ninth Circuit would have to revisit the exact same facts if there is an appeal from the remaining claims."  (Doc. 65 at 7.)  She also argues that, because this case is straightforward, it would not significantly promote judicial efficiency to authorize

a separate appeal of the Individual Defendants' dismissal.  (*Id.* at 8.)  She further contends that, due to the Individual Defendants' ongoing roles at Network and deep involvement in the underlying facts of this case, they will necessarily remain involved in this litigation by making decisions about Network's litigation strategy, assisting with Network's discovery, and giving deposition testimony.  (*Id.* at 5-6.)  Finally, she argues that Rule 54(b) is designed to facilitate immediate appeal for the *appealing* party, and because the Individual Defendants have no interest in appealing their dismissal for lack of personal jurisdiction, granting their motion does not serve judicial efficiency.  (*Id.* at 5.)  The Individual Defendants reply that the facts at issue in the personal jurisdiction ruling are not material to Plaintiff's remaining claims, so the jurisdictional dismissal is in fact easily severable. (Doc. 66 at 3.)  They also argue that, in general, dismissals for lack of personal jurisdiction are appropriate for Rule 54(b) certification and no reason exists in this case to depart from that general rule.  (Doc. 66 at 3-5.)

It is a close call, but the Court concludes that juridical concerns weigh slightly in Plaintiff's favor.  There is undeniable force to the Individual Defendants' argument that the personal jurisdiction analysis is distinct and easily separable from Plaintiff's and Network's remaining claims.  Courts have often agreed to enter judgment under Rule 54(b) when, as here, some parties are dismissed for lack of personal jurisdiction while claims against other parties remain.  *Core-Vent Corp.*, 11 F.3d at 1484; *Vantage Mobility Int'l LLC v. Kersey Mobility LLC*, 2020 WL 1432835, *4 (D. Ariz. 2020); *Lewis v. Travertine, Inc.*, 2017 WL 2989176, *1-3 (C.D. Cal. 2017); *Lester v. Presto Lifts, Inc.*, 2012 WL 3596517, *1 (D. Ariz. 2012).

The Court is guided, however, not only by this general proposition but by a "pragmatic approach focusing on severability and efficient judicial administration." *Wood*, 422 F.3d at 880.  These concerns tip in Plaintiff's favor.  As Plaintiff points out, this is not a case where the dismissed parties are tangential to the main claims being asserted in the litigation, and thus where immediate appeal of their dismissal may streamline the litigation. *Compare Core-Vent Corp.*, 11 F.3d at 1484 (no abuse of discretion in entering Rule 54(b)

judgment as to four of nine defendants, where three of the defendants were individuals being sued for libel and the main remaining claims in the underlying litigation included antitrust claims against a corporate defendant); *Vantage Mobility*, 2020 WL 1432835 at *4 (entering Rule 54(b) judgment following personal jurisdiction dismissal where claims against dismissed party were distinct from the sole remaining claim against non-dismissed party); *Zellerino v. Roosen*, 2016 WL 10987322, *2 (C.D. Cal. 2016) (entering Rule 54(b) judgment where "Plaintiff allege[d] different causes of action against these two defendants").  Here, the Individual Defendants' conduct is bound up in the employment actions that form the basis of all of Plaintiff's claims, as well as Network's counterclaims. *Cf. Glass Egg Digit. Media v. Gameloft, Inc.*, 2018 WL 1989506, *1 (N.D. Cal. 2018) ("[T]he jurisdictional issues are, in this instance, intertwined with the merits of the remaining claims.").  The relative simplicity of this litigation and the overlap between the facts relevant to jurisdiction and the merits further weigh against entering a Rule 54(b) judgment.  *Cf. Wood*, 422 F.3d at 882 ("[The action] is a single plaintiff . . . case involving a discrete employment relationship that played out in a relatively short time among relatively few actors."); *Croyle v. Theatine Fathers, Inc.*, 2020 WL 1452068, *2 (D. Haw. 2020) ("While this case presents important issues, it is not necessarily complex; indeed, the facts relevant to all legal issues will overlap to some degree.").

In short, entering judgment under Rule 54(b) would increase the chance that the Ninth Circuit would have to review this case twice, whereas denying certification would increase the chance "that the personal jurisdiction issues would be presented together with the later substantive appeals."  *Hamad v. Gates*, 2011 WL 13354077, *2 (W.D. Wash. 2011).

Further, the personal jurisdiction question may well become moot if Plaintiff cannot prevail on her merits claims: if Network is ultimately found not liable, the Individual Defendants (who were included in Plaintiff's complaint solely because of their conduct as Network board members) are likely also not liable, regardless of jurisdiction.  This further suggests that authorizing a piecemeal appeal would be inappropriate in this case.  *Cf.*

*Croyle*, 2020 WL 1452068 at *2 ("It is also possible that future developments in this case could lead to settlement or moot appellate review of certain legal issues."); *Hamad*, 2011 WL 13354077 at *2 ("[A]ppellate review of the personal jurisdiction issue may be mooted by future developments in the case."). The Court is also mindful that Rule 54(b) certification must be applied sparingly and is generally inappropriate in an ordinary case, such as this one. *See, e.g.*, *Wood*, 422 F.3d at 879. Thus, the Individual Defendants' arguments about the general severability of jurisdictional issues from merits issues do not outweigh the policy against piecemeal appeals in this instance. *Id.* at 878 ("[C]onsideration of judicial administrative interests is necessary to assure that the application of the Rule effectively preserves the historic federal policy against piecemeal appeals.") (internal quotation marks omitted).

### 2. Equitable Analysis

The Individual Defendants argue that the equities tip in their favor because they "are not Arizona residents and they have no contacts with this state" and because entry of a Rule 54(b) judgment would prevent undue delay in resolving Plaintiff's claims against them. (Doc. 60 at 5-6.)

Plaintiff responds that, irrespective of the outcome of this motion, the Individual Defendants will remain involved in this litigation. (Doc. 65 at 8-9.) She also argues that delaying judgment is actually in the Individual Defendants' interest because they can still litigate Plaintiff's claims (via Network) and potentially moot the personal jurisdiction issue if they prevail. (*Id.* at 9.) Further, Plaintiff states that she does not wish to appeal the personal jurisdiction decision at this time, because it would be too costly under her present economic circumstances to litigate in two courts simultaneously. (*Id.*) The Individual Defendants reply that "Plaintiff's potential appeal does not outweigh the impact of holding [them] in limbo on dismissed claims." (Doc. 66 at 6.) They assert that failing to enter a Rule 54(b) judgment would "penalize" them because they "must continue to disclose (to employers, financial entities, insurers, or regulatory entities) that they are parties to an active lawsuit." (*Id.*)

- 8 -

The Court finds that, on balance, the equities tip in Plaintiff's favor.  Once again, the Individual Defendants' argument has strong intuitive appeal.  The Court acknowledges the legitimacy of their desire to remove themselves conclusively from this litigation in light of the Court's lack of jurisdiction over them.  But the Individual Defendants cite no case—nor did the Court identify any in its research—where this concern conclusively established the propriety of a Rule 54(b) judgment.

Even if such concerns are fair game, they do not outweigh Plaintiff's concerns regarding the burden of being forced to litigate piecemeal appeals.  Rule 54(b) is designed to expedite the appeals process, yet the Individual Defendants' request could have the opposite effect—Plaintiff states that if she is forced to litigate her appeal of the jurisdictional dismissal now, she may be forced (for economic reasons) to seek a stay of her active claims against Network.  (Doc. 65 at 6, 9.)  Such an outcome would not be equitable.  *Cf. Curtiss-Wright Corp.*, 446 U.S. at 12, 13 n.3 (holding that district court's consideration of economic duress and solvency in granting Rule 54(b) certification was not an abuse of discretion); *Wood*, 422 F.3d at 878 n.2 (noting that whether delay in judgment "would inflict severe financial harm" is among the factors that courts may consider).  It also shows that granting the Individual Defendants' motion could create potentially significant delays. *Alila-Katita v. U.S. Bank. Nat'l Ass'n*, 2016 WL 11187256, *2, 4 (N.D. Cal. 2016) (concluding that Rule 54(b) judgment would "lead to further delay" and "would not streamline the ensuing litigation" and thus "the equities weigh against certification.").

3.    Balancing

Because both juridical concerns and the equities weigh against entering a Rule 54(b) judgment, the Court concludes there is "just reason" for delay.

…

…

…

…

…

Accordingly,

**IT IS ORDERED** that the Individual Defendants' Rule 54(b) motion for entry of judgment (Doc. 60) is **denied**.

Dated this 8th day of April, 2021.

Dominic W. Lanza
United States District Judge