**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rosalee Gonzalez,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>US Human Rights Network, et al.,<br><br>　　　　　Defendants.<br><br>US Human Rights Network,<br><br>　　　　　Counterclaimant,<br><br>v.<br><br>Rosalee Gonzalez and John Doe Gonzalez, husband and wife,<br><br>　　　　　Counterdefendants. | No. CV-20-00757-PHX-DWL<br><br>**ORDER** |

Pending before the court is Plaintiff Rosalee Gonzalez's ("Plaintiff") motion to amend the scheduling order and for leave to file a second amended complaint ("SAC"). (Doc. 78.) For the following reasons, the motion is denied.

**BACKGROUND**

The parties are familiar with the facts of this case, which are set out in earlier orders. In a nutshell, Plaintiff asserts that U.S. Human Rights Network ("Network") misclassified her as an independent contractor and then wrongfully terminated her after she complained about the misclassification. (Doc. 11.) Network denies Plaintiff's claims and has asserted various counterclaims against her. (Doc. 58.)

On March 18, 2020, Plaintiff filed a complaint in Maricopa County Superior Court. (Doc. 1-3.)

On April 20, 2020, Network removed the action to this court. (Doc. 1.)

On May 8, 2020, Plaintiff filed a first amended complaint ("FAC"). (Docs. 10, 11.)

On May 22, 2020, Network filed an answer and counterclaims. (Doc. 12.)

On August 11, 2020, the Court entered a Rule 16 scheduling order providing that "[n]o motions to join parties, amend pleadings or filing supplemental pleadings shall be filed." (Doc. 39 ¶ 2.) The scheduling order also set a fact discovery deadline of June 11, 2021 (*id.* ¶ 5) and a dispositive motions deadline of June 25, 2021 (*id.* ¶ 8.a).

On January 11, 2021, after briefing from the parties, the Court entered an order that, among other things, dismissed three individual Network representatives—Marcia Johnson-Blanco ("Johnson-Blanco"), Eric Tars ("Tars"), and Lisa Crooms-Robinson ("Crooms-Robinson")—for lack of personal jurisdiction, granted Plaintiff's motion to dismiss one of Network's counterclaims, and granted Network leave to amend its counterclaims. (Doc. 55.)

On April 2, 2021, the parties participated in a settlement conference before Magistrate Judge Bibles. (Doc. 74.) Settlement was not reached. (*Id.*)

On April 8, 2021, after briefing from the parties, the Court denied Johnson-Blanco, Tars, and Crooms-Robinson's Rule 54(b) motion for entry of judgment. (Doc. 75.)

On May 7, 2021, Plaintiff filed a motion to amend the scheduling order and for leave to file a SAC. (Doc. 78.) The motion is fully briefed and neither side has requested oral argument. (Docs. 84, 88.)

On May 21, 2021, the parties submitted joint notices of discovery dispute regarding (1) Plaintiff's proposed topics for the deposition of Network's Rule 30(b)(6) witness and (2) Plaintiff's second set of requests for production. (Docs. 85, 86.)

**DISCUSSION**

Although Plaintiff's theory of liability since the inception of this case has been that she was wrongfully terminated due to her complaints about being misclassified as an

independent contractor, Plaintiff now seeks to add a claim that a different improper motivation—racial animus in violation of 42 U.S.C. § 1981—was the true reason for her termination. (Doc. 78 at 3-4.) Plaintiff also moves to extend certain unexpired deadlines in the case management order. (*Id.*) Network responds that Plaintiff should not be granted leave to amend because (1) her new proposed claim is futile, (2) the request to amend is dilatory and violates the scheduling order, and (3) the amendment would be unfairly prejudicial. (Doc. 84 at 6-7.) Plaintiff replies that leave to amend the complaint should be granted under Rule 15(a)(2). (Doc. 88 at 2.)

Under the scheduling order, the deadline to seek leave to file an amended pleading was August 11, 2020. (Doc. 39 ¶ 2.) After a deadline established in a Rule 16 scheduling order expires, a party seeking to amend its pleading must satisfy Rule 16's standards. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). *See also Leibel v. City of Buckeye*, 2019 WL 4736784, *2 (D. Ariz. 2019)

Because those standards apply here, Plaintiff must first show "good cause" to amend her complaint. Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment . . . . [C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief . . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609.

I. <u>Good Cause</u>

    A. **Leave To Amend**

Plaintiff's proposed SAC adds allegations and requests for relief related to her earlier misclassification and retaliation claims (Doc. 78 at 30-32, 41-42, 45) and asserts a new racial discrimination claim and allegations under 42 U.S.C. § 1981 (*id.* at 34-38, 42-44). With respect to racial discrimination, Plaintiff alleges that she was Network's first Indigenous/American Indian and Latino Executive Director and that, during relevant times in her tenure, certain of Network's members and stakeholders expressed discontent about her handling of issues particular to the African-American community. (*Id.*) Plaintiff

alleges that Network subsequently decided to replace her with Salimah Hankins ("Hankins"), who is "Black and/or African-American," in an effort to benefit Network's relationship with certain People of African Descent ("PAD") advocacy organizations. (*Id.* at 36 ¶ 64, 37 ¶¶ 67-69.) Plaintiff alleges that, after she was fired, Hankins took over as acting Executive Director. (*Id.* at 37 ¶ 71.) Plaintiff alleges that later, in January 2021, a Black and/or African American man was selected to co-chair Network's board of directors, and that on February 22, 2021, Vickie Casanova-Willis ("Casanova-Willis"), who is also Black and/or African American, was announced as Network's new full-time "Co-Executive Director." (*Id.* at 37-38 ¶¶ 72-77.)

Plaintiff argues that good cause exists to grant the amendment request because it was not until "late October 2020" that she received, through discovery in this case, "documents showing that "Casanova-Willis . . . led certain Black and/or African-American [Network] stakeholders' push for [Plaintiff's] termination, and Dr. Casanova-Willis's own concerns about [Plaintiff's] leadership of [Network] stemmed from [Plaintiff's] race." (Doc. 78 at 4.) Plaintiff also contends that it was only in February 2021, when Casanova-Willis was appointed as Plaintiff's long-term successor, that the racial nature of her alleged mistreatment and termination became apparent. (*Id.* at 5 ["[I]t was only in late February 2021 that Dr. Gonzalez could have discovered she had been terminated because of her race."].) In her reply, Plaintiff elaborates that Casanova-Willis's hiring supplied the crucial "causal link" to her § 1981 claim and that she could not have "plausibly plead[ed] her claim" until that hiring occurred. (Doc. 88 at 5.) After the April 2021 settlement conference proved unsuccessful, Plaintiff sought Network's stipulation to her amendment request, which Network declined in a letter dated April 26, 2021. (Doc. 78 at 5-6.) Plaintiff's motion was filed on May 7, 2021. Thus, Plaintiff argues, she "has acted promptly" in seeking to amend. (*Id.* at 6.)

Although "[d]iscovery of new information after the deadline for amended pleadings passes is a potential basis for good cause to modify the scheduling order," "[a] party must also show diligence in seeking amendment of the scheduling order." *Story v. Midland*

*Funding LLC*, 2016 WL 5868077, *2 (D. Or. 2016). To determine whether a party exercised diligence, courts typically consider the amount of time between the discovery of the new information and when the party requested leave to amend. *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002).

"Ideally, a party will move to amend within weeks of learning new information." *Story*, 2016 WL 5868077 at *2-3. *See also Navarro v. Eskanos & Adler*, 2006 WL 3533039, *2 (N.D. Cal. 2006) ("A two-week delay does not constitute a failure in diligence."). However, a longer delay "can still be consistent with diligence, depending on the circumstances of the delay." *Story*, 2016 WL 5868077 at *2. *See e.g.*, *Aldan v. World Corp.*, 267 F.R.D. 346, 358 (D. N. Mar. I. 2010) (holding that plaintiff was diligent where there was a delay of a month-and-a-half between discovery of the new information and the motion to amend because that period "included the holiday season").

Here, the Court concludes that Plaintiff failed to exercise diligence.

First, and most important, Plaintiff's own allegations undermine her claim that it was not until October 2020, or February 2021, that she first became aware of a potential racial discrimination claim. Plaintiff alleges that she personally participated in certain race-related disagreements with Casanova-Willis and others during her employment, which ended in November 2019. (Doc. 78 at 29, 34-37.) Indeed, she alleges that she complained of this treatment to Johnson-Blanco while still employed with Network. (*Id.* at 37 ¶ 65.) Further, Plaintiff alleges she was replaced immediately after termination (*i.e.,* around November 2019) by an acting Executive Director who did not hail from her protected groups (Indigenous/American Indian and Latino) and was instead "Black and/or African-American." (*Id.* at 37 ¶ 71.) It is therefore puzzling why Plaintiff fixates on the February 2021 hiring of Casanova-Willis as the supposed point in time when she first became aware of "the but-for causal connection" that would be required to prevail on a § 1981 claim. (Doc. 88 at 5.) Her immediate successor, Hankins, who is alleged to be a member of the same group as Casanova-Willis, replaced her months before this lawsuit was even filed. Thus, even though (as Plaintiff argues) a successful claim under § 1981 requires proof of

discriminatory motive, Plaintiff's own allegations suggest that she knew or should have known the relevant underlying facts long before this case was filed (let alone before the entry of the scheduling order). Under these circumstances, it was not diligent to wait until May 2021—15 months after the case's inception, nine months after the amendment deadline set forth in the scheduling order, and only a month before the close of fact discovery—to seek to assert a race-discrimination claim for the first time. *Cf. Agricola Baja Best, S. De. R.L. de C.V. v. Harris Moran Seed Co.*, 2013 WL 4499118, *2 (S.D. Cal. 2013) ("The record here does not reflect reasonable diligence and therefore Plaintiff fails to establish good cause. Plaintiff received the alleged representations in regard to and informed Defendant of the germination issue well before the inception of this lawsuit, *i.e.,* years before the scheduling order's deadline. Thus, Plaintiff knew, or should have known, of the facts underlying the proposed amendments well before the scheduling order deadline to amend.") (citation omitted).

Second, even accepting Plaintiff's timeline, Plaintiff had sufficient information to assert her racial discrimination claim by February 2021 at the latest. (Doc. 78 at 5 ["[I]t was only in late February 2021 that Dr. Gonzalez could have discovered she had been terminated because of her race . . . ."].) Nevertheless, Plaintiff waited until May 7, 2021, more than two months after that discovery, before filing the pending motion for leave to amend. That length of time is not consistent with reasonable diligence. *See, e.g.*, *MiCamp Sols. LLC v. Nat'l Processing LLC*, 2021 WL 289661, *3 (D. Ariz. 2021) ("That Plaintiff filed the motion nearly one month after [discovering relevant facts] does not indicate diligence."); *Ogier v. KC Care, LLC*, 2019 WL 3210089, *3 (D. Or. 2019) (finding lack of diligence where party waited just over two months and noting that "Courts have held that . . . waiting two months after discovery of new facts to file a motion for leave to amend does not constitute diligence under Rule 16"); *Sako v. Wells Fargo Bank, Nat'l Ass'n*, 2015 WL 5022326, *2 (S.D. Cal. 2015) ("Courts have held that waiting two months after discovering new facts to bring a motion to amend does not constitute diligence under Rule 16."). Although part of this time period involved settlement discussions and Plaintiff's

- 6 -

efforts to seek Network's consent to amendment, the delay was not justified under these circumstances. *Cf. MiCamp Sols.*, 2021 WL 289661 at *3 (one-month delay not justified even where part of that time included plaintiff's effort to discuss the new claim with the defendant and where the motion was filed within 48 hours of the defendant's withdrawal from those discussions). Indeed, the scheduling order in this case specifically cautioned the parties that "the Court will not extend the case management deadlines if and when the parties elect to pursue settlement efforts, including a settlement conference before a magistrate judge. The parties should plan their settlement efforts accordingly." (Doc. 39 ¶ 10.)

### B. **Extension Of Deadline For Discovery**

Plaintiff also moves to amend the scheduling order to extend the fact discovery and dispositive motion deadlines by 180 days. (Doc. 78 at 7.) Plaintiff argues that good cause supports this amendment request because of (1) ongoing discovery disputes with Network, (2) Network's "failure to confirm its access" to Plaintiff's email account and calendar, and (3) "the need for discovery on [Plaintiff's] new proposed claims." (Doc. 78 at 2.)

The Court disagrees. Plaintiff's first two reasons for extension relate to ongoing discovery disputes that the Court will hear and resolve in short order. (Doc. 85 [first discovery dispute]; Doc. 86 [second discovery dispute]; Doc. 87 [setting telephonic discovery dispute hearing for June 2, 2021].) At this time the Court does not believe that a six-month extension is warranted on the basis of those disputes, but the parties may file a renewed motion to extend the discovery and dispositive motion deadlines if, after the resolution of the ongoing disputes, either party determines that additional time is needed.

Finally, because Plaintiff's motion for leave to file a SAC is denied, that rationale cannot support extending the discovery and dispositive motion deadlines.

…

…

…

…

- 7 -

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to file a SAC (Doc. 78) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend the scheduling order to extend the discovery and dispositive motion deadlines is **denied** without prejudice.

Dated this 1st day of June, 2021.

*Dominic W. Lanza*
United States District Judge