**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rosalee Gonzalez, | No. CV-20-00757-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| US Human Rights Network, et al., | |
| Defendants. | |

US Human Rights Network ("USHRN") has lodged under seal a motion for leave to file under seal various exhibits to its motion for summary judgment and has attached those exhibits thereto. (Doc. 107.) As a preliminary matter, a motion to seal ordinarily should be filed in the public record—not lodged under seal—and the materials the movant seeks leave to file under seal should be *separately* lodged under seal. LRCiv 5.6(b) ("The document or documents that are the subject of [a motion to seal] must not be appended to the motion or stipulation, and must be lodged with the Court separately consistent with subpart (c) of this Rule."). Although it might be permissible, in rare circumstances, to lodge a motion to seal under seal—and to then file in the public record a motion to seal the other motion to seal—that is not the normal approach,[1] and at any rate it is not the approach that was taken here. Moreover, USHRN's motion to seal

---

[1] *See, e.g.*, *Fed. Trade Comm'n v. Thomas Jefferson Univ.*, 2020 WL 5519353, *1 n.1 (E.D. Pa. 2020) (sealing exhibits but denying motion for leave to seal the motion to seal); *Stormont-Vail Healthcare, Inc. v. BioMedix Vascular Sols., Inc.*, 2012 WL 884926, *3 (D. Kan. 2012) ("[T]he court sees nothing in [the] motion to seal to support the sealing of that motion or the record in this case."). *But see Delacruz v. State Bar of California*, 768 F. App'x 632, 636 (9th Cir. 2019) (allowing sealed motion to seal to remain sealed).

clearly does not, itself, meet the sealing standard. *In re McCormick & Co., Inc., Pepper Prod. Mktg. & Sales Pracs. Litig.*, 316 F. Supp. 3d 455, 467 (D.D.C. 2018) (even where documents might be subject to sealing, "non-substantive references to or general discussions of those documents are not similarly protected"). Nevertheless, the Court will resolve the motion. *Nguyen v. Islamic Republic of Iran*, 2021 WL 3179307, *1 (D. Nev. 2021) (resolving motion to seal although it was improperly filed under seal).

The public has a general right to inspect judicial records and documents, such that a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To do so, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* at 1178-79 (internal quotation marks and citations omitted). The Court must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks omitted). "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (internal quotation marks omitted).

The "stringent" compelling reasons standard applies to all filed motions and their attachments where the motion is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096, 1101 (9th Cir. 2016). A motion for summary judgment is clearly such a motion, and the "compelling reasons" standard applies to the parties' summary judgment motions and their exhibits.

USHRN's three-paragraph motion to seal does not adequately address why the appended 61 pages of exhibits[2] should be sealed. USHRN states that various exhibits

---

[2] Some of the exhibits contain highlighting, which ordinarily—under this Court's procedures—indicates that the movant is seeking to redact the highlighted portions rather than to seal the entire exhibit. (Doc. 6 at 5 ["Where a party seeks to seal only certain portions of a given document, the unredacted version of the document, which should be lodged under seal pursuant to LRCiv 5.6(c), must include highlighting to indicate which portions of the document the party seeks to redact."].) However, USHRN made no

- 2 -

"were never available to the public, reflect the internal workings of the Network, discuss the finances of the Network, and touch on employee grievances" and that "the potential harm is further shown by the 'CONFIDENTIAL' label attached to each exhibit upon disclosure, as required under this Court's protective order entered on July 29, 2020." (Doc. 107 at 2.)  However, the Court's protective order specifies that confidentiality designations do not permit a party to file under seal. (Doc. 32 at 5-6.) The mere fact a party has designated certain materials or information as confidential pursuant to an agreement or stipulation does not establish that any legal standard for placing those materials or information under seal has been met. *Ctr. for Auto Safety*, 809 F.3d at 1101.

Furthermore, although the motion contains a cursory discussion of why certain categories of exhibits may be subject to sealing, that discussion is far too vague to suffice. *Oliner v. Kontrabecki*, 745 F.3d 1024, 1026-27 (9th Cir. 2014) ("[A] naked conclusory statement that publication . . . will injure the bank in the industry and local community falls woefully short of the kind of showing which raises even an arguable issue as to whether it may be kept under seal."); *Primus Grp., Inc. v. Inst. for Env't Health, Inc.*, 395 F. Supp. 3d 1243, 1270 (N.D. Cal. 2019) ("conclusory allegations of harm" did not "outweigh the public's right of access"). Litigation sometimes airs the internal workings of a company which are otherwise not available to the public, including employee grievances and matters that fall under the wide aegis of "finances." To meet the sealing standard, USHRN must demonstrate that disclosure would lead to serious harm, and then the Court must weigh that harm against the public's right of access. *Oliner*, 745 F.3d at 1026 ("The party seeking to seal any part of a judicial record bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure."); *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) ("The factors relevant to a determination of whether the strong presumption of access is

---

mention of redactions in the motion, so it appears that USHRN seeks leave to file under seal all of the specified exhibits in their entirety.

overcome include the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets."); *see also Kamakana*, 447 F.3d at 1179 ("In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.") (internal quotation marks omitted).

"The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179; *see also Mendez v. City of Gardena*, 222 F. Supp. 3d 782, 792 (C.D. Cal. 2015) ("Defendants cannot assert a valid compelling interest in sealing the videos to cover up any wrongdoing on their part or to shield themselves from embarrassment."). It is USHRN's burden to provide facts, arguments, and legal authority that would allow the Court to "articulate the factual basis"—"without relying on hypothesis or conjecture"—for ruling that compelling reasons "outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79. USHRN has not met this burden.

Thus, the motion is denied without prejudice. To the extent that USHRN wishes to try again, it must include—for each document it wishes to file under seal—a specific description of the document and compelling reasons for sealing that document, supported by specific facts. The more specific and compelling the reasons and facts provided are, the more likely it is that the Court will find that compelling reasons justify sealing the documents. To the extent that only portions of certain documents might satisfy the *Kamakana* standard, such that USHRN wishes to propose redactions, it must lodge under seal unredacted versions in which the text that it wishes to redact is highlighted.[3]

---

[3] The lodged documents contain redactions which are fully blacked out and therefore not visible to the Court. When resolving the pending motion for summary judgment, the Court obviously cannot consider any material not made available for its viewing, so this material does not need to meet the sealing standard.

- 4 -

Accordingly,

**IT IS ORDERED** that the Clerk of Court shall file the motion to seal (Doc. 107)—but *not* the attachments thereto (Docs. 107-1, 107-2)—in the public record.

**IT IS FURTHER ORDERED** that the motion to seal is **denied without prejudice**.

**IT IS FURTHER ORDERED** that, pursuant to LRCiv 5.6(e), the lodged exhibits (Docs. 107-1, 107-2) will not be filed, but will remain under seal. The Court will extend the time provided by LRCiv 5.6(e) for USHRN to act. USHRN shall, within **15 days** of the entry of this Order, (1) submit the exhibits for filing in the public record, or (2) file a renewed motion to seal that conforms with the requirements delineated in this order.

Dated this 29th day of September, 2021.

Dominic W. Lanza
United States District Judge