**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rosalee Gonzalez, | No. CV-20-00757-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| US Human Rights Network, et al., | |
| Defendants. | |

The jury trial in this action is scheduled to begin on August 21, 2023. On August 17, 2023, USHRN filed a motion to allow one of its witnesses, Marcia Johnson, to testify remotely at trial. (Doc. 169.) The motion explains that "Ms. Johnson has a health condition that recently arose such that her doctor recommended she not travel. Further, Ms. Johnson is an important witness in this trial, and her inability to testify will severely prejudice USHRN." (*Id.* at 1.) Enclosed with the motion is a declaration from Johnson explaining that she resides in Maryland, that she previously booked a flight to Phoenix for the purpose of testifying at trial, and that "[l]ate last week, I learned for the first time that I had a torn rotator cuff in my shoulder. . . . I am currently in a lot of pain and have to wear my arm in a sling due to the torn rotator cuff. I need help to get my arm in the sling and to conduct other activities of daily living. On Wednesday, August 16, 2023, I obtained a notice from my doctor regarding my current condition and recommending I not travel." (Doc. 169-1 at 2.) The accompanying doctor's note states that Johnson "has had persistent shoulder pain since December 2022," "was recently diagnosed with a left shoulder partial tear and

1   will proceed with surgery," and has been advised "not to travel, due to her not being able
2   to lift, carry, pull, push, and do overhear activities." (*Id.* at 4.)

3   Because USHRN's motion indicated that the request was opposed by Plaintiff, the
4   Court held an expedited hearing on the afternoon of August 17, 2023. During the hearing,
5   Plaintiff raised what the Court perceived to be three sets of objections to the request. First,
6   Plaintiff questioned whether sufficient safeguards exist to ensure that any remote testimony
7   will be uncoached and that Johnson will have access to any necessary documents. The
8   Court found these arguments unpersuasive for the reasons stated on the record. Second,
9   Plaintiff argued that because Johnson was already deposed in this case in her capacity as
10  USHRN's Rule 30(b)(6) designee, the availability of her deposition testimony cuts against
11  USHRN's request for relief. The Court is also unpersuaded by this objection. *See, e.g.,*
12  *McDowell v. Blankenship*, 759 F.3d 847, 852 (8th Cir. 2014) ("live witness testimony is
13  axiomatically preferred to depositions, particularly where credibility is a central issue");
14  *United States v. Mathis*, 559 F.2d 294, 299 (5th Cir. 1977) ("In both civil and criminal
15  cases, our common law heritage has always favored the presentation of live testimony over
16  the presentation of hearsay testimony by the out-of-court declarant. The jury's observation
17  of the demeanor of the witness and the effectiveness of cross-examination in the discovery
18  of the truth are the traditional reasons for the preference even though the out-of-court
19  statement had been given under oath.") (citation omitted).

20  Plaintiff's final ground for opposing USHRN's request was, essentially, that
21  Johnson is not as compromised as USHRN's motion and her declaration portray her to be
22  and that those documents were artfully worded to conceal the fact that Johnson is still fully
23  capable of traveling to Arizona for trial. In support of this argument, Plaintiff noted that
24  the motion and declaration do not specifically say that Johnson's shoulder condition (which
25  has existed since late 2022) has recently worsened; suggested that, in light of Johnson's
26  background as a public speaker, it is likely she has engaged in other airline travel in 2023;
27  and identified a website suggesting that Johnson had flown to South America in June 2023
28  to speak at a conference.

In light of these assertions, the Court did not immediately rule on USHRN's request and instead authorized both sides to submit additional evidence concerning Johnson's medical condition and travel activity. Both sides have now done so. Plaintiff has filed a copy of the website concerning the South American conference. (Docs. 173, 174.) USHRN has filed a supplemental declaration from Johnson, who explains in relevant part that although her shoulder condition was initially diagnosed in December 2022 and the pain was initially manageable enough that she was able to travel to Alabama, California, and Minnesota in June and July 2023, "[a]fter my travel to Minnesota, my shoulder was in considerably worse pain. Due to the pain, I have been consistently waking up several times a night. After the Minnesota travel, I had an MRI performed on August 4, 2023. Thursday night, August 10, 2023, [I] had a severe pain in my shoulder and could not sleep. As a result, on Friday morning, August 11, 2023, I went to the emergency room. At the emergency room, the emergency doctors reviewed my MRI from August 4th and advised that I likely had a torn rotator cuff. The emergency doctors prescribed me a sling and required that I wear the sling constantly and not use my left arm. My orthopedic doctor then confirmed on August 11, 2023 that I had a torn rotator cuff. Since August 11, 2023, I need assistance to get the sling on and off and to get dressed. . . . On Monday August 14, 2023, I requested that my work exempt me from the two-day-a-week in-office requirement due to the constant and severe pain in my shoulder. I have not gone into the office at all this week." (Doc. 175-1.) USHRN's accompanying brief also asserts, consistent with Johnson's supplemental declaration, that Johnson did not physically travel to the South American conference identified by Plaintiff but was a guest speaker via Zoom. (Doc. 175.)

Having considered Johnson's supplemental declaration, the Court is persuaded that the third set of objections raised by Plaintiff during yesterday's hearing are unavailing. Johnson's ability to travel to Arizona to testify at trial has been impaired by a late-breaking medical condition. Although the *existence* of the shoulder condition is not new, its *severity* has recently increased, as evidenced by Johnson's visit to the emergency room last week. As a result, even though Johnson was able to engage in out-of-state airline travel as recently

as July 2023, she is no longer able to do so.

This clarification, in turn, means that USHRN's request is granted. Rule 43(a) of the Federal Rules of Civil Procedure provides that although witness testimony at trial ordinarily "must be taken in open court," a district court "may permit testimony in open court by contemporaneous transmission from a different location" upon a showing of "good cause in compelling circumstances and with appropriate safeguards." The 1996 advisory committee notes to Rule 43(a) explain that "[t]he most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place." *Id.* (quoted in *Palmer v. Valdez*, 560 F.3d 965, 969 n.4 (9th Cir. 2009)). Such is the case here.

As for Rule 43(a)'s requirement that the Court utilize "appropriate safeguards" when receiving remote witness testimony, although "[t]he case law defining what constitutes appropriate safeguards is sparse . . . [t]he few cases that do address the issue appear to focus on ensuring that the purposes of Rule 43(a) are met—that the witness is giving live testimony, under oath, which is received in open court when the witness is subject to cross examination. Other important safeguards include taking steps to establish a reliable means of transmission and figuring out a fair and workable process for handling documents or other trial exhibits." *See* 1 S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 43, at 1250-51 (2020). As discussed on the record during the hearing on August 17, 2023, such safeguards will be in place here.

…
…
…
…
…
…
…

- 4 -

|   |   |
|---|---|
| 1 | Accordingly, |
| 2 | **IT IS ORDERED** that USHRN's motion to allow Johnson to testify remotely (Doc. |
| 3 | 169) is **granted**. |
| 4 | Dated this 18th day of August, 2023. |

Dominic W. Lanza
United States District Judge