**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rosalee Gonzalez | No. CV-20-00757-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| US Human Rights Network, et al., | |
| Defendants. | |

Dr. Rosalee Gonzalez ("Dr. Gonzalez") served as the executive director of the U.S. Human Rights Network ("USHRN") from February 2018 until November 2019, when she was terminated. Throughout this period, USHRN classified (and paid) Dr. Gonzalez as an independent contractor.

In this action, Dr. Gonzalez asserted contract and tort claims against USHRN and four USHRN board members in connection with her purported misclassification and termination. USHRN, in turn, asserted various counterclaims against Dr. Gonzalez. Before trial, the Court dismissed Dr. Gonzalez's claims against the board members and granted summary judgment in USHRN's favor as to Dr. Gonzalez's tort claims and as to the largest category of damages she sought in relation to her contract claims. Additionally, on the eve of trial, USHRN announced it would not be pursuing most of its counterclaims. Finally, a jury trial in August 2023 resulted in a $33,622.17 verdict in Dr. Gonzalez's favor on her contract claims and the rejection of USHRN's remaining counterclaim.

Now pending before the Court are a slew of post-trial motions: (1) Dr. Gonzalez's

motion to vacate, alter, or amend the judgment, which effectively seeks reconsideration of the order granting summary judgment to USHRN on one of her tort claims (Doc. 204); (2) USHRN's motion for judgment as a matter of law and/or to alter or amend the judgment, which seeks a determination that Dr. Gonzalez's contract claims are time-barred in whole or in part (Doc. 213); (3) Dr. Gonzalez's motion for $545,008.50 in attorneys' fees (Doc. 206); (4) Dr. Gonzalez's motion for prejudgment interest (Doc. 211); (5) a motion for $12,460 in attorneys' fees filed by three of the individual USHRN board members (Doc. 205); and (6) Dr. Gonzalez's motion for $317,910 in monetary sanctions against USHRN's counsel (Doc. 207).  For the reasons set forth below, both of the fee-related motions are granted or granted in part, as is the undisputed motion for prejudgment interest, and the remaining motions are denied.

**BACKGROUND**

I.   <u>Relevant Facts</u>

Between February 2018 and December 2018, Dr. Gonzalez served as USHRN's acting executive director.  This relationship was memorialized in a series of independent contractor agreements.  (Doc. 106-1 at 28-38.)

The theory underlying Dr. Gonzalez's contract claims is that "[i]n December 2018, USHRN [orally] agreed to . . . employ [her] as its Executive Director [o]n a permanent basis . . . with a salary of $125,000 per year, as well as benefits consistent with the benefits package USHRN provided to its other employees," that USHRN subsequently failed to "honor[] [this] agreement and [instead] tried to renegotiate the parties' agreement," and that USHRN later "reaffirmed its just obligation to employ Dr. Gonzalez pursuant to the parties' December 2018 oral agreement."  (Doc. 163 at 3-4.)  Meanwhile, USHRN's overarching defense to the contract claims is that it "did not enter any oral contract of employment with Plaintiff.  The parties never reached a meeting of the minds regarding the terms of Plaintiff's employment (*e.g.*, salary, benefits, at-will status, severance) as the permanent Executive Director of USHRN.  USHRN paid Plaintiff, and Plaintiff knowingly accepted, bimonthly payments as an independent contractor during all relevant periods

1   until USHRN terminated her on November 22, 2019." (*Id.* at 4.)

2   II.   <u>This Litigation</u>

3          On November 26, 2019, four days after her termination (and before litigation

4   formally commenced), Dr. Gonzalez made a settlement offer of $155,000, but USHRN

5   never responded to that offer. (Doc. 206 at 26 ¶¶ 26-27.)

6          On March 18, 2020, Dr. Gonzalez filed a complaint in Maricopa County Superior

7   Court against USHRN and four USHRN board members ("the Individual Defendants").

8   (Doc. 1-3.)

9          On April 20, 2020, USHRN removed the action to federal court. (Doc. 1.)

10         On May 8, 2020, Dr. Gonzalez filed her operative pleading, the First Amended

11  Complaint. (Doc. 11.)

12         On May 22, 2020, USHRN filed an answer and four counterclaims against Dr.

13  Gonzalez. (Doc. 12.) One of those counterclaims, for contractual indemnity, was premised

14  on the theory that certain USHRN employees had asserted claims against USHRN as a

15  result of Dr. Gonzalez's conduct as executive director and that Dr. Gonzalez's independent

16  contractor agreement required her to indemnify USHRN for the damages it incurred when

17  defending against and settling those claims. (*Id.* at 20-21 ¶¶ 53-62.) The other

18  counterclaims related to allegedly improper expenses Dr. Gonzalez incurred as executive

19  director. (*Id.* at 21-23 ¶¶ 63-81.)

20         Between May 2020 and October 2020, three of the Individual Defendants filed

21  motions to dismiss Dr. Gonzalez's claims against them for lack of personal jurisdiction,

22  Dr. Gonzalez filed a Rule 12(b)(6) motion to dismiss USHRN's counterclaim for

23  contractual indemnity, and Dr. Gonzalez filed a motion for leave to serve the fourth

24  Individual Defendant via alternative means. (Docs. 15, 21, 40, 46.)

25         On January 11, 2021, the Court issued an order granting the motions to dismiss the

26  three then-served Individual Defendants for lack of personal jurisdiction, granting Dr.

27  Gonzalez's motion to dismiss the counterclaim for contractual indemnity (but also granting

28  USHRN leave to file an amended pleading), and denying Dr. Gonzalez's motion for leave

to serve the fourth Individual Defendant via alternative means.  (Doc. 55.)[1]

On January 25, 2021, USHRN filed an amended answer and amended counterclaims.  (Doc. 58.)  In this pleading, USHRN reasserted the previously dismissed counterclaim for contractual indemnity and added new factual allegations in support of that counterclaim.  (*Id.*)

On March 15, 2021, Dr. Gonzalez offered to settle the case for $800,000.  (Doc. 215-6 at 2.)

On April 2, 2021, the parties attended a settlement conference with Magistrate Judge Bibles but were unable to reach a settlement.  (Doc. 74.)  During the conference, USHRN made settlement offers of $7,500 and $15,000 while Dr. Gonzalez offered $750,000.  (Doc. 215-1 ¶ 35.)

On September 24, 2021, USHRN and Dr. Gonzalez filed cross-motions for summary judgment or partial summary judgment.  (Docs. 106, 108.)

On December 17, 2021, USHRN offered to settle the case for $50,000.  (Doc. 215-8 ["USHRN offers $50,000 in exchange for a complete release of all claims, dismissal with prejudice of both lawsuits, both sides to bear their own fees and costs. . . ."].)

On July 29, 2022, the Court issued an order resolving the cross-motions for summary judgment.  (Doc. 128.)  More specifically, the Court granted USHRN's motion for summary judgment on Dr. Gonzalez's tort claims for wrongful termination and negligent misrepresentation, denied both sides' motions for summary judgment as to Dr. Gonzalez's contract claims, denied both sides' motions for summary judgment as to USHRN's counterclaim for contractual indemnity, and granted USHRN's motion for summary judgment as to the largest category of damages Dr. Gonzalez sought in relation to her contract claims (*i.e.*, interfering with her eligibility for student loan forgiveness). (Doc. 128.)

On August 12, 2022, Dr. Gonzalez sought reconsideration of the grant of summary

---

[1]     The Court later dismissed the fourth Individual Defendant due to Dr. Gonzalez's failure to effectuate service.  (Doc. 199.)

judgment in USHRN's favor as to her wrongful termination claim.  (Doc. 129.)

On October 3, 2022, the Court denied the motion for reconsideration.  (Doc. 134.)

On October 17, 2022, USHRN renewed its $50,000 settlement offer.  (Doc. 215-9.)

On October 24, 2022, Dr. Gonzalez renewed her settlement offer of $750,000.  (Doc. 215-11.)

On August 15, 2023, the Court approved the parties' Joint Pretrial Order.  (Doc. 162.)  In the Joint Pretrial Order, USHRN indicated that it had abandoned all of its counterclaims except for the contractual indemnification counterclaim.  (Doc. 163 at 34.)

On August 16, 2023, USHRN offered to settle for $100,000.  (Doc. 215-12.)

On August 18, 2023, Dr. Gonzalez rejected USHRN's settlement offer and countered at $500,000.  (Doc. 215-13.)

It appears that no further settlement offers were made by either party.

III.  The Trial

With the parties unable to reach a settlement, a trial was held in August 2023 on Dr. Gonzalez's contract claims and USHRN's indemnification counterclaim.  During trial, USHRN's corporate representative and Dr. Gonzalez both appeared to agree that they had intended beginning in 2019 to convert Dr. Gonzalez to an employee and not continue treating her as an independent contractor.  (Doc. 201 at 19 [Johnson-Blanco: "After we had a discussion with Dr. Gonzalez . . . , we sent the contract to [our] pro bono attorney.  And, based on those conversations, we realized that we needed to focus on the offer letter and not continue with the independent contractor agreement."]; Doc. 196 at 4-5 [Dr. Gonzalez: "I continued to believe that [Johnson-Blanco] was going to now honor her promise. . . .  I believed that we had an oral agreement, an employment agreement."].)

The parties stipulated that the Court, rather than the jury, would rule on the ratification element of USHRN's indemnification counterclaim.  (Doc. 163 at 9, 44; Doc. 199 at 3-4; Doc. 208 at 36.)  On August 23, 2023, the Court ruled against USHRN as to that element, in part because the trial testimony showed that neither party intended to ratify the prior independent contractor agreement, and thus granted a directed verdict in Dr.

Gonzalez's favor as to the indemnification counterclaim.  (Doc. 208 at 36-45.)  The Court also granted, without objection from USHRN, a directed verdict in Dr. Gonzalez's favor as to the remaining counterclaims that USHRN had declined to pursue at trial.  (*Id.* at 4-5)

During the August 23, 2023 hearing, USHRN also moved for a directed verdict on Dr. Gonzalez's contract claims on statute-of-limitations grounds.  (*Id.* at 10-15.)  More specifically, USHRN argued that because Dr. Gonzalez was aware of the alleged breach by January 2019 but did not sue until March 18, 2020, and because her contract claims were subject to a one-year statute of limitations under A.R.S. § 12-541(3), those claims were time-barred.  (*Id.*)  The Court denied the motion, concluding that at least the underpayments received after March 18, 2019 were not time-barred because (1) a new cause of action accrued each time USHRN issued a paycheck without the agreed-to benefits, and (2) each of those underpayments occurred within a year of Dr. Gonzalez's filing of the lawsuit.  (*Id.* at 26-29.)  The Court also concluded that none of the challenged underpayments would be time-barred if the jury concluded that A.R.S. § 12-508's "acknowledgement of a just debt" exception applied.  (Doc. 208 at 29-30.)

On August 24, 2023, the jury returned a verdict in Dr. Gonzalez's favor.  It concluded that Dr. Gonzalez had entered into an oral employment contract with USHRN on December 20, 2018, that USHRN materially breached that contract (as well as the contract's implied covenant of good faith and fair dealing), and that the "acknowledgement of a just debt" exception applied.  (Doc. 197.)

On September 1, 2023, the Court issued an order elaborating on its rationale for denying USHRN's motion for a directed verdict as to the "acknowledgement of a just debt" issue.  (Doc. 199.)  The Clerk then entered a judgment of $33,622.17 in Dr. Gonzalez's favor against USHRN.  (Doc. 200.)

IV.   Post-Trial Motions

On September 14, 2023, Dr. Gonzalez filed a bill of costs in the amount of $4,929.47.  (Doc. 203.)

That same day, Dr. Gonzalez filed a motion to vacate, alter, or amend the judgment

to allow for a new trial on her wrongful termination claim.  (Doc. 204.)  That motion is now fully briefed.  (Docs. 227, 230.)

On September 15, 2023, the three Individual Defendants who had been dismissed for lack of personal jurisdiction (the "Other Defendants") moved for attorneys' fees.  (Doc. 205.)  That motion is now fully briefed.  (Docs. 212, 218.)

That same day, Dr. Gonzalez moved for attorneys' fees against USHRN (Doc. 206) and sanctions against USHRN's counsel (Doc. 207).  Both motions are now fully briefed.  (Docs. 214, 215, 220, 221.)

On September 27, 2023, Dr. Gonzalez moved to amend or correct the judgment and award prejudgment interest.  (Doc. 211.)  That motion is now fully briefed.  (Docs. 225, 228.)

On September 28, 2023, USHRN filed a motion for judgment as a matter of law and/or to alter or amend the judgment.  (Doc. 213.)  This motion is now fully briefed.  (Docs. 224, 229.)[2]

On October 11, 2023, the deputy clerk issued a taxation judgment in the amount of $3,829.72.  (Doc. 219.)

## DISCUSSION

I.    Dr. Gonzalez's Motion To Vacate

A.    **Legal Standard**

Rule 59(a)(1)(A) provides in relevant part that "[t]he court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court."

Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Although the text of Rule 59(e) does not identify the standard for evaluating such a motion, "the view prevailing in the circuits is that motions to alter or amend the judgment are generally appropriate only in four

---

[2]    The requests for oral argument (Docs. 205, 215) are denied because the issues are fully briefed and argument would not aid the decisional process.  *See* LRCiv 7.2(f).

situations: (1) to correct a manifest error of fact or law; (2) to incorporate newly discovered and previously unavailable evidence; (3) to prevent manifest injustice; and (4) to address an intervening change in controlling law."  2 Steven S. Gensler & Lumen N. Mulligan, Federal Rules of Civil Procedure, Rules and Commentary, Rule 59 (2023).  *See generally Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (agreeing that these are the "four basic grounds upon which a Rule 59(e) motion may be granted").  The Ninth Circuit has elaborated that "amending a judgment after its entry remains an extraordinary remedy which should be used sparingly" and that it is an abuse of Rule 59(e) to "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  634 F.3d at 1111-12 (cleaned up).

Rule 60(b) "permits a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances."  *Kemp v. United States*, 596 U.S. 528, 533 (2022) (cleaned up).  Under Rule 60(b)(2), a party may seek relief based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."  "Rule 60(b)(6) provides a catchall for 'any other reason that justifies relief.'  This last option is available only when Rules 60(b)(1) through (b)(5) are inapplicable."  *Kemp*, 596 U.S. at 533.

B.     **The Parties' Arguments**

Dr. Gonzalez seeks "relief, in part, from the judgment under either Rule 59 or Rule 60, and/or . . . reconsider[ation]" of the Court's "summary judgment against her" and a "new trial on" her wrongful termination claim.  (Doc. 204 at 14.)  More specifically, Dr. Gonzalez asserts that at trial Johnson-Blanco "testified for the first time that USHRN sent the contract to the pro bono attorney.  And based on those conversations . . . realized that it needed to focus on the offer letter and not continue with the independent contractor agreement."  (*Id.* at 2, cleaned up.)  Dr. Gonzalez asserts that, due to an earlier privilege objection by USHRN, Johnson-Blanco had not previously disclosed this advice from the pro bono counsel.  (*Id.*)  Dr. Gonzalez asserts that this "testimony is new circumstantial evidence that USHRN was aware that its continued treatment of Dr. Gonzalez as an

independent contractor was illegal." (*Id.*)  Dr. Gonzalez further argues that "this new evidence suggests USHRN improperly terminated [her] because she was complaining about her illegal classification." (*Id.* at 2-3.)  Dr. Gonzalez argues that the jury must have "rejected Ms. Johnson's testimony that she and Dr. Gonzalez had not agreed to such terms but had agreed to an extension of the independent contractor agreement" and speculates that, if given the chance, a jury might also reject USHRN's "asserted bases for terminating" her. (*Id.* at 10.)

USHRN offers several arguments in response.  As a threshold matter, USHRN argues that Dr. Gonzalez's motion is effectively a motion for reconsideration and is thus "untimely under LRCiv 7.2(g)." (Doc. 227 at 2, 10.)  Next, USHRN argues that Dr. Gonzalez's "alleged 'new evidence' . . . has no factual or legal bearing on the basis for this Court's summary judgment ruling," "is not new," and could have been discovered through "reasonable diligence." (*Id.* at 2-3, cleaned up.)  Next, USHRN argues the reference to the jury verdict is improper because it is not evidence. (*Id.*)  Finally, USHRN argues that Dr. Gonzalez's "arguments under Rules 59(a) and 60(b)(2) fail for the same reasons as her request for reconsideration under LRCiv 7.2(g)" and her "Rule 60(b)(6) argument is precluded by Plaintiff's Rule 60(b)(2) argument and by a failure to establish extraordinary circumstances." (*Id.* at 3.)

Dr. Gonzalez argues in reply that her motion is timely under Rule 59, because it was filed within 28 days of entry of judgment, and that the time limit in LRCiv 7.2(g) is inapplicable.  (Doc. 230 at 1-2.)  Alternatively, Dr. Gonzalez argues that LRCiv 7.2(g) "permits filings outside of the general 14-day time limit for good cause, which exists here" because "the bases of [her] motion did not arise until the waiver of privilege by USHRN at trial during Ms. Johnson's testimony and the jury's verdict, and [she] could not have filed her motion before those events occurred." (*Id.* at 2.)  Dr. Gonzalez also reiterates that "Johnson's trial testimony is new and relevant evidence that demonstrates a triable issue on pretext exists." (*Id.* at 3.)  Further, Dr. Gonzalez argues that "Ms. Johnson's trial testimony, and the new inferences it allows, is circumstantial, affirmative evidence of

1   USHRN connecting its illegal conduct with Dr. Gonzalez's termination, and that USHRN

2   considered Dr. Gonzalez's complaints when terminating her." (*Id.* at 4.)   Dr. Gonzalez

3   also asserts she could not have discovered this evidence earlier through reasonable

4   diligence. (*Id.* at 8-9.)  Finally, Dr. Gonzalez reiterates that "the jury's verdict necessarily

5   rejected . . . [Johnson-Blanco's] trial testimony and demonstrates a trial issue of . . . [her]

6   credibility . . . on the issue of pretext." (*Id.* at 9-10.)

7       C.   **Analysis**

8       As an initial matter, Dr. Gonzalez's motion does not qualify as a motion for

9   reconsideration under LRCiv 7.2.   Dr. Gonzalez already unsuccessfully sought

10   reconsideration of the grant of summary judgment on her wrongful termination claim

11   (Docs. 128, 134), and LRCiv 7.2(g) concerns reconsideration of interlocutory orders, not

12   final judgments entered after trial. *Teamsters Loc. 617 Pension & Welfare Funds v. Apollo

13   Grp., Inc.*, 282 F.R.D. 216, 220 (D. Ariz. 2012) ("That Local Rule does not apply in this

14   situation because that Rule expressly pertains only to motions to reconsider orders, as

15   opposed to judgments.  Federal Rule 59(e), on the other hand, and the explicit basis for

16   plaintiff's motion herein clearly contemplates entry of judgment as a predicate to any

17   motion thereunder.") (cleaned up); *FTC v. Noland*, 2022 WL 901386, *3 (D. Ariz. 2022)

18   ("[T]he District of Arizona adopted Local Rule 7.2(g) to implement and supplement Rule

19   54(b) . . . [and adopts] essentially the same standard a district court outside the District of

20   Arizona . . . would apply when resolving a reconsideration motion under Rule 54(b).")

21   (cleaned up).  Here, Dr. Gonzalez is challenging the Court's final judgment.  (Doc. 204.)

22   Thus, Dr. Gonzalez's motion is best construed as a motion under Rule 59 or Rule 60.  *Cf.

23   McCauley v. Najafi*, 2020 WL 2097781, *1 (D. Ariz. 2020) ("Plaintiffs have filed a Motion

24   for Reconsideration pursuant to Local Rule 7.2(g), which the Court construes as a Motion

25   to Alter or Amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e).")

26   (cleaned up).

27       As for those rules, Dr. Gonzalez asserts in somewhat shotgun fashion that she is

28   seeking relief under Rules 59(a), 59(e), 60(b)(2), and/or 60(b)(6).  (Doc. 204.)  However,

Rule 59(a) is inapplicable because it is a vehicle for seeking a new trial and Dr. Gonzalez never received a trial on her wrongful termination claim—it was dismissed at summary judgment. *Merrill v. Cnty. of Madera*, 389 F. App'x 613, 615 (9th Cir. 2010) ("[A] Rule 59(a) motion for new trial is not available on claims or causes of actions for which Plaintiffs never received a trial.").

Dr. Gonzalez's reliance on Rule 60(b)(6) is also misplaced. Her motion is predicated on what she characterizes as new evidence: Johnson-Blanco's trial testimony and the jury's subsequent verdict. (Doc. 204 at 6, 10.) New evidence may be used to support a motion under Rule 60(b)(2), not Rule 60(b)(6). *Kemp*, 596 U.S. at 533 ("Rule 60(b)(6) provides a catchall . . . [that] is available only when Rules 60(b)(1) through (b)(5) are inapplicable."); *Corex Corp. v. United States*, 638 F.2d 119, 121 (9th Cir. 1981) ("It is established that clause (6) and the preceding clauses are mutually exclusive; a motion brought under clause (6) must be for some reason other than the five reasons preceding it under the rule. . . . [I]n this case taxpayer invokes clause (6), but it has suggested no reason for relief from judgment other than newly discovered evidence.").

This leaves Rules 59(e) and 60(b)(2). Because Dr. Gonzalez filed her motion on September 14, 2023—13 days after judgment was entered—the Court will construe it as a motion under Rule 59(e) rather than Rule 60(b). *See* Fed. R. Civ. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").[3]

On the merits, Dr. Gonzalez's request for relief under Rule 59(e) is unavailing. As background, the theory underlying Dr. Gonzalez's wrongful termination claim was that

---

[3]     In *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892 (9th Cir. 2001), the Ninth Circuit held that "a 'motion for reconsideration' is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within ten days of entry of judgment. Otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order." *Id.* at 899 (citation omitted). Although this holding might seem, at first blush, to support treating Dr. Gonzalez's motion as a Rule 60(b) motion (because it was filed more than 10 days after entry of judgment), Rule 59(e) was subsequently amended to expand the filing deadline from 10 days to 28 days after entry of judgment. *See* Fed. R. Civ. P. 59, adv. comm. note to 2009 amendment. Thus, the logic of *American Ironworks* supports treating Dr. Gonzalez's motion as arising under Rule 59(e). This clarification, to be clear, has no effect on the outcome—Dr. Gonzalez would not be entitled to relief even if her motion were construed as arising under Rule 60(b)(2).

USHRN terminated her "in retaliation for her whistleblowing and reporting that USHRN violated various Arizona laws when USHRN illegally misclassified her as an independent contractor and den[ied] her benefits, including, but not limited to, earning and using earned sick leave, payment of employee taxes, provision of worker's compensation coverage, and payment of unemployment benefit contributions." (Doc. 128 at 4, cleaned up.) But as discussed in the summary judgment order and in the order denying Dr. Gonzalez's previous motion for reconsideration on this issue, even if Dr. Gonzalez established a prima facie case of wrongful termination, USHRN could avoid liability by identifying a legitimate, non-retaliatory reason for the termination decision. (Doc. 128 at 7-8; Doc. 134 at 2.) Under Ninth Circuit law, once USHRN articulated such a reason, Dr. Gonzalez had the burden of showing it was pretextual. (*Id.*)

USHRN succeeded in shifting the burden to Dr. Gonzalez by articulating six legitimate, non-retaliatory reasons for the termination decision: (1) rejection of employment offers; (2) mismanagement of subordinates; (3) insubordination toward the USHRN board; (4) failure to follow USHRN policies and the independent contractor agreements; (5) alienation of key partner organizations; and (6) failure to secure funding "for 2020 and beyond" and poor financial stewardship. (Doc. 128 at 13-14; Doc. 134 at 14-16.) Thus, Dr. Gonzalez had to demonstrate that these proffered reasons were pretextual. "A plaintiff may meet the burden to show pretext using either direct or circumstantial evidence. Direct evidence is evidence which, if believed, proves the fact of discriminatory animus without inference or presumption. . . . Circumstantial evidence, in contrast, is evidence that requires an additional inferential step." *Coghlan v. Am. Seafoods Co. LLC.*, 413 F.3d 1090, 1094-95 (9th Cir. 2005) (cleaned up). "The distinction between direct and circumstantial evidence is crucial, because it controls the amount of evidence that the plaintiff must present in order to defeat the employer's motion for summary judgment. Because direct evidence is so probative, the plaintiff need offer 'very little' direct evidence to raise a genuine issue of material fact." *Id.* (footnote omitted). In contrast, "when the plaintiff relies on circumstantial evidence"—as Dr. Gonzalez did at

summary judgment—"that evidence must be 'specific and substantial' to defeat the employer's motion for summary judgment." *Id.* (citations omitted). Additionally, because USHRN "proffered more than one reason for the challenged action," Dr. Gonzalez had to "address all of the employer's suggested reasons." *Hudson v. Chicago Transit Auth.*, 375 F.3d 552, 561 (7th Cir. 2004). *See also Curley v. City of N. Las Vegas*, 772 F.3d 629, 633 (9th Cir. 2014) ("Disputing only one of several well-supported, independently sufficient reasons for termination is generally not enough to defeat summary judgment."). And for each proffered reason, Dr. Gonzalez had to show not that the reason may have been wrong or unwise, but rather that USHRN did not honestly believe its proffered reason for terminating her. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002) ("[C]ourts only require that an employer honestly believed its reason for its actions, even if its reason is foolish or trivial or even baseless.") (cleaned up).

As noted in prior orders, Dr. Gonzalez failed to meet that burden. For example, in an effort to show that USHRN's "future funding" rationale for her termination was pretextual, Dr. Gonzalez presented evidence that she persuaded one donor to double its 2020 contribution. But that evidence was insufficient because it did not speak to whether she had succeeded in securing adequate funding overall. (Doc. 128 at 17.) In the order denying her earlier reconsideration request, the Court elaborated:

> Although USHRN did not come forward with evidence proving that its future-funding rationale was true, the rationale was still clear and reasonably specific and thus sufficient to meet USHRN's burden of production. As a result, Dr. Gonzalez bore the burden of establishing that USHRN's proffered explanation for the adverse action is unworthy of credence. One way Dr. Gonzalez could have attempted to meet this burden would have been to present evidence that she had, in fact, succeeded in securing future funding for USHRN. Although such a showing may, alone, have been insufficient to meet her burden, it at least would have been a start. But Dr. Gonzalez failed to present any evidence concerning USHRN's overall funding picture for 2020 and beyond. Nor did Dr. Gonzalez present evidence from which a reasonable juror could conclude that USHRN's board members weren't actually concerned about her efforts to secure future funding—Dr. Gonzalez did not, for example, present substantial evidence concerning the overall success of her past fundraising efforts, from which an inference might be

1

2

> drawn that there was no reason to doubt her prospective fundraising abilities. It follows that Dr. Gonzalez failed to meet her burden of establishing a triable issue of fact as to whether the future-funding rationale was pretextual.

3

4

(Doc. 134 at 6-7, cleaned up.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dr. Gonzalez now presents what she characterizes as two additional items of evidence. She concedes they are "circumstantial" (Doc. 230 at 9-10), so the same standard applies. First, Dr. Gonzalez argues that, in light of the new evidence that USHRN consulted with a pro bono attorney in mid-2019 regarding her employment status, it can be inferred that USHRN believed its independent contractor agreement with her was unlawful. (Doc. 230 at 8.) But even if this inference is logical, it at most underscores why Dr. Gonzalez's complaints of misclassification—which, she contends, were the impetus for the termination decision—were *valid*. However, the grant of summary judgment did not turn on whether Dr. Gonzalez's alleged whistleblowing and other protected activity was in fact premised on valid concerns. Indeed, the summary judgment order specifically noted that "[i]t is irrelevant, for purposes of whistleblower liability under § 23-1501(A)(3)(c)(ii), that [a whistleblowing] complaint . . . may have been groundless from a legal perspective. . . . [A]ll that matters is that [the plaintiff] made the complaint, she reasonably believed it to be true, and she was terminated in short succession afterward." (Doc. 128 at 10, citing *Drottz v. Park Electrochemical Corp.*, 2013 WL 6157858, *17 (D. Ariz. 2013).) In a related vein, the Court accepted at summary judgment that Dr. Gonzalez had come forward with sufficient evidence to establish a prima facie case of wrongful termination. (*Id.* at 8-11.) The analysis thus turned on the sufficiency of Dr. Gonzalez's evidence during later steps in the analysis—specifically, whether she could show that USHRN's proffered reasons for her termination were pretextual. (*Id.* at 14-18.) Johnson-Blanco's trial testimony does not speak to that question because it has nothing to do with whether USHRN believed Dr. Gonzalez's fundraising performance was subpar and merited termination. Thus, even assuming the trial testimony regarding USHRN's consultation with pro bono counsel qualifies as "new" evidence, it is not the sort of significant new evidence that might warrant

the extraordinary remedy of relief under Rule 59(e).  *See generally Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987) ("[T]he newly discovered evidence must be of such magnitude that production of it earlier would have been likely to change the disposition of the case.").

The other purportedly new evidence on which Dr. Gonzalez relies is the jury's verdict, which she views as proof that the jury rejected Johnson-Blanco's "testimony that she and Dr. Gonzalez had not agreed to [employment] terms but had agreed to an extension of the independent contractor agreement."  (Doc. 204 at 10.)  As an initial matter, the Court is skeptical that the jury's verdict could qualify as "new evidence" for purposes of Rule 59(e).  Taken to its logical conclusion, Dr. Gonzalez's argument would mean that if a defendant prevailed at summary judgment on certain claims by putting forth undisputed deposition testimony from a particular defense witness, the same witness later testified at trial in relation to the plaintiff's remaining claims, and the jury returned a verdict in the plaintiff's favor as to those claims (thereby implicitly rejecting the defense witness's testimony), the plaintiff would be entitled to seek vacatur of the summary judgment ruling under the theory that (1) the jury's verdict qualifies as "new evidence" regarding the defense witness's lack of credibility and (2) the newfound lack of credibility means that the defense witness's deposition testimony, although undisputed, should not have been credited for summary judgment purposes.  But that is not how summary judgment works— once the movant comes forward with admissible evidence, the nonmovant must do more than simply question the credibility of the witness who provided the undisputed evidence. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("If the party moving for summary judgment meets its initial burden of identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact, . . . the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'  Hence the nonmoving party may not merely state that it will discredit the moving party's evidence at trial. . . .") (citations and emphasis omitted); *Miller-Cunningham v.*

*MacAllister*, 2019 WL 1130091, *6 (D. Ariz. 2019) ("Contrary to Plaintiff's counsel's assertion that the Court is necessarily determining Defendant's credibility by considering Defendant's undisputed testimony, the Court is not making a credibility determination, but is basing its decision on the only admissible evidence before the Court at summary judgment.").  This is particularly true when it comes to an employer's proffered evidence at summary judgment of its non-discriminatory reasons for a challenged employment action. *See, e.g.*, *Traylor v. Brown*, 295 F.3d 783, 791 (7th Cir. 2002) (explaining that "an employer will almost always have to rely on the testimony of one of its agents to explain why the agent took the disputed [employment] action" and "consistent with the plaintiff's ultimate burden of proof under *McDonnell Douglas*, a plaintiff cannot avoid summary judgment by merely claiming a jury could disbelieve the employer's reason").  Indeed, "[t]his burden is one of production, not persuasion; it can involve no credibility assessment."  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000) (cleaned up).

At any rate, even assuming a jury verdict could theoretically serve as new evidence under Rule 59(e) in the manner that Dr. Gonzalez suggests, none of the testimony at trial had anything to do with USHRN's future-funding rationale for terminating Dr. Gonzalez. Thus, even assuming the jury may not have accepted the testimony of USHRN's witnesses concerning other issues, this is not specific and substantial evidence that USHRN disbelieved its proffered fundraising rationale (or all of the other rationales it articulated, and Dr. Gonzalez failed to demonstrate were pretextual, at summary judgment).

II.    USHRN's Motion For JMOL Or To Alter/Amend Judgment

A.    **Relevant Background**

One of USHRN's defenses to Dr. Gonzalez's contract claims was a statute-of-limitations defense.  More specifically, USHRN argued that because Dr. Gonzalez was aware of the alleged contractual breach by January 2019 but did not sue until March 18, 2020, and because contract claims are subject to a one-year statute of limitations under A.R.S. § 12-541(3), Dr. Gonzalez's contract claims were time-barred.  (Doc. 163 at 28-

29.)  Dr. Gonzalez offered two theories in response: (1) USHRN took steps in mid-2019 to acknowledge its obligation to pay the debt, which had the effect under A.R.S. § 12-508 of restarting the one-year limitations period and rendering her contract claims wholly timely; and (2) at a minimum, her claims for underpayments received after March 18, 2019 were not time-barred because a new cause of action accrued each time USHRN issued a paycheck without the agreed-to benefits.  (*Id.* at 27-28.)  At the close of evidence, USHRN moved for judgment as a matter of law as to Dr. Gonzalez's first theory, on the ground that the evidence was insufficient to satisfy § 12-508, but the Court allowed the issue to go to the jury (albeit while expressing some concerns about the sufficiency of the evidence).  (Doc. 208 at 29-30.)  The Court also ruled in Dr. Gonzalez's favor as to her second theory (*id.* at 26-29), but that issue was mooted when the jury returned a verdict in Dr. Gonzalez's favor as to the applicability of § 12-508.  Finally, in a post-trial order, the Court elaborated on its rationale for concluding that the evidence was sufficient to allow the § 12-508 issue to go to the jury.  (Doc. 199 at 5-7.)

### B.    **Legal Standard**

If a party previously sought judgment as a matter of law ("JMOL") under Rule 50(a), it may renew this motion ("RJMOL") under Rule 50(b).  *Williams v. Gaye*, 895 F.3d 1106, 1135 (9th Cir. 2018) ("[A] Rule 50(a) motion is . . . a prerequisite for a Rule 50(b) motion. . . .").  The movant must show that "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on" a particular "issue."  Fed. R. Civ. P. 50(a)-(b).  In assessing such a motion, courts "view all evidence in the light most favorable to the nonmoving party, draw all reasonable inferences in favor of the non-mover, and disregard all evidence favorable to the moving party that the jury is not required to believe."  *Shafer v. Santa Barbara Cnty.*, 868 F.3d 1110, 1115 (9th Cir. 2017).  This standard is essentially the same as the standard by which courts evaluate summary judgment motions under Rule 56; the main difference is that courts rule on JMOLs and RJMOLs based on the evidence presented at trial rather than the summary judgment record.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Williams*, 895 F.3d at 1135.

1     C.     **A.R.S. § 12-508**

2          1.     The Parties' Arguments

3          USHRN seeks "judgment as a matter of law and to alter or amend this Court's

4     judgment" on Dr. Gonzalez's "claims for breach of contract and breach of the implied

5     covenant of good faith and fair dealing" because those claims "are time barred by A.R.S.

6     § 12-541(3)." (Doc. 213 at 1-2.)  As for A.R.S. § 12-508, USHRN argues that Dr.

7     Gonzalez's evidence was legally insufficient because the writing on which she relied, Trial

8     Exhibit 22, (1) "does not 'sufficiently identify' the debt," (2) "did not contain a promise to

9     pay sufficient to create a contract or obligation," and (3) "does not contain any language

10    regarding the 'justness' of the debt." (*Id.* at 7-11.)

11         Dr. Gonzalez responds that "Trial Exhibit 22 meets the requirements of A.R.S. § 12-

12    508" because it "sufficiently identifies USHRN's obligation to provide Dr. Gonzalez

13    employee benefits," "is the best possible form of a promise by USHRN to perform its

14    obligation to provide benefits," and "backdating the offer letter in Trial Exhibit 22

15    sufficiently expresses USHRN's belief in the justness of performing its obligation." (Doc.

16    224 at 7, 9, 13.)  Dr. Gonzalez further asserts that a reasonable jury "could look to other

17    evidence in the case to understand whether Trial Exhibit 22 meets the elements required

18    for acknowledgement of a just claim under § 12-508, including . . . what reason USHRN

19    had to backdate the offer letter in Trial Exhibit 22." (*Id.* at 15.)

20         In reply, USHRN reiterates its contention that based on "the factual record and well-

21    settled law," Trial Exhibit 22 does not qualify as a "'writing' under A.R.S. § 12-508."

22    (Doc. 229 at 2.)  Specifically, USHRN argues that the "writing must reflect a promise

23    sufficient to support a contract—independent of the original promise." (*Id.* at 4.)  Trial

24    Exhibit 22 was, according to USHRN, "a conditional promise," and such a "promise is

25    only sufficient if the condition is performed." (*Id.*)  USHRN also characterizes Dr

26    Gonzalez's position in her response brief as that she "accepted the conditional promise

27    . . . by her . . . continued work for USHRN after the backdated offer letter was provided to

28    her." (*Id.* at 4.)  USHRN asserts this "is a wholly new claim and argument that was never

- 18 -

disclosed in this case" and "is contrary to all the evidence at trial," including Dr. Gonzalez's own testimony that she did not sign the offer letter.  (*Id.* at 4-5.)  Finally, USRHN argues that the writing did not sufficiently identify the debt at issue because it did not "definitely and certainly designate the particular subject or demand to which it refers" and also did not contain language that "acknowledge[s] the 'justness' of the debt."  (*Id.* at 8, cleaned up.)

## 2.  Analysis

In Arizona, "[w]hen an action is barred by limitation no acknowledgment of the justness of the claim made subsequent to the time it became due shall be admitted in evidence to take the action out of the operation of the law, unless the acknowledgment is in writing and signed by the party to be charged thereby."  A.R.S. § 12-508.  This "provision recognizes that the bar of the statute may be waived or suspended by the debtor and prescribes just how this may be done.  Before this enactment, it could be done by an oral acknowledgment of the debt, or it might be done by partial payments on the debt. Now, the exclusive method is by a signed written acknowledgment of the justness of the claim, made subsequent to the accrual of the right of action, and either before or after the bar." *Steinfeld v. Marteny*, 10 P.2d 367, 370 (Ariz. 1932).  Thus, "[f]or an acknowledgment of an indebtedness to effectively remove the bar of the limitation[s] period [1] the acknowledgment must be in writing; [2] it must be signed by the party to be charged; [3] it must sufficiently identify the obligation referred to, though it need not specify the exact amount or nature of the debt; [4] it must contain a promise, express or implied, to pay the indebtedness; and [5] it must contain, directly or impliedly, an expression by the debtor of the 'justness' of the debt." *Freeman v. Wilson*, 485 P.2d 1161, 1165-66 (Ariz. 1971) (brackets added).  As summarized above, USHRN asserts that no reasonable jury could have found that Trial Exhibit 22 satisfied the third, fourth and fifth elements.

This assertion lacks merit.  As for the third element, although the email and attached offer letter did not expressly identify the "debt" as the unpaid employee benefits, a rational juror could infer from the circumstances that this was the debt being referenced—indeed, that is the most obvious inference arising from USHRN's decision to backdate the offer

letter to January 2019 and from the evidence that Dr. Gonzalez had voiced repeated complaints during earlier portions of 2019 about USHRN's failure to provide benefits. *De Anza Land & Leisure Corp. v. Raineri*, 669 P.2d 1339, 1344 (Ariz. Ct. App. 1983) ("We also note that the promise to pay may be implied."). For similar reasons, a rational juror could find that the fourth and fifth elements were satisfied—the backdated nature of the offer letter could be rationally construed as an implied promise to make good on the overdue benefits and an implied acknowledgement of the "justness" of the debt. *Freeman*, 485 P.2d at 1166 ("'Justness', as used here, refers to the moral obligation which the debtor feels rests upon himself to repay the original obligation. The 'justness' of a debt may be express or it may be implied from the words used in acknowledging the debt. . . . [N]o precise form of words need be used to constitute a legally sufficient acknowledgment.").

USHRN's arguments to the contrary are unavailing. As for the third element, USHRN argues that it is irrelevant that a rational juror might infer that Trial Exhibit 22 was referring to the unpaid employee-benefit debt because, under *Steinfeld*, the writing must "identify the debt explicitly and certainly." (Doc. 213 at 7, cleaned up.) The problem with this argument is that the Arizona Supreme Court subsequently clarified that its holding in *Steinfeld* addressed a circumstance "where there are several debts and it cannot be determined from the acknowledgment relied upon as to which particular debt it refers to." *John W. Masury & Son v. Bisbee Lumber Co.*, 68 P.2d 679, 692 (Ariz. 1937). In contrast, "if reference is made in the acknowledgment to some indebtedness not specified, and it appears from other evidence that there is but one distinct legal indebtedness existing between the parties, that is sufficient to identify it." *Id.* at 692-93. Here, USHRN does not suggest that there were somehow an array of different debts owed to Dr. Gonzalez and that Exhibit 22 was therefore too imprecise in identifying which of those debts was being affirmed. *See also Freeman*, 485 P.2d at 1166 ("It is generally said that where there are several debts and it cannot be determined from the acknowledgment relied upon, which debt is referred to, the acknowledgment would be insufficient. [But here, that] the letters referred to the money owed on the promissory notes is beyond dispute; defendant himself

has not argued differently."); *Dalos v. Novaheadinc*, 2008 WL 4182996, *3 (Ariz. Ct. App. 2008) ("Although *Masury* involved a single debt, the court noted that in *Steinfeld* the court had held that if several debts exist and the acknowledgment fails to identify a particular one, the acknowledgement is insufficient. . . .   In our case, there is a single debt.  And as *Masury* made clear, an acknowledgment need not 'specifically set up the exact distinctly and unerringly to a specific obligation.'") (citation and emphasis omitted).

As for the fourth element, USHRN relies on *De Anza Land* and *Masury* for the proposition that "any promise must be sufficient on its own to constitute a new enforceable contract."  (Doc. 213 at 8.)  But the point of A.R.S. § 12-508 is to revive an *existing* claim that would otherwise be too old to pursue.  If the writing required under § 12-508 had to qualify as an independently enforceable contract, the *Freeman* test would make no sense: (1) it only requires one of the two parties to sign, whereas contracts require offer *and* acceptance; (2) it does not require the writing to "specify the exact amount or nature of the debt," which are essential terms for an independent contract to be enforceable; and (3) the point of § 12-508 is to acknowledge an existing debt, not create a new one.  *Cf. Bainum v. Roundy*, 521 P.2d 633, 634 (Ariz. Ct. App. 1974) ("[Appellants] contend . . . the statement in the letter 'I am sure we can reach an understanding in a satisfactory arrangement for the repayment of my note with you' constitutes no more than a conditional promise to pay. We do not agree. . . .   The use of the words 'reach an understanding in a satisfactory arrangement' do not detract from his willingness to pay the debt—they merely reflect the fact that Mr. Bainum would have to work out the Terms of repayment.  The trial court did not err in finding that the March 25th letter constituted a sufficient acknowledgment to remove the bar of the statute of limitations.").

This conclusion is not inconsistent with *De Anza*.  There, the Arizona Court of Appeals observed that the "new promise must be sufficient in itself to support an action for the debt, independent of the original promise."   669 P.2d at 1344.  The Court does not construe this passage as holding that the "new promise" must be a "contract"; instead, it simply recognizes that there must be enough information in the original promise to confirm

the debt. At any rate, this passage is not particularly clear and the Court is required to follow the holdings of the Arizona Supreme Court on this issue to the extent they might be viewed as in tension with ambiguous dicta from a decision by the Arizona Court of Appeals. *McKown v. Simon Prop. Grp. Inc.*, 689 F.3d 1086, 1091 (9th Cir. 2012) ("Since we are sitting in diversity, we must begin with the pronouncements of the state's highest court, which bind us. . . . [O]nly the [Arizona] Supreme Court's decisions are binding, and in the absence of such a decision, a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, among other sources of authority, as guidance.") (cleaned up). Tellingly, in other Arizona decisions (including decisions by the Arizona Supreme Court) where courts found the fourth element was satisfied, the writing acknowledging the debt likely would not have stood alone as an enforceable contract. *Bainum*, 521 P.2d at 634 (concluding that "I am sure we can reach an understanding in a satisfactory arrangement for the repayment of my note" was sufficient even though this message still required the defendant to "work out the Terms"); *Freeman,* 485 P.2d at 1166 ("We have here, in the form of letters written by Mr. Wilson, writings signed by the party to be charged. In the letter dated September 27, 1965, defendant refers to the subsisting indebtedness as the 'Freeman money.'").

Nor do *Masury* and *De Anza Land* stand for the proposition that "the promise is only sufficient if the condition is performed or accepted." (Doc. 213 at 8.) Instead, these cases hold that the only *remedy* a party may pursue is dictated by the terms of the conditional offer. This means Dr. Gonzalez could only pursue whatever she would have received under the offer letter had she accepted it (which is all the jury awarded her); it does not mean she has no remedy unless she *did* accept it. *De Anza Land*, 669 P.2d at 1344-45 ("The agreement together with the subsequent affidavit is at best a conditional promise to see that the obligation under the note will be satisfied. Such a promise restrains the rights of the creditor to the terms proposed, and if he cannot recover by those terms, he cannot recover at all."); *Masury*, 68 P.2d at 690 ("[I]f the new promise is qualified or conditional, it restrains the rights of the party to its own terms; and if he cannot recover by those terms,

he cannot recover at all.").

As for the fifth element, the January 2019 date of the offer letter is language that appears on the face of the writing.  (Doc. 213-3.)  Given Dr. Gonzalez's repeated complaints throughout 2019 about USHRN's failure to provide benefits, a reasonable juror could construe USHRN's decision to backdate the offer letter to January 2019 as an acknowledgement that it had agreed to provide those benefits to her as of the start of 2019.

### D.    **Continuing Violation Theory**

#### 1.    The Parties' Arguments

USHRN argues that "[t]he 'continuous violation' doctrine is not applicable . . . because the breach at issue is not divisible but relates to a single breach," namely "that USHRN failed to enroll [Dr. Gonzalez] in and provide certain employment benefits starting on January 1, 2019."  (Doc. 213 at 2.)  According to USHRN, *Builders Supply Corp. v. Marshall*, 352 P.2d 982 (Ariz. 1960), *Ancala Holdings, L.L.C. v. Price*, 220 F. App'x 569 (9th Cir. 2007), and *Demasse v. ITT Corp.*, 984 P.2d 1138 (Ariz. 1999), do not support the Court's previous determination that the continuous violation theory applies.  (*Id.* at 11-12.)  Instead, USHRN argues that *Day v. LSI Corp.*, 174 F. Supp. 3d 1130 (D. Ariz. 2016), supports its position.  (*Id.* at 11.)

Dr. Gonzalez responds that "it is clear to see why this Court ruled correctly when it determined Dr. Gonzalez's 'claims were not wholly time-barred because a new claim accrued each time [USHRN] issued a paycheck without the agreed-to benefits.'"  (Doc. 224 at 4, citing Doc. 199 at 2-3.)  She continues: "As an at-will employee, Dr. Gonzalez had no contractual entitlement to employee benefits until she performed work on a given day because her performance was necessary for contract formation.  More simply: there was no contract until she did the work.  And if there was no contract, her claim could not have accrued."  (*Id.*)

In reply, USHRN reiterates its position that Dr. Gonzalez's "Contract Claims arise from a single act . . . that undisputedly accrued over one year prior to her filing suit" and that the cases previously cited by the Court "are materially distinguishable."  (Doc. 229 at

2.)  USHRN also argues that the idea that a new contract arose each day is inconsistent with Dr. Gonzalez's argument to the jury and the jury's verdict.  (*Id.* at 11-12.)

### 2.   Analysis

Although the conclusions in Part II.C.2 above make it unnecessary to reach this issue, the Court will do so in an abundance of caution and in an effort to create a complete record in the event of appeal.  The Arizona Supreme Court recognized in *Builders Supply* that ongoing underpayments resulting from ongoing contractual breaches each constitute "a separate breach" and that a "'cause of action accrues'—in the terms of the statute of limitations—each time [the] defendant fails to perform as required."  352 P.2d at 986.  This was so even though the parties entered into a single written contract.  *Id.*  Thus, even if A.R.S. § 12-508 weren't applicable here, Dr. Gonzalez's claims for underpayments after March 18, 2019 would not be time-barred—each such underpayment constituted a separate breach occurring within one year of the filing of this lawsuit.  (*See also* Doc. 208 at 28-29 [discussion of this issue during trial].)

The Arizona Supreme Court's reasoning in *Demasse* underscores this conclusion, because *Demasse* recognizes that each day of an at-will contract is a new unilateral contract.  (*See also* Doc. 208 at 27 [discussion of this issue during trial].)  Although USHRN asserts that the cited passage from *Demasse* is dicta, the Arizona Supreme Court has referred to the principle discussed in that passage as "fundamental Arizona contract law."  *Cornell v. Desert Fin. Credit Union*, 524 P.3d 1133, 1136-37 (Ariz. 2023) ("We begin with fundamental Arizona contract law, which distinguishes between bilateral contracts and unilateral contracts. . . .  At-will employment contracts are unilateral and typically start with an employer's offer of a wage in exchange for work performed; subsequent performance by the employee provides consideration to create the contract.  Thus, before performance is rendered, the offer can be modified by the employer's unilateral withdrawal of the old offer and substitution of a new one: the employer makes a new offer with different terms and the employee again accepts the new offer by performance (such as continued employment).  Thus, a new unilateral contract is formed—

a day's work for a day's wages.") (quoting *Demasse*, 984 P.2d at 1142-43); *Walter v. Prestige Staffing, LLC*, 2008 WL 2406138 (Ariz. Ct. App. 2008) ("At-will employment contracts are unilateral and typically start with an employer's offer of a wage in exchange for work performed; subsequent performance by the employee provides consideration to create the contract.") (quoting *Demasse*, 984 P.2d at 1142-43).  Nor is Arizona an outlier in this regard.  Other courts have applied the continuing-violation principle to at-will employment contracts in other contexts, *Cuadra v. Millan*, 952 P.2d 704 (Cal. 1988) ("[W]hen the work is continuing and the employee is therefore paid periodically (e.g., weekly or monthly) a separate and distinct cause of action accrues on each payday, triggering on each occasion the running of a new period of limitations."), and to oral contracts, *Hidden Empire Holdings, LLC v. Angelone*, 2023 WL 4208067 (C.D. Cal. 2023) ("Angelone has nonetheless consistently alleged facts that make it plausible that an oral and/or implied partnership agreement may have been reached between the parties despite the absence of a formal written agreement. . . .  [S]ince partnership agreements create continuing obligations, under the continuous accrual rule each breach of those obligations triggers a new statute of limitations.").

> *Day* does not compel a different conclusion.  There, the court did not reject the application of the continuing-violation principle to employment contracts—it simply noted that A.R.S. § 12-541(3) applied, that the lawsuit was filed more than a year after the complained-of conduct began, and that the plaintiff has not explained why the lawsuit was timely.  174 F. Supp. 3d at 1155-56.  Far from a rejection of the continuing-violation principle, it appears the principle was never raised.  *Id.* at 1155 ("Day has not responded to LSI's argument that this claim was not filed timely.").

> Finally, there is no merit to USHRN's argument that the conclusion being reached here "is inconsistent to [Dr. Gonzalez's] argument at trial and contrary to the jury's verdict."  (Doc. 229 at 11.)  Dr. Gonzalez's theory of accrual set forth in the Final Pretrial Order—"Dr. Gonzalez acknowledges that USHRN continuously failed to compensate her as an employee throughout 2019.  However, a cause of action accrues—in the terms of the

statute of limitations—each time defendant fails to perform as required under the contract. Thus, a new cause of action accrued for each pay period that USHRN failed to treat and compensate Dr. Gonzalez as an employee." (Doc. 163 at 27, cleaned up)—is essentially the same theory being adopted here.  That theory is not inconsistent with the jury's verdict, as the jury was simply asked to decide (1) whether a contract was formed; (2) if so, whether it was breached; and (3) if so, whether USHRN acknowledged the resulting debt under § 12-508.  (Doc. 197.)  Per the joint agreement of the parties, the jury was not asked to make findings regarding damages or the accrual of the statute of limitations.  (Doc. 226 at 56-58, 93-95, 103.)  Instead, the parties agreed that if the jury found for Dr. Gonzalez on the issues of contract formation and breach, the resulting damages would either be $33,622.17 (if the jury found for Dr. Gonzalez on the § 12-508 issue) or $25,643.59 (if the jury did not), with the latter figure reflecting the subset of underpayments that occurred within one year of when Dr. Gonzalez filed suit.  (*Id.* at 103.)  Thus, nothing about the outcome here is inconsistent with the jury's verdict.

III.    Dr. Gonzalez's Motion For Attorneys' Fees

    A.    **The Parties' Arguments**

    Dr. Gonzalez argues she is eligible for attorneys' fees under A.R.S. § 12-341.01(A) because this lawsuit arose out of contract.  (Doc. 206 at 4-5.)  She also argues that she qualifies as the "successful party" under § 12-341.01(A), regardless of whether the "net judgment rule" or the "percentage of success" or "totality of the litigation" tests are applied, because she was successful on "six . . . of the eight . . . claims and counterclaims" and her defeat on the interwoven tort claims "does not . . . even affect the analysis."  (*Id.* at 5-6.)  Next, Dr. Gonzalez argues that the discretionary factors under *Associated Indem. Corp. v. Warner*, 694 P.2d 1181 (Ariz. 1985), favor a fee award because (1) USHRN's counterclaims lacked merit whereas Johnson-Blanco's trial testimony showed "USHRN knew Dr. Gonzalez's claims had merit for more than a year before she filed them"; (2) she offered to settle the case in December 2019 for "approximately $155,000," which was "well below the cost of USHRN's own attorney fees," and thus "USHRN . . . needlessly

caused this litigation"; (3) a fee award would not result in hardship to USHRN because the "claims, and any award of reasonable attorney fees, are covered by USHRN's insurance policy"; (4) "[t]he questions posed by the parties' positions generally were not novel" because "[t]his case largely boiled down to two issues of contract formation, via the oral negotiations between Dr. Gonzalez and Ms. Johnson, and USHRN's 'ratification' argument, which was not supported by Arizona law or even the out-of-state cases upon which USHRN relied"; and (5) "an award would not discourage future litigation by parties with tenable claims or defenses because USHRN did not have any such claims or defenses." (*Id.* at 7-9). Finally, Dr. Gonzalez argues that her requested fees of $545,008.50 are reasonable. (*Id.* at 9-12.)

In response, USHRN first argues that Dr. Gonzalez is statutorily ineligible to recover fees under § 12-341.01(A) "because the contractual claims . . . were incidental to Plaintiff's central claim for wrongful termination." (Doc. 215 at 2.) Alternatively, USRHN argues that it "is the successful party under the totality of circumstances test because USHRN prevailed in dismissing over $1 million in Plaintiff's claims as compared to Plaintiff prevailing on $50,000+/- in claims," because the "net winner test is not applicable here," and "because it made a written offer of $50,000 pursuant to A.R.S. § 12-341.01(A) both before and shortly after the Court's summary judgment ruling." (*Id.*, cleaned up.) Further alternatively, USHRN argues that the *Warner* factors do not favor awarding attorneys' fees because its "claims and defenses were meritorious"; Dr. Gonzalez "never allowed this case to settle and expanded litigation"; Dr. Gonzalez "recovered only a small fraction of what she sought"; "this case involved novel legal issues"; "an award of fees would discourage litigants from defending legitimate claims"; and Dr. Gonzalez "is, at most, entitled to only fees related to the contract claims." (*Id.* at 13-15.) Finally, USHRN argues that Dr. Gonzalez's fee request is inflated and unreasonable because "(i) it fails to identify entries related solely to the contract claims; (ii) it seeks excessive and intertwined attorneys' fees and costs for claims that [Dr. Gonzalez] lost; (iii) it bills for clerical work, duplicative work, excessive billing, block-billing, billing for inter-attorney meetings and

communications; and (iv) uses unreasonable rates." (*Id.* at 2-3.) In a related vein, USHRN argues that Dr. Gonzalez's attorneys ("Stinson") "repeatedly raised their hourly rates" to a degree that far outpaced inflation despite acknowledging that "Dr. Gonzalez, as a single mother of three working for non-profits, is judgment proof." (*Id.* at 3, emphasis omitted.)

In reply, Dr. Gonzalez asserts that "[w]hether a contract claim was central versus incidental is not the applicable legal test for whether [a] claim is 'arising out of contract.' Rather, the test is whether liability is premised on breach or avoidance of a contract." (Doc. 221 at 2.) On the successful-party issue, Dr. Gonzalez argues that the Court "cannot rely on USHRN avoiding liability on [her] tort claims to determine USHRN was the successful party." (*Id.* at 3-4.) Dr. Gonzalez further argues that "USHRN's written settlement offers do not render it the successful party" because those offers never exceeded her "reasonable attorney fees . . . incurred . . . prior to th[ose] offer[s]." (*Id.* at 5.) On the topic of her unsuccessful tort claims, Dr. Gonzalez points out that "[i]n submitting her fee application, [she] has already reduced the amount requested in her fee application related to her tort claims in the amount of $165,813.50." (*Id.* at 7-8.) Accordingly, Dr. Gonzalez contends that USHRN's assertion that "its positions had merit" is "irrelevant" because "she has already excluded fees incurred solely in pursuit of [tort] claims." (*Id.* at 8.) As for USHRN's counterclaims, Dr. Gonzalez contends they only had enough merit to survive summary judgment "because USHRN withheld evidence until trial that it had been advised by its pro bono counsel that it was illegal to continue the independent contractor agreement." (*Id.*) Dr. Gonzalez also contends that USHRN's statute of limitations defense to her contract claims lacked merit. (*Id.*) Finally, Dr. Gonzalez defends the reasonableness of Stinson's staffing decisions, rates, and hours expended. (*Id.* at 10-11.)

…

…

…

…

…

1

**B.**   **Analysis**

Dr. Gonzalez's fee request is governed by A.R.S. § 12-341.01(A), which provides in relevant part that "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees."

1.   Contested Action Arising Out Of A Contract

As an initial matter, it is clear that this action arose out of a contract.  Both of Dr. Gonzalez's successful claims against USHRN were express breach-of-contract claims, as were most of USHRN's counterclaims against her.  *Ramsey Air Meds, L.L.C. v. Cutter Aviation, Inc.*, 6 P.3d 315, 318 (Ariz. Ct. App. 2000) (acknowledging that the "case law interpreting the statutory phrase 'arising out of a contract'" is "voluminous and sometimes confusing" but emphasizing that "[t]he statute obviously applies to express claims for breach of contract").  USHRN places heavy emphasis on the fact that Dr. Gonzalez also unsuccessfully asserted a pair of tort claims, but the presence of those unsuccessful tort claims does not alter the fact that this *action* arose from a contract.  *See, e.g., ML Servicing Co. v. Coles*, 334 P.3d 745, 753 (Ariz. Ct. App. 2014) ("The meaning of 'arises out of contract' is broad for the purposes of this statute. . . .  [A] trial court may award attorney fees under § 12-341.01 to the successful party even on contract claims that are interwoven with tort claims."); *Rudinsky v. Harris*, 290 P.3d 1218, 1225 (Ariz. Ct. App. 2012) ("Rudinsky also contends attorneys' fees should not have been awarded because the contract claim is 'interwoven' with the tort claim.  But even if the alleged contract claim is interwoven with the defamation claim, this does not prevent an award of fees on the contract claim.").  *See also In re Larry's Apartment, L.L.C.*, 249 F.3d 832, 836-37 (9th Cir. 2001) ("When the contract in question is central to the issues of the case, it will suffice as a basis for a fee award.").  Although the unsuccessful tort claims may bear on whether Dr. Gonzalez should be considered "successful" and whether any of the time entries giving rise to her fee request should be reduced or eliminated, those issues are distinct from whether

1    this action arose out of a contract (which it did).

2                    2.    <u>Successful Party</u>

3           The other threshold question under § 12-341.01(A) is whether Dr. Gonzalez was the

4    successful party.  Under Arizona law, "the trial court has substantial discretion to determine

5    who is a 'successful party.'"  *Fulton Homes Corp. v. BBP Concrete*, 155 P.3d 1090, 1096

6    (Ariz. Ct. App. 2007).  "The decision as to who is the successful party for purposes of

7    awarding attorneys' fees is within the sole discretion of the trial court, and will not be

8    disturbed on appeal if any reasonable basis exists for it."  *Sanborn v. Brooker & Wake

9    Property Mgmt., Inc.*, 874 P.2d 982, 987 (Ariz. Ct. App. 1994).

10          The "successful party" analysis here is complicated by the fact that Dr. Gonzalez

11   sued an array of defendants under various tort and contract theories.  (Doc. 11 ¶¶ 31-54.)

12   Additionally, USHRN asserted counterclaims against Dr. Gonzalez but the Individual

13   Defendants did not.  (Doc. 58 at 21-25 ¶¶ 70-98; Docs. 21, 40.)  The Court possesses

14   particularly broad discretion when deciding how to determine the "successful party" in

15   cases involving multiple parties and multiple claims.  *See, e.g.*, *Schwartz v. Farmers Ins.

16   Co. of Ariz.*, 800 P.2d 20, 25 (Ariz. Ct. App. 1990) ("The trial court possesses discretion to

17   determine who is the successful party in multiple-party litigation and in cases where there

18   are multiple-parties as well as multiple-claims.");  *Pioneer Roofing Co. v. Mardian Constr.

19   Co.*, 733 P.2d 652, 664 (Ariz. Ct. App. 1986) ("Given the third-party posture of this

20   litigation and its multiple claims and parties, we hold that the trial court's method of

21   determining who was the 'successful party' as to each claim was not an abuse of

22   discretion.").  Under the circumstances, the Court concludes that the most logical approach

23   is to individually evaluate whether Dr. Gonzalez was successful in relation to each

24   defendant.

25          The "successful party" assessment as to the Individual Defendants is

26   straightforward.  None of those defendants asserted their own affirmative claims against

27   Dr. Gonzalez, and all of Dr. Gonzalez's claims against them failed.  That Dr. Gonzalez's

28   claims against the Other Defendants failed for lack of personal jurisdiction, rather than on

the merits, is irrelevant.  *Balestrieri v. Balestrieri*, 300 P.3d 560, 563 (Ariz. Ct. App. 2013); *Boschee v. T.W. Lewis Co.*, 2017 WL 1882332, *2 (Ariz. Ct. App. 2017) ("[T]he superior court may award fees under A.R.S. § 12-341.01(A) to a defendant who prevails on a motion to dismiss for lack of personal jurisdiction.").

As for Dr. Gonzalez and USHRN, both parties pursued affirmative claims against the other, so one approach for deciding which side was successful would be to apply the "net winner" test.  *Ayala v. Olaiz*, 776 P.2d 807, 809 (Ariz. Ct. App. 1989) ("In cases involving various competing claims, counterclaims and setoffs all tried together, the successful party is the net winner.").  The Court disagrees with USHRN that it may not apply the net winner test "because [this test] only looks at the results at trial" and "entirely ignores any claims that do not make it to trial."  (Doc. 215 at 12).  However, the Court agrees that "in a case involving multiple claims and varied success," it also has the discretion to instead "apply a 'percentage of the success' or a 'totality of the litigation' test."  *Berry v. 352 E. Virginia, L.L.C.*, 261 P.3d 784, 788 (Ariz. Ct. App. 2011) (citation omitted).  *See also Aspen Biotech Corp. v. Wakefield*, 2021 WL 3503399, *18 (Ariz. Ct. App. 2021) ("This court has long held that the superior court is not bound to the net judgment rule in a multi-party, multi-claim case in the exercise of its discretion.  Instead, it may use other tests to determine the parties' relative success concerning the various claims.").  Nevertheless, Dr. Gonzalez qualifies as the successful party no matter which test is used.

Beginning with the net winner test, Dr. Gonzalez prevailed on her contract claims, which resulted in a final judgment of $33,622.17, while USHRN lost on all of its counterclaims.  This would make Dr. Gonzalez the successful party unless her rejection of settlement offers outweighs her success on the merits.  A.R.S. § 12-341.01(A) ("If a written settlement offer is rejected and the judgment finally obtained is equal to or more favorable to the offeror than an offer made in writing to settle any contested action arising out of a contract, the offeror is deemed to be the successful party from the date of the offer and the court may award the successful party reasonable attorney fees.").  For purposes of § 12-

341.01(A), the "judgment finally obtained" includes not only the $33,622.17 judgment, but also any prejudgment interest, taxable court costs, and any attorneys' fees incurred up to the point of the offer. *Berry*, 261 P.3d at 790; *Am. Power Prods., Inc. v. CSK Auto, Inc.*, 396 P.3d 600, 605 (Ariz. 2017); *Hall v. Read Dev., Inc.*, 274 P.3d 1211, 1215 (Ariz. Ct. App. 2012).

Here, the Court has already awarded Dr. Gonzalez $3,829.72 in taxable costs. (Doc. 219.) Additionally, after trial, Dr. Gonzalez moved for prejudgment interest in the amount of $12,693.53. (Doc. 211.) USHRN responded that it did not contest the calculation of $12,693.53 in prejudgment interest based on the $33,622.17 judgment, although it continued to contest the $33.622.17 judgment (Doc. 225) for reasons now rejected elsewhere in this order. Therefore, Dr. Gonzalez is entitled to an additional award of $12,693.53. This brings the "judgment finally obtained" to $50,145.42. Because that figure exceeds the settlement offers of $7,500 and $15,000 that USHRN made in March 2021 (Docs. 215-1 ¶ 35), those offers were too low to alter the successful-party calculus.

On December 17, 2021, USHRN increased its offer to $50,000. (Doc. 215-8.) An argument can be made that this offer was actually worth $62,460 from Dr. Gonzalez's perspective, because it included a waiver of the Other Defendants' claim against Dr. Gonzalez for attorneys' fees (which, as discussed in Part IV below, the Court has now determined should be granted to the tune of $12,460). But even using a valuation of $62,460, this offer remained too low to suffice. Even after her attorneys' fees are reduced (for reasons explained in later portions of this order), Dr. Gonzalez had incurred $97,135.80 in fees on her contract-based claims by December 17, 2021. Thus, for a settlement offer on that date to be sufficient, it would have needed to equal or exceed $147,281.22 (*i.e.*, Dr. Gonzalez's then-current fees of $97,135.80 plus the $50,145.42 sum calculated above).[4]

For similar reasons, although USHRN reiterated its $50,000 settlement offer in October 2022 (Doc. 215-9) and then increased its settlement offer to $100,000 on August

---

[4] Even if the amount of pre-judgment interest accrued at the time of this offer was not quite as high as the ultimate sum of $12,693.53, because it was made about two years before the entry of judgment, the $50,000 offer remained far too low.

16, 2023 (Doc. 215-12), those offers remained too low.  Even assuming the latter offer was worth $112,460 from Dr. Gonzalez's perspective (to account for the waiver of the Other Defendants' claim for fees) and even after Dr. Gonzalez's attorneys' fees are reduced for reasons explained in later portions of this order, Dr. Gonzalez had incurred more than $185,956.20 in fees on her contract-based claims by August 16, 2023.  Thus, for a settlement offer on that date to be sufficient, it would have needed to equal or exceed $236,101.62 (*i.e.*, Dr. Gonzalez's then-current fees of $185,956.20 plus the $50,145.42 sum calculated above).

Dr. Gonzalez also emerges as the successful party under the percentage of the success and totality of the litigation tests.  USHRN asserts that Dr. Gonzalez's $33,622.17 recovery was about 3% of the approximately $1.1 million she initially sought.  (Doc. 215 at 4-5.)  Even accepting that denominator, which Dr. Gonzalez contends is inflated, she remains the successful party.  Dr. Gonzalez's recovery may be a small percentage of what she initially sought, but USHRN lost on all of its counterclaims.  A 3% recovery is more successful than a 0% recovery.  *Cramton v. Grabbagreen Franchising LLC*, 2022 WL 1719687, *26 (D. Ariz. 2022) ("Although Defendants assert that this matter was not 'resolved in [Plaintiff's] favor' because she received far less than she originally sought, Defendants fail to cite any authority in support of their position and the Court is unpersuaded—Phyrric though the victory may have been, this action was resolved in [Plaintiff's] favor when the Court entered judgment in her favor on several of her claims and on all of the counterclaims.").

Similarly, when looking at the totality of the circumstances, the Court views Dr. Gonzalez as more successful than USHRN because she prevailed on at least some of her affirmative claims while defeating all of USHRN's counterclaims.  *Med. Protective Co. v. Pang*, 25 F. Supp. 3d 1232, 1240 (D. Ariz. 2014) ("Under the totality of the litigation rule . . . , [t]here are no strict factors, rather the trial court is afforded discretion in reviewing the totality of the litigation.").

…

1

3.   _Warner_ Factors

2      Because Dr. Gonzalez was the successful party in relation to USHRN (no matter

3  which test is used), she may be entitled to the attorneys' fees she incurred when pursuing

4  her successful contract claims and successfully opposing USHRN's contract-based

5  counterclaims.   "However, there is no presumption that a successful party should be

6  awarded attorney fees under § 12-341.01."  _Motzer v. Escalante_, 265 P.3d 1094, 1095

7  (Ariz. Ct. App. 2011).  "The legislature used the phrase 'may award' in authorizing the

8  trial judge to award a successful contract litigant reasonable attorney's fees.  The natural

9  import of this phrase is to vest discretion in the trial court to determine the circumstances

10  appropriate for the award of fees."  _Warner_, 694 P.2d at 1184.  The factors Arizona courts

11  have identified as "useful" in determining whether to award fees pursuant to § 12-341.01

12  include (1) the merits of the claim or defense of the unsuccessful party; (2) whether the

13  litigation could have been avoided or settled; (3) whether assessing fees would cause

14  extreme hardship; (4) whether the successful party prevailed with respect to all relief

15  sought; (5) whether the legal question was novel or had been previously adjudicated; and

16  (6) whether an award would discourage other parties with tenable claims or defenses from

17  litigating them.  _Id._  The party seeking fees has the burden of establishing entitlement.

18  _Woerth v. City of Flagstaff_, 808 P.2d 297, 304-05 (Ariz. Ct. App. 1990).

19      As for the first factor, the Court agrees with Dr. Gonzalez that USHRN's

20  counterclaims were relatively weak.   USHRN wisely abandoned all but one of its

21  counterclaims on the eve of trial (Doc. 163 at 33-34)—although not before Dr. Gonzalez

22  incurred fees defending against them—and the Court easily rejected the one remaining

23  counterclaim on the merits at trial (Doc. 208 at 36-37).  As for Dr. Gonzalez's contract

24  claims, USHRN's merits defense was, in the Court's estimation, relatively weak and

25  unpersuasive.  With that said, the Court acknowledges the debatable nature of the law

26  concerning USHRN's statute of limitations defense and agrees that USHRN's assertion of

27  that defense was reasonable.  Nevertheless, overall, the first factor cuts in favor of awarding

28  attorneys' fees.

So does the second factor.  Despite the relative strength of Dr. Gonzalez's contract claims (and putting aside the potential additional exposure to USHRN created by her tort claims), USHRN did not even respond to her $155,000 pre-litigation settlement offer, then nickled and dimed her during the settlement conference in 2021 by making settlement offers of only $7,500 and $15,000.  Although USHRN later increased its settlement offers, those offers remained too low because they failed to account for the attorneys' fees Dr. Gonzalez had accumulated in the meantime (which, again, USHRN could have avoided by making more reasonable offers at earlier stages of the case).  True, Dr. Gonzalez was quite unreasonable in her settlement demands, but the Court's overall impression is that USHRN bears significant responsibility for this case's failure to settle.  USHRN's assertion of weak counterclaims (most of which it abandoned on the eve of trial) also contributed to the settlement failure.  *SWC Baseline & Crismon Investors, L.L.C. v. Augusta Ranch Ltd. P'ship*, 265 P.3d 1070, 1084-85 (Ariz. Ct. App. 2011) (where a party's tactics, including its assertion of a provocative counterclaim, "ignited litigation flames that scorched the earth," that party "ha[d] only itself to blame" for substantial fees).

USHRN does not dispute that the third factor favors an award of fees.  (Doc. 215 at 13-15.)

The Court agrees with USHRN that the fourth factor weighs against awarding fees because Dr. Gonzalez recovered a very small percentage of what she sought.

As for the fifth factor, as discussed previously, although the law governing USHRN's statute-of-limitations defense is debatable, Dr. Gonzalez's successful contract claims were otherwise relatively straightforward winners while USHRN's counterclaims were straightforward losers.  Thus, the fifth factor weighs in favor of an award.

As for the sixth factor, the Court disagrees with USHRN that awarding fees that are outsized to the verdict would discourage parties from "defending meritorious claims." (Doc. 215 at 15.)  If anything, such an award would encourage defending parties to make a reasonable early settlement offer where, as here, the plaintiff has a strong contract claim that is likely to prevail.  Although USHRN is correct that Dr. Gonzalez's ultimate recovery

was relatively modest, this does not mean she lacked a legitimate claim.  More important, all USHRN needed to do to avoid a fee award was make a reasonable settlement offer as to her contract claims before she began incurring substantial fees in pursuit of those claims. *Cf. Cramton*, 2022 WL 1719687 at *26-27 (awarding $192,792.50 in attorneys' fees, even though underlying fee-triggering claim "generated a recovery of just over $50,000," where the plaintiff "was forced to litigate the claim" and although the plaintiff "did not make a targeted effort to settle the [successful] claim without regard to her other, [unsuccessful] bigger-ticket claims, . . . nothing about how Defendants litigated this case suggests that such a targeted settlement effort would have been successful").

In sum, the *Warner* factors weigh in favor of awarding attorneys' fees to Dr. Gonzalez.

### 4.    Reasonableness Review

To determine whether Dr. Gonzalez's requested fees are reasonable, the Court first looks to whether the hourly rates are reasonable, then evaluates whether the time spent on the matter is reasonable.  *Kaufman v. Warner Bros. Entm't Inc.*, 2019 WL 2084460, *13 (D. Ariz. 2019).  The party requesting fees bears the burden of proving reasonableness.  *In re Guardianship of Sleeth*, 244 P.3d 1169, 1176 (Ariz. Ct. App. 2010).

"The prevailing market rate in the community is indicative of a reasonable hourly rate."  *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262-63 (9th Cir. 1987).  Thus, Dr. Gonzalez must establish that the "requested rates are in line with those prevailing in the [Phoenix area] for similar services of lawyers of reasonably comparable skill and reputation" through "satisfactory evidence, in addition to the affidavits of its counsel."  *Id.* Unfortunately, Dr. Gonzalez did not submit an affidavit from a third-party attorney attesting to the reasonableness of Stinson's rates.  Instead, Ms. Francis's affidavit contains a paragraph averring that her and other Stinson personnel's rates are reasonable based on her experience.  (Doc. 206 at 23 ¶ 13.)  This sort of certification is of questionable utility. The usual practice is to submit an affidavit from an attorney whose fees are not the subject of the fee request.  *See, e.g.*, *Excel Fortress Ltd. v. Wilhelm*, 2019 WL 5294837, *4 (D.

Ariz. 2019) ("[T]he uncontradicted declaration from [a third-party attorney] establishes that the rates charged by Mr. McHugh and Ms. McHugh are reasonable rates in the Phoenix market for attorneys of comparable skill and experience."); *Pierce v. Cnty. of Orange*, 905 F. Supp. 2d 1017, 1036 (C.D. Cal. 2012) ("Plaintiffs submit declarations from Peter J. Eliasberg, the Legal Director at the American Civil Liberties Union Foundation of Southern California . . . , and Paula D. Pearlman, the Executive Director of the Disability Rights Legal Center . . . , both of whom corroborated that the hourly rates sought are in line with the rates charged in Southern California by similar attorneys for similar work."). Thus, the Court will attempt to assess the reasonableness of the rates at issue by reference to recent decisions by courts within this District.

Two considerations complicate this inquiry. First, courts in this District are not in complete agreement about what a reasonable Phoenix rate looks like. This Court concluded, several years ago, "that a reasonable rate for highly skilled, experienced, and regarded lawyers involved in complex, high-dollar commercial litigation can range as high as $552 per hour" and that "reasonable associate rates approved in this district have reached $280 per hour." *Orman v. Central Loan Admin. & Reporting*, 2020 WL 919302, *2 (D. Ariz. 2020) (cleaned up). In a more recent decision, another Arizona court approved hourly rates of $567 for partners, $375.50 for associates, and $265 for paralegals. *Randolph v. Pravati SPV II LLC*, 2022 WL 1480029, *2 (D. Ariz. 2022). However, other Arizona courts have observed that "[w]hile at times this Court has found higher fees to be reasonable, between $300 and $350 is the norm" for partners. *Barrio v. Gisa Invs. LLC*, 2021 WL 1947507, *2-3 (D. Ariz. 2021).

Second, although courts have recognized that what the client agreed to pay is a strong proxy for reasonableness, this principle applies with the most force when a client *actually paid* for the legal services at issue. *Schweiger v. China Doll Restaurant, Inc.*, 673 P.2d 927, 931-32 (Ariz. Ct. App. 1983) ("[I]n corporate and commercial litigation between *fee-paying clients*, there is no need to determine the reasonable hourly rate prevailing in the community for similar work because the rate charged by the lawyer to the client is the

best indication of what is reasonable under the circumstances of the particular case.")
(emphasis added); *Jackson v. Wells Fargo, N.A.*, 2015 WL 13567069, *2 (D. Ariz. 2015).
Here, although Stinson and Dr. Gonzalez entered into an agreement that, on its face,
involved hourly rates and periodic bills rather than a contingency agreement (Doc. 206 at
28-35), Dr. Gonzalez has not actually paid the fees she incurred.  (Doc. 207 at 145 ¶ 4
[Francis declaration: "Because of Dr. Gonzalez's difficulties finding employment after
[USHRN] terminated her, including as a result of the COVID-19 pandemic, Dr. Gonzalez
has been unable to pay Stinson's attorney fees."].)  Indeed, as discussed in Part IV *infra*,
Dr. Gonzalez has now taken the position that she is judgment proof and unable to pay the
Other Defendants' attorneys' fees.  (Doc. 212 at 4 ["Put simply, Dr. Gonzalez cannot pay
any amount of attorney fees awarded against her."].)  In a related vein, it appears that Dr.
Gonzalez's strategy from the early stages of this case was to require USHRN to pay her
lawyers for her.  (Doc. 215-7 [October 2021 letter from Dr. Gonzalez to USHRN: "USHRN
faces a no-win situation.  Dr. Gonzalez, as a single mother of three working for non-profits,
is judgment proof.  Even if USHRN is successful, it will not recover any amount, including
its attorney's fees or costs.  The cost of litigating will only increase.  On the other hand,
Dr. Gonzalez likely only needs to succeed on one of her claims to recover her attorney's
fees, which will only increase as this case progresses. . . .  [E]ven if USHRN's motion is
granted in full, it will still face significant liability and costs."].)  Given this backdrop, more
than a touch of skepticism is necessary when reviewing Stinson's rates.  Dr. Gonzalez has
not established that she ever intended for anyone other than USHRN to pay Stinson or that
all of Stinson's work would have been performed (and at the same rates) had she been
personally required to pay.

Here, Stinson charged hourly rates of $245 for paralegals, from $245 to $275 for e-
discovery staff, and $290 for summer associates.  (Doc. 206 at 23-24 ¶ 15.)  Additionally,
Stinson charged hourly rates of $450 to $545 for partner Carrie Francis's work, $290 to
$385 for associate Tim Lauxman's work, and $340 for associate Ashley Cheff's work.
(*Id.*)  USHRN objects to these rates as unreasonable.  (Doc. 215-1 ¶¶ 31-34.)  USHRN also

objects on the ground that Stinson overstaffed this case by charging for too many timekeepers.  (Doc. 215 at 16.)

On the one hand, the Court rejects the overstaffing argument.  The number of people staffed on the case is not a very useful metric for whether the time entries are reasonable.  If Ms. Francis had done all of the work herself rather than delegating tasks to others, there would be fewer timekeepers but a higher bill.  *Cf. Continental Townhouses E. Unit One Ass'n v. Brockbank*, 733 P.2d 1120, 1128 (Ariz. Ct. App. 1986) ("[Legal assistant fees are] properly considered as a component of attorneys' fees, since an attorney would have performed these services if a legal assistant was not employed instead."); *Andreason v. Comm'r of Soc. Sec. Admin.*, 2020 WL 5544367, *2 (D. Ariz. 2020) ("[T]he Court finds no fault with the fact that two attorneys collaborated on this case and recognizes that legal collaboration often requires multiple attorneys to review the same documents in order to contribute meaningfully to the drafting and editing process.").

On the other hand, although hourly rates of up to $545 for an experienced, skilled partner such as Ms. Francis, up to $340 for associates, and up to $275 for paralegals and e-discovery staff might be appropriate under other circumstances, those rates are unreasonable here in light of the evidence that Stinson did not expect Dr. Gonzalez to actually foot the bill for work performed at those rates.  It would create obvious perverse incentives to uncritically approve the requested rates under these circumstances.  The Court therefore concludes that reasonable hourly rates under the facts of this case are $300 for partners, $212 for associates, and $100 for paralegals and e-discovery staff.  Those figures fall at the low end of the ranges that USHRN concedes would be considered reasonable in Phoenix.  (Doc. 215-1 ¶¶ 31-34.)

The Court is particularly unimpressed by the attempt to recover $290/hour for work performed by summer associates.  This request is emblematic of the problem posed by some of the other requested rates here—nobody expected Dr. Gonzalez to actually pay this rate, and one can only imagine the reaction an actual paying client would have upon being presented with a bill for $290/hour summer associate work.  Such work is often written off

entirely.  *See, e.g.*, *In re Borden*, 104 B.R. 167, 170 (Bankr. D. Minn. 1989) ("Included in the request is the time of a summer associate.  Summer clerkships, however, are typically used by law firms as a marketing tool to attract top talent to the firms that hope to hire them.  Usually firms do not expect to make money on them.  Rather, clerks are typically placed on projects to allow the firm to introduce them to the work done by the firm and to further the education of the clerk.  It is simply unreasonable to charge $65.00 per hour for what likely constitutes two days of research time by a first or second year law student.  Much of that effort was almost certainly devoted to educating the clerk on bankruptcy and the ways of the firm.  Presumably, much of it was spent polishing a memorandum to be submitted to the lead attorney who would then be making recommendations on hiring.  I take notice of the fact that summer clerk's time is often written off in its entirety; I believe this makes sense."); *Ryals v. City of Englewood*, 2014 WL 2566288, *3 n.2 (D. Colo. 2014) ("I identified two associates, one summer associate, two 'researchers,' two paralegals, one 'paraprofessional,' and one staff employee as having recorded time to the account that was entirely written off.").  Here, however, USHRN does not argue that the summer associate time should be categorically excluded, so the Court will simply reduce the summer associate rate to the amount, $125/hour, that USHRN seems to concede (Doc. 215-1 ¶ 32) would be reasonable.  *See generally United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) (discussing "the principle of party presentation," which holds that courts "should not[] sally forth each day looking for wrongs to right" and instead should "wait for cases to come to [them] . . . [and] normally decide only questions presented by the parties") (citations and internal quotation marks omitted).

USHRN next argues that the time entries "include clerical work, block billing, and duplication."  (Doc. 215 at 16.)  Clerical tasks include tasks like scheduling and filing, stamping, and serving documents.  Although some courts have come out the other way, *see, e.g.*, *ME SPE Franchising LLC v. NCW Holdings LLC*, 2023 WL 2691562, *11 (D. Ariz. 2023); *Worden v. Klee Bethel, M.D., P.C.*, 2009 WL 2003321, *5 (Ariz. Ct. App. 2009), the Court finds it appropriate for paralegals to perform such work and bill for it at a

paralegal rate.  Similarly, the Court finds it appropriate for e-discovery staff to perform e-discovery work such as uploading documents into review platforms and to bill for it at a similar rate.  Therefore, the Court has generally declined USHRN's request to disallow "clerical" work by paralegals and e-discovery staff.  Further, to the extent USHRN suggests otherwise (Doc. 215-16), the Court concludes that activities like preparing exhibits, cite checking and proof-reading briefs, and drafting legal documents (even simple ones like summonses and cover sheets) are tasks that attorneys generally may perform and bill for at their rates.  Also, Ms. Francis generally acted appropriately in delegating much of this work to associate attorneys rather than doing it herself.  Thus, the Court has overruled many of USHRN's objections to clerical work but has sustained those objections where attorneys actually appear to have performed clerical work.  *See, e.g.*, Annotated Excel Time Sheet, Entry Nos. 289, 419.[5]

Next, Dr. Gonzalez is not entitled to recover for time entries that are unreasonably duplicative, excessive, or unnecessary.  *Cf. Moshir v. Automobili Lamborghini Am. LLC*, 927 F. Supp. 2d 789, 799-800 (D. Ariz. 2013).  Attorneys' fees incurred solely to allow a new attorney to come up to speed are not compensable.  *Advanced Reimbursement Sols. LLC v. Spring Excellence Surgical Hosp. LLC*, 2020 WL 2768699, *4 (D. Ariz. 2020).  The Court has sustained a few of USHRN's "new attorney getting up to speed" objections on this basis.  *See* Entry Nos. 520-21.  A few other entries (such as taking an hour to write what appears to be a simple email, Entry No. 154), seem on their face unreasonable, and the Court has reduced those entries as well.  In the main, however, Stinson's time entries are reasonable.  There were a few attorneys from the same law firm working on the case, and in some instances, multiple attorneys reviewed or communicated about the same documents, research, or concepts.  Other times, as USHRN points out, the same attorney reviewed the same document or performed similar research multiple times.  All of this seems within the bounds of reasonable conduct for a relatively complicated case that

---

[5]     A copy of the Excel spreadsheet setting forth the time entries at issue here, as well as the Court's rulings on individual objections and other adjustments, is enclosed as an appendix to this order.

dragged on for years.  It is not surprising that important documents or legal concepts might be reviewed by multiple attorneys from the same team over the course of multi-year litigation.  *Cf. Farwest Pump Co. v. Secura Ins.*, 2023 WL 3650498, *3 (D. Ariz. 2023) ("Farwest's conclusory arguments that certain hours were unnecessary . . . or excessive also fail to explain why a prudent lawyer would not undertake the challenged tasks.").

USHRN also raises several "block billing" objections.  "'Block billing' is 'the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks.'"  *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945 n.2 (9th Cir. 2007) (quoting *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1554 n.15 (10th Cir.1996)).  "While not forbidden by case law, block-billing makes it nearly impossible for the Court to determine the reasonableness of the hours spent on each task. Where the Court cannot distinguish between the time claimed for the various tasks, the Court will reduce the award accordingly."  *Moshir*, 927 F. Supp. 2d at 799.  Nevertheless, the fundamental question is "whether time entries meet the basic requirements of listing attorneys' hours and identifying the general subject matter of their time expenditures."  *Maki v. N. Sky Partners II LP*, 2018 WL 4042455, *2 (D. Ariz. 2018) (cleaned up).  *See also Oskowis v. Sedona Oak-Creek Unified Sch. Dist. #9,* 2019 WL 5066821, *9 (D. Ariz. 2019) ("[B]ecause the entries provided sufficient detail regarding the various tasks that were performed, the fact that the tasks are included in a single entry does not render the entries deficient"), *aff'd sub nom.* 855 F. App'x 421 (9th Cir. 2021).  Courts tend to award fees despite the presence of block-billing where the billing is for "closely related tasks, each covering no more than a few hours."  *Maki*, 2018 WL 4042455 at *3.  *See also Sunstone Behav. Health, Inc. v. Alameda Cnty. Med. Ctr.*, 646 F. Supp. 2d 1206, 1217 (E.D. Cal. 2009) ("[E]ven where hours are block-billed, a district court should refrain from reducing fees until it first determines whether sufficient detail has been provided so that the Court can evaluate what the lawyers were doing and the reasonableness of the number of hours spent on those tasks.") (cleaned up).

Here, some of the objected-to entries are not actually block-billed.  *See* Entry No. 620.  Most of the remaining block-billed entries provide sufficient detail to assess the reasonableness of a time expenditure, involve closely related tasks, and do not last more than a few hours.  *See, e.g.*, Entry No. 62.  These entries are not deficient.  However, the Court has sustained USHRN's objections where a compensable task is lumped in with a non-compensable one—even if closely related.  For example, in Entry No. 680, Stinson block-billed 5.7 hours of work on Dr. Gonzalez's fees motion (compensable) and sanctions motion (non-compensable).  Because it is impossible to discern how the time was divided between these two tasks, none of the 5.7 hours is compensable.

USHRN also asserts that some time entries are too vague or ambiguous.  For the most part, the objected-to entries are not deficient because they list "'the type of legal services provided, the date the service was provided . . . , and the time spent in providing the service' as required to give the court sufficient detail to assess the reasonableness of time expended."  *Mesa Airlines, Inc. v. Davis*, 2021 WL 710191, *3 (Ariz. Ct. App. 2021) (quoting *Schweiger* , 673 P.2d at 932).  However, the Court has sustained objections as to a few entries that did not meet this standard.  *See, e.g.*, Entry No. 358.

Finally, "[a]ttorney's fees *may* be awarded under [A.R.S. § 12-341.01] for tort claims that are intertwined with contract claims."  *Campbell v. Westdahl*, 715 P.2d 288, 297 (Ariz. Ct. App. 1985) (emphasis added); *Pettay v. Ins. Mktg. Servs., Inc.*, 752 P.2d 18, 21 (Ariz. 1987).  However, courts may in their discretion deny fees for work on unsuccessful claims even if those claims were intertwined with a successful one. *Schweiger*, 673 P.2d at 932-33 ("Where a party has achieved only partial or limited success, however, it would be unreasonable to award compensation for all hours expended, including time spent on the unsuccessful issues or claims."); *Se. Invs., LLC v. CB Richard Ellis, Inc.*, 2011 WL 1226466, *4 (Ariz. Ct. App. 2011) ("Given the very limited success Southeast enjoyed at trial (it recovered only 3.7% of its alleged damages), we cannot say the superior court abused its discretion in concluding that Southeast's reasonable attorney's fees amounted to only a fraction of the fees it requested.").  Here, the Court has generally

1    denied fees for any time that appears to be spent only on Dr. Gonzalez's unsuccessful tort

2    claims or other unsuccessful claims such as the sanctions motion. *See, e.g.*, Entry No. 677.

3    Further, for the vast majority of time entries related to work done before the July 29, 2022

4    order dismissing Dr. Gonzalez's tort claims, the same time entry was relevant to both the

5    unsuccessful tort claims and the other (ultimately successful) contract claims. To account

6    for the fact that these entries are in one sense compensable but in another sense non-

7    compensable, the Court finds it appropriate, in its discretion, to reduce by 50% all time

8    entries before the entry of summary judgment that appear to relate to both the tort claims

9    and the contract claims.

10       Once all of these adjustments are made, the resulting size of the fee award is

11   $234,881. This is a sizeable but fair award—albeit less than half of the $545,008.50 sum

12   that Dr. Gonzalez requested—in a case that culminated in a jury trial in which Dr. Gonzalez

13   recovered about $33,000 before costs, fees, and interest on her contract claims and defeated

14   all of USHRN's contract-based counterclaims.

15   IV.   <u>Other Defendants' Motion For Attorneys' Fees</u>

16       A.   **The Parties' Arguments**

17       The Other Defendants assert that they "are eligible for an award of attorneys' fees

18   under A.R.S. § 12-341.01 because [they] prevailed on all of Plaintiff's claims, including

19   claims arising out of contract." (Doc. 205 at 2.) They argue the *Warner* factors weigh in

20   their favor, including because they told Dr. Gonzalez they were not subject to personal

21   jurisdiction in Arizona but she persisted in forcing them to incur the cost of filing the

22   motions to dismiss. (*Id.* at 5-7.) The Other Defendants also argue that their requested

23   award of $12,460 is reasonable. (*Id.* at 1-2.)

24       In response, Dr. Gonzalez concedes that her claims against the Other Defendants

25   arose from a contract and that they were the successful parties in relation to those claims

26   but argues that the Court should still exercise its discretion to decline to award fees because

27   she "would suffer extreme financial hardship if Defendants' application is granted." (Doc.

28   212 at 2-3.) Dr. Gonzalez further argues that even though the Other Defendants avoided

personal liability, it was still "their conduct . . . that resulted in USHRN's liability." (*Id.* at 5.)  Additionally, Dr. Gonzalez argues that because USHRN's insurer, not the Other Defendants, paid their attorneys' fees, a fee award would result in a "windfall" to them. (*Id.* at 5-6.)  Finally, and at a minimum, Dr. Gonzalez argues that any award "should be via a reduction in Dr. Gonzalez's requested award of reasonable attorney fees." (*Id.* at 2.)

In reply, the Other Defendants argue that (1) "the *Warner* factors support this Court using its discretion to award such fees"; (2) "Plaintiff has the financial means to pay such an award because Plaintiff was awarded a judgment of $33,622.17 and Plaintiff seeks an additional $12,693.53 in prejudgment interest in this same litigation"; (3) "Plaintiff's actions," such as that "she hired and agreed to pay Plaintiff's counsel on an hourly basis to prosecute this case with hourly rates of $450 and $290," are inconsistent with "the extreme financial hardship" she asserts; and (4) "there is no legal support for Plaintiff's arguments of a windfall nor payment via a speculative reduction." (Doc. 218 at 1-2, citations and emphasis omitted.)

B.   **Analysis**

As an initial matter, and as Dr. Gonzalez concedes, the Other Defendants are eligible to recover their fees under § 12-341.01(A) because they were the successful parties in a contested action arising out of contract.  The Court also agrees with the Other Defendants that the *Warner* factors tip in favor of awarding fees.  Dr. Gonzalez appears to dispute only the second factor (whether the litigation could have been avoided) and the third factor (whether the unsuccessful party would face extreme hardship from a fee award), but neither factor supports Dr. Gonzalez's position.  Dr. Gonzalez could have avoided her litigation against the Other Defendants simply by not suing them and only suing USHRN. Meanwhile, although Dr. Gonzalez's financial circumstances are sympathetic, she makes no effort to reconcile her claims of poverty with the fact that she is receiving a large financial award in this case from USHRN that far exceeds the Other Defendants' fee request.

Nor is there any merit to Dr. Gonzalez's argument that awarding fees to the Other

Defendants would result in a windfall because the insurance company paid their fees. The Other Defendants make clear that any fee award will ultimately be provided to the insurance company, not retained by them. (Doc. 218 at 5-6.) In any event, an insurance company's payment of the requested fees does not affect the applicability of A.R.S. § 12-341.01. *See, e.g.*, *Orfaly v. Tucson Symphony Soc.*, 99 P.3d 1030, 1037 (Ariz. Ct. App. 2004) ("[T]hat some portions of appellees' attorney fee expense was covered by insurance does not preclude the fee awards to appellees or otherwise establish any abuse of discretion in those awards."); *Wilcox v. Waldman*, 744 P.2d 444, 450 (Ariz. Ct. App. 1987) ("[T]he fact that fees may ultimately be borne by third parties pursuant to an insurance or indemnity agreement does not prevent the successful party from meeting the requirements of A.R.S. § 12–341.01(B), entitling him to an award of attorney's fees against the unsuccessful party to the litigation.").[6]

Finally, there is no merit to Dr. Gonzalez's argument that, in lieu of entering a fee award in the Other Defendants' favor, the Court should instead reduce the fee award being entered in her favor (and against USHRN) by a corresponding amount. The Other Defendants are distinct from USHRN and are entitled to separate treatment.

V.     Sanctions Motion

       A.     **Legal Standard**

Under 28 U.S.C. § 1927, "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The "use of the word 'may' [in § 1927]—rather than 'shall' or 'must'—confers substantial leeway on the district court when imposing sanctions." *Haynes v. City & Cnty. of San Francisco*, 688 F.3d 984, 987 (9th Cir. 2012).

The Ninth Circuit's cases are "less than a model of clarity" as to the applicable

---

[6]     Dr. Gonzalez also makes no effort to reconcile her position on this issue with the fact that she is seeking to recover over $500,000 in attorneys' fees from USHRN despite never actually paying those fees.

- 46 -

liability standard under § 1927.  *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002), *as amended* (Feb. 20, 2002).  One held that "section 1927 sanctions must be supported by a finding of subjective bad faith," which "is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent."  *In re Keegan Mgmt. Co., Sec. Lit.*, 78 F.3d 431, 436 (9th Cir. 1996) (citations and internal quotation marks omitted).  Another concluded that "recklessness suffices for § 1927," whereas "bad faith is required for sanctions under the court's inherent power."  *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001).  And another held that knowing about a rule and the applicable law and "recklessness in the face of such undeniable knowledge" would be "sufficient to justify the imposition of § 1927 sanctions."  *Maui Police*, 276 F.3d at 1106-07.  In *Maui Police*, the Ninth Circuit added that because counsel's argument was "frivolous inasmuch as it lacked credibility on its face," § 1927 sanctions were justified "even under the *Keegan* standard."  *Id.* at 1107 n.8.

### B.    The Parties' Arguments

Dr. Gonzalez argues: "USHRN's Counsel acted recklessly and in bad faith in pursuing USHRN's counterclaims."  (Doc. 207 at 9.)  More specifically, Dr. Gonzalez contends that "USHRN's Counsel explicitly pled that the parties had 'ratified' the continuation of the expired contractor agreement in May 2020," despite never citing legal authority to support that proposition.  (*Id.* at 9-10.)  Dr. Gonzalez also contends that USHRN's counsel might have found a stronger legal basis to support this position if counsel had done more research.  (*Id.* at 10.)  Dr. Gonzalez concludes that this failure to research the issue more thoroughly can only mean that USHRN's counsel pursued this claim "to smear Dr. Gonzalez, harass her, and potentially impede her ability to find a job and force her to settle at a discount."  (*Id.* at 10-11.)  Dr. Gonzalez argues that "[b]ecause USHRN's Counsel asserted the counterclaims recklessly, without concern as to their merits and solely to harass Dr. Gonzalez, USHRN's Counsel are subject to sanctions."  (*Id.*)  Dr. Gonzalez then argues that she "should be awarded . . . $317,910.00 in reasonable attorneys' fees . . . that resulted from USHRN's counsel's pursuit of baseless claims/defenses."  (*Id.*

at 13.)

USHRN responds that Dr. Gonzalez's sanctions motion should be denied because "USHRN's counterclaims were filed only after Plaintiff filed suit against USHRN seeking approximately $1 million in damages"; "USHRN's counterclaims survived Plaintiff's Rule 12(b)(6) and Rule 56 motions"; "[t]here is no controlling Arizona case precluding USHRN's counterclaims and there is Arizona authority recognizing ratification by continued performance"; "[t]here was no finding by any court or government agency that USHRN acted 'illegally' when it continued paying Plaintiff as a 1099 contractor following Plaintiff's continued rejection of USHRN's employment offers"; "USHRN and its counsel had a good faith basis to pursue its counterclaims, including relying on the testimony of USHRN witnesses, the testimony and conduct of Plaintiff, and various documentation disclosed in the case"; "Plaintiff fails to cite any case where any Court (including this Court) has awarded sanctions under 28 U.S.C. § 1927 under facts remotely comparable to USHRN's counterclaims"; and "Plaintiff never put USHRN on notice of her intent to seek 28 U.S.C. § 1927 sanctions at any time prior to the jury's verdict at trial, including failing to assert this 28 U.S.C. § 1927 claim in her Answer, MIDP responses, or in the Joint Pretrial Order." (Doc. 214 at 2-3.)

In reply, Dr. Gonzalez reiterates that there are two independent bases for awarding sanctions: (1) "USHRN's Counsel pursued the counterclaims to publicly smear and harass Dr. Gonzalez"; and (2) "USHRN's Counsel were aware, since no later than September 2020, of USHRN's pro bono counsel's advice and opinion that the independent contractor agreement was illegal, but still pursued enforcement of that agreement via the counterclaims despite that illegality rendering any argument for its enforcement frivolous." (Doc. 220 at 1-2.) Dr. Gonzalez further clarifies that "the first basis encompasses the second, which is merely additional evidence demonstrating that USHRN's Counsel did not care about the outcome, they just wanted to harass Dr. Gonzalez." (*Id.* at 2.) Dr. Gonzalez contends that USHRN's counsel failed to respond to either of these arguments and instead attempted to distract the Court with other arguments. (*Id.* at 2-3.) Dr. Gonzalez also argues

that the Court should not treat USHRN's counterclaims as meritorious just because they survived summary judgment, as the dispositive motion briefing "did not address USHRN's Counsel's motives for pursuing the counterclaims" and "at that time, Dr. Gonzalez was unaware of Ms. Johnson-Blanco's future trial testimony, which could have changed the outcome at summary judgment." (*Id.* at 6.) Dr. Gonzalez further argues that other courts have awarded sanctions for a party continuing to pursue a frivolous claim. (*Id.* at 6-7.) Finally, Dr. Gonzalez argues that her fee request is reasonable and that sanctions are warranted even though she did not until recently disclose an intention to pursue them because "this briefing" has "provided USHRN's counsel due process." (*Id.* at 11.)

C.     **Analysis**

Dr. Gonzalez's sanctions request is denied. As an initial matter, it is unclear whether § 1927 sanctions are even available here. Section 1927 applies to an attorney or party who "multiplies the proceedings . . . unreasonably and vexatiously." Section 1927 does not apply to initial pleadings, including counterclaims asserted in an initial answer. *Glasser v. Blixseth*, 649 F. App'x. 506, 506-07 (9th Cir. 2016) ("The district court abused its discretion by ordering sanctions against Conant under 28 U.S.C. § 1927 because that section does not allow for the imposition of sanctions based on initial pleadings, such as a counterclaim."). All of the counterclaims Dr. Gonzalez views as vexatious and unreasonable were included as counterclaims in USHRN's initial pleading (Doc. 12), although USHRN provided additional factual allegations to support some of them in its first amended answer (Doc. 58).

But even if § 1927 sanctions might be theoretically available based on USHRN's counsel's subsequent failure to withdraw the counterclaims, the sanctions request fails on the merits. Sanctions under § 1927 are an "extraordinary remedy . . . to be exercised with extreme caution." *Keegan*, 78 F.3d at 437. *See also Lahiri v. Universal Music & Video Distribution Corp.*, 606 F.3d 1216, 1223 (9th Cir. 2010) ("The district court's authority to sanction attorneys under § 1927 . . . must be exercised with restraint and discretion."). At trial, Johnson-Blanco testified that "based on those conversations, we realized that we

needed to focus on the offer letter and not continue with the independent contractor agreement." (Doc. 201 at 19.)  Dr. Gonzalez argues that the only possible inference to draw from this testimony is that USHRN's counsel knew that treating her as an independent contractor was legally indefensible, but nonetheless pursued counterclaims based on alleged ratification of the independent contractor agreement. (Doc. 207 at 11-12.)  But this is hardly the only possible inference.  For example, perhaps the pro bono counsel simply advised USHRN that continuing with the independent contractor agreement was legally risky, even though a court might ultimately rule it was legal.  In the Court's estimation, USHRN's counsel pursued USHRN's counterclaims because they believed in good faith that USHRN had a colorable argument that the parties had ratified the independent contractor agreements.   Indeed, the summary judgment order concluded this was a colorable argument that a reasonable factfinder could accept.  (Doc. 128 at 43-45.)

Ultimately, the parties stipulated that the Court would be the factfinder on the ratification issue and the Court rejected USHRN's argument, in part based on Johnson-Blanco's testimony.  (Doc. 208 at 36-44.)  But this outcome does not demonstrate that USHRN's counsel acted vexatiously by pursuing the counterclaim.  *Cf. Pacesetter Consulting LLC v. Kapreilian*, 2021 WL 4820485, *8 (D. Ariz. 2021) ("[D]oubts remain about what Pacesetter's counsel 'knew or should have known' when they agreed to appear in this action.  And given the presence of such doubts, the Court chooses, in its discretion, to deny Bassetti's fee request under § 1927.  Admittedly, this is not a fully satisfying outcome.  Bassetti was forced to expend more than a half-million dollars in defense of claims and motions that were often perplexing and undeveloped. . . .  Here, considerations of restraint compel the resolution of close calls and doubts in favor of Pacesetter's counsel and against the imposition of sanctions.").

…

…

…

…

1        Accordingly,

2        **IT IS ORDERED** that:

3        1.      Dr. Gonzalez's motion to vacate, alter, or amend the judgment (Doc. 204) is

4   **denied**.

5        2.      USHRN's motion for judgment as a matter of law and/or Rule 59(e) motion

6   to alter or amend the judgment (Doc. 213) is **denied**.

7        3.      Dr. Gonzalez's motion for attorneys' fees (Doc. 206) is **granted in part and**

8   **denied in part**.  USHRN is ordered to pay Dr. Gonzalez $234,881.00 in attorneys' fees.

9        4.      Dr. Gonzalez's motion for prejudgment interest (Doc. 211) is **granted**.  Dr.

10  Gonzalez is awarded prejudgment interest in the amount of $12,693.53.  The Clerk shall

11  enter an amended judgment reflecting this addition.

12       5.      The Other Defendants' motion for attorneys' fees (Doc. 205) is **granted**.  Dr.

13  Gonzalez is ordered to pay the Other Defendants $12,460 in attorneys' fees.

14       6.      Dr. Gonzalez's motion for sanctions (Doc. 207) is **denied**.

15       Dated this 12th day of January, 2024.

16

17

18  _____

19  Dominic W. Lanza

    United States District Judge

20

21

22

23

24

25

26

27

28

# APPENDIX

| ENTRY NO. | TIMEKEEPER | DATE | HOURS (Partial Adjustments in Red) | RATE (Adjustments in Red) | FEE | DESCRIPTION OF SERVICE | OBJECTIONS | WHETHER INTERTWINED | RULING | HOURS * ADJUSTED RATE | FINAL CHARGE WITH 50% REDUCTIONS FOR INTERTWINED CLAIMS WHERE APPLICABLE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Francis, Carrie M | 11/25/2019 | 0.5 | 300.00 | $ 225.00 | Correspondence with Dr. Gonzalez re termination (.2); draft correspondence to USHRN regarding servance negotiations (0.3) | Unrelated to Contract Claims and/or intertwined with non-contract claims (.5) | Intertwined | Overruled | $ 150.00 | $75.00 |
| 2 | Francis, Carrie M | 12/2/2019 | 0.4 | 300.00 | $ 180.00 | Correspondence with Dr. Gonzalez re pay issues (.2); work with Dr. Gonzalez on wage claim filing (.2) | Unrelated to Contract Claims and/or intertwined with non-contract claims (.4) | Intertwined | Overruled | $ 120.00 | $60.00 |
| 3 | Francis, Carrie M | 12/4/2019 | 0.4 | 300.00 | $ 186.00 | Correspondence with Marcia Johnson regarding unpaid wage claim (.4); correspondence with Dr. Gonzalez regarding unpaid wage claim (.2). | Unrelated to Contract Claims and/or intertwined with non-contract claims (.4) | Intertwined | Overruled | $120.00 | $60.00 |
| 4 | Francis, Carrie M | 12/11/2019 | 0.1 | 300.00 | $ 46.50 | Review correspondence from Marcia Johnson; correspondence with Dr. Gonzalez regarding Marcia Johnson response | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 30.00 | $15.00 |
| 5 | Francis, Carrie M | 12/12/2019 | 0.2 | 300.00 | $ 93.00 | Correspondence with Dr. Gonzalez regarding Marcia Johnson response | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 60.00 | $30.00 |
| 6 | Francis, Carrie M | 12/13/2019 | 0.40 | 300.00 | $ 186.00 | Correspondence with Marcia Johnson regarding status of wage payments. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 120.00 | $60 |
| 7 | Francis, Carrie M | 12/16/2019 | 0.10 | 300.00 | $ 46.50 | Review correspondence from Marcia Johnson regarding wage payment. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 30.00 | $15 |
| 8 | Francis, Carrie M | 12/17/2019 | 0.20 | 300.00 | $ 93.00 | Further correspondence with Marcia Johnson regarding wage | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 60.00 | $30 |
| 9 | Francis, Carrie M | 12/18/2019 | 0.40 | 300.00 | $ 186.00 | Correspondence with Dr. Gonzalez regarding business expenses (.2); correspondence with Marcia Johnson regarding unpaid business expense reimbursements due (.2) | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 120.00 | $60 |
| 10 | Francis, Carrie M | 12/19/2019 | 0.10 | 300.00 | $ 46.50 | Review correspondence from S.Leonhardt regarding dispute | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 30.00 | $15.00 |
| 11 | Francis, Carrie M | 12/31/2019 | 0.30 | 300.00 | $ 139.50 | Correspondence with S.Leonhardt regarding reimbursement expense payment. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $90.00 | $45.00 |
| 12 | Francis, Carrie M | 1/13/2020 | 0.60 | 300.00 | $ 279.00 | Draft response to S.Leonhardt re pay dispute issues. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $180.00 | $90.00 |
| 13 | Francis, Carrie M | 1/30/2020 | 0.20 | 300.00 | $ 93.00 | Correspondence with S.Leonhardt regarding status of settlement negotiations (.1); correspondence with Dr. Gonzalez regarding status of settlement negotiations (.1) | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 60.00 | $30.00 |
| 14 | Francis, Carrie M | 2/3/2020 | 0.30 | 300.00 | $ 139.50 | Review USHRN settlement counter position. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 90.00 | $45.00 |
| 15 | Francis, Carrie M | 2/4/2020 | 0.30 | 300.00 | $ 139.50 | Correspondence with Dr. Gonzalez regarding settlement negotiations | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 90.00 | $45.00 |
| 16 | Francis, Carrie M | 2/11/2020 | 0.30 | 300.00 | $ 139.50 | Begin to draft response to USHRN regarding settlement counter | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 90.00 | $45.00 |
| 17 | Francis, Carrie M | 2/13/2020 | 0.80 | 300.00 | $ 372.00 | Finalize correspondence to USHRN regarding settlement counter | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 240.00 | $120.00 |
| 18 | Francis, Carrie M | 2/14/2020 | 0.10 | 300.00 | $ 46.50 | Correspondence with Dr. Gonzalez regarding unpaid wage claim | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 30.00 | $15.00 |
| 19 | Francis, Carrie M | 2/21/2020 | 0.10 | 300.00 | $ 46.50 | Correspondence with Dr. Gonzalez regarding reimbursement/PTO payment | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 30.00 | $15.00 |
| 20 | Francis, Carrie M | 3/9/2020 | 0.20 | 300.00 | $ 93.00 | Correspondence with Dr. Gonzalez regarding status of payment for vacation/expenses and litigation. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 60.00 | $30.00 |
| 21 | Francis, Carrie M | 3/9/2020 | 0.30 | 300.00 | $ 139.50 | Work with T.Lauxman on compliant draft factual background. | IC; Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 90.00 | $45.00 |
| 22 | Lauxman, Timothy | 3/13/2020 | 2.50 | 212.00 | $ 1,160.00 | Research statutes specifically violated by Defendant (1.5); draft compliant (2.5) | Related to Individual Defendants (4); Unrelated to Contract Claims and or intertwined with non-contract claims (4) | Intertwined (2.5) | Sustained (1.5); Overruled (2.5) | $530.00 | $265.00 |
| 23 | Francis, Carrie M | 3/16/2020 | 0.20 | 300.00 | $ 93.00 | Revise draft complaint (.1); correspondence with Dr. Gonzalez regarding complaint (.2). | Related to Individual Defendants (.2); Unrelated to Contract Claims and or intertwined with non-contract claims (.2). | Intertwined | Overruled | $ 60.00 | $30.00 |
| 24 | Lauxman, Timothy | 3/18/2020 | 0.40 | 212.00 | $ 116.00 | Finalize summons, certificate of mandatory arbitration, and civil cover sheet. | Clerical; Related to Individual Defendants; Unrelated to Contract Claims and or intertwined with non-contract claims | Intertwined | Overruled | $ 84.80 | $42.40 |
| 25 | Francis, Carrie M | 3/18/2020 | 0.20 | 300.00 | $ 93.00 | Work on revisions to draft complaint (.2); finalize same for filing and summons service (.1) | Related to Individual Defendants (.3); Clerical (.1); Unrelated to Contract Claims and or intertwined with non-contract claims (.3) | Intertwined | Overruled | $60.00 | $30.00 |
| 26 | Francis, Carrie M | 3/20/2020 | 0.10 | 300.00 | $ 46.50 | Correspondence with S.Leonhardt regarding service acceptance. | Related to Individual Defendants; Unrelated to Contract Claims and or intertwined with non-contract claims | Intertwined | Overruled | $ 30.00 | $15.00 |
| 27 | Francis, Carrie M | 3/30/2020 | 0.10 | 300.00 | $ 46.50 | Correspondence with S.Leonhardt regarding service status | Related to Individual Defendants; Unrelated to Contract Claims and or intertwined with non-contract claims | Intertwined | Overruled | $ 30.00 | $15.00 |
| 28 | Francis, Carrie M | 3/30/2020 | 0.50 | 300.00 | $ 232.50 | Draft waiver of service notice form and acceptance form (.3); correspondence with S.Leonhardt regarding waiver of service notice form and acceptance form (.2) | Related to Individual Defendants (.5); Clerical (.3); Unrelated to Contract Claims and or intertwined with non-contract claims (.5) | Intertwined | Overruled | $ 150.00 | $75.00 |
| 29 | Francis, Carrie M | 4/3/2020 | 0.10 | 300.00 | $ 46.50 | Correspondence with S.Leonhardt regarding waiver of service issues and answer deadline (.1); file notice for USHRN waiver of service form (.2) | Related to Individual Defendants (.1); Clerical (.3); Unrelated to Contract Claims and or intertwined with non-contract claims (.4) | Intertwined | Overruled (.1); Sustained (.3) | $ 30.00 | $15.00 |
| 30 | Francis, Carrie M | 4/20/2020 | 0.40 | 300.00 | $ 186.00 | Review and analyze removal filing. | Unrelated to Contract Claims and or intertwined with non-contract claims (.4) | Intertwined | Overruled | $ 120.00 | $60.00 |
| 31 | Lauxman, Timothy | 4/21/2020 | 0.20 | 212.00 | $ 58.00 | Review MIDP Order for guidance on when our disclosure deadline is, in light of our agreement with USHRN that its answer was not due until June 1. | Unrelated to Contract Claims and/or intertwined with non-contract claims (.2) | Intertwined | Overruled | $ 42.40 | $21.20 |
| 32 | Francis, Carrie M | 4/23/2020 | 0.20 | 300.00 | $ 93.00 | Review preliminary order on scheduling issues (.2); correspondence with Plaintiff's counsel regarding conferral regarding complaint amendment (.1); update Dr. Gonzalez regarding case status (.1) | Related to Individual Defendants (.1 on Complaint amendment); Unrelated to Contract Claims and/or intertwined with non-contract claims (.1) | Intertwined | Overruled | $ 60.00 | $30.00 |
| 33 | Francis, Carrie M | 4/24/2020 | 0.70 | 300.00 | $ 325.50 | Telephone conference with S.Leonhardt regarding complaint amendment and insurance coverage (.3); update Dr. Gonzalez regarding conversation with S.Leonhardt (.4) | Related to Individual Defendants (.3); Unrelated to Contract Claims and or intertwined with non-contract claims (.7) | Intertwined | Overruled | $ 210.00 | $105.00 |
| 34 | Francis, Carrie M | 4/27/2020 | 0.10 | 300.00 | $ 46.50 | Office conference with T.Lauxman regarding draft amendments to complaint. | IC; Unrelated to Contract Claims and or intertwined with non-contract claims | Intertwined | Overruled | $ 30.00 | $15.00 |
| 35 | Francis, Carrie M | 4/27/2020 | 0.20 | 300.00 | $ 120.00 | Office conference with T.Lauxman regarding complaint revisions; correspondence with S.Leonhardt | Intertwined | | Overruled | $ 120.00 | $60.00 |

| # | Name | Date | Hours | Rate | Amount | Description | Objection | Intertwined | Ruling | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Francis, Carrie M | 4/28/2020 | 0.40 | 300.00 | $186.00 | regarding disclosure of insurance policy (.3); correspondence with S.Leonhardt regarding disclosure of insurance policy (.2) | IC (.2); Unrelated to Contract Claims and/or intertwined with non-contract claims (.4) | | | | |
| 36 | Francis, Carrie M | 4/29/2020 | 2.00 | 300.00 | $930.00 | Work on revisions to complaint per USHRN request (1); analyze and conduct research necessary to same (1) | Related to Individual Defendants (2); Unrelated to Contract Claims and/or intertwined with non-contract claims (2) | Intertwined | Overruled | $600.00 | $300.00 |
| 37 | Francis, Carrie M | 5/5/2020 | 0.10 | 300.00 | $46.50 | Correspondence with S.Leonhardt regarding insurance policy production | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $30.00 | $15.00 |
| 38 | Lauxman, Timothy | 5/6/2020 | 2.80 | 212.00 | $812.00 | Review insurance policy for exclusions, and analyze how exclusions might apply to claims (2.3); correspondence with C. Francis explaining potential roadblocks to revising the complaint (.5). | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $593.00 | $296.80 |
| 39 | Francis, Carrie M | 5/6/2020 | 2.50 | 300.00 | $1,162.50 | Review and analyze insurance policy for preparation of amending the complaint (2.3); correspondence with S.Leonhardt regarding amended complaint filing (0.2) | IC (.5); Duplicative (2.3 -entry 40); Unrelated to Claims and/or intertwined with non-contract claims (2.5) | Intertwined | Overruled | $750.00 | $375.00 |
| 40 | Lauxman, Timothy | 5/7/2020 | 3.00 | 212.00 | $870.00 | Call with C. Francis discussing revising the complaint (.8); revise the complaint, including shifting emphasis to USHRN's misclassification of Dr. Gonzalez and its failure to withhold and pay employer portions of her income tax (2.2). | IC (.8); Related to Individual Defendants (3); Unrelated to Contract Claims and/or intertwined with non-contract claims (3) | Intertwined | Overruled | $636.00 | $318.00 |
| 41 | Francis, Carrie M | 5/7/2020 | 0.80 | 300.00 | $372.00 | Further work with T.Lauxman on revised complaint. | IC; Reltaed to Individual Defendants; Unrelated to Contract Claims and/or intertwined with non-contract claims; Vague and ambiguous | Intertwined | Overruled | $240.00 | $120.00 |
| 42 | Lauxman, Timothy | 5/8/2020 | 1.40 | 212.00 | $522.00 | Revise first amended complaint (.5); draft notice of filing first amended complaint as well as create redline exhibit comparing the original and first amended complaint (.7); call with S.Leonhardt discussing consent to file the first amended complaint (.2); and N. Schiyinck to file the first amended complaint and notice of filing (.4). | Clerical (.4 + .7); Related to Individual Defendants Unrelated to Contract Claims and/or intertwined with non-contract claims (1.8) | Intertwined | Overruled (1.4); Sustained (.4) | $296.80 | $148.40 |
| 43 | Francis, Carrie M | 5/8/2020 | 3.60 | 300.00 | $1,674.00 | Continue to work on amended complaint filing with T.Lauxman and finalize same (3); Revise draft notice and redline for same (.4); correspondence with S.Leonhardt regarding consent to filing amended complaint (.2). | IC (.3); Clerical (.4); Related to Individual Defendants (3.6); Unrelated to Contract Claims and/or intertwined with non-contract claims (3.6) | Intertwined | Overruled | $1,080.00 | $540.00 |
| 44 | Francis, Carrie M | 5/12/2020 | 0.30 | 300.00 | $139.50 | Correspondence with Dr. Gonzalez regarding amended complaint. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $90.00 | $45.00 |
| 45 | Lauxman, Timothy | 5/22/2020 | 0.20 | 212.00 | $58.00 | Review the MIDP order and Rule 81 regarding date of initial disclosures. | Duplicative (entry 32); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $42.40 | $21.20 |
| 46 | Francis, Carrie M | 5/27/2020 | 0.80 | 300.00 | $372.00 | Review counterclaim and potential defenses to same with T.Lauxman | IC; CC | | Overruled | $240.00 | $240.00 |
| 47 | Lauxman, Timothy | 6/1/2020 | 6.80 | 212.00 | $1,972.00 | Review USHRN's answer and counterclaims (1); discuss potential defenses and grounds to dismiss counterclaims with C. Francis (.8); research law surrounding the enforceability of indemnity provisions that protect insureds from their own illegal conduct or willful wrongdoing (2.9); draft answer and affirmative defenses to counterclaims (2.1). | IC (.8); CC (6.8) | | Overruled | $1441.60 | $1,441.60 |
| 48 | Francis, Carrie M | 6/1/2020 | 1.60 | 300.00 | $744.00 | Correspondence with Dr. Gonzalez regarding USHRN answer and counterclaim (.5); develop strategy for motion to dismiss indemnification and counterclaim (1.1). | CC (1.6) | | Overruled | $480.00 | $480.00 |
| 49 | Lauxman, Timothy | 6/2/2020 | 0.50 | 212.00 | $145.00 | Review correspondence from Dr. Gonzalez regarding counterclaims. | Duplicative (already billed for above - entry 49); CC | | Overruled | $106.00 | $106.00 |
| 50 | Francis, Carrie M | 6/2/2020 | 0.90 | 300.00 | $418.50 | Further work on counterclaim defense (.5); multiple correspondence with Dr. Gonzalez regarding counterclaim (.4). | CC | | Overruled | $270.00 | $270.00 |
| 51 | Lauxman, Timothy | 6/3/2020 | 6.50 | 212.00 | $1,885.00 | Revise answer to counterclaim based on Dr. Gonzalez's statement (1.5); research whether counterclaims, including the indemnification counterclaim, is subject to dismissal for lack of jurisdiction (4.3); draft body of an email to S.Leonhardt requesting dismissal of counterclaims, including explanation of legal bases for dismissal (.7). | CC (6.5) | | Overruled | $1378.00 | $1,378.00 |
| 52 | Francis, Carrie M | 6/3/2020 | 0.80 | 300.00 | $372.00 | Prepare for and telephone conference with Dr. Gonzalez regarding counterclaim defense (.5); office conference with T.Lauxman regarding motion to dismiss conferral (.3). | CC (.5); IC (.3); Related to Individual Defendants (.3) | | Overruled | $240.00 | $240.00 |
| 53 | Francis, Carrie M | 6/4/2020 | 1.20 | 300.00 | $558.00 | Analyze USHRN insurance coverage issues (1.1); correspondence with S.Leonhardt regarding motion to dismiss conferral (.1). | Related to Individual Defendants (.1); Unrelated to Contract Claims and/or intertwined with non-contract claims (1.2) | Intertwined | Overruled | $360.00 | $180.00 |
| 54 | Francis, Carrie M | 6/5/2020 | 0.20 | 300.00 | $93.00 | Further correspondence with Dr. Gonzalez regarding USHRN insurance issues. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $60.00 | $30.00 |
| 55 | Francis, Carrie M | 6/8/2020 | 0.10 | 300.00 | $46.50 | Correspondence with Dr. Gonzalez regarding USHRN insurance. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $30.00 | $15.00 |

| No. | Name | Date | Hours | Rate | Amount | Description | Objection | Intertwined | Ruling | Amount | Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 56 | Lauxman, Timothy | 6/9/2020 | 5.10 | 212.00 | $1,479.00 | Began drafting motion to dismiss USHRN's counterclaim, including the introduction, the facts section, and Rule 12(b)(6) law (1.8); research Ninth Circuit caselaw on Rule 12(b)(6) in general (1.1); research elements of contractual indemnity claims (2.2). | CC | | Overruled | $1081.20 | $1,081.20 |
| 57 | Francis, Carrie M | 6/9/2020 | 0.60 | 300.00 | $279.00 | Correspondence with S. Leonhardt regarding USHRN indemnity counterclaim (.2); office conference with T.Lauxman regarding draft arguments for motion to dismiss same (.4). | CC; IC (.4) | | Overruled | $180.00 | $180.00 |
| 58 | Lauxman, Timothy | 6/10/2020 | 8.60 | 212.00 | $2,494.00 | Draft motion to dismiss, including law related Rule 12(b)(6), Iqbal and Ninth Circuit caselaw relating to plausibility and notice pleading (2.5); draft argument that indemnity counterclaim fails to provide sufficient detail to state a claim (1.2); research caselaw relating to Arizona's public policy against indemnifying an insured for the insured's willful wrongdoing and draft motion arguing that underlying suits against USHRN fall involved USHRN's willful wrongdoing based on allegations of intentional discrimination (2.6); research law relating to 28 USC section 1367 supplemental jurisdiction, Gibbs, common nucleus of fact, Ninth Circuit caselaw on res judicata and compulsory counterclaims (2.3). | CC | | Overruled | $1823.20 | $1,823.20 |
| 59 | Lauxman, Timothy | 6/11/2020 | 5.10 | 212.00 | $1,479.00 | Draft the motion to dismiss, including the analysis of whether the court had subject matter jurisdiction under either of 28 USC sections 1331, 1332, and 1367 (2.7); research caselaw relating to compulsory counterclaims, aggregation of counterclaims with claims to reach jurisdictional amounts (1.9); revise answer to counterclaims (.2); draft certificate of conferral to accompany the motion to dismiss(.3). | CC; Clerical (.3) | | Overruled | $1081.20 | $1,081.20 |
| 60 | Francis, Carrie M | 6/11/2020 | 1.30 | 300.00 | $604.50 | Work on reply to counterclaim and draft motion to dismiss. | CC | | Overruled | $390.00 | $390.00 |
| 61 | Lauxman, Timothy | 6/12/2020 | 1.50 | 212.00 | $435.00 | Review rules and Court's preliminary order relating to proposed orders and certificate of conferral requirements(1.1); aided N. Schijvijnck to prepare motion to dismiss and answer for filing (.4). | Clerical (1.5); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $318.00 | $159.00 |
| 62 | Lauxman, Timothy | 6/15/2020 | 2.30 | 212.00 | $667.00 | Review documents provided by Dr. Gonzalez, and prepare a list of documents we would like from Dr. Gonzalez to search for and provide if possible; begin drafting initial MIDP response. | Block-billing; Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $487.60 | $243.80 |
| 63 | Francis, Carrie M | 6/15/2020 | 1.30 | 300.00 | $604.50 | Work on MIDP disclosure (1.1); correspondence with Dr. Gonzalez regarding same and scheduling hearing order (.2). | Unrelated to Contract Claims and/or intertwined with non-contract claims (1.3) | Intertwined | Overruled | $390.00 | $195.00 |
| 64 | Lauxman, Timothy | 6/16/2020 | 0.70 | 212.00 | $203.00 | Draft portion of initial MIDP response regarding information that named potential witnesses could testify about. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $148.40 | $74.20 |
| 65 | Lauxman, Timothy | 6/17/2020 | 2.50 | 212.00 | $725.00 | Draft initial MIDP response, including expected testimony of individual defendants, and factual bases and legal theories supporting Dr. Gonzalez's claims and defenses against counterclaims. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $530.00 | $265.00 |
| 66 | Lauxman, Timothy | 6/18/2020 | 6.40 | 212.00 | $1,856.00 | Draft factual bases for each of Dr. Gonzalez's four claims and her defenses to USHRN's four counterclaims (2.2); draft legal theories that support each claim and defenses, including the legal theory for Dr. Gonzalez's status as an employee (3.1); calculate current amount of damages at issue in Dr. Gonzalez's claims (1.1). | Unrelated to Contract Claims and/or intertwined with non-contract claims (6.4) | Intertwined | Overruled | $1356.80 | $678.40 |
| 67 | Lauxman, Timothy | 6/19/2020 | 1.30 | 212.00 | $377.00 | Correspondence with Dr. Gonzalez regarding document production (.4); review documents to determine whether they should be disclosed (.9). | Unrelated to Contract Claims and/or intertwined with non-contract claims (1.3) | Intertwined | Overruled | $275.60 | $137.80 |
| 68 | Francis, Carrie M | 6/19/2020 | 0.30 | 300.00 | $139.50 | Further revise draft disclosures. | Unrelated to Contract Claims and/or intertwined with non-contract claims; Vague and ambiguous | Intertwined | Overruled | $90.00 | $45.00 |
| 69 | Lauxman, Timothy | 6/22/2020 | 3.40 | 212.00 | $1,044.00 | Review documents provided to determine which documents to disclose in the initial disclosure response (1.9); work with V. Peterson and N. Schijvijnck to prepare disclosure (.7); revise the initial disclosure response (.8); email disclosure to S.Leonhardt (.2). | Clerical (.7 + .2); Unrelated to Contract Claims and/or intertwined with non-contract claims (3.6) | Intertwined | Overruled (3.4); Sustained (.2) | $720.80 | $360.40 |
| 70 | Francis, Carrie M | 6/22/2020 | 0.50 | 300.00 | $232.50 | Work on MIDP disclosure and finalize same. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $150.00 | $75.00 |
| 71 | Petersen, Vic | 6/22/2020 | 1.10 | 100.00 | $269.50 | Prepare and verify initial disclosure set. | Clerical; Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $110.00 | $55.00 |
| 72 | Lauxman, Timothy | 6/23/2020 | 1.00 | 212.00 | $290.00 | Review MIDP order (.5); prepare an email demanding that S.Leonhardt comply with the MIDP order and provide USHRN's initial response (.3); correspondence with C.Francis regarding USHRNt's MIDP (.2). | IC (.2); Unrelated to Contract Claims and/or intertwined with non-contract claims (1) | Intertwined | Overruled | $212.00 | $106.00 |
| 73 | Francis, Carrie M | 6/23/2020 | 0.20 | 300.00 | $93.00 | Office conference with T. Lauxman regarding USHRN MIDP. | IC (.2); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $60.00 | $30.00 |
| 74 | Lauxman, Timothy | 6/26/2020 | 0.30 | 212.00 | $87.00 | Review USHRN's response to our motion to dismiss. | CC; Duplicative (entry 78 below) | | Overruled | $63.60 | $63.60 |

| # | Name | Date | Hours | Rate | Amount | Description | Objection | Status | Ruling | Amount | Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 75 | Lauxman, Timothy | 6/29/2020 | 0.30 | 212.00 | $ 87.00 | Emails to Dr. Gonzalez and C. Francis discussing USHRN's response to our motion to dismiss | IC; CC | | Overruled | $ 63.60 | $63.60 |
| 76 | Francis, Carrie M | 6/29/2020 | 1.30 | 300.00 | $ 604.50 | Review MIDP disclosures by USHRN and analyze same for deficiencies. | Duplicative (entry 83 below); Unrelated to Contract Claims and/or intertwined with non-contract claims; Vague and ambiguous | Intertwined | Overruled | $ 390.00 | $195.00 |
| 77 | Lauxman, Timothy | 6/30/2020 | 5.10 | 212.00 | $ 1,479.00 | Review and analyze the arguments in USHRN's response to Dr. Gonzalez's motion to partially dismiss (.8); begin drafting reply to the response (.5); research Georgia contract law, motions to seal, consideration of materials outside the complaint when determining a Rule 12(b)(6) motion (3.8). | CC | | Overruled | $ 1081.20 | $1,081.20 |
| 78 | Lauxman, Timothy | 7/1/2020 | 7.40 | 212.00 | $ 2,146.00 | Draft the reply in support of Dr. Gonzalez's motion to dismiss, including arguments rebutting USHRN's response and focusing the issue for each basis for dismissal, USHRN's ability to rely on information and exhibits outside the Counterclaims, and USHRN's mischaracterization of the facts of this case and the facts in cases cited in the parties' briefing (6.1); research caselaw related to Dr. Gonzalez's reply (1.3). | CC | | Overruled | $ 1568.80 | $1,568.80 |
| 79 | Francis, Carrie M | 7/1/2020 | 0.80 | 300.00 | $ 372.00 | Office conference with T.Lauxman regarding USHRN MIDP disclosure deficiencies (.2); work on draft reply to motion to dismiss indemnification counter claim (.6). | IC (.2); CC (.6); Unrelated to Contract Claims and/or intertwined with non-contract claims (.2) | Intertwined (.2) | Overruled | $ 240.00 | $210.00 |
| 80 | Lauxman, Timothy | 7/2/2020 | 0.30 | 212.00 | $ 87.00 | Revise reply in support of Dr. Gonzalez's motion to partially dismiss before filing. | CC | | Overruled | $ 63.60 | $63.60 |
| 81 | Francis, Carrie M | 7/2/2020 | 0.50 | 300.00 | $ 232.50 | Finalize and file reply to motion to dismiss (.5) | Clerical; Vague and ambiguous; CC | | Overruled | $ 150.00 | $150.00 |
| 82 | Lauxman, Timothy | 7/9/2020 | 6.10 | 212.00 | $ 1,769.00 | Review USHRN's initial MIDP disclosure, including all the documents disclosed, and took notes on which documents support their claims and defenses, how they provide support, and what documents are missing or we should request (5.4); began drafting discovery requests relating to missing documents (.7). | Intertwined; Unrelated to Contract Claims and/or intertwined with non-contract claims (6.1) | Intertwined | Overruled | $ 1293.20 | $646.60 |
| 83 | Lauxman, Timothy | 7/10/2020 | 3.20 | 212.00 | $ 928.00 | Review notes on USHRN's disclosure and specific documents (.3); compile list of areas to explore in discovery (.7); continued drafting requests for production targeting documents regarding the process of hiring Dr. Gonzalez, contract negotiations, misclassification, the USHRN Board's control over Dr. Gonzalez, and USHRN's counterclaims related to Dr. Gonzalez's credit card and reimbursement (2.2). | Duplicative (.3 - entry 83 above); Unrelated to Contract Claims and/or intertwined with non-contract claims (3.2) | Intertwined | Overruled | $ 678.40 | $339.20 |
| 84 | Lauxman, Timothy | 7/11/2020 | 1.20 | 212.00 | $ 348.00 | Continue drafting and revising requests for production regarding the process of hiring Dr. Gonzalez, contract negotiations, misclassification, the USHRN Board's control over Dr. Gonzalez, and USHRN's counterclaims related to Dr. Gonzalez's credit card and reimbursement. | Unrelated to Contract Claims and/or intertwined with non-contract claims (1.2) | Intertwined | Overruled | $ 254.40 | $127.20 |
| 85 | Lauxman, Timothy | 7/12/2020 | 0.40 | 212.00 | $ 116.00 | Begin drafting non-uniform interrogatories related to negotiations with Dr. Gonzalez and USHRN's counterclaims. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 84.80 | $42.40 |
| 86 | Lauxman, Timothy | 7/14/2020 | 2.20 | 212.00 | $ 638.00 | Draft non-uniform interrogatories related to Defendants' process of hiring Dr. Gonzalez, negotiating with Dr. Gonzalez, Dr. Gonzalez's duties, Dr. Gonzalez's instructions and use of the business credit card. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 466.40 | $233.20 |
| 87 | Lauxman, Timothy | 7/22/2020 | 4.50 | 212.00 | $ 1,305.00 | Review USHRN's mandatory disclosure response and redacted portions of disclosure to determine whether the privilege log was complete, and whether USHRN had appropriately claimed material was privilege (1.2); research attorney- Dr. Gonzalez privilege in federal courts and in Arizona, include when it applies and how it can be waived (2.8); draft email to S.Leonhardt informing them that we believed their privilege log was incomplete and they had improperly claimed privilege on a number portions of notes from USHRN's board meetings (.5). | Unrelated to Contract Claims and/or intertwined with non-contract claims (4.5) | Intertwined | Overruled | $ 954.00 | $477.00 |
| 88 | Francis, Carrie M | 7/22/2020 | 0.60 | 300.00 | $ 279.00 | Work on discovery dispute issues (privilege log) (.4); revise draft correspondence related to same (.2). | Unrelated to Contract Claims and/or intertwined with non-contract claims (.6) | Intertwined | Overruled | $ 180.00 | $90.00 |
| 89 | Lauxman, Timothy | 7/23/2020 | 0.10 | 212.00 | $ 29.00 | Email to S.Leonhardt raising issues with USHRN's privilege log, including its completeness and certain claims of privilege. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 21.20 | $10.60 |
| 90 | Lauxman, Timothy | 7/24/2020 | 0.50 | 212.00 | $ 145.00 | Reviewed supplemental, unredacted documents provided by USHRN (.3); discussed privilege log issues with C. Francis (.2). | IC (.2); Unrelated to Contract Claims and/or intertwined with non-contract claims (.5) | Intertwined | Overruled | $ 106.00 | $53.00 |
| 91 | Francis, Carrie M | 7/24/2020 | 0.40 | 300.00 | $ 186.00 | Review discovery dispute conferral correspondence regarding privilege redactions. | Duplicative (entry 90 above); Vague and ambiguous; Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 120.00 | $60.00 |
| 92 | Lauxman, Timothy | 7/27/2020 | 1.30 | 212.00 | $ 377.00 | Review documents already produced by USHRN to determine whether to draft any requests for admission (1.3). | Duplicative (entries 83, 84, 88); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 275.60 | $137.80 |

| # | Name | Date | Hours | Rate / Total | Description | Objection | Category | Ruling | Claimed | Awarded |
|---|---|---|---|---|---|---|---|---|---|---|
| 93 | Lauxman, Timothy | 7/28/2020 | 0.60 | 212.00 / $174.00 | Review joint motion and draft protective order (.2); phone call with S.Leonhardt discussing the draft protective order, the withheld and redacted documents because of attorney-client and work-product privileges and for confidentiality reasons, and the joint case report (.4). | Unrelated to Contract Claims and/or intertwined with non-contract claims (.6) | Intertwined | Overruled | $127.20 | $63.60 |
| 94 | Francis, Carrie M | 7/28/2020 | 0.10 | 300.00 / $46.50 | Work on stipulated protective order. | Unrelated to Contract Claims and/or intertwined with non-contract claims; vague and ambiguous | Intertwined | Overruled | $30.00 | $15.00 |
| 95 | Lauxman, Timothy | 7/29/2020 | 0.10 | 212.00 / $29.00 | Review second version of the joint motion for a protective order. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $21.20 | $10.60 |
| 96 | Lauxman, Timothy | 7/30/2020 | 3.70 | 212.00 / $1,073.00 | Review Federal Rule of Civil Procedure 26 (.7); began drafting Joint Rule 26(f) Case Management Report, including description of the case and the parties claims and defenses (2.4); draft email to C. Francis discussing sections of the joint report that address the anticipated schedule going forward, necessary discovery, and anticipated motions (.6). | IC (.6); Excessive for Case Management Report (10.3 total hours - entries 97, 98, 99, 101, 102, 103, 105); Unrelated to Contract Claims and/or intertwined with non-contract claims (3.7) | Intertwined | Overruled | $784.40 | $392.20 |
| 97 | Francis, Carrie M | 7/31/2020 | 1.50 | 300.00 / $697.50 | Work on draft Rule 26(f) case management report. | Vague and ambiguous; Excessive for Case Management Report (10.3 total hours - entries 97, 98, 99, 101, 102, 103, 105); Unrelated to Contract Claims and/or intertwined with non-contract claims (1.5) | Intertwined | Overruled | $450.00 | $225.00 |
| 98 | Lauxman, Timothy | 7/31/2020 | 1.70 | 212.00 / $493.00 | Finish preparing draft of Rule 26(f) case management report, including explanation of case, expected motions, and setting deadlines. | Excessive for Case Management Report (10.3 total hours 97, 98, 99, 101, 102, 103, 105); | Intertwined | Overruled | $360.40 | $180.20 |
| 99 | Lauxman, Timothy | 8/3/2020 | 0.20 | 212.00 / $58.00 | Draft email to Dr. Gonzalez regarding the protective order. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $42.40 | $21.20 |
| 100 | Francis, Carrie M | 8/3/2020 | 0.40 | 300.00 / $186.00 | Revise draft Rule 26(f) scheduling conference report (.2); correspondence with Defendant's counsel regarding Rule 26(f) conferral (.2). | Excessive for Case Management Report (10.3 total hours - entries 97, 98, 99, 101, 102, 103, 105); Unrelated to Contract Claims and/or intertwined with non-contract claims (.4) | Intertwined | Overruled | $120.00 | $60.00 |
| 101 | Lauxman, Timothy | 8/5/2020 | 0.60 | 212.00 / $174.00 | Finalize non-uniform interrogatories and requests for production(.2); review S.Leonhardt's edits to the draft joint Rule 26(f) report, and made revisions to the Rule 26(f) report (.3); draft notice of service of discovery (.1). | Clerical (.1); Excessive for Case Management Report (10.3 total hours - entries 97, 98, 99, 101, 102, 103, 105); Unrelated to Contract Claims and/or intertwined with non-contract claims (.6) | Intertwined | Overruled | $127.20 | $63.60 |
| 102 | Francis, Carrie M | 8/5/2020 | 2.50 | 300.00 / $1,162.50 | Participate with Defendant's counsel (1); revise draft report related to same (.4); analyze Defendant's revisions to same (.3); revise and finalize first set of written discovery to USHRN (.8). | Excessive for Case Management Report (10.3 total hours - entries 97, 98, 99, 101, 102, 103, 105); Unrelated to Contract Claims and/or intertwined with non-contract claims (2.5) | Intertwined | Overruled | $750.00 | $375.00 |
| 103 | Lauxman, Timothy | 8/7/2020 | 1.40 | 212.00 / $406.00 | Review new privilege log and unredacted documents USHRN provided in response to conversations with its counsel regarding attorney-client and work-product privileges. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $296.80 | $148.40 |
| 104 | Francis, Carrie M | 8/7/2020 | 0.20 | 300.00 / $93.00 | Finalize and file Rule 26(f) report. | Vague and ambiguous; Excessive for Case Management Report (10.3 total hours - entries 97, 98, 99, 101, 102, 103, 105); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $60.00 | $30.00 |
| 105 | Lauxman, Timothy | 8/12/2020 | 0.10 | 212.00 / $29.00 | Review the scheduling order. | Clerical; Unrelated to Contract Claims and/or intertwined with non-contract motions | Intertwined | Overruled | $21.20 | $10.60 |
| 106 | Francis, Carrie M | 9/14/2020 | 0.80 | 300.00 / $372.00 | Review and analyze USHRN first set of written discovery (.3); outline areas of objections (.5). | Excessive for Discovery Responses (24.7 - entries 107, 108, 109, 115, 117, 118, 119, 120, 121, 122, 123, 124, 126, 127, 128); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $240.00 | $120.00 |
| 107 | Lauxman, Timothy | 9/15/2020 | 0.50 | 212.00 / $145.00 | Review USHRN's first set of discovery requests to determine whether a discovery request is objectionable and what additional information we need from Dr. Gonzalez. | Duplicative (entry 107 above); Excessive for Discovery Responses (24.7 - entries 107, 108, 109, 115, 117, 118, 119, 120, 121, 122, 123, 124, 126, 127, 128); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $106.00 | $53.00 |
| 108 | Lauxman, Timothy | 9/16/2020 | 1.10 | 212.00 / $319.00 | Correspondence to Dr. Gonzalez regarding USHRN's discovery requests. | Excessive for Discovery Responses (24.7 - entries 107, 108, 109, 115, 117, 118, 119, 120, 121, 122, 123, 124, 126, 127, 128); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $233.20 | $116.60 |
| 109 | Francis, Carrie M | 9/18/2020 | 1.80 | 300.00 / $837.00 | Analyze USHRN's supplemental disclosure and responses to discovery. | Duplicative (entry 111 below); Unrelated to Contract Claims or intertwined with non-contract claims | Intertwined | Overruled | $540.00 | $270.00 |
| 110 | Lauxman, Timothy | 9/22/2020 | 4.00 | 212.00 / $1,160.00 | Review USHRN's responses to Dr. Gonzalez's first set of discovery responses to determine what objections USHRN had made and what information USHRN had disclosed, including reviewing the accompanying privilege log to determine the validity of some of those objections and claims of privilege (.9); review materials produced by USHRN in its discovery responses (3.1). | Unrelated to Contract Claims and/or intertwined with non-contract claims (4) | Intertwined | Overruled | $848.00 | $424.00 |

| # | Timekeeper | Date | Hours | Rate | Amount | Description | Objection | | Ruling | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 111 | Lauxman, Timothy | 9/23/2020 | 5.10 | 212.00 | $ 1,479.00 | Review documents disclosed by USHRN in its second supplemental MIDP response and response to Dr. Gonzalez's first set of requests for production, including categorizing the documents based on the topics to which they are relevant; correspondence to C. Francis discussing my review of Dr. Gonzalez's first set of discovery responses, documents that we did not receive, and the documents listed in USHRN's updated privilege log. | Block-billing; Duplicative (entry 111 above); IC; Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 1081.20 | $540.60 |
| 112 | Francis, Carrie M | 9/30/2020 | 0.30 | 300.00 | $ 139.50 | Office conference with T.Lauxman regarding review of USHRN discovery production. | IC; Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 90.00 | $45.00 |
| 113 | Lauxman, Timothy | 10/1/2020 | 0.80 | 212.00 | $ 232.00 | Draft letter to S.Leonhardt regarding USHRN's failure to disclose numerous documents despite admitting these documents were relevant and fell within their disclosure obligations under the MIDP and Dr. Gonzalez's first set of discovery responses. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 169.60 | $84.80 |
| 114 | Lauxman, Timothy | 10/5/2020 | 0.30 | 212.00 | $ 87.00 | Correspondence with Dr. Gonzalez regarding discovery responses. | Excessive for Discovery Responses (24.7 - entries 107, 108, 109, 115, 117, 118, 119, 120, 121, 122, 123, 124, 126, 127, 128); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 63.60 | $31.80 |
| 115 | Francis, Carrie M | 10/5/2020 | 0.10 | 300.00 | $ 46.50 | Review draft correspondence to USHRN regarding discovery response deficiencies. | Duplicative (entry 114 above); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 30.00 | $15.00 |
| 116 | Lauxman, Timothy | 10/7/2020 | 1.90 | 212.00 | $ 551.00 | Began drafting responses to USHRN's first set of discovery requests, including review of documents disclosed by USHRN and information provided by Dr. Gonzalez. | Excessive for Discovery Responses (24.7 - entries 107, 108, 109, 115, 117, 118, 119, 120, 121, 122, 123, 124, 126, 127, 128); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 402.80 | $201.40 |
| 117 | Lauxman, Timothy | 10/9/2020 | 1.30 | 212.00 | $ 377.00 | Draft request for extension to respond to USHRN's first set of discovery request (.1); review USHRN's disclosures to determine if it met its disclosure obligations, and draft demand for USHRN to supplement its disclosure to remedy the deficiencies (1.2). | Clerical (.1); duplicative (1.2 - entries 111, 112, 114, 116 above); Excessive for Discovery Responses (24.7 - entries 107, 108, 109, 115, 117, 118, 119, 120, 121, 122, 123, 124, 126, 127, 128); Unrelated to Contract Claims and/or intertwined with non-contract claims (1.3) | Intertwined | Overruled | $ 275.60 | $137.80 |
| 118 | Francis, Carrie M | 10/9/2020 | 0.30 | 300.00 | $ 139.50 | Work on Dr. Gonzalez written discovery response draft (.2); work on Defendant's deficient production issues (.1). | Duplicative (.1 - entries 111, 112, 114, 116 above); Excessive for Discovery Responses (24.7 - entries 107, 108, 109, 115, 117, 118, 119, 120, 121, 122, 123, 124, 126, 127, 128); Unrelated to Contract Claims and/or intertwined with non-contract claims (.3) | Intertwined | Overruled | $ 90.00 | $45.00 |
| 119 | Lauxman, Timothy | 10/12/2020 | 1.80 | 212.00 | $ 522.00 | Review information and documents provided by Dr. Gonzalez (.5); began drafting response to USHRN's first set of non-uniform interrogatories and requests for production (1.3). | Excessive for Discovery Responses (24.7 - entries 107, 108, 109, 115, 117, 118, 119, 120, 121, 122, 123, 124, 126, 127, 128); Unrelated to Contract Claims and/or intertwined with non-contract claims (1.8) | Intertwined | Overruled | $ 381.60 | $190.80 |
| 120 | Francis, Carrie M | 10/12/2020 | 0.20 | 300.00 | $ 93.00 | Office conference with T.Lauxman regarding draft Non-Uniform Interrogatories responses. | IC; Excessive for Discovery Responses (24.7 - entries 107, 108, 109, 115, 117, 118, 119, 120, 121, 122, 123, 124, 126, 127, 128); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 60.00 | $30.00 |
| 121 | Lauxman, Timothy | 10/13/2020 | 6.70 | 212.00 | $ 1,943.00 | Review the documents and information provided by Dr. Gonzalez for discovery responses (.5); draft responses to all of USHRN's first set of interrogatories, including review of USHRN's disclosures for additional information related to its interrogatories (6.7). | Duplicative (.5 - entry 120 above); Excessive for Discovery Responses (24.7 - entries 107, 108, 109, 115, 117, 118, 119, 120, 121, 122, 123, 124, 126, 127, 128); Unrelated to Contract Claims and/or intertwined with non-contract claims (6.7) | Intertwined | Overruled | $ 1420.40 | $710.20 |
| 122 | Lauxman, Timothy | 10/14/2020 | 0.40 | 212.00 | $ 116.00 | Continue drafting our responses to USHRN's first set of discovery responses. | Excessive for Discovery Responses (24.7 - entries 107, 108, 109, 115, 117, 118, 119, 120, 121, 122, 123, 124, 126, 127, 128); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 84.80 | $42.40 |
| 123 | Lauxman, Timothy | 10/16/2020 | 2.10 | 212.00 | $ 609.00 | Review correspondence from Dr. Gonzalez regarding her business expenses (.2); prepare an excel sheet that captures all of the expenses at issue in USHRN's Exhibit A to its first set of interrogatories (1.3); provide and explain excel and Exhibit A to USHRN's non-uniform interrogatories to Dr. Gonzalez (.6) | Excessive for Discovery Responses (24.7 - entries 107, 108, 109, 115, 117, 118, 119, 120, 121, 122, 123, 124, 126, 127, 128); Unrelated to Contract Claims and/or intertwined with non-contract claims (2.1) | Intertwined | Overruled | $ 445.20 | $222.60 |
| 124 | Lauxman, Timothy | 10/17/2020 | 0.30 | 212.00 | $ 87.00 | Respond to emails from Dr. Gonzalez and C. Francis regarding each party's disclosures | IC; Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 63.60 | $31.80 |
| 125 | Francis, Carrie M | 10/19/2020 | 0.60 | 300.00 | $ 279.00 | Revise draft responses to USHRN first set of written discovery (.4); correspondence with T.Lauxman and Dr. Gonzalez regarding same (.2). | IC (.2); Excessive for Discovery Responses (24.7 - entries 107, 108, 109, 115, 117, 118, 119, 120, 121, 122, 123, 124, 126, 127, 128); Unrelated to Contract Claims and/or intertwined with non-contract claims (.6) | Intertwined | Overruled | $ 180.00 | $90.00 |
| 126 | Lauxman, Timothy | 10/19/2020 | 4.40 | 212.00 | $ 1,276.00 | Work with staff to prepare document disclosure responding to USHRN's request for production (.7); draft response to USHRN's request for production, including objections (2.9); finalize responses to interrogatories based on the additional information Dr. Gonzalez provided (.8). | Clerical (.7); Excessive for Discovery Responses (24.7 - entries 107, 108, 109, 115, 117, 118, 119, 120, 121, 122, 123, 124, 126, 127, 128); Unrelated to Contract Claims and/or intertwined with non-contract claims (4.4) | Intertwined | Overruled | $ 932.80 | $466.40 |
| 127 | Petersen, Vic | 10/19/2020 | 2.30 | 100.00 | $ 563.50 | Prepare new Relativity database for this matter (.5); Process and load Dr. Gonzalez data for review in Relativity (1.4); prepare and verify a production set from the same (.4). | Clerical (2.3); Excessive for Discovery Responses (24.7 - entries 107, 108, 109, 115, 117, 118, 119, 120, 121, 122, 123, 124, 126, 127, 128); Unrelated to Contract Claims and/or intertwined with non-contract claims (2.3) | Intertwined | Overruled | $ 230.00 | $115.00 |

| No. | Name | Date | Hours | Rate | Amount | Description | Objection | Intertwined | Ruling | Reduced | Reduced |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 128 | Lauxman, Timothy | 10/26/2020 | 0.10 | 212.00 | $ 29.00 | Discuss organization of latest document disclosure from USHRN with N. Schijvinck. | Clerical; Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 21.20 | $10.60 |
| 129 | | 10/26/2020 | 0.40 | 300.00 | $ 186.00 | Review USHRN Third Supplemental MIDP disclosures. | Unrelated to Contract Claims and/or intertwined with non-contract claims; vague and ambiguous | Intertwined | Overruled | $ 120.00 | $60.00 |
| 130 | Francis, Carrie M | 10/28/2020 | 0.10 | 300.00 | $ 46.50 | Correspondence with Dr. Gonzalez regarding deposition dates. | Clerical; Unrelated to Contract Claims and/or intertwined with non-contract claims | | Sustained | $ 0.00 | $ 0.00 |
| 131 | Lauxman, Timothy | 10/30/2020 | 0.10 | 212.00 | $ 29.00 | Email S.Leonhardt regarding the dates of Dr. Gonzalez's availability for a deposition. | Clerical; Unrelated to Contract Claims and/or intertwined with non-contract claims | | Sustained | $ 0.00 | $ 0.00 |
| 132 | Francis, Carrie M | 11/3/2020 | 0.40 | 300.00 | $ 186.00 | Correspondence with Dr. Gonzalez regarding deposition preparation. | Unrelated to Contract Claims and/or non-contract claims | Intertwined | Overruled | $ 120.00 | $60.00 |
| 133 | Lauxman, Timothy | 11/4/2020 | 0.80 | 212.00 | $ 232.00 | Analyze letter from S.Leonhardt regarding alleged deficiencies in Dr. Gonzalez's responses to USHRN's first set of discovery requests ( 4); provide C. Francis with an analysis of USHRN's arguments and recommend a method of responding (.4). | IC (.4); Unrelated to Contract Claims and/or intertwined with non-contract claims (.8) | Intertwined | Overruled | $ 169.60 | $84.80 |
| 134 | Lauxman, Timothy | 11/6/2020 | 0.30 | 212.00 | $ 87.00 | Phone call with C. Francis discussing response to S.Leonhardt's letter regarding our allegedly deficient disclosure (.1) ; phone call and email to S.Leonhardt requesting extension for time to response to his letter (.2). | IC (.1); Clerical (.2); Unrelated to Contract Claims and/or intertwined with non-contract claims (.3) | Intertwined | Overruled | $ 63.60 | $31.80 |
| 135 | Lauxman, Timothy | 11/12/2020 | 0.40 | 212.00 | $ 116.00 | Calculate Dr. Gonzalez's damages, based on our records. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 84.80 | $42.40 |
| 136 | Lauxman, Timothy | 11/13/2020 | 0.30 | 212.00 | $ 87.00 | Email to C. Francis discussing my calculation, and our options regarding the other objections in S.Leonhardt's meet-and-confer letter. | IC (.3); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 63.60 | $31.80 |
| 137 | Francis, Carrie M | 11/18/2020 | 0.30 | 300.00 | $ 139.50 | Work on supplemental Requests for Production/Non-Uniform Interrogatories responses. | Vague and ambiguous; Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 90.00 | $45.00 |
| 138 | Lauxman, Timothy | 11/18/2020 | 1.60 | 212.00 | $ 464.00 | Revise our responses to USHRN's requests for production and non-uniform interrogatories, in light of USHRN's meet-and-confer letter and the arguments made therein. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 339.20 | $169.60 |
| 139 | Francis, Carrie M | 11/19/2020 | 0.30 | 300.00 | $ 139.50 | Work on supplemental Non-Uniform Interrogatories/Requests for Production responses. | Vague and ambiguous; Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 90.00 | $45.00 |
| 140 | Petersen, Vic | 11/20/2020 | 1.60 | 100.00 | $ 392.00 | Process and load supplemental Dr. Gonzalez data for review in Relativity (1.2); prepare and verify supplemental disclosure from Relativity (.4). | Clerical (1.6); Unrelated to Contract Claims and/or intertwined with non-contract claims (1.6) | Intertwined | Overruled | $ 160.00 | $80.00 |
| 141 | Lauxman, Timothy | 11/20/2020 | 1.70 | 212.00 | $ 493.00 | Revise the responses to USHRN's requests for production and non-uniform interrogatories to match the documents produced with our supplement, and work to include the information in that additional production into the supplemental interrogatory responses (1.5); revise notice of service of discovery responses (.2). | Clerical (.2); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 360.40 | $180.20 |
| 142 | Francis, Carrie M | 11/20/2020 | 0.80 | 300.00 | $ 372.00 | Revise and finalize supplemental Responses to Non-Uniform Interrogatories and Requests for Production per discovery dispute (.6); conference with S.Leonhardt (.2). | Unrelated to Contract Claims and/or intertwined with non-contract claims (.8) | Intertwined | Overruled | $ 240.00 | $120.00 |
| 143 | Lauxman, Timothy | 11/23/2020 | 1.00 | 212.00 | $ 290.00 | Review the documents produced by USHRN in its third supplemental MIDP response. | Duplicative (entry 130); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 212.00 | $106.00 |
| 144 | Francis, Carrie M | 11/23/2020 | 4.00 | 300.00 | $ 1,860.00 | Work on deposition prep issues. | Vague and ambiguous; Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Sustained | $ 0.00 | $0 |
| 145 | Francis, Carrie M | 11/25/2020 | 2.50 | 300.00 | $ 1,162.50 | Further work on deposition prep (2); correspondence withDr. Gonzalez regarding same (.5). | Vague and ambiguous (2.5); Unrelated to Contract Claims and/or intertwined with non-contract claims (2.5) | Intertwined | Overruled | $ 750.00 | $375.00 |
| 146 | Lauxman, Timothy | 12/2/2020 | 4.40 | 212.00 | $ 1,320.00 | Continue reviewing documents produced by USHRN with its third supplemental MIDP response (2.3); begin compiling a list of documents that C. Francis should use for Dr. Gonzalez's deposition preparation (2.1). | Duplicative (2.3 - entry 130); Unrelated to Contract Claims and/or intertwined with non-contract claims (4.4) | Intertwined | Overruled | $ 932.80 | $466.40 |
| 147 | Lauxman, Timothy | 12/3/2020 | 5.00 | 212.00 | $ 1,500.00 | Continue reviewing the documents produced by USHRN with its third supplemental MIDP response (3.2); finish drafting issue list and list of documents to review for preparation of Dr. Gonzalez's deposition (1.8). | Duplicative (3.2 - entry 130); Unrelated to Contract Claims and/or intertwined with non-contract claims (5) | Intertwined | Overruled | $ 1060.00 | $530.00 |
| 148 | Francis, Carrie M | 12/3/2020 | 1.80 | 300.00 | $ 864.00 | Correspondence with Dr. Gonzalez re deposition prep (.2); preparation for meeting with Dr. Gonzalez to prepare her for deposition (1.6). | Unrelated to Contract Claims and/or intertwined with non-contract claims (1.8); vague and ambiguous (1.6) | Intertwined | Overruled | $ 540.00 | $270.00 |
| 149 | Francis, Carrie M | 12/4/2020 | 3.20 | 300.00 | $ 1,536.00 | Further preparation for meeting with Dr. Gonzalez to prepare her for her deposition (2.7); meet with R. Gonzalez re deposition prep (2.5). | Unrelated to Contract Claims and/or intertwined with non-contract claims (3.2); vague and ambiguous (.7) | Intertwined | Overruled | $ 960.00 | $480.00 |
| 150 | Francis, Carrie M | 12/7/2020 | 1.70 | 300.00 | $ 816.00 | Continue preparation for meeting with Dr. Gonzalez to prepare her for her deposition (2); meet with R. Gonzalez re deposition prep | Unrelated to Contract Claims and/or intertwined with non-contract claims (1.7); vague and ambiguous (.2) | Intertwined | Overruled | $ 510.00 | $255.00 |
| 151 | Petersen, Vic | 12/16/2020 | 1.90 | 100.00 | $ 475.00 | Process and load Dr. Gonzalez data for review in Relativity (1.5); prepare and verify supplemental production set | Clerical (1.9); Unrelated to Contract Claims and/or intertwined with non-contract claims (1.9) | Intertwined | Overruled | $ 190.00 | $95.00 |
| 152 | Lauxman, Timothy | 12/16/2020 | 0.50 | 212.00 | $ 150.00 | Prepare supplemental discovery response in response and work with staff to produce documents T.Lauxman with our supplemental discovery responses. | Clerical; Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 106.00 | $53.00 |

| # | Name | Date | Hours | Rate | Amount | Description | Objection | Ruling | | Amount 1 | Amount 2 |
|---|------|------|-------|------|--------|-------------|-----------|--------|-|----------|----------|
| 153 | Francis, Carrie M | 12/16/2020 | 0.30 | 300.00 | $ 144.00 | Office conference with T.Lauxman regarding discovery supplement (.2); finalize same for service (.1). | IC (.2); Unrelated to Contract Claims and/or intertwined with non-contract claims (.3); Clerical (.1) | Overruled | | $ 90.00 | $45.00 |
| 154 | Lauxman, Timothy | 12/21/2020 | 0.20 | 212.00 | $ 300.00 | Email to Dr. Gonzalez regarding tax returns. | Excessive (an email requesting tax returns should not take 1 hour); Unrelated to Contract Claims and/or intertwined with non-contract claims | Sustained (.8); Overruled (.2) | | $ 42.40 | $21.20 |
| 155 | Francis, Carrie M | 12/29/2020 | 0.30 | 300.00 | $ 144.00 | Office conference with T. Lauxman regarding second set of written discovery (RFP) (.1); review and analyze draft of same (.2). | IC (.1); Unrelated to Contract Claims and/or intertwined with non-contract claims (.3) | Overruled | | $ 90.00 | $45.00 |
| 156 | Francis, Carrie M | 12/30/2020 | 0.20 | 300.00 | $ 96.00 | Correspondence with S.Leonhardt regarding tax record production (.1); correspondence with Dr. Gonzalez regarding same (.1). | Unrelated to Contract Claims and/or intertwined with non-contract claims (.2) | Overruled | | $ 60.00 | $30.00 |
| 157 | Lauxman, Timothy | 12/30/2020 | 0.30 | 212.00 | $ 90.00 | Email to Dr. Gonzalez regarding her tax returns (.2); email to S.Leonhardt regarding the production of Dr. Gonzalez's tax returns (.1). | Duplicative (.2 - entries 155, 157); Unrelated to Contract Claims or intertwined with non-contract claims (.3) | Overruled | | $ 63.60 | $31.80 |
| 158 | Francis, Carrie M | 1/4/2021 | 0.30 | 300.00 | $ 144.00 | Work on tax supplemental production issues. | Unrelated to Contract Claims and/or intertwined with non-contract claims; vague and ambiguous | Intertwined | Overruled | $ 90.00 | $45.00 |
| 159 | Francis, Carrie M | 1/5/2021 | 0.20 | 300.00 | $ 96.00 | Correspondence with Defendant's counsel and joint settlement talks and court report on same. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 60.00 | $30.00 |
| 160 | Lauxman, Timothy | 1/6/2021 | 0.10 | 212.00 | $ 30.00 | Email to Dr. Gonzalez regarding tax returns. | Duplicative (entries 155, 157, 158); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 21.20 | $10.60 |
| 161 | Francis, Carrie M | 1/6/2021 | 0.20 | 300.00 | $ 96.00 | Further work on tax return production. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 60.00 | $30.00 |
| 162 | Petersen, Vic | 1/11/2021 | 1.80 | 100.00 | $ 450.00 | Prepare Dr. Gonzalez data and USHRN production set for review in Relativity (1.5); prepare supplemental production set from relativity (.3). | Clerical (1.8); Unrelated to Contract Claims and/or intertwined with non-contract claims (1.8). | Intertwined | Overruled | $ 180.00 | $90.00 |
| 163 | Lauxman, Timothy | 1/11/2021 | 0.60 | 212.00 | $ 330.00 | Prepare Dr. Gonzalez's tax returns for production, including removing pages and redacting portions that were not relevant to the issues in the case (.8); work with staff to produce Dr. Gonzalez's tax returns (.3). | Clerical (1.1); Unrelated to Contract Claims and/or intertwined with non-contract claims (1.1) | Overruled (.8); Sustained (.3) | | $ 169.60 | $84.80 |
| 164 | Francis, Carrie M | 1/11/2021 | 0.50 | 300.00 | $ 240.00 | Work on supplemental tax record production with T.Lauxman. | Duplicative (entry 164); IC; Unrelated to Contract Claims and/or intertwined with non-contract claims; vague and ambiguous | Intertwined | Overruled | $ 150.00 | $75.00 |
| 165 | Lauxman, Timothy | 1/12/2021 | 0.80 | 212.00 | $ 240.00 | Phone call with Dr. Gonzalez regarding settlement negotiations (.2); phone call with S.Leonhardt discussing settlement (.2); phone call to Dr. Gonzalez discussing the outcome of our call with S.Leonhardt (.2). | Unrelated to Contract Claims and/or intertwined with non-contract claims (.8) | Intertwined | Overruled | $ 169.60 | $84.80 |
| 166 | Francis, Carrie M | 1/12/2021 | 0.60 | 300.00 | $ 288.00 | Telephone conferences with Dr. Gonzalez regarding document production and settlement negotiations (.4); telephone conferral with S.Leonhardt regarding settlement negotiations (.2). | Duplicative (.6 - entry 166); Unrelated to Contract Claims and/or intertwined with non-contract claims (.6) | Intertwined | Overruled | $ 180.00 | $90.00 |
| 167 | Lauxman, Timothy | 1/13/2021 | 0.10 | 212.00 | $ 30.00 | Phone call with Dr. Gonzalez regarding settlement negotiations. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 21.20 | $10.60 |
| 168 | Lauxman, Timothy | 1/18/2021 | 3.70 | 212.00 | $ 1,110.00 | Review Arizona and Georgia law regarding the covenant of good faith and fair dealing and contract modification (2.4); review documents and begin compiling key documents to support our claims (1); begin outlining demand letter (.3) | Duplicative (2.4 - entry 78); Excessive for Demand Letter (23.9 - entries 169, 171, 180, 181, 184, 185, 187, 189, 190, 191, 193, 202); Unrelated to Contract Claims and/or intertwined with non-contract claims (1 + .3) | Intertwined (1.3) | Overruled | $ 784.40 | $646.60 |
| 169 | Francis, Carrie M | 1/19/2021 | 0.30 | 300.00 | $ 144.00 | Correspondence with Dr. Gonzalez regarding taxes and deposition. | Unrelated to Contract Claims and/or intertwined with non-contract claims; vague and ambiguous | Intertwined | Overruled | $ 90.00 | $45.00 |
| 170 | Lauxman, Timothy | 1/19/2021 | 3.60 | 212.00 | $ 1,080.00 | Continue reviewing Arizona and Georgia law regarding contract formation and modification (1.1); continue outlining our demand letter, using information from documents produced by USHRN (.6); begin drafting the demand letter (1.9). | Duplicative (1.1 - entry 78, 169); Excessive for Demand Letter (23.9 - entries 169, 171, 180, 181, 184, 185, 187, 189, 190, 191, 193, 202); Unrelated to Contract Claims and/or intertwined with non-contract claims (1.9 + .6) | Intertwined | Overruled | $ 763.20 | $381.60 |
| 171 | Lauxman, Timothy | 1/20/2021 | 0.40 | 212.00 | $ 150.00 | Email to S.Leonhardt regarding Dr. Gonzalez's deposition date (.1); review documents provided by Dr. Gonzalez | Clerical (.1); Unrelated to Contract Claims and/or intertwined with non-contract claims (.5) | Intertwined (.4) | Overruled (.4); Sustained (.1) | $ 84.80 | $42.40 |
| 172 | Francis, Carrie M | 1/22/2021 | 0.20 | 300.00 | $ 96.00 | Review USHRN's draft report on settlement discussions. | Duplicative (entry 174); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 60.00 | $30.00 |
| 173 | Lauxman, Timothy | 1/22/2021 | 0.10 | 212.00 | $ 30.00 | Review and approve the report of settlement discussions prepared by S.Leonhardt. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 21.20 | $10.60 |
| 174 | Lauxman, Timothy | 1/25/2021 | 0.50 | 212.00 | $ 150.00 | Reviewed USHRN's amended indemnity counterclaim, and considered potential options to move to dismiss that claim. | CC | | Overruled | $ 106.00 | $106.00 |
| 175 | Francis, Carrie M | 1/25/2021 | 0.70 | 300.00 | $ 336.00 | Correspondence with Dr. Gonzalez regarding deposition (.2); review USHRN's answer/amended counterclaim for potential further motion to dismiss (.3); office conference with T.Lauxman regarding same (.2). | CC (.3 + .2); IC (.2); Unrelated to Contract Claims and/or intertwined with non-contract claims (.2) | Intertwined (.2) | | $ 210.00 | $195.00 |
| 176 | Petersen, Vic | 1/27/2021 | 1.70 | 100.00 | $ 425.00 | Replace and reproduce native files and images in relativity based on USHRN's reproduction of past production | Clerical; Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 170.00 | $85.00 |
| 177 | Lauxman, Timothy | 1/29/2021 | 0.40 | 212.00 | $ 120.00 | Prepared signed 2018 tax return and 2018 ASU W2 for production, including redacting the documents (.2); revised the disclosure responses and prepared a notice of supplemental discovery responses (.2). | Clerical (.4); Unrelated to Contract Claims and/or intertwined with non-contract claims (.4) | Intertwined | Overruled | $ 84.80 | $42.40 |
| 178 | Francis, Carrie M | 2/1/2021 | 0.20 | 300.00 | $ 96.00 | Office conference with T.Lauxman regarding deposition, ASU tax records and settlement offer demand. | IC (.2); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 60.00 | $30.00 |

| # | Name | Date | Hours | Rate | Amount | Description | Objection | Category | Ruling | Claimed | Awarded |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 179 | Francis, Carrie M | | 0.50 | 300.00 | $240.00 | Work on settlement conference setting. | vague and ambiguous; Excessive for Demand Letter (23.9 - entries 169, 171, 180, 181, 184, 185, 187, 189, 190, 191, 193, 202); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 150.00 | $75.00 |
| 180 | Lauxman, Timothy | 2/2/2021 2/3/2021 | 0.50 2.80 | 212.00 | $840.00 | Review subpoena to ASU noticed by S.Leonhardt and noted our objections (.4); continue reviewing caselaw regarding our contract claims to find support for our current theories and use in our demand letter (2.4). | Duplicative (2.4 - entry 66); Excessive for Demand Letter (23.9 - entries 169, 171, 180, 181, 184, 185, 187, 189, 190, 191, 193, 202); Unrelated to Contract Claims and/or intertwined with non-contract claims (.4) | Intertwined (.4) | Overruled | $ 593.60 | $551.20 |
| 181 | Francis, Carrie M | 2/4/2021 | 0.20 | 300.00 | $ 96.00 | Work on objections to USHRN subpoena scope. | Duplicative (entry 180); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 60.00 | $30.00 |
| 182 | Francis, Carrie M | 2/5/2021 | 0.50 | 300.00 | $ 240.00 | Revise draft answer to USHRN amended counterclaim. | CC | | Overruled | $ 150.00 | $150.00 |
| 183 | Lauxman, Timothy | 2/7/2021 | 1.00 | 212.00 | $300.00 | Continued drafting demand letter that outlines the strengths of each of Dr. Gonzalez's claims, the weaknesses of USHRN's defenses and counterclaims, and the nonlegal issues USHRN will face publicly litigating this case. | Excessive for Demand Letter (23.9 - entries 169, 171, 180, 181, 184, 185, 187, 189, 190, 191, 193, 202); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 212.00 | $106.00 |
| 184 | Lauxman, Timothy | 2/8/2021 | 4.40 | 212.00 | $ 1,320.00 | Continued drafting demand letter that outlines the strengths of each of claims, the weaknesses of USHRN's defenses and counterclaims, and the non legal issues USHRN will face publicly litigating this case (3.4); phone call with S.Leonhardt discussing our objections to USHRN's subpoena to ASU and negotiating a more limited scope of the subpoena (.3); finalized the answer to the amended counterclaim and worked with staff to file it (.7). | Excessive for Demand Letter (23.9 - entries 169, 171, 180, 181, 184, 185, 187, 189, 190, 191, 193, 202); Unrelated to Contract Claims and/or intertwined with non-contract claims (.4) | Intertwined (3.7) | Overruled | $ 932.80 | $540.60 |
| 185 | Francis, Carrie M | 2/8/2021 | 3.20 | 300.00 | $ 1,536.00 | Edit draft answer to USHRN amended counterclaims (.6); work on deposition prep issues with T. Lauxman (2.6). | IC (2.6); Unrelated to Contract Claims and/or intertwined with non-contract claims (3.7); CC(.7) CC (.6); Vague and ambiguous (2.6); Unrelated to Contract Claims and intertwined with non-contract claims (2.6) | Intertwined (2.6) | Overruled | $ 960.00 | $570.00 |
| 186 | Lauxman, Timothy | 2/9/2021 | 2.10 | 212.00 | $630.00 | Continued drafting demand letter that outlines the strengths of each of claims, the weaknesses of USHRN's defenses and counterclaims, and the non-legal issues USHRN will face publicly litigating this case. | Excessive for Demand Letter (23.9 - entries 169, 171, 180, 181, 184, 185, 187, 189, 190, 191, 193, 202); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 445.20 | $222.60 |
| 187 | Lauxman, Timothy | 2/10/2021 | 0.10 | 212.00 | $ 30.00 | Phone call with counsel for ASU confirming we no longer have objections to USHRN's subpoena (.1). | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 21.20 | $10.60 |
| 188 | Francis, Carrie M | 2/15/2021 | 2.60 | 300.00 | $ 1,248.00 | Work on deposition preparation and document review (1.8); work on demand strategy (.8). | Excessive for Demand Letter (23.9 - entries 169, 171, 180, 181, 184, 185, 187, 189, 190, 191, 193, 202); Block-billing (1.8); vague and ambiguous (2.6); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 780.00 | $390.00 |
| 189 | Francis, Carrie M | 2/17/2021 | 2.60 | 300.00 | $ 1,248.00 | Work on draft demand (1.2); further work on deposition prep issues/exhibits (1.4). | Excessive for Demand Letter (23.9 - entries 169, 171, 180, 181, 184, 185, 187, 189, 190, 191, 193, 202); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 780.00 | $390.00 |
| 190 | Lauxman, Timothy | 2/17/2021 | 2.60 | 212.00 | $ 780.00 | Drafted and revised previously drafted versions of the initial demand letter, including portions supporting Dr. Gonzalez's contract claims, and addressed the weaknesses of USHRN's affirmative defenses to those claims. | Excessive for Demand Letter (23.9 - entries 169, 171, 180, 181, 184, 185, 187, 189, 190, 191, 193, 202); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 551.20 | $275.60 |
| 191 | Francis, Carrie M | 2/18/2021 | 2.80 | 300.00 | $ 1,344.00 | Prep meeting with Dr. Gonzalez for deposition (2.5); work on follow up issues with T.Lauxman (.3). | IC (.3); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 840.00 | $420.00 |
| 192 | Lauxman, Timothy | 2/18/2021 | 1.10 | 212.00 | $ 330.00 | Revised the draft settlement demand for content, formatting, and typos. | Clerical; Excessive for Demand Letter (23.9 - entries 169, 171, 180, 181, 184, 185, 187, 189, 190, 191, 193, 202); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 233.20 | $116.60 |
| 193 | Francis, Carrie M | 2/19/2021 | 8.00 | 300.00 | $ 3,840.00 | Continue to prepare for and defend deposition of Dr. Gonzalez. | Block-billing; Unrelated to Contract Claims and/or intertwined with non-contract claims; vague and ambiguous | Intertwined | Overruled | $ 2400.00 | $1,200.00 |
| 194 | Francis, Carrie M | 3/2/2021 | 0.80 | 300.00 | $ 384.00 | Review USHRN 4th Supplemental Disclosure. | Vague and ambiguous; Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 240.00 | $120.00 |
| 195 | Petersen, Vic | 3/3/2021 | 0.60 | 100.00 | $ 150.00 | Process and load supplemental defendant documents for review in Relativity. | Clerical; Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 60.00 | $30.00 |
| 196 | Lauxman, Timothy | 3/4/2021 | 1.00 | 212.00 | $ 300.00 | Begin summarizing Dr. Gonzalez's deposition testimony to prepare it for use it as evidence on summary judgment. | Excessive for Summary of Deposition Testimony (8.9 - entries 197, 198, 200, 201); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 212.00 | $106.00 |
| 197 | Lauxman, Timothy | 3/9/2021 | 4.10 | 212.00 | $ 1,230.00 | Continued summarizing Dr. Gonzalez's deposition testimony to prepare it for use it as evidence on summary judgment. | Excessive for Summary of Deposition Testimony (8.9 - entries 197, 198, 200, 201); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 869.20 | $434.60 |

| No. | Name | Date | Hours | Rate | Amount | Description | Objection | Category | Ruling | Claimed | Awarded |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 198 | Francis, Carrie M | 3/9/2021 | 0.40 | 300.00 | $192.00 | Telephone conference with Dr. Gonzalez regarding settlement negotiations and Rule 30(b)(6) depositions | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $120.00 | $60.00 |
| 199 | Lauxman, Timothy | 3/10/2021 | 2.00 | 212.00 | $600.00 | Continued summarizing Dr. Gonzalez's deposition testimony to prepare it for use it as evidence on summary judgment. | Excessive for Summary of Deposition Testimony (8.9 - entries 197, 198, 200, 201); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $424.00 | $212.00 |
| 200 | Lauxman, Timothy | 3/11/2021 | 1.80 | 212.00 | $540.00 | Finished summarizing Dr. Gonzalez's deposition testimony to prepare it for use it as evidence on summary judgment. | Excessive for Summary of Deposition Testimony (8.9 - entries 197, 198, 200, 201); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $381.60 | $190.80 |
| 201 | Francis, Carrie M | 3/15/2021 | 1.50 | 300.00 | $720.00 | Revise and finalized demand letter for settlement conference (1.2); correspondence with S.Leonhardt regarding same (.3). | Excessive for Demand Letter (23.1 - entries 169, 171, 180, 181, 184, 185, 187, 190, 191, 193, 202); Unrelated to Contract Claims and/or intertwined with noncontract claims (1.5) | Intertwined | Overruled | $450.00 | $225.00 |
| 202 | Lauxman, Timothy | 3/17/2021 | 2.30 | 212.00 | $690.00 | Begin drafting the settlement conference memorandum, including addressing the initial matters such as those that would be in attendance and settlement negotiations to this point (.5); begin drafting the 'dominant issues' section and our defenses to the Network's counterclaims (1.8). | Duplicative of Demand Letter (1.8); Unrelated to Contract Claims and/or intertwined with non-contract claims(2.3) | Intertwined | Overruled | $487.60 | $243.80 |
| 203 | Francis, Carrie M | 3/17/2021 | 1.90 | 300.00 | $912.00 | Work on 30(b)(6) deposition topic areas for conferral. | Vague and ambiguous; Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $570.00 | $285.00 |
| 204 | Lauxman, Timothy | 3/18/2021 | 4.80 | 212.00 | $1,440.00 | Continued drafting the section in our settlement conference memorandum discussing our defenses to the Network's counterclaims (1.3); began drafting the facts and procedural history sections of the settlement conference memorandum, including reviewing documents to determine which to include as exhibits (2.2); began drafting the section of the settlement conference memorandum discussing the legal arguments in support of our contract claims (1.3). | CC (1.3); Duplicative of Demand Letter (2.6); Unrelated to Contract Claims and/or intertwined with non-contract claims (2.2) | Intertwined | Overruled | $1017.60 | $508.80 |
| 205 | Francis, Carrie M | 3/18/2021 | 1.70 | 300.00 | $816.00 | Work on settlement conference brief. | Vague, ambiguous, and potentially duplicative (entries 203, 205, 207, 208, 209, 210); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $510.00 | $255.00 |
| 206 | Lauxman, Timothy | 3/19/2021 | 6.70 | 212.00 | $2,010.00 | Continued drafting settlement conference memorandum's discussion of the relevant facts, including reviewing documents disclosed by the Network to determine what documents would best inform Judge Bibles about the facts in the case (2.1); continued drafting section addressing our claims, our theories and facts supporting them, and the potential weaknesses of our claim (3.7); drafted the relief section in the settlement conference memorandum (.9). | Duplicative of Demand Letter (3.7); Unrelated to Contract Claims and/or intertwined with non-contract claims (6.7) | Intertwined | Overruled | $1420.40 | $710.20 |
| 207 | Lauxman, Timothy | 3/20/2021 | 1.60 | 212.00 | $480.00 | Revised the settlement memorandum conference for typos, and also reorganized information to enhance clarity and make it more persuasive (.9); began finalizing the exhibits and the citations to ensure the key factual statements in the memorandum are fully supported (.7). | Clerical (1.6); Unrelated to Contract Claims and/or intertwined with non-contract claims (1.6) | Intertwined | Overruled | $339.20 | $169.60 |
| 208 | Lauxman, Timothy | 3/21/2021 | 1.40 | 212.00 | $420.00 | Revised the settlement memorandum conference for typos, and also reorganized information to enhance clarity and make it more persuasive (1.2); finalized the exhibits and the citations to ensure the key factual statements in the memorandum are fully supported (.2). | Duplicative (1.2 - entry 208 (virtually identical entry)); Unrelated to Contract Claims and/or intertwined with non-contract claims (1.4) | Intertwined | Overruled | $296.80 | $148.40 |
| 209 | Lauxman, Timothy | 3/22/2021 | 1.50 | 212.00 | $570.00 | Finalized the exhibits and the citations to ensure the key factual statements in the memorandum are fully supported (1.5); worked with staff to make sure we provided Judge Bibles with our memorandum in compliance with her order (.4). | Duplicative (1.5 - entry 209); Clerical (.4); Unrelated to Contract Claims and/or intertwined with non-contract claims (1.9) | Intertwined | Overruled (1.5; Sustained (.4) | $318.00 | $159.00 |
| 210 | Francis, Carrie M | 3/22/2021 | 1.20 | 300.00 | $576.00 | Finalize Plaintiff's settlement brief (1); correspondence with Dr. Gonzalez regarding settlement conference hearing (.2). | Unrelated to Contract Claims and/or intertwined with non-contract claims (1.2); Vague and ambiguous (1) | Intertwined | Overruled | $360.00 | $180.00 |
| 211 | Lauxman, Timothy | 3/23/2021 | 1.10 | 212.00 | $330.00 | Reviewed USHRN's settlement conference memorandum, and reviewed the caselaw cited in it to support to evaluate the strength of that caselaw. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $233.20 | $116.60 |
| 212 | Francis, Carrie M | 3/23/2021 | 2.50 | 300.00 | $1,200.00 | Telephone conference with Magistrate and all counsel regarding settlement conference procedure (.4); review and analyze USHRN counter offer (.6); draft 30(b)(6) topic areas for conferral with S.Leonhardt (1.5). | Unrelated to Contract Claims and/or intertwined with non-contract claims (2.5); Duplicative (.6 - entry 212) | Intertwined | Overruled | $750.00 | $375.00 |

| Entry | Name | Date | Hours | Rate | Billed | Description | Objection | Ruling | Amount | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 213 | Lauxman, Timothy | 3/24/2021 | 2.30 | 212.00 | $690.00 | Reviewed the list of deposition topics for USHRN's corporate representative (.8); began preparing our second set of requests for production (.8); revised our interrogatory responses and MIDP responses to match the information we have learned throughout the case and Dr. Gonzalez's deposition testimony (.7). | Duplicative (.8 on topics for USHRN deposition - entry 213); Unrelated to Contract Claims and/or intertwined with non-contract claims (2.3) | Intertwined | Overruled | $487.60 | $243.80 |
| 214 | Francis, Carrie M | 3/24/2021 | 1.60 | 300.00 | $864 | Work on updated damage disclosure (.5); amended Non-Uniform Interrogatories responses and second set of document requests (.4); serve 30(b)(6) topic area conferral notice on USHRN counsel (.2); review USHRN settlement memo (.7). | Clerical (.2); Duplicative (.7 - entry 212); Unrelated to Contract Claims and/or intertwined with non-contract claims (1.8); Duplicative (.7 - entries 212, 213) | Intertwined | Overruled (1.6); Sustained (.2) | $480.00 | $240.00 |
| 215 | Lauxman, Timothy | 3/25/2021 | 2.40 | 212.00 | $720.00 | Finished preparing our second set of requests for production (1.7); revised our interrogatory responses and MIDP responses to match the information we have learned throughout the case and Dr. Gonzalez's deposition testimony (.7). | Unrelated to Contract Claims and/or intertwined with non-contract claims (2.4) | Intertwined | Overruled | $508.80 | $254.40 |
| 216 | Lauxman, Timothy | 3/26/2021 | 0.30 | 212.00 | $210.00 | Finalized our second set of requests for production, and supplemental interrogatory and MIDP responses; prepared notices for each of our discovery requests and responses (.3); worked with staff to file the notices and send our discovery requests and responses | Clerical (.4); Unrelated to Contract Claims and/or intertwined with non-contract claims (.7) | Intertwined | Overruled (.3); Sustained (.4) | $63.60 | $31.80 |
| 217 | Francis, Carrie M | 3/26/2021 | 0.70 | 300.00 | $336.00 | Review and finalize second set of written discovery for service. | Unrelated to Contract Claims and/or intertwined with non-contract claims; vague and ambiguous | Intertwined | Overruled | $210.00 | $105.00 |
| 218 | Francis, Carrie M | 3/29/2021 | 1.80 | 300.00 | $864.00 | Continue to prepare for settlement conference (.9); correspondence with Dr. Gonzalez regarding same (.3); review discovery supplement (.6). | Unrelated to Contract Claims and/or intertwined with non-contract claims; vague and ambiguous (1.8) | Intertwined | Overruled | $540.00 | $270.00 |
| 219 | Petersen, Vic | 3/31/2021 | 1.40 | 100.00 | $350.00 | Process and load supplemental Dr. Gonzalez data for review in Relativity (1.1); Prepare and verify supplemental production set from Relativity (.3). | Clerical; Unrelated to Contract Claims and/or intertwined with non-contract claims (1.4) | Intertwined | Overruled | $140.00 | $70.00 |
| 220 | Lauxman, Timothy | 3/31/2021 | 0.20 | 212.00 | $120.00 | Prepared documents for production, and updated our MIDP response (.2); prepared a notice of supplemental MIDP response for filing (.2). | Clerical (.4); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled (.2); Sustained (.2) | $42.40 | $21.20 |
| 221 | Francis, Carrie M | 4/1/2021 | 1.60 | 300.00 | $768.00 | Work on settlement conference preparations. | Vague and ambiguous; Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $480.00 | $240.00 |
| 222 | Lauxman, Timothy | 4/2/2021 | 2.00 | 212.00 | $424.00 | Reviewed each party's settlement conference memoranda (.5); attended the settlement conference with J. Bibles (1); discussed next steps with C.Francis and Dr. Gonzalez (.5). | Duplicative (1 + .5 - entry 224); Unrelated to Contract Claims or intertwined with non-contract claims (2) | Intertwined | Overruled | $424.00 | $212.00 |
| 223 | Francis, Carrie M | 4/2/2021 | 3.00 | 300.00 | $1,440.00 | Continue to prepare for settlement conference with Magistrate (1.5); participate in same with Dr. Gonzalez (1); develop further discovery strategy (.5). | Unrelated to Contract Claims and/or intertwined with non-contract claims (3) | Intertwined | Overruled | $900.00 | $450.00 |
| 224 | Lauxman, Timothy | 4/5/2021 | 3.70 | 212.00 | $1,110.00 | Began outlining the questions for our Rule 30(b)(6) deposition of USHRN's representative, including background questions, and then questions regarding USHRN's decision to hire Dr. Gonzalez, and the terms of the various contracts that Dr. Gonzalez entered while employed at USHRN. | Excessive Prep for Depositions of USHRN 30(b)(6) Witnesses (122.4 - entries 225, 226, 261, 262, 264, 265, 266, 268, 269, 270, 271, 272, 274, 275, 288, 320, 321, 324, 325, 326, 327, 328, 329, 330, 331, 333, 334, 335, 337, 338, 339, 340, 341); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $784.40 | $392.20 |
| 225 | Lauxman, Timothy | 4/6/2021 | 1.00 | 212.00 | $300.00 | Continued drafting the questions for our 30(b)(6) deposition of USHRN's representative regarding terms of Dr. Gonzalez's contracts while employed at USHRN (.6); drafted an email to S.Leonhardt demanding they respond to our 30(b)(6) topics, inform us of the representative(s) for each category, and provide us dates their representative(s) will be available for the deposition (.4). | Excessive Prep for Depositions of USHRN 30(b)(6) Witnesses (122.4 - entries 225, 226, 261, 262, 264, 265, 266, 268, 269, 270, 271, 272, 274, 275, 288, 320, 321, 324, 325, 326, 327, 328, 329, 330, 331, 333, 334, 335, 337, 338, 339, 340, 341); Unrelated to Contract Claims and/or intertwined with non-contract claims (.4) | Intertwined (.4) | Overruled | $212.00 | $169.60 |
| 226 | Francis, Carrie M | 4/6/2021 | 0.40 | 300.00 | $192.00 | Office conference with T.Lauxman regarding 30(b)(6) deposition conferral (.2); correspondence with Defendant's counsel regarding conferral and deposition scheduling (.2). | BC (.2); Clerical (.2); Unrelated to Contract Claims and/or intertwined with non-contract claims (.4) | Intertwined | Overruled | $120.00 | $60.00 |

| # | Name | Date | Hours | Rate | Total | Description | Objection | | Ruling | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 227 | Lauxman, Timothy | 4/10/2021 | 0.50 | 212.00 | $150.00 | Reviewed S.Leonhardt's letter responding to our topics for the 30(b)(6), and took notes on the areas of contention and USHRN's arguments against our topics. | Duplicative (entry 229); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $106.00 | $53.00 |
| 228 | Francis, Carrie M | 4/12/2021 | 1.00 | 300.00 | $480.00 | Analyze Plaintiff's objections to 30(b)(6) topic area designations (.6); outline issues for response conferral to same with T.Lauxman (.4). | (I believe this should say "Analyze Defendant's objections"); IC (.4); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $300.00 | $150.00 |
| 229 | Lauxman, Timothy | 4/14/2021 | 0.30 | 212.00 | $90.00 | Began preparing a response to S.Leonhardt's objections to our suggested Rule 30(b)(6) deposition testimony categories. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $63.60 | $31.80 |
| 230 | Lauxman, Timothy | 4/18/2021 | 2.40 | 212.00 | $720.00 | Continued drafting responses to S.Leonhardt's letter regarding our Rule 30(b)(6) deposition categories, including presenting arguments on how each of the specified categories would relate to the issues in the case to rebut their arguments that the information in those categories are | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $508.80 | $254.40 |
| 231 | Lauxman, Timothy | 4/19/2021 | 2.30 | 212.00 | $690.00 | Continued drafting responses to S.Leonhardt's letter, including reviewing documents that provide support for our relevance arguments. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $487.60 | $243.80 |
| 232 | Lauxman, Timothy | 4/20/2021 | 0.90 | 212.00 | $270.00 | Finalized our letter responding to S.Leonhardt's objections to the 30(b)(6) categories (.3); drafted the notice of 30(b)(6) deposition (.6). | Clerical (.6); Unrelated to Contract Claims and/or intertwined with non-contract claims (.9) | Intertwined | Overruled | $190.80 | $95.40 |
| 233 | Francis, Carrie M | 4/20/2021 | 0.30 | 300.00 | $144.00 | Office conference with T.Lauxman regarding response to 30(b)(6) objections. | IC (.3); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $90.00 | $45.00 |
| 234 | Lauxman, Timothy | 4/21/2021 | 0.90 | 212.00 | $360.00 | Finalized the notice of 30(b)(6) deposition (.5); worked with staff to file the notice (.3); drafted an email to S.Leonhardt regarding the notice and response letter, as well as accepting the proposed deposition dates for the persons that USHRN made available to respond to the 30(b)(6) categories (.4). | Clerical (.5 + .3); Unrelated to Contract Claims and/or intertwined with non-contract claims (1.2) | Intertwined | Overruled (.9; Sustained (.3) | $190.80 | $95.40 |
| 235 | Francis, Carrie M | 4/22/2021 | 0.80 | 300.00 | $384.00 | Review USHRN financial history documents (.5); analyze discovery dispute issues (.3). | Unrelated to Contract Claims and/or intertwined with non-contract claims (.8); vague and ambiguous (.8) | Intertwined | Overruled | $240.00 | $120.00 |
| 236 | Francis, Carrie M | 4/26/2021 | 2.00 | 300.00 | $960.00 | Analyze USHRN 30(b)(6) discovery position (.2); office conference with T.Lauxman regarding response to same (.4); prepare in preparation for telephone conferral (.4); work on 30(b)(6) deposition prep issues | IC (.4); Unrelated to Contract Claims and/or intertwined with non-contract claims (2); vague and ambiguous (1.4) | Intertwined | Overruled | $600.00 | $300.00 |
| 237 | Lauxman, Timothy | 4/26/2021 | 0.30 | 212.00 | $90.00 | Reviewed USHRN's discovery responses to our second set of interrogatories. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $63.60 | $31.80 |
| 238 | Francis, Carrie M | 4/27/2021 | 2.50 | 300.00 | $1,200.00 | Further work on 30(b)(6) conferral (.2); preparations for 30(b)(6) depositions (2.3). | Unrelated to Contract Claims and/or intertwined with non-contract claims (2.5); vague and ambiguous (2.3) | Intertwined | Overruled | $750.00 | $375.00 |
| 239 | Lauxman, Timothy | 4/27/2021 | 1.90 | 212.00 | $570.00 | Drafted letter pointing out the deficiencies in USHRN's responses to our second set of discovery requests, focusing on the relevance of each category and the evidence that supports our further inquiry into those categories. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $402.80 | $201.40 |
| 240 | Francis, Carrie M | 4/28/2021 | 1.90 | 300.00 | $912.00 | Prepare for conferral on 30(b)(6) issues and USHRN Requests for Production responses (1.4); conferral on same (.5). | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $570.00 | $285.00 |

| # | Timekeeper | Date | Hours | Rate | Amount | Description | Objection | Intertwined | Ruling | Claimed | Awarded |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 241 | Lauxman, Timothy | 4/28/2021 | 1.00 | 212.00 | $300.00 | Finalized letter discussing the deficiencies of USHRN's responses to our second set of discovery requests (.6); participated in a meet-and-confer call discussing the potential to redispose USHRN's appointed representatives, the 30(b)(6) subjects including which areas we agreed upon, which we will revise, and which we will take to the judge, as well as the deficiencies in USHRN's discovery responses, in line with our letter on the same subject (.4) | Unrelated to Contract Claims and/or intertwined with non-contract claims (1); duplicative (.4 - entry 241) | Intertwined | Overruled | $ 212.00 | $106.00 |
| 242 | Lauxman, Timothy | 5/7/2021 | 0.80 | 212.00 | $240.00 | Reviewed our 30(b)(6) notice and made changes based S.Leonhardt's objections. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 169.60 | $84.80 |
| 243 | Francis, Carrie M | 5/7/2021 | 0.80 | 300.00 | $ 384.00 | Work on new 30(b)(6) notice draft topic areas. | Duplicative (entry 243); Unrelated to Contract Claims and/or intertwined with non-contract claims; vague and ambiguous | Intertwined | Overruled | $ 240.00 | $120.00 |
| 244 | Lauxman, Timothy | 5/10/2021 | 1.60 | 212.00 | $ 480.00 | Prepared letter specifying how we would limit our requests for production based on our April 28 meet-and-confer with S.Leonhardt. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 339.20 | $169.60 |
| 245 | Francis, Carrie M | 5/10/2021 | 1.30 | 300.00 | $864.00 | Work on discovery dispute issues (.5); revise 30(b)(6) draft notice with topic areas (1.3). | Unrelated to Contract Claims and/or intertwined with non-contract claims (1.8); vague and ambiguous (1.8) | Intertwined | Overruled (1.3); Sustained (.3) | $ 390.00 | $195.00 |
| 246 | Lauxman, Timothy | 5/11/2021 | 2.10 | 212.00 | $ 630.00 | Reviewed USHRN's response to our requests for production, including the documents and the new objections to our requests for production. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 445.20 | $222.60 |
| 247 | Francis, Carrie M | 5/11/2021 | 1.50 | 300.00 | $ 720.00 | Analyze USHRN Requests for Production supplement (1.1); office conference with T.Lauxman regarding related discovery motion (.4). | IC (.4); duplicative (1.1 - entry 247); Unrelated to Contract Claims and/or intertwined with non-contract claims (1.5) | Intertwined | Overruled | $ 450.00 | $225.00 |
| 248 | Lauxman, Timothy | 5/12/2021 | 0.60 | 212.00 | $ 180.00 | Drafted email to S.Leonhardt regarding its supplemental responses to our requests for production, including raising concerns about the responses provided and requesting a meet and confer to discuss those concerns. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 127.20 | $63.60 |
| 249 | Francis, Carrie M | 5/12/2021 | 0.60 | 300.00 | $ 384.00 | Further work on discovery dispute motions with T.Lauxman (.3); work on deposition scheduling issues (.2); work on Dr. Gonzalez's disclosure supplement (.3). | IC (.3 - discovery dispute motions); Clerical (.2); vague and ambiguous (.8); Unrelated to Contract Claims and/or intertwined with non-contract claims (.8) | Intertwined | Overruled (.6); Sustained (.2) | $ 180.00 | $90.00 |
| 250 | Lauxman, Timothy | 5/13/2021 | 4.20 | 212.00 | $ 1,350.00 | Phone call with Dr. Gonzalez discussing discovery responses and productions by both parties (.7); revised our responses based on my conversation with Dr. Gonzalez (1); reviewed documents provided by Dr. Gonzalez (1.7); correspondence with C. Francis and S.Leonhardt discussing the difference between that document and the documents provided by USHRN (.8); worked with staff to prepare the documents provided for disclosure to USHRN (.3). | IC (.8); Clerical (.3); Unrelated to Contract Claims and/or intertwined with non-contract claims (4.5) | Intertwined | Overruled (4.2); Sustained (.3) | $ 890.40 | $445.20 |
| 251 | Petersen, Vic | 5/13/2021 | 0.50 | 100.00 | $ 125.00 | Process and load Dr. Gonzalez data for review in Relativity. | Clerical; Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 50.00 | $25.00 |
| 252 | Francis, Carrie M | 5/13/2021 | 0.60 | 300.00 | $ 288.00 | Work on USHRN discovery dispute and partial budget production issues. | Unrelated to Contract Claims and/or intertwined with non-contract claims; vague and ambiguous | Intertwined | Overruled | $ 180.00 | $90.00 |
| 253 | Petersen, Vic | 5/14/2021 | 1.60 | 100.00 | $ 400.00 | Process and load Dr. Gonzalez data into Relativity for review (1.2); Prepare and supplemental production set from Relativity (.4). | Clerical (1.6); Unrelated to Contract Claims and/or intertwined with non-contract claims (1.6) | Intertwined | Overruled | $ 160.00 | $80.00 |
| 254 | Lauxman, Timothy | 5/14/2021 | 4.10 | 212.00 | $ 1,230.00 | Meet-and-confer call with S.Leonhardt discussing supplemental responses to our requests for production, including the scope of the documents we're seeking in response to our requests for USHRN's funding, budgets and expenses and the level of detail reflected in those documents, as well as our concerns about USHRN's compliance with its obligations to engage in a reasonable inquiry when preparing its responses and its objection to searching Dr. Gonzalez's emails (.7); finishing preparing documents for disclosure, including the additional documents provided by Dr. Gonzalez (.7); prepared our response to USHRN's requests for production (2.2); revised our interrogatory responses to USHRN based on the bates labeling for our production (.5). | Clerical (.7 - preparing docs for disclosure); Clerical (.5); Unrelated to Contract Claims and/or intertwined with non-contract claims (4.1) | Intertwined | Overruled | $ 869.20 | $434.60 |
| 255 | Francis, Carrie M | 5/14/2021 | 0.30 | 300.00 | $ 288.00 | Revise Non-Uniform Interrogatories responses and supplemental disclosure (.3); work on discovery issues with T.Lauxman (.3). | IC (.3); Unrelated to Contract Claims and/or intertwined with non-contract claims (.6); vague and ambiguous | Intertwined | Overruled (.3); Sustained (.3) | $ 90.00 | $45.00 |
| 256 | Lauxman, Timothy | 5/15/2021 | 2.20 | 212.00 | $ 660.00 | Reviewed the joint notice of discovery dispute provided by S.Leonhardt regarding our Rule 30(b)(6) topics (.3); began preparing our part of that notice by responding on a topic-by-topic notice (1.5); began outlining our portion of a joint notice of discovery dispute on the requests for production and USHRN's reasonable inquiry (.4). | Unrelated to Contract Claims and/or intertwined with non-contract claims (2.2) | Intertwined | Overruled | $ 466.40 | $233.20 |

| # | Name | Date | Hours | (red) | Amount | Description | Objection | Col1 | Ruling | Requested | Awarded |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 257 | Lauxman, Timothy | 5/16/2021 | 1.90 | 212.00 | $ 570.00 | Drafted our portion of a joint notice of discovery dispute on the requests for production and USHRN's reasonable inquiry, including framing the limited issue involved in the requests for production related to USHRN's funding, budgets, and expenses, and drafted the section that discussed our request regarding USHRN's communications and its reasonable inquiry when responding to all discovery requests. | Unrelated to Contract Claims and/or intertwined with non-contract claims (1.9) | Intertwined | Overruled | $ 402.80 | $201.40 |
| 258 | Lauxman, Timothy | 5/17/2021 | 1.20 | 212.00 | $ 360.00 | Finalized our potions of both joint notices of discovery dispute, including reviewing them for grammatical errors and typos, and sent them to S.Leonhardt requesting they promptly finalize their portion to we could file the both notices immediately. | Unrelated to Contract Claims and/or intertwined with non-contract claims (1.2) | Intertwined | Overruled | $ 254.40 | $127.20 |
| 259 | Francis, Carrie M | 5/17/2021 | 0.50 | 300.00 | $ 240.00 | Work on discovery dispute filings with T.Lauxman. | Duplicative (entries 257, 258, 259); IC (.5); Unrelated to Contract Claims and/or intertwined with non-contract claims; vague and ambiguous | Intertwined | Overruled | $ 150.00 | $75.00 |
| 260 | Francis, Carrie M | 5/18/2021 | 7.00 | 300.00 | $3,360.00 | Work on 30(b)(6) deposition issues (1.4); draft deposition questions for USHRN witnesses with potential exhibits (5.6). | Excessive Prep for Depositions of USHRN 30(b)(6) Witnesses (122.4 - entries 225, 226, 261, 262, 264, 265, 266, 268, 269, 270, 271, 272, 274, 275, 288, 320, 321, 324, 325, 326, 327, 328, 329, 330, 331, 333, 334, 335, 337, 338, 339, 340, 341); Unrelated to Contract Claims and/or intertwined with non-contract claims (7) | Intertwined | Overruled | $ 2100.00 | $1,050.00 |
| 261 | Lauxman, Timothy | 5/19/2021 | 1.80 | 212.00 | $ 540.00 | Email with S.Leonhardt regarding the current status of the joint notices and the documents USHRN was producing as agreed upon during our meet-and-confer the previous Friday (.3); began reviewing and gathering documents that to use as deposition exhibits or to prepare for depositions (1.5). | Excessive Prep for Depositions of USHRN 30(b)(6) Witnesses (122.4 - entries 225, 226, 261, 262, 264, 265, 266, 268, 269, 270, 271, 272, 274, 275, 288, 320, 321, 324, 325, 326, 327, 328, 329, 330, 331, 333, 334, 335, 337, 338, 339, 340, 341); Unrelated to Contract Claims and/or intertwined with non-contract claims (1.8) | Intertwined | Overruled | $ 381.60 | $190.80 |
| 262 | Francis, Carrie M | 5/19/2021 | 0.20 | 300.00 | $ 240.00 | Correspondence with USHRN counsel regarding 30(b)(6) issues/disputes (.2); work on budget production issues (.3). | Clerical (.3); Unrelated to Contract Claims and/or intertwined with non-contract claims (.5); vague and ambiguous (.5) | Intertwined | Overruled (.2); Sustained (.3) | $ 60.00 | $30.00 |
| 263 | Lauxman, Timothy | 5/20/2021 | 5.70 | 212.00 | $ 1,710.00 | Continued reviewing and gathering documents that to use as deposition exhibits or to prepare for depositions (1.4); continued outlining deposition questions for each Rule 30(b)(6) deponent, based on the topics assigned to that deponent, the timing of the deposition compared to the other deponents, and the exhibits that best suit the topic and deponent (4.1); emailed S.Leonhardt regarding unassigned topics (.2). | Excessive Prep for Depositions of USHRN 30(b)(6) Witnesses (122.4 - entries 225, 226, 261, 262, 264, 265, 266, 268, 269, 270, 271, 272, 274, 275, 288, 320, 321, 324, 325, 326, 327, 328, 329, 330, 331, 333, 334, 335, 337, 338, 339, 340, 341); Unrelated to Contract Claims and/or intertwined with non-contract claims (5.7) | Intertwined | Overruled | $ 1208.40 | $604.20 |
| 264 | Francis, Carrie M | 5/20/2021 | 1.50 | 300.00 | $ 720.00 | Further work on 30(b)(6) issues/preparations. | Excessive Prep for Depositions of USHRN 30(b)(6) Witnesses (122.4 - entries 225, 226, 261, 262, 264, 265, 266, 268, 269, 270, 271, 272, 274, 275, 288, 320, 321, 324, 325, 326, 327, 328, 329, 330, 331, 333, 334, 335, 337, 338, 339, 340, 341); Unrelated to Contract Claims and/or intertwined with non-contract claims; vague and ambiguous | Intertwined | Overruled | $ 450.00 | $225.00 |
| 265 | Lauxman, Timothy | 5/21/2021 | 4.40 | 212.00 | $ 1,320.00 | Continued reviewing and gathering documents that to use as deposition exhibits or to prepare for depositions (2.6); continued outlining deposition questions for each Rule 30(b)(6) deponent, based on the topics assigned to that deponent, the timing of the deposition compared to the other deponents, and the exhibits that best suit the topic and deponent (1.2); reviewed S.Leonhardt's completed portion of the joint notice and worked with staff and S.Leonhardt to file the joint notices (.6). | Clerical (.6); Excessive Prep for Depositions of USHRN 30(b)(6) Witnesses (122.4 - entries 225, 226, 261, 262, 264, 265, 266, 268, 269, 270, 271, 272, 274, 275, 288, 320, 321, 324, 325, 326, 327, 328, 329, 330, 331, 333, 334, 335, 337, 338, 339, 340, 341); Unrelated to Contract Claims and/or intertwined with non-contract claims (4.4) | Intertwined | Overruled | $ 932.80 | $466.40 |
| 266 | Francis, Carrie M | 5/21/2021 | 0.80 | 300.00 | $ 384.00 | Correspondence with Dr. Gonzalez regarding deposition prep (.2); work on dispute notice filing with T.Lauxman (.6). | IC (.6); Unrelated to Contract Claims and/or intertwined with non-contract claims (.8); vague and ambiguous (.6) | Intertwined | Overruled | $ 240.00 | $120.00 |
| 267 | Lauxman, Timothy | 5/25/2021 | 1.00 | 212.00 | $ 300.00 | Continued drafting the Rule 30(b)(6) deposition outline, focusing on Ms. Johnson-Blanco's deposition and her topics. | Excessive Prep for Depositions of USHRN 30(b)(6) Witnesses (122.4 - entries 225, 226, 261, 262, 264, 265, 266, 268, 269, 270, 271, 272, 274, 275, 288, 320, 321, 324, 325, 326, 327, 328, 329, 330, 331, 333, 334, 335, 337, 338, 339, 340, 341); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 212.00 | $106.00 |

| # | Name | Date | Hours | Rate | Amount | Description | Objection | Intertwined | Ruling | Claimed | Awarded |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 268 | | | | 212.00 | | Continued drafting Rule 30(b)(6) outline, including reviewing documents for use as exhibits, organizing topics and drafting questions (2.1); emails with Dr. Gonzalez and S.Leonhardt regarding schedule of depositions (.2); email with S.Leonhardt regarding 2019 Form 990 and Financial Reports (.5). | Clerical (.2); Excessive Prep for Depositions of USHRN 30(b)(6) Witnesses (122.4 - entries 225, 226, 261, 262, 264, 265, 266, 268, 269, 270, 271, 272, 274, 275, 288, 320, 321, 324, 325, 326, 327, 328, 329, 330, 331, 333, 334, 335, 337, 338, 339, 340, 341); Unrelated to Contract Claims and/or intertwined with non-contract claims (2.8) | Intertwined | Sustained (.2); Overruled (2.6) | $ 551.20 | $275.60 |
| | Lauxman, Timothy | 5/26/2021 | 2.60 | | $ 840.00 | | | | | | |
| 269 | | | | 300.00 | | Work on USHRN deposition prep issues. | Excessive Prep for Depositions of USHRN 30(b)(6) Witnesses (122.4 - entries 225, 226, 261, 262, 264, 265, 266, 268, 269, 270, 271, 272, 274, 275, 288, 320, 321, 324, 325, 326, 327, 328, 329, 330, 331, 333, 334, 335, 337, 338, 339, 340, 341); Unrelated to Contract Claims and/or intertwined with non-contract claims; vague and ambiguous | Intertwined | Overruled | $ 150.00 | $75.00 |
| | Francis, Carrie M | 5/26/2021 | 0.50 | | $ 240.00 | | | | | | |
| 270 | | | | 212.00 | | Phone call with S.Leonhardt regarding the Financial Reports, including how they are structured and how they relate to the budgets and profit-and-loss statements (.4); continued drafting the Rule 30(b)(6) deposition outline, focusing on Ms. Croomis-Robinson, including organizing the topics based on their relationship, ordering the structure of the deposition topics, sub-topics and questions, and drafting questions, including those questions related to the exhibits (3.2). | Excessive Prep for Depositions of USHRN 30(b)(6) Witnesses (122.4 - entries 225, 226, 261, 262, 264, 265, 266, 268, 269, 270, 271, 272, 274, 275, 288, 320, 321, 324, 325, 326, 327, 328, 329, 330, 331, 333, 334, 335, 337, 338, 339, 340, 341); Unrelated to Contract Claims and/or intertwined with non-contract claims (3.6) | Intertwined | Overruled | $ 763.20 | $381.60 |
| | Lauxman, Timothy | 5/27/2021 | 3.60 | | $ 1,080.00 | | | | | | |
| 271 | | | | 212.00 | | Email to C. Francis explaining the situation with budgets and Financial Reports (.3; continued drafting Rule 30(b)(6) outline, including reviewing documents for use as exhibits, organizing topics and drafting questions (2.7). | IC (.3); Excessive Prep for Depositions of USHRN 30(b)(6) Witnesses (122.4 - entries 225, 226, 261, 262, 264, 265, 266, 268, 269, 270, 271, 272, 274, 275, 288, 320, 321, 324, 325, 326, 327, 328, 329, 330, 331, 333, 334, 335, 337, 338, 339, 340, 341); Unrelated to Contract Claims and/or intertwined with non-contract claims (3) | Intertwined | Overruled | $ 636.00 | $318.00 |
| | Lauxman, Timothy | 5/28/2021 | 3.00 | | $ 900.00 | | | | | | |
| 272 | Francis, Carrie M | 5/28/2021 | 1.30 | 300.00 | $ 624.00 | Work on discovery dispute hearing issues with T.Lauxman. | IC; Unrelated to Contract Claims and/or intertwined with non-contract claims; vague and ambiguous | Intertwined | Overruled | $ 390.00 | $195.00 |
| 273 | | | | 212.00 | | Continued drafting the Rule 30(b)(6) deposition outline, focusing on Dr. Vickie Casanova- Willis, including organizing the topics based on their relationship, ordering the structure of the deposition topics, sub-topics and questions, and drafting questions, including those questions related to the exhibits. | Excessive Prep for Depositions of USHRN 30(b)(6) Witnesses (122.4 - entries 225, 226, 261, 262, 264, 265, 266, 268, 269, 270, 271, 272, 274, 275, 288, 320, 321, 324, 325, 326, 327, 328, 329, 330, 331, 333, 334, 335, 337, 338, 339, 340, 341); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 593.60 | $296.80 |
| | Lauxman, Timothy | 5/29/2021 | 2.80 | | $ 840.00 | | | | | | |
| 274 | | | | 212.00 | | Email to S.Leonhardt following up on call from last week on outstanding document requests (.2); continued to prepare outlines for Rule 30(b)(6) depositions (1.9); began reviewing discovery disputes (.3). | Excessive Prep for Depositions of USHRN 30(b)(6) Witnesses (122.4 - entries 225, 226, 261, 262, 264, 265, 266, 268, 269, 270, 271, 272, 274, 275, 288, 320, 321, 324, 325, 326, 327, 328, 329, 330, 331, 333, 334, 335, 337, 338, 339, 340, 341); Unrelated to Contract Claims and/or intertwined with non-contract claims (2.4) | Intertwined | Overruled | $ 508.80 | $254.40 |
| | Lauxman, Timothy | 6/1/2021 | 2.40 | | $ 720.00 | | | | | | |
| 275 | Francis, Carrie M | 6/1/2021 | 0.60 | 300.00 | $ 288.00 | Work on discovery issues with T.Lauxman | IC (.6); Unrelated to Contract Claims and/or intertwined with non-contract claims; vague and ambiguous | Intertwined | Sustained | $ 0.00 | $0 |
| 276 | | | | 212.00 | | Reviewed discovery dispute and prepared notes for oral argument on discovery disputes (1.2); phone call with C. Francis discussing the strategy for the oral argument (.3); participated in the oral argument (1); phone call with C. Francis discussing the outcome of the oral argument and discuss our strategy going forward (.3); began preparing an email and list of proposed search terms (1.4); | IC (.3); Unrelated to Contract Claims and/or intertwined with non-contract claims (4.4) | Intertwined | Overruled | $ 932.80 | $466.40 |
| | Lauxman, Timothy | 6/2/2021 | 4.40 | | $ 1,320.00 | | | | | | |
| 277 | | | | 100.00 | | Prepare supplemental plaintiff production set for review in Relativity (.3); Process and load Dr. Gonzalez data into Relativity for review (.9). | Clerical (1.2); Unrelated to Contract Claims and/or intertwined with non-contract claims (1.2) | | Overruled | $ 120.00 | $60.00 |
| | Petersen, Vic | 6/2/2021 | 1.20 | | $ 300.00 | | | | | | |
| 278 | Francis, Carrie M | 6/2/2021 | 0.60 | 300.00 | $ 288.00 | Office conference with T.Lauxman regarding discovery dispute hearing rulings and analyze same. | IC (.6); Unrelated to Contract Claims and/or intertwined with non-contract claims; vague and ambiguous | Intertwined | Overruled | $ 180.00 | $90.00 |
| 279 | | | | 212.00 | | Email to S.Leonhardt regarding proceeding with the depositions, proposing agreeing to search terms for Dr. Gonzalez's and USHRN's board members' email account, and discussing stipulation to extend discovery | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 127.20 | $63.60 |
| | Lauxman, Timothy | 6/3/2021 | 0.60 | | $ 180.00 | | | | | | |
| 280 | Francis, Carrie M | 6/3/2021 | 0.40 | 300.00 | $ 192.00 | Work on discovery dispute hearing follow up with S.Leonhardt. | Unrelated to Contract Claims and/or intertwined with non-contract claims; vague and ambiguous | Intertwined | Overruled | $ 120.00 | $60.00 |
| 281 | | | | 212.00 | | Responded to S.Leonhardt's email responding to our proposed approach to discovery going forward. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 84.80 | $42.40 |
| | Lauxman, Timothy | 6/4/2021 | 0.40 | | $ 120.00 | | | | | | |
| 282 | Petersen, Vic | 6/4/2021 | 1.10 | 100.00 | $ 275.00 | Prepare Gonzalez production set from Relativity. | Clerical; Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 110.00 | $55.00 |
| 283 | Francis, Carrie M | 6/4/2021 | 0.30 | 300.00 | $ 144.00 | Revise correspondence related to discovery issues. | Unrelated to Contract Claims and/or intertwined with non-contract claims; vague and ambiguous | Intertwined | Overruled | $ 90.00 | $45.00 |

| # | Timekeeper | Date | Hours | Rate | Amount | Description | Objection | Category | Ruling | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 284 | Lauxman, Timothy | 6/7/2021 | 0.30 | 212.00 | $ 180.00 | Worked with staff to send a supplemental MIDP response and file a notice regarding the same (.3); reviewed and responded to S.Leonhardt's emails regarding outstanding discovery issues and our most recent MIDP response (.3). | Clerical (.3 - filing notice of MIDP response); Unrelated to Contract Claims and/or intertwined with non-contract claims (.6) | Intertwined | Overruled (.3); Sustained (.3) | $ 63.60 | $31.80 |
| 285 | Francis, Carrie M | 6/7/2021 | 0.40 | 300.00 | $ 192.00 | Office conference with T.Lauxman regarding discovery disputes. | IC (.4); Unrelated to Contract Claims or intertwined with non-contract claims; vague and ambiguous | Intertwined | Overruled | $ 120.00 | $60.00 |
| 286 | Lauxman, Timothy | 6/8/2021 | 0.70 | 212.00 | $ 330.00 | Responded to S.Leonhardt's email (.2); reviewed email and attachment from Dr. Gonzalez regarding Roberto Borrero (.5); began the process of requesting the transcript from the June 2 hearing in order to respond to S.Leonhardt (.4). | Unrelated to Contract Claims and/or intertwined with non-contract claims (1.1); Clerical (.4) | Intertwined | Sustained (.4); Overruled (.7) | $ 148.40 | $74.20 |
| 287 | Francis, Carrie M | 6/8/2021 | 3.00 | 300.00 | $1,440.00 | Work on 30(b)(6) deposition issues (2.4); work on discovery disputes with T.Lauxman (.6). | IC (.6); Excessive Prep for Depositions of USHRN 30(b)(6) Witnesses (122.4 - entries 225, 226, 261, 262, 264, 265, 266, 268, 269, 270, 271, 272, 274, 275, 288, 320, 321, 324, 325, 326, 327, 328, 329, 330, 331, 333, 334, 335, 337, 338, 339, 340, 341); Unrelated to Contract Claims and/or intertwined with non-contract claims (3); vague and ambiguous | Intertwined | Overruled | $ 900.00 | $450.00 |
| 288 | Lauxman, Timothy | 6/10/2021 | 0.20 | 212.00 | $60.00 | Prepared supplement to MIDP based on deadline for the close of fact discovery. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 42.40 | $21.20 |
| 289 | Lauxman, Timothy | 6/11/2021 | 0.30 | 212.00 | $ 90.00 | Worked with staff to file the MIDP. | Clerical; Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Sustained | $ 0.00 | $0 |
| 290 | Francis, Carrie M | 6/11/2021 | 0.30 | 300.00 | $ 144.00 | Work on final supplement disclosure. | vague and ambiguous; Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 90.00 | $45.00 |
| 291 | Lauxman, Timothy | 6/14/2021 | 5.00 | 212.00 | $ 1,500.00 | Reviewed USHRN's 6th supplemental MIDP response, including the documents produced and the additional arguments raised in the supplement (1); reviewed Arizona law regarding the statute of limitations applicable to actions based on employment contracts, as well as bases for tolling the statement of limitations (3.6); email to C. Francis discussing the new arguments presented in the MIDP and documents disclosed and not disclosed (.4). | Duplicative (3.6 - entries 171, 181); IC (.4); Unrelated to Contract Claims and/or intertwined with non-contract claims (1.4) | Intertwined | Overruled | $ 1060.00 | $530.00 |
| 292 | Francis, Carrie M | 6/14/2021 | 0.40 | 300.00 | $ 192.00 | Work on efforts to compel production of BOD recordings. | Unrelated to Contract Claims and/or intertwined with non-contract claims; vague and ambiguous | Intertwined | Overruled | $ 120.00 | $60.00 |
| 293 | Lauxman, Timothy | 6/15/2021 | 0.10 | 212.00 | $ 30.00 | Email to S.Leonhardt demanding USHRN disclose the financial documents USHRN had failed to... | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 21.20 | $10.60 |
| 294 | Francis, Carrie M | 6/15/2021 | 0.50 | 300.00 | $ 240.00 | Work on supplemental disclosures regarding statute of limitation defenses. | | | No Objection Raised | $ 150.00 | $150.00 |
| 295 | Lauxman, Timothy | 6/16/2021 | 4.50 | 212.00 | $ 1,350.00 | Phone call with C. Francis discussing our response to the new arguments in USHRN's most recent MIDP response (.4); researched continuing breaches of a contract and the effect the statute of limitations and when a plaintiff may file a claim (1.8); prepared a revised MIDP response to address USHRN's new arguments (1.3); phone call with IT staff to discuss the mechanism for transferring Dr. Gonzalez's email account (.2); reviewed the transcript of the June 2 hearing to determine the precise bases for the court denying without prejudice our motion to compel the production of Dr. Gonzalez's emails (.5); emailed Dr. Gonzalez regarding her email account (.2). | IC (.4); Duplicative (1.8 - entries 171, 181); Clerical (.2 call with IT staff); Unrelated to Contract Claims and/or intertwined with non-contract claims (2.7) | Intertwined | Overruled | $ 954.00 | $477.00 |
| 296 | Francis, Carrie M | 6/16/2021 | 0.30 | 300.00 | $ 144.00 | Finalize Sixth Supplemental Disclosure with T.Lauxman. | IC (.3); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 90.00 | $45.00 |
| 297 | Petersen, Vic | 6/16/2021 | 1.80 | 100.00 | $ 450.00 | Prepare USHRN document for review in Relativity (.4); Prepare Dr. Gonzalez documents for review in Relativity (1.1); prepare and verify production set from Relativity (.3). | Clerical (1.8); Unrelated to Contract Claims and/or intertwined with non-contract claims (1.8) | Intertwined | Overruled | $ 180.00 | $90.00 |
| 298 | Lauxman, Timothy | 6/17/2021 | 1.70 | 212.00 | $630.00 | Drafted and sent letter to S.Leonhardt regarding the outstanding discovery issues, including Dr. Gonzalez's emails, the emails and phone records of USHRN's board members, and the recordings of USHRN's board meetings; reviewed the documents disclosed in USHRN's 7th supplemental MIDP response (1.7); worked with staff to file our 6th supplemental MIDP response addressing USHRN's statute of limitations arguments (.4). | Clerical (.4); Unrelated to Contract Claims and/or intertwined with non-contract claims (2.1) | Intertwined | Overruled (1.7); Sustained (.4) | $ 360.40 | $180.20 |
| 299 | Francis, Carrie M | 6/17/2021 | 1.40 | 300.00 | $ 672.00 | Work on email discovery dispute (.5); revise draft dispute conferral letter (.6); work on 7th Supplemental Disclosure (.3). | Unrelated to Contract Claims and/or intertwined with non-contract claims (1.4); vague and ambiguous (.5 + .3) | Intertwined | Overruled | $ 420.00 | $210.00 |

| # | Name | Date | Hours | Rate | Amount | Description | Objection | | Ruling | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 300 | Lauxman, Timothy | 6/18/2021 | 1.30 | 212.00 | $ 390.00 | Phone call with S.Leonhardt regarding our letter discussing the outstanding discovery issues and the parties' joint stipulation to extend the dispositive motion, deposition, and subpoena deadlines (.6); email to Dr. Gonzalez regarding our production and her review of her records (.7). | Duplicative (.6 - entry 302); Unrelated to Contract Claims and/or intertwined with non-contract claims (1.3) | Intertwined | Overruled | $ 275.60 | $137.80 |
| 301 | Francis, Carrie M | 6/18/2021 | 1.00 | 300.00 | $ 480.00 | Prepare for discovery dispute call with S.Leonhardt (.4); call on same (.6). | Duplicative (.6 - entry 301); Unrelated to Contract Claims and/or intertwined with non-contract claims (1) | Intertwined | Overruled | $ 300.00 | $150.00 |
| 302 | Lauxman, Timothy | 6/21/2021 | 0.20 | 212.00 | $ 60.00 | Reviewed Dr. Gonzalez's email regarding her review of her records. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 42.40 | $21.20 |
| 303 | Francis, Carrie M | 6/21/2021 | 0.20 | 300.00 | $ 96.00 | Work on draft discovery deadline stipulation. | Clerical; Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 60.00 | $30.00 |
| 304 | Lauxman, Timothy | 6/22/2021 | 0.40 | 212.00 | $ 120.00 | Emailed Dr. Gonzalez regarding access to her USHRN email account. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 84.80 | $42.40 |
| 305 | Lauxman, Timothy | 6/23/2021 | 0.10 | 212.00 | $ 30.00 | Emails with staff regarding the thumb drive provided by S.Leonhardt and the process of uploading those documents. | Clerical; Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Sustained | $ 0.00 | $0 |
| 306 | Lauxman, Timothy | 6/25/2021 | 0.10 | 212.00 | $ 30.00 | Emails with staff regarding the format and searches of Dr. Gonzalez's email account. | Clerical; Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 21.20 | $10.60 |
| 307 | Petersen, Vic | 6/25/2021 | 0.80 | 100.00 | $ 200.00 | Prepare initial Gonzales production set for secure file transfer (.3); Download and stage native emails from USHRN (.5). | Clerical (.8); Unrelated to Contract Claims and/or intertwined with non-contract claims (.8) | Intertwined | Overruled | $ 80.00 | $40.00 |
| 308 | Lauxman, Timothy | 6/27/2021 | 1.90 | 212.00 | $570.00 | Reviewed USHRN's financial documents for their content, including the information contained within each document and the relevant information provided in each (1.5); created spreadsheet to log the information from USHRN's financial documents (.4). | Unrelated to Contract Claims and/or intertwined with non-contract claims (1.9) | Intertwined | Overruled | $ 402.80 | $201.40 |
| 309 | Lauxman, Timothy | 6/28/2021 | 6.20 | 212.00 | $ 1,860.00 | Finished reviewing USHRN's financial documents and logging the relevant information contained therein (.8); began reviewing the documents in Dr. Gonzalez's @ushrn.org email account, prioritizing her communications with USHRN's board members (5.4). | Unrelated to Contract Claims and/or intertwined with non-contract claims (6.2) | Intertwined | Overruled | $ 1314.40 | $657.20 |
| 310 | Petersen, Vic | 6/28/2021 | 0.70 | 100.00 | $ 175.00 | Process and load native USHRN emails into Relativity for review. | Clerical; Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 70.00 | $35.00 |
| 311 | Lauxman, Timothy | 6/29/2021 | 6.80 | 212.00 | $ 2,040.00 | Reviewed documents USHRN produced via thumb drive, including documents responsive to search terms "rivera," "crooms," and "casanova" (5.6); created a log of key documents from my review and noted how those documents could be used going forward (1.2). | Unrelated to Contract Claims and/or intertwined with non-contract claims (6.8) | Intertwined | Overruled | $ 1441.60 | $720.80 |
| 312 | Lauxman, Timothy | 6/30/2021 | 6.30 | 212.00 | $ 1,890.00 | Finished reviewing emails between Rachel Rivera and Dr. Gonzalez (3.7); email to C. Francis discussing the absence of emails provided by USHRN via the thumb drive (.3); emailed S.Leonhardt regarding the issues with the documents produced via the thumb drive (.2); reviewed documents responsive to searching "kellogg" and "maslak" (2.1). | IC (.3); Unrelated to Contract Claims and/or intertwined with non-contract claims (6.3) | Intertwined | Overruled | $ 1335.60 | $667.80 |
| 313 | Francis, Carrie M | 6/30/2021 | 0.50 | 300.00 | $ 240.00 | Office conference with T.Lauxman re Gonzalez email production issues. | IC (.5); Unrelated to Contract Claims and/or intertwined with non-contract claims (.5); vague and ambiguous | Intertwined | Overruled | $ 150.00 | $75.00 |
| 314 | Lauxman, Timothy | 7/1/2021 | 0.40 | 212.00 | $ 120.00 | Reviewed emails from Dr. Gonzalez and C. Francis (.2); finished reviewing documents responsive to the search term "Maslak" (.2) | IC (.2); Unrelated to Contract Claims and/or intertwined with non-contract claims (.4) | Intertwined | Overruled | $ 84.80 | $42.40 |
| 315 | Francis, Carrie M | 7/1/2021 | 0.10 | 300.00 | $ 96.00 | Office conference with T.Lauxman regarding status of discovery issues (.1); correspondence with Dr. Gonzalez regarding USHRN income (.1). | IC (.1); Unrelated to Contract Claims and/or intertwined with non-contract claims (.2) | Intertwined | Overruled (.1); Sustained (.1) | $ 30.00 | $15.00 |
| 316 | Lauxman, Timothy | 7/4/2021 | 5.30 | 212.00 | $ 1590.00 | Reviewed documents USHRN produced via thumb drive, including documents responsive to search terms "jennings," "soohoo," "latosha," "garcia," "gainsborough," and "novo" (4.7); continued logging of key documents from my review and noted how those documents could be used going forward (.6). | Unrelated to Contract Claims and/or intertwined with non-contract claims (5.3) | Intertwined | Overruled | $ 1123.60 | $561.80 |
| 317 | Lauxman, Timothy | 7/5/2021 | 2.80 | 212.00 | $ 840.00 | Reviewed documents USHRN produced via thumb drive, including documents responsive to search terms "andrade," "allen," "valeria," "valerie," and "bourd" (2.5); continued logging of key documents from my review and noted how those documents could be used going forward (.3). | Unrelated to Contract Claims and/or intertwined with non-contract claims (2.8) | Intertwined | Overruled | $ 593.60 | $296.80 |
| 318 | Lauxman, Timothy | 7/6/2021 | 4.70 | 212.00 | $ 1,410.00 | Finished reviewing the first batch of emails provided by USHRN (3.5); reviewed the second batch of emails provided by USHRN, which only included emails in Dr. Gonzalez's @ushrnetwork.org sent or received after June 2020 (1); emailed C. Francis and S.Leonhardt regarding the absence of emails from December 2018 through June 2020 (.2). | IC (.2); Unrelated to Contract Claims and/or intertwined with non-contract claims (4.7) | Intertwined | Overruled | $ 996.40 | $498.20 |

| # | Name | Date | Hours | Rate | Amount | Description | Objection | Ruling | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 319 | Lauxman, Timothy | 7/7/2021 | 6.20 | 212.00 | $1,860.00 | Reviewed the legal elements for all claims and defenses in the case (1.9); assessed how the deposition categories aligned with each claim or defense (1); began compiling evidence that would match each claim or defense and began drafting questions that relate to each claim, defense, and relevant evidence (4.3). | Duplicative (1.9 - entries 66, 67, 79, 292 )Excessive Prep for Depositions of USHRN 30(b)(6) Witnesses (122.4 - entries 225, 226, 261, 262, 264, 265, 266, 268, 269, 270, 271, 272, 274, 275, 288, 320, 321, 324, 325, 326, 327, 328, 329, 330, 331, 333, 334, 335, 337, 338, 339, 340, 341); Unrelated to Contract Claims and/or intertwined with non-contract claims (6.2) | Overruled | $ 1314.40 | $657.20 |
| 320 | Lauxman, Timothy | 7/8/2021 | 4.50 | 212.00 | $1,350.00 | Continued compiling documents to use to support our deposition questioning (3.2); drafted key or 'ultimate goal' questions, organized by the claim, category, and supporting evidence (1.3). | Excessive Prep for Depositions of USHRN 30(b)(6) Witnesses (122.4 - entries 225, 226, 261, 262, 264, 265, 266, 268, 269, 270, 271, 272, 274, 275, 288, 320, 321, 324, 325, 326, 327, 328, 329, 330, 331, 333, 334, 335, 337, 338, 339, 340, 341); Unrelated to Contract Claims and/or intertwined with non-contract claims (4.5) | Overruled | $ 954.00 | $477.00 |
| 321 | Lauxman, Timothy | 7/9/2021 | 0.50 | 212.00 | $ 150.00 | Email to S.Leonhardt regarding USHRN production (.1); reviewed text messages between Eric Tars, Lisa Crooms-Robinson and Dr. Gonzalez (.4). | Unrelated to Contract Claims and/or intertwined with non-contract claims (.5) | Overruled | $ 106.00 | $53.00 |
| 322 | Peterson, Vic | 7/12/2021 | 1.20 | 100.00 | $ 300.00 | Process and load USHRN data into Relativity for review. | Clerical; Unrelated to Contract Claims and/or intertwined with non-contract claims (1.2) | Overruled | $ 120.00 | $60.00 |
| 323 | Lauxman, Timothy | 7/12/2021 | 5.80 | 212.00 | $ 1,740.00 | Began reviewing the newly provided documents from opposing that include Dr. Gonzalez's @ushrnetwork.org email account's files from November 2018 through June 2020 (5.1); reviewed the documents for relevancy to this dispute and made special notes for documents that we may want to use as deposition exhibits. | Excessive Prep for Depositions of USHRN 30(b)(6) Witnesses (122.4 - entries 225, 226, 261, 262, 264, 265, 266, 268, 269, 270, 271, 272, 274, 275, 288, 320, 321, 324, 325, 326, 327, 328, 329, 330, 331, 333, 334, 335, 337, 338, 339, 340, 341); Unrelated to Contract Claims and/or intertwined with non-contract claims (5.8) | Overruled | $ 1229.60 | $614.80 |
| 324 | Lauxman, Timothy | 7/12/2021 | 4.00 | 212.00 | $ 1,200.00 | Continued reviewing documents in Dr. Gonzalez's @ushrnetwork.org email account, focusing on the communications between her and USHRN's board members, and for relevancy to this case and for potential use as deposition exhibits. | Excessive Prep for Depositions of USHRN 30(b)(6) Witnesses (122.4 - entries 225, 226, 261, 262, 264, 265, 266, 268, 269, 270, 271, 272, 274, 275, 288, 320, 321, 324, 325, 326, 327, 328, 329, 330, 331, 333, 334, 335, 337, 338, 339, 340, 341); Unrelated to Contract Claims and/or intertwined with non-contract claims (4) | Overruled | $ 848.00 | $424.00 |
| 325 | Lauxman, Timothy | 7/13/2021 | 1.20 | 212.00 | $ 360.00 | Continued reviewing documents in Dr. Gonzalez's @ushrnetwork.org email account, focusing on the communications between her and USHRN's board members, and for relevancy to this case and for potential use as deposition exhibits. | Excessive Prep for Depositions of USHRN 30(b)(6) Witnesses (122.4 - entries 225, 226, 261, 262, 264, 265, 266, 268, 269, 270, 271, 272, 274, 275, 288, 320, 321, 324, 325, 326, 327, 328, 329, 330, 331, 333, 334, 335, 337, 338, 339, 340, 341); Unrelated to Contract Claims and/or intertwined with non-contract claims | Overruled | $ 254.40 | $127.20 |
| 326 | Lauxman, Timothy | 7/14/2021 | 5.10 | 212.00 | $ 1,530.00 | Continued reviewing documents in Dr. Gonzalez's @ushrnetwork.org email account, focusing on the communications between her and USHRN's board members, as well as communications between Dr. Gonzalez and important persons including Salimah Hankins, Latesha Cooperwood, Rachel Rivera, and Cynthia Allen, and for relevancy to this case and for potential use as deposition exhibits. | Excessive Prep for Depositions of USHRN 30(b)(6) Witnesses (122.4 - entries 225, 226, 261, 262, 264, 265, 266, 268, 269, 270, 271, 272, 274, 275, 288, 320, 321, 324, 325, 326, 327, 328, 329, 330, 331, 333, 334, 335, 337, 338, 339, 340, 341); Unrelated to Contract Claims and/or intertwined with non-contract claims | Overruled | $ 1081.20 | $540.60 |
| 327 | Lauxman, Timothy | 7/15/2021 | 6.80 | 212.00 | $ 2,040.00 | Continued reviewing documents in Dr. Gonzalez's @ushrnetwork.org email account, focusing on the communications between Dr. Gonzalez and important persons including Salimah Hankins, Latesha Cooperwood, Rachel Rivera, and Cynthia Allen, and for relevancy to this case and for potential use as deposition exhibits. | Excessive Prep for Depositions of USHRN 30(b)(6) Witnesses (122.4 - entries 225, 226, 261, 262, 264, 265, 266, 268, 269, 270, 271, 272, 274, 275, 288, 320, 321, 324, 325, 326, 327, 328, 329, 330, 331, 333, 334, 335, 337, 338, 339, 340, 341); Unrelated to Contract Claims and/or intertwined with non-contract claims | Overruled | $ 1441.60 | $720.80 |
| 328 | Francis, Carrie M | 7/16/2021 | 1.20 | 300.00 | $ 576.00 | Work on USHRN unemployment response records production (.4); prepare for 30(b)(6) deposition (.8). | Excessive Prep for Depositions of USHRN 30(b)(6) Witnesses (122.4 - entries 225, 226, 261, 262, 264, 265, 266, 268, 269, 270, 271, 272, 274, 275, 288, 320, 321, 324, 325, 326, 327, 328, 329, 330, 331, 333, 334, 335, 337, 338, 339, 340, 341); Unrelated to Contract Claims and/or intertwined with non-contract claims (1.2); vague and ambiguous (1.2) | Overruled | $ 360.00 | $180.00 |

| # | Name | Date | Hours | Rate | Amount | Description | Objection | Intertwined | Ruling | Amount | Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 329 | Lauxman, Timothy | 7/17/2021 | 7.80 | 212.00 | $2,340.00 | Continued reviewing documents in Dr. Gonzalez's @ushrnetwork.org email account, focusing on the communications between Dr. Gonzalez and important persons including Salimah Hankins, Latesha Cooperwood, Rachel Rivera, Cynthia Allen, Cindy Soohoo, Cathy Albisa, Keith Jennings, Devon Kearney, Crista Noel, Stephanie Franklin, Efia Ngawaza; reviewed documents responsive to key word searches, including key words PSLF, student loans, credit card reconciliation, and the names and email addresses of funding groups; reviewed documents for relevancy to this case and for potential use as deposition exhibits. | Block-billing; Excessive Prep for Depositions of USHRN 30(b)(6) Witnesses (122.4 - entries 225, 226, 261, 262, 264, 265, 266, 268, 269, 270, 271, 272, 274, 275, 288, 320, 321, 324, 325, 326, 327, 328, 329, 330, 331, 333, 334, 335, 337, 338, 339, 340, 341); Unrelated to Contract Claims and/or intertwined with non-contract claims | | Overruled | $ 1653.60 | $1,653.60 |
| 330 | Lauxman, Timothy | 7/18/2021 | 10.40 | 212.00 | $3,120.00 | Drafted Rule 30(b)(6) outline for all deponents, working from the claims and defenses in the case, how they corresponded to the categories noticed for the deposition and the key questions we'd like answered regarding each claim and defense (6.8); assembled deposition exhibits for each claim, defense and category, and drafted questions to lead the witnesses through issues and exhibits to the most favorable answer(3.6). | Excessive Prep for Depositions of USHRN 30(b)(6) Witnesses (122.4 - entries 225, 226, 261, 262, 264, 265, 266, 268, 269, 270, 271, 272, 274, 275, 288, 320, 321, 324, 325, 326, 327, 328, 329, 330, 331, 333, 334, 335, 337, 338, 339, 340, 341); Unrelated to Contract Claims and/or intertwined with non-contract claims (10.4) | Intertwined | Overruled | $ 2204.80 | $1,102.40 |
| 331 | Peterson, Vic | 7/19/2021 | 0.50 | 100.00 | $ 125.00 | Prepare production scoping search in Relativity. | Clerical; Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 50.00 | $25.00 |
| 332 | Lauxman, Timothy | 7/19/2021 | 12.90 | 212.00 | $ 3,870.00 | Drafted Rule 30(b)(6) outline for all deponents, working from the claims and defenses in the case, how they corresponded to the categories noticed for the deposition and the key questions we'd like answered regarding each claim and defense (8.3); assembled deposition exhibits for each claim, defense and category, and drafted questions to lead the witnesses through issues and exhibits to the most favorable answer (4.6). | Clerical ("assembled" language - 4.6); Excessive Prep for Depositions of USHRN 30(b)(6) Witnesses (122.4 - entries 225, 226, 261, 262, 264, 265, 266, 268, 269, 270, 271, 272, 274, 275, 288, 320, 321, 324, 325, 326, 327, 328, 329, 330, 331, 333, 334, 335, 337, 338, 339, 340, 341); Unrelated to Contract Claims and/or intertwined with non-contract claims (12.9) | Intertwined | Overruled | $ 2734.80 | $1,367.40 |
| 333 | Francis, Carrie M | 7/19/2021 | 2.00 | 300.00 | $ 960.00 | Work on 30(b)(6) deposition prep. | Vague and ambiguous; Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 600.00 | $300.00 |
| 334 | Lauxman, Timothy | 7/20/2021 | 1.10 | 212.00 | $ 330.00 | Reviewed the deposition outlines to ensure all potential exhibits were accounted for, and worked with staff to produce the potential deposition exhibits to S.Leonhardt (.7); emails to staff and S.Leonhardt to finalize the time and procedure of the deposition (.4). | Clerical (1.1); Excessive Prep for Depositions of USHRN 30(b)(6) Witnesses (122.4 - entries 225, 226, 261, 262, 264, 265, 266, 268, 269, 270, 271, 272, 274, 275, 288, 320, 321, 324, 325, 326, 327, 328, 329, 330, 331, 333, 334, 335, 337, 338, 339, 340, 341); Unrelated to Contract Claims and/or intertwined with non-contract claims (1.1) | Intertwined | Overruled | $ 233.20 | $116.60 |
| 335 | Peterson, Vic | 7/20/2021 | 1.30 | 100.00 | $ 325.00 | Prepare and verify Gonzalez production set from Relativity. | Clerical; Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 130.00 | $65.00 |
| 336 | Francis, Carrie M | 7/20/2021 | 1.50 | 300.00 | $ 720.00 | Further work on 30(b)(6) deposition prep. | Excessive Prep for Depositions of USHRN 30(b)(6) Witnesses (122.4 - entries 225, 226, 261, 262, 264, 265, 266, 268, 269, 270, 271, 272, 274, 275, 288, 320, 321, 324, 325, 326, 327, 328, 329, 330, 331, 333, 334, 335, 337, 338, 339, 340, 341); Unrelated to Contract Claims and/or intertwined with non-contract claims; vague and ambiguous | Intertwined | Overruled | $ 450.00 | $225.00 |

| # | Name | Date | Hours | Rate | Amount | Description | Objection | Category | Ruling | Claimed | Reduced |
|---|------|------|-------|------|--------|-------------|-----------|----------|--------|---------|---------|
| 337 | Lauxman, Timothy | 7/21/2021 | 3.00 | 212.00 | $ 900.00 | Attended 30(b)(6) deposition of USHRN, representative Vickie Casanova-Willis, and took notes on Dr. Casanova-Willis's answer and assisted C. Francis by providing additional information or offering suggestions on questioning whenever possible. | Duplicative (entry 339); Excessive Prep for Depositions of USHRN 30(b)(6) Witnesses (122.4 - entries 225, 226, 261, 262, 264, 265, 266, 268, 269, 270, 271, 272, 274, 275, 288, 320, 321, 324, 325, 326, 327, 328, 329, 330, 331, 333, 334, 335, 337, 338, 339, 340, 341); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 636.00 | $318.00 |
| 338 | Francis, Carrie M | 7/21/2021 | 4.00 | 300.00 | $ 1,920.00 | Continue to prepare for 30(b)(6) deposition (.5); take deposition of V. Casanova (3); meet with Dr. Gonzalez regarding same (.5). | Excessive Prep for Depositions of USHRN 30(b)(6) Witnesses (122.4 - entries 225, 226, 261, 262, 264, 265, 266, 268, 269, 270, 271, 272, 274, 275, 288, 320, 321, 324, 325, 326, 327, 328, 329, 330, 331, 333, 334, 335, 337, 338, 339, 340, 341); Unrelated to Contract Claims and/or intertwined with non-contract claims (4) | Intertwined | Overruled | $ 1200.00 | $600.00 |
| 339 | Lauxman, Timothy | 7/22/2021 | 6.00 | 212.00 | $ 1,800.00 | Attended 30(b)(6) deposition of USHRN, representatives Marcia Johnson-Blanco and Lisa Crooms-Robinson, and took notes on the deponents' answers and assisted C. Francis by providing additional information or offering suggestions on questioning whenever possible. | Duplicative (entry 341); Excessive Prep for Depositions of USHRN 30(b)(6) Witnesses (122.4 - entries 225, 226, 261, 262, 264, 265, 266, 268, 269, 270, 271, 272, 274, 275, 288, 320, 321, 324, 325, 326, 327, 328, 329, 330, 331, 333, 334, 335, 337, 338, 339, 340, 341); Unrelated to Contract Claims and/or intertwined with noncontract claims | Intertwined | Overruled | $ 1272.00 | $636.00 |
| 340 | Francis, Carrie M | 7/22/2021 | 6.50 | 300.00 | $ 3,120.00 | Continue to prepare for 30(b)(6) depositions ofr Lisa Crooms and Marcia Johnson (.5); take 30(b)(6) depositions of Lisa Crooms and Marcia Johnson (6). | Excessive Prep for Depositions of USHRN 30(b)(6) Witnesses (122.4 - entries 225, 226, 261, 262, 264, 265, 266, 268, 269, 270, 271, 272, 274, 275, 288, 320, 321, 324, 325, 326, 327, 328, 329, 330, 331, 333, 334, 335, 337, 338, 339, 340, 341); Unrelated to Contract Claims and/or intertwined with non-contract claims (6.5) | Intertwined | Overruled | $ 1950.00 | $975.00 |
| 341 | Lauxman, Timothy | 7/26/2021 | 1.20 | 212.00 | $ 360.00 | Reviewed notes from depositions (.3); emailed S.Leonhardt seeking documents promised by deponents or relevant to deponents' testimony (.2); drafted supplemental disclosure defenses to indemnity claim (.4); and produced documents from Dr. Gonzalez's email account (.3). | Duplicative (.3 (review of notes) - entries 339, 341); Unrelated to Contract Claims and/or intertwined with non-contract claims (.8) | Intertwined | Overruled | $ 254.40 | $127.20 |
| 342 | Francis, Carrie M | 7/26/2021 | 0.20 | 300.00 | $ 96.00 | Work on supplemental disclosure (.1); work on supplement document request per deposition testimony (.1). | Unrelated to Contract Claims and/or intertwined with non-contract claims (.2); vague and ambiguous | Intertwined | Overruled | $ 60.00 | $30.00 |
| 343 | Lauxman, Timothy | 8/4/2021 | 1.60 | 212.00 | $ 480.00 | Continued reviewing documents from Dr. Gonzalez's USHRN email account. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 339.20 | $169.60 |
| 344 | Lauxman, Timothy | 8/5/2021 | 7.40 | 212.00 | $ 2,220.00 | Reviewed documents from Dr. Gonzalez's USHRN email account, focusing on emails to and from Rachel Rivera and Salimah Hankins (6.3); logged the emails with relevant information (1.1). | Unrelated to Contract Claims and/or intertwined with non-contract claims (7.4) | Intertwined | Overruled | $ 1568.80 | $784.40 |
| 345 | Lauxman, Timothy | 8/6/2021 | 3.90 | 212.00 | $ 1,170.00 | Reviewed documents from Dr. Gonzalez's USHRN email account, focusing on emails to and from Salimah Hankins, Cynthia Allen, and Cynthia Soohoo (3.2); logged them with relevant information (.7). | Unrelated to Contract Claims and/or intertwined with non-contract claims; Unrelated to Contract Claims and/or intertwined with non-contract claims (3.9) | Intertwined | Overruled | $ 826.80 | $413.40 |
| 346 | Lauxman, Timothy | 8/9/2021 | 5.80 | 212.00 | $ 1,740.00 | Continued reviewing documents from Dr. Gonzalez's @ushrnetwork email account, including emails sent or received by Cythnia Soohoo and Cynthia Allen, and Latesha Cooperwood. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 1229.60 | $614.80 |
| 347 | Lauxman, Timothy | 8/10/2021 | 3.20 | 212.00 | $ 960.00 | Continued reviewing documents from Dr. Gonzalez's @ushrnetwork email account, including emails sent or received by Latesha Cooperwood, Radhika, and Saladin. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 678.40 | $339.20 |
| 348 | Lauxman, Timothy | 8/11/2021 | 1.50 | 212.00 | $ 540.00 | Finished reviewing emails in Dr. Gonzalez's @ushrnetwork email account (1.5); worked with staff to produce documents from Dr. Gonzalez's email account and other documents (.3). | Unrelated to Contract Claims and/or intertwined with non-contract claims (1.8); clerical (.3) | Intertwined | Overruled (1.5); Sustained (.3) | $ 318.00 | $159.00 |
| 349 | Lauxman, Timothy | 8/12/2021 | 0.20 | 212.00 | $ 60.00 | Email to S.Leonhardt regarding outstanding documents that USHRN has not produced. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 42.40 | $21.20 |
| 350 | Francis, Carrie M | 8/12/2021 | 0.30 | 300.00 | $ 144.00 | Work with T.Lauxman regarding final supplemental disclosure. | IC; Unrelated to Contract Claims and/or intertwined with non-contract claims; vague and ambiguous | Intertwined | Overruled | $ 90.00 | $45.00 |
| 351 | Lauxman, Timothy | 8/13/2021 | 0.50 | 212.00 | $ 150.00 | Began reviewing and summarizing USHRN 30(b)(6) deposition, deponent Vickie Casanova-Willis, including grouping testimony by topic. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 106.00 | $53.00 |
| 352 | Lauxman, Timothy | 8/14/2021 | 3.00 | 212.00 | $ 900.00 | Continued reviewing and summarizing USHRN 30(b)(6) deposition, deponent Vickie Casanova-Willis, including grouping testimony by topic. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 636.00 | $318.00 |

| # | Timekeeper | Date | Hours | Rate | Amount | Description | Category | Intertwined | Ruling | Amount | Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 353 | Lauxman, Timothy | 8/16/2021 | 0.40 | 212.00 | $120.00 | Email to S.Leonhardt regarding their failure to produce documents responsive to categories specified in prior email, and requesting they hold a time to meet and confer and assert their objections, if any, to production. | Unrelated to Contract Claims and/or intertwined with | Intertwined | Overruled | $84.80 | $42.40 |
| 354 | Francis, Carrie M | 8/16/2021 | 2.10 | 300.00 | $1,008.00 | Work on discovery disputes and MIDP supplement (.5); work on Motion for Summary Judgment | Unrelated to Contract Claims and/or intertwined with non-contract claims (2.1); vague and ambiguous (2.1) | Intertwined | Overruled | $630.00 | $315.00 |
| 355 | Lauxman, Timothy | 8/17/2021 | 0.20 | 212.00 | $60.00 | Reviewed email from S.Leonhardt regarding USHRN's potential objections and intended timeline for production, and as well as an email from Dr. Gonzalez regarding her current circumstances. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $42.40 | $21.20 |
| 356 | Lauxman, Timothy | 8/18/2021 | 2.70 | 212.00 | $810.00 | Continued reviewing USHRN's 30(b)(6) deposition testimony, focusing on Marcia Johnson- Blanco's testimony, taking notes on the testimony given and the pages for those sections. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $572.40 | $286.20 |
| 357 | Lauxman, Timothy | 8/20/2021 | 2.90 | 212.00 | $870.00 | Discussed with C. Francis how to preserve our right to the responsive documents that USHRN had failed to produce (.4); drafted Dr. Gonzalez's portion of a joint notice of discovery dispute regarding USHRN's failure to produce or assert objections (2.5). | IC (.4); Unrelated to Contract Claims and/or intertwined with non-contract claims (2.9) | Intertwined | Overruled | $614.80 | $307.40 |
| 358 | Francis, Carrie M | 8/20/2021 | 0.50 | 300.00 | $240.00 | Work on discovery issues. | Unrelated to Contract Claims and/or intertwined with non-contract claims; vague and ambiguous | Intertwined | Sustained | $0.00 | $0 |
| 359 | Lauxman, Timothy | 8/21/2021 | 0.30 | 212.00 | $90.00 | Emailed draft joint notice of discovery dispute to S.Leonhardt and demanded they either produce the responsive documents or specify their objections and complete their portion of the notice. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $63.60 | $31.80 |
| 360 | Petersen, Vic | 8/23/2021 | 1.20 | 100.00 | $300.00 | Process and load USHRN production set in Relativity (1); Prepare supplemental Dr. Gonzalez production set from Relativity (2). | Clerical (1.2); Unrelated to Contract Claims and/or intertwined with non-contract claims (1.2) | Intertwined | Overruled | $120.00 | $60.00 |
| 361 | Lauxman, Timothy | 8/23/2021 | 3.50 | 212.00 | $1,050.00 | Reviewed documents produced by USHRN to determine whether they had provided the documents requested (3.1); emailed S.Leonhardt about deficiencies in their production (.4). | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $742.00 | $371.00 |
| 362 | Francis, Carrie M | 8/23/2021 | 3.20 | 300.00 | $1,536.00 | Review USHRN's supplemental production issues (.6); spot review same (.5); work on MSJ outline with T.Lauxman (1.6); work on final supplemental disclosure (.5). | Duplicative (.6 = .5 (USHRN supplemental production entries 362, 364); IC (1.6); Unrelated to Contract Claims and/or intertwined with non-contract claims; vague and ambiguous (3.2) | Intertwined | Overruled | $960.00 | $480.00 |
| 363 | Lauxman, Timothy | 8/24/2021 | 0.90 | 212.00 | $270.00 | Reviewed documents produced by USHRN to ensure all documents had been produced (.7); emailed S.Leonhardt about its deficient production (.2). | Unrelated to Contract Claims and/or intertwined with non-contract claims (.9) | Intertwined | Overruled | $190.80 | $95.40 |
| 364 | Francis, Carrie M | 8/24/2021 | 1.90 | 300.00 | $912.00 | Continue to analyze USHRN late production with T.Lauxman (.5); review USHRN final supplemental disclosure (1.4). | IC (.5); Duplicative (.5 - entries 362, 364, 366); Unrelated to Contract Claims and/or intertwined with non- contract claims (1.9) | Intertwined | Overruled | $570.00 | $285.00 |
| 365 | Lauxman, Timothy | 8/25/2021 | 1.40 | 212.00 | $420.00 | Phone call with C. Francis discussing the bases for our motion for summary judgment (.6); reviewed documents produced by USHRN (.6); email S.Leonhardt regarding deficiencies (.2). | IC (.6); Unrelated to Contract Claims and/or intertwined with non-contract claims (1.4) | Intertwined | Overruled | $296.80 | $148.40 |
| 366 | Francis, Carrie M | 8/25/2021 | 0.60 | 300.00 | $288.00 | Further work on MSJ outline with T.Lauxman. | IC (.6); Unrelated to Contract Claims and/or intertwined with non-contract claims; vague and ambiguous | Intertwined | Overruled | $180.00 | $90.00 |
| 367 | Petersen, Vic | 8/26/2021 | 0.70 | 100.00 | $175.00 | Process and load USHRN production set into Relativity for review | Clerical; Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $70.00 | $35.00 |
| 368 | Francis, Carrie M | 9/2/2021 | 0.70 | 300.00 | $336.00 | Analyze insurance coverage issues (.4); telephone conference with USHRN counsel regarding Motion for Summary Judgment settlement (.3). | Duplicative (.4 - entry 370); Unrelated to Contract Claims and/or intertwined with non-contract claims (.7) | Intertwined | Overruled | $210.00 | $105.00 |
| 369 | Lauxman, Timothy | 9/3/2021 | 0.20 | 212.00 | $60.00 | Reviewed USHRN's insurance policy to determine whether defenses costs are included in maximum amount the policy provides, and how the policy applies to our claims | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $42.40 | $21.20 |
| 370 | Lauxman, Timothy | 9/4/2021 | 1.00 | 212.00 | $300.00 | Reviewed and took notes on deposition testimony of Marcia Johnson-Blanco, including a summary of her testimony and separating topic areas of testimony. | Duplicative (entry 357); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $212.00 | $106.00 |
| 371 | Lauxman, Timothy | 9/5/2021 | 1.80 | 212.00 | $540.00 | Reviewed and took notes on deposition testimony of Marcia Johnson-Blanco, including a summary of her testimony and separating topic areas of testimony. | Duplicative (entry 357); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $381.60 | $190.80 |
| 372 | Lauxman, Timothy | 9/7/2021 | 1.90 | 212.00 | $570.00 | Reviewed and took notes on deposition testimony of Lisa Crooms-Robinson, including a summary of her testimony and separating topic areas of testimony. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $402.80 | $201.40 |
| 373 | Lauxman, Timothy | 9/8/2021 | 0.90 | 212.00 | $270.00 | Reviewed and took notes on deposition testimony of Lisa Crooms-Robinson, including a summary of her testimony and separating topic areas of testimony. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $190.80 | $95.40 |
| 374 | Lauxman, Timothy | 9/9/2021 | 0.20 | 212.00 | $60.00 | Strategized with C. Francis regarding motion for summary judgment, anticipating USHRN's arguments, and our contemplated settlement letter. | IC; Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $42.40 | $21.20 |

| # | Name | Date | Hours | Rate | Amount | Description | Objection | | | Amount | Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 375 | Lauxman, Timothy | 9/15/2021 | 1.20 | 212.00 | $360.00 | Reviewed documents and USHRN's 30(b)(6) testimony to gather exhibits to our motion for summary judgment (.8); began outlining the motion for summary judgment, focusing on the factual bases and how those bases relate to our legal arguments (.4). | Unrelated to Contract Claims and/or intertwined with non-contract claims (1.2) | Intertwined | Overruled | $254.40 | $127.20 |
| 376 | Lauxman, Timothy | 9/16/2021 | 1.70 | 212.00 | $510.00 | Continued outlining our motion (.7); continued reviewing documents, testimony, and my own notes to determine the exhibits to support our motion (.5); began drafting the factual statement section of our motion (.5). | Unrelated to Contract Claims and/or intertwined with non-contract claims (1.7) | Intertwined | Overruled | $360.40 | $180.20 |
| 377 | Lauxman, Timothy | 9/17/2021 | 3.80 | 212.00 | $1,140.00 | Continued reviewing documents, testimony, and my own notes to determine the exhibits to support our motion (1); continued drafting the factual statement section of our motion (2.2); researched for specific statements from case law that best support our arguments (.6). | Unrelated to Contract Claims and/or intertwined with non-contract claims (3.8) | Intertwined | Overruled | $805.60 | $402.80 |
| 378 | Lauxman, Timothy | 9/20/2021 | 6.00 | 212.00 | $1,800.00 | Continued drafting motion for summary judgment, including arguments related to contract formation, employee status and implied contraction, modification, and limitation of USHRN's right to indemnity. | Unrelated to Contract Claims and/or intertwined with non-contract claims (6) | Intertwined | Overruled | $1272.00 | $636.00 |
| 379 | Francis, Carrie M | 9/20/2021 | 3.00 | 300.00 | $1,440.00 | Work on Motion for Summary Judgment preparation issues and research for same. | Vague and ambiguous; Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $900.00 | $450.00 |
| 380 | Lauxman, Timothy | 9/21/2021 | 4.40 | 212.00 | $1,320.00 | Finished drafting argument section, including arguments supporting our claims of breach of contract and good faith and fair dealing and against USHRN's counterclaim for indemnity, and revised the fact section to include all facts necessary for our arguments. | Unrelated to Contract Claims and/or intertwined with non-contract claims (4.4) | Intertwined | Overruled | $932.80 | $466.40 |
| 381 | Lauxman, Timothy | 9/22/2021 | 5.10 | 212.00 | $1,530.00 | Gathered evidence to support our facts, adding citations, and revising facts and arguments based on the evidence that we gathered. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $1081.20 | $540.60 |
| 382 | Lauxman, Timothy | 9/23/2021 | 6.80 | 212.00 | $2,040.00 | Continued gathering evidence and revising cites (2.1); revised the fact and argument sections based on C. Francis comments, including revising the modification section to undermine USHRN's arguments, the facts section discussing renegotiation, and adding detail regarding damages (4.7). | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $1441.60 | $720.80 |
| 383 | Francis, Carrie M | 9/23/2021 | 4.00 | 300.00 | $1,920.00 | Edit draft Motion for Summary Judgment (3.4); office conference with T.Lauxman regarding same (.6). | IC (.6); Unrelated to Contract Claims and/or intertwined with non-contract claims (4); vague and ambiguous (3.4) | Intertwined | Overruled | $1200.00 | $600.00 |
| 384 | Lauxman, Timothy | 9/24/2021 | 9.30 | 212.00 | $2,790.00 | Continued gathering evidence and revising cites (4); revised the fact and argument sections based on C. Francis comments, including revising the modification section to undermine USHRN's arguments, the facts section discussing renegotiation, and adding more detail regarding damages (5.3). | Duplicative (9.3 - entry 383 (which is identical except for time billed)); Unrelated to Contract Claims and/or intertwined with non-contract claims (9.3) | Intertwined | Overruled | $1971.60 | $985.80 |
| 385 | Francis, Carrie M | 9/24/2021 | 4.00 | 300.00 | $1,920.00 | Finalize and file Motion for Summary Judgment with T.Lauxman. | IC; Unrelated to Contract Claims and/or intertwined with non-contract claims; vague and ambiguous; clerical (filing) | Intertwined | Overruled | $1200.00 | $600.00 |
| 386 | Lauxman, Timothy | 9/25/2021 | 1.10 | 212.00 | $330.00 | Reviewed USHRN's motion for summary judgment and specific exhibits attached in support. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $233.20 | $116.60 |
| 387 | Lauxman, Timothy | 9/29/2021 | 0.20 | 212.00 | $60.00 | Reviewed court's orders regarding USHRN's motion to seal, and discussed with C. Francis how to use that issue as leverage in settlement | IC; Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $42.40 | $21.20 |
| 388 | Lauxman, Timothy | 10/2/2021 | 1.00 | 212.00 | $300.00 | Reviewed case law and other authorities cited in USHRN's motion for summary judgment to determine if there are any problematic authorities. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $212.00 | $106.00 |
| 389 | Lauxman, Timothy | 10/3/2021 | 4.40 | 212.00 | $1,320.00 | Began letter setting forth our settlement demand based on the parties' motions for summary judgment and realities of additional litigation. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $932.80 | $466.40 |
| 390 | Lauxman, Timothy | 10/4/2021 | 1.30 | 212.00 | $390.00 | Finished drafting letter setting forth our settlement demand based on the parties' motions for summary judgment and realities of additional litigation. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $275.60 | $137.80 |
| 391 | Francis, Carrie M | 10/4/2021 | 1.00 | 300.00 | $480.00 | Work on motion to seal/Motion for Summary Judgment opposition issues. | Unrelated to Contract Claims and/or intertwined with non-contract claims; vague and ambiguous | Intertwined | Overruled | $300.00 | $150.00 |
| 392 | Lauxman, Timothy | 10/5/2021 | 0.40 | 212.00 | $120.00 | Email correspondence to and from Dr. Gonzalez regarding settlement negotiations. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $84.80 | $42.40 |
| 393 | Francis, Carrie M | 10/5/2021 | 5.00 | 300.00 | $2,400.00 | Work on draft settlement correspondence with T.Lauxman and Dr. Gonzalez (1.6); analyze Defendant's Motion for Summary Judgment and outline evidentiary issues with same for response (1.9); review cited testimony (1.5). | IC (1.6); Duplicative (1.9 - 1.5 - entries 387, 388, 389); Unrelated to Contract Claims and/or intertwined with non-contract claims (5) | Intertwined | Overruled | $1500.00 | $750.00 |
| 394 | Lauxman, Timothy | 10/7/2021 | 0.20 | 212.00 | $60.00 | Reviewed Dr. Gonzalez's email regarding settlement negotiations (.1); reviewed USHRN's filing submitting unsealed versions of their exhibits (.1). | Duplicative (.1 review of Gonzalez email) - entry 394); Unrelated to Contract Claims and/or intertwined with non-contract claims (.2) | Intertwined | Overruled | $42.40 | $21.20 |
| 395 | Francis, Carrie M | 10/7/2021 | 0.70 | 300.00 | $336.00 | Telephone conference with Dr. Gonzalez regarding settlement/Motion for Summary Judgment strategy. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $210.00 | $105.00 |
| 396 | Lauxman, Timothy | 10/11/2021 | 0.10 | 212.00 | $30.00 | Reviewed draft settlement offer letter to USHRN. | Duplicative (entries 390, 391, 394, 396); Unrelated to Contract Claims or intertwined with non-contract claims | Intertwined | Overruled | $21.20 | $10.60 |

| # | Name | Date | Hours | Rate | Amount | Description | Objection | Ruling | Claimed | Awarded |
|---|---|---|---|---|---|---|---|---|---|---|
| 397 | Lauxman, Timothy | 10/12/2021 | 1.00 | 212.00 | $ 300.00 | Reviewed exhibits supporting USHRN's motion, and began gathering documents to rebut USHRN's exhibits. | Duplicative (entry 387); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 212.00 | $106.00 |
| 398 | Francis, Carrie M | 10/12/2021 | 0.10 | 300.00 | $ 48.00 | Correspondence with S.Leonhardt regarding Motion for Summary Judgment response extension. | Clerical; Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 30.00 | $15.00 |
| 399 | Lauxman, Timothy | 10/12/2021 | 0.30 | 212.00 | $ 90.00 | Reviewed emails from S.Leonhardt regarding stipulating to an extension to the dispositive motion deadlines; reviewed exhibits to USHRN's motion for summary judgment. | Block-billing; Duplicative (entry 399); Clerical; Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 63.60 | $31.80 |
| 400 | Francis, Carrie M | 10/13/2021 | 1.30 | 300.00 | $ 624.00 | Edit draft settlement correspondence. | Duplicative (entries 390, 391, 394, 396); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 390.00 | $195.00 |
| 401 | Lauxman, Timothy | 10/22/2021 | 0.10 | 212.00 | $ 30.00 | Review emails sent by Dr. Gonzalez regarding USHRN's operations. | Duplicative (entry 403); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 21.20 | $10.60 |
| 402 | Francis, Carrie M | 10/22/2021 | 4.30 | 300.00 | $ 2,064.00 | Correspondence with Dr. Gonzalez regarding USHRN's operations (.2); work on Motion for Summary Judgment opposition brief draft (1.6); conduct needed research on same (2.5). | Unrelated to Contract Claims and/or intertwined with non-contract claims (4.3); vague and ambiguous (4.1) | Intertwined | Overruled | $ 1290.00 | $645.00 |
| 403 | Lauxman, Timothy | 10/25/2021 | 0.10 | 212.00 | $ 30.00 | Reviewed emails from Dr. Gonzalez regarding USHRN's operations. | Duplicative (entries 402, 403); Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 21.20 | $10.60 |
| 404 | Francis, Carrie M | 10/25/2021 | 2.00 | 300.00 | $ 960.00 | Work on USHRN program suspension second supplemental disclosures (.2); work on Motion for Summary Judgment opposition draft and exhibits for same (1.8). | Unrelated to Contract Claims and/or intertwined with non-contract claims (2); vague and ambiguous (2) | Intertwined | Overruled | $ 600.00 | $300.00 |
| 405 | Lauxman, Timothy | 10/27/2021 | 2.20 | 212.00 | $ 660.00 | Reviewed caselaw cited by USHRN's motion, focusing on statute of limitations arguments, and separately researched defenses to the statute of limitations (1.7); began outlining response to USHRN's motion, including defenses to statute of limitations arguments (.5). | Duplicative (1.7 - entry 389); Unrelated to Contract Claims and/or intertwined with non-contract claims (.5) | Intertwined | Overruled | $ 466.40 | $233.20 |
| 406 | Lauxman, Timothy | 10/28/2021 | 1.80 | 212.00 | $ 540.00 | Reviewed caselaw cited by USHRN's motion, focusing on defenses to the statute of limitations (1); continued outlining response to USHRN's motion (.4); began pulling exhibits to use in response to USHRN's motion (.4). | Duplicative (1 - entries 389, 406); Unrelated to Contract Claims and/or intertwined with non-contract claims (.8) | Intertwined | Overruled | $ 381.60 | $190.80 |
| 407 | Francis, Carrie M | 10/28/2021 | 3.50 | 300.00 | $ 1,680.00 | Continue to work on Motion for Summary Judgment opposition arguments/evidence. | Unrelated to Contract Claims and/or intertwined with non-contract claims; vague and ambiguous | Intertwined | Overruled | $1050.00 | $525.00 |
| 408 | Lauxman, Timothy | 10/29/2021 | 0.50 | 212.00 | $ 150.00 | Continued pulling exhibits to use in response to USHRN's motion. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 106.00 | $53.00 |
| 409 | Lauxman, Timothy | 10/31/2021 | 2.40 | 212.00 | $ 720.00 | Continued pulling exhibits to use in support of our response to USHRN's motion for summary judgment, focusing on documents that undermined the validity of USHRN's board meeting minutes (.8); reviewed exhibits to USHRN's motion for bases for other evidentiary objections (.9); reviewed Ninth Circuit caselaw regarding hearsay and the business-operations exclusion (.7). | Unrelated to Contract Claims and/or intertwined with non-contract claims (2.4) | Intertwined | Overruled | $ 508.80 | $254.40 |
| 410 | Lauxman, Timothy | 11/1/2021 | 4.50 | 212.00 | $ 1,350.00 | Continued pulling exhibits to use in support of our response to USHRN's motion for summary judgment, focusing on documents that undermined the validity of USHRN's board meeting minutes and statute-of-limitations defense (1.3); reviewed exhibits to USHRN's motion for bases for other evidentiary objections and the precise evidence supporting USHRN's motion to find weaknesses in USHRN's argument (1); began drafting response to USHRN's motion, focusing on rebutting USHRN's statute-of- limitations defense (2.2). | Unrelated to Contract Claims and/or intertwined with non-contract claims (2.3); CC (2.2) | Intertwined | Overruled | $ 954.00 | $477.00 |
| 411 | Lauxman, Timothy | 11/2/2021 | 4.20 | 212.00 | $ 1,260.00 | Continued pulling exhibits to use in support of our response to USHRN's motion for summary judgment, focusing on documents that undermined the validity of USHRN's board meeting minutes and statute-of-limitations defense (.3); reviewed exhibits to USHRN's motion for bases for other evidentiary objections and the precise evidence supporting USHRN's motion to find weaknesses in USHRN's argument (.6); continued drafting response to USHRN's motion, focusing on asserting our objections to USHRN's exhibits, rebutting USHRN's statute-of-limitations defenses and and USHRN's indemnification claim (3.3). | Duplicative (entry 411 (which is practically identical except for time billed)); Unrelated to Contract Claims and/or intertwined with non-contract claims (4.2) | Intertwined | Overruled | $ 890.40 | $445.20 |
| 412 | Francis, Carrie M | 11/2/2021 | 3.40 | 300.00 | $ 1,632.00 | Review correspondence from Dr. Gonzalez regarding USHRN operations (.4); further work on Motion for Summary Judgment opposition (3). | Duplicative (.4 - entries 402, 403, 404); Unrelated to Contract Claims and/or intertwined with non-contract claims (3.4); vague and ambiguous (3) | | Overruled | $ 1020.00 | $510.00 |
| 413 | Lauxman, Timothy | 11/3/2021 | 2.20 | 212.00 | $ 660.00 | Reviewed exhibits to USHRN's motion for bases for other evidentiary objections and the precise evidence supporting USHRN's motion to find weakness in USHRN's argument (.5); continued drafting response to USHRN's motion, focusing on USHRN's indemnification claim (1.7). | Unrelated to Contract Claims and/or intertwined with non-contract claims (.5); CC (1.7) | Intertwined | Overruled | $ 466.40 | $233.20 |

| # | Name | Date | Hours | Rate | Amount | Description | Objection | Category | Ruling | Claimed | Awarded |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 414 | Lauxman, Timothy | 11/5/2021 | 1.10 | 212.00 | $ 330.00 | Revised the motion for typos and to ensure citations to exhibits were in proper form, including exhibits having appropriate numbering. | Clerical; Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 233.20 | $116.60 |
| 415 | Francis, Carrie M | 11/5/2021 | 0.60 | 300.00 | $ 288.00 | Further work on Motion for Summary Judgment opposition. | Unrelated to Contract Claims and/or intertwined with non-contract claims; vague and ambiguous | Intertwined | Overruled | $ 180.00 | $90.00 |
| 416 | Lauxman, Timothy | 11/7/2021 | 0.10 | 212.00 | $ 30.00 | Corrected labeling of an exhibit in support of our response to USHRN's motion for summary judgment. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 21.20 | $10.60 |
| 417 | Lauxman, Timothy | 11/8/2021 | 3.70 | 212.00 | $ 1,110.00 | Prepared our response to USHRN's motion for summary judgment for filing by reviewing for typos and other errors, made minor changes to our response, finalized the exhibits for filing (3.3); worked with staff to timely file our response and its supporting exhibits (.4). | Clerical (3.7); Unrelated to Contract Claims and/or intertwined with non-contract claims (3.7) | Intertwined | Overruled | $ 784.40 | $392.20 |
| 418 | Francis, Carrie M | 11/8/2021 | 2.40 | 300.00 | $ 1,152.00 | Finalize and file opposition to USHRN Motion for Summary Judgment with exhibits (1.3); multiple office conferences with T.Lauxman regarding same (.6); analyze USHRN opposition to summary judgment filings for reply brief preparation (.5). | Clerical (1.3); IC (.6); Unrelated to Contract Claims and/or intertwined with non-contract claims (2.4); | Intertwined | Overruled | $ 720.00 | $360.00 |
| 419 | Lauxman, Timothy | 11/10/2021 | 0.10 | 212.00 | $ 30.00 | Worked with staff to file corrected exhibits in support of our response to USHRN's motion for summary judgment. | Clerical; Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Sustained | $ 0.00 | $0 |
| 420 | Lauxman, Timothy | 11/13/2021 | 1.40 | 212.00 | $ 420.00 | Reviewed USHRN's response to our motion for summary judgment, taking notes on their arguments, and reviewed the exhibits USHRN provided in support. | Duplicative (entry 419) | | Overruled | $ 296.80 | $296.80 |
| 421 | Lauxman, Timothy | 11/22/2021 | 1.10 | 212.00 | $ 330.00 | Reviewed caselaw and exhibits cited by USHRN in its response to our motion for partial summary judgment. | | | No Objection Raised | $ 233.20 | $233.20 |
| 422 | Francis, Carrie M | 11/22/2021 | 2.20 | 300.00 | $ 1,056.00 | Work on Motion for Summary Judgment reply issues. | Vague and ambiguous | | Overruled | $ 660.00 | $660.00 |
| 423 | Lauxman, Timothy | 11/23/2021 | 6.50 | 212.00 | $ 1,950.00 | Drafted our reply in support of our motion for partial summary judgment, focusing on evidentiary objections (1.4), objective evidence- based fact section (3), arguments based on the objective evidence compared to USHRN's narrative (1), and arguments rebutting USHRN's statute of limitations arguments (1.1). | | | No Objection Raised | $ 1378.00 | $1,378.00 |
| 424 | Lauxman, Timothy | 11/24/2021 | 4.30 | 212.00 | $ 1,290.00 | Drafted our reply in support of our motion for partial summary judgment, focusing on arguments rebutting USHRN's statute of limitations arguments (.9), arguments regarding the terms of the oral agreement (.9), and USHRN's attempt to save its indemnity claim (1.7); drafted our reply's introduction and conclusion (.8). | | | No Objection Raised | $ 911.60 | $911.60 |
| 425 | Lauxman, Timothy | 11/29/2021 | 0.80 | 212.00 | $ 384.00 | Further edits to Motion for Summary Judgment reply. | vague and ambiguous | | Overruled | $ 169.60 | $169.60 |
| 426 | Lauxman, Timothy | 11/29/2021 | 0.70 | 212.00 | $ 210.00 | Revised our reply in support of our motion for partial summary judgment based on C. Francis's comments. | Duplicative (entry 426) | | Overruled | $ 148.40 | $148.40 |
| 427 | Lauxman, Timothy | 11/30/2021 | 1.00 | 212.00 | $ 300.00 | Revised our reply in support of our motion for partial summary judgment based on C. Francis comments, performed a final revision for any typos or other errors, and made minor content adjustments to bolster our arguments (.7); worked with staff to file and serve our reply (.1); reviewed USHRN's reply in support of their motion for summary judgment for any problematic material or arguments (.2). | Clerical (.7 + .1); Unrelated to Contract Claims and/or intertwined with non-contract claims (.2) | Intertwined (.2) | Overruled | $ 212.00 | $190.80 |
| 428 | Francis, Carrie M | 11/30/2021 | 1.80 | 300.00 | $ 864.00 | Finalize and file reply to Motion for Summary Judgment (1.2); analyze USHRN reply to their Motion for Summary Judgment (.4); office conference with T.Lauxman regarding same (.2). | Clerical (1.2 related to filing); IC (.2); Unrelated to Contract Claims and/or intertwined with non-contract claims (.6) | Intertwined (.6) | Overruled | $ 540.00 | $450.00 |
| 429 | Lauxman, Timothy | 12/16/2021 | 0.40 | 212.00 | $ 134.00 | Phone calls with S.Leonhardt discussing potential settlement, USHRN's organizational situation, and the possibility of renewing mediation. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 84.80 | $42.40 |
| 430 | Francis, Carrie M | 12/16/2021 | 0.20 | 300.00 | $ 103.00 | Office conference with T.Lauxman regarding settlement strategy. | IC; Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 60.00 | $30.00 |
| 431 | Lauxman, Timothy | 12/17/2021 | 0.10 | 212.00 | $ 33.50 | Reviewed correspondence from S.Leonhardt regarding settlement negotiations. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 21.20 | $10.60 |
| 432 | Francis, Carrie M | 7/12/2022 | 4.00 | 300.00 | $ 2,060.00 | Review and analyze tentative Motion for Summary Judgment ruling for oral argument hearing (1.4); review case law cited in same (2.2); outline issues for hearing argument (.4). | Unrelated to Contract Claims and/or intertwined with non-contract claims (4) | Intertwined | Overruled | $ 1200.00 | $600.00 |
| 433 | Lauxman, Timothy | 7/13/2022 | 1.00 | 212.00 | $ 335.00 | Reviewed Court's tentative ruling on the parties' briefing on their motions for summary judgment, and prepared a summary of the Court's tentative ruling to provide to Dr. Gonzalez. | Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 212.00 | $106.00 |
| 434 | Francis, Carrie M | 7/14/2022 | 4.00 | 300.00 | $ 2,060.00 | Correspondence with Dr. Gonzalez regarding summary judgment tentative ruling (.3); continue to prepare for oral argument on summary judgment (3.7). | Duplicative (.3 - entry 434); Unrelated to Contract Claims and/or intertwined with non-contract claims (4) | Intertwined | Overruled | $ 1200.00 | $600.00 |
| 435 | Francis, Carrie M | 7/25/2022 | 1.50 | 300.00 | $ 772.50 | Work on oral argument preparations for cross Motions for Summary Judgment. | Unrelated to Contract Claims and/or intertwined with non-contract claims; vague and ambiguous | | Overruled | $ 450.00 | $225.00 |

| # | Timekeeper | Date | Hours | Rate | Amount | Description | Objection | Intertwined | Ruling | Amount | Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 436 | Lauxman, Timothy | 7/26/2022 | 0.30 | 212.00 | $ 100.50 | Strategized with C. Francis regarding issues and arguments to present during oral argument on the parties' motions for summary judgment | IC; Unrelated to Contract Claims and/or intertwined with non-contract claims | Intertwined | Overruled | $ 63.60 | $31.80 |
| 437 | Francis, Carrie M | 7/26/2022 | 2.50 | 300.00 | $ 1,287.50 | Further work on oral argument Motion for Summary Judgment preparations. | Unrelated to Contract Claims and/or intertwined with non-contract claims; vague and ambiguous | Intertwined | Overruled | $ 750.00 | $375.00 |
| 438 | Lauxman, Timothy | 7/27/2022 | 2.90 | 212.00 | $ 971.50 | Reviewed the parties briefing, on their motions for summary judgment, as well as certain key exhibits, to prepare for oral argument on the parties motions for summary judgment (1); strategized with C. Francis regarding oral argument (.2); attended and assisted C. Francis with oral argument (1.3); updated Dr. Gonzalez on oral argument (.4). | IC (.2); Unrelated to Contract Claims and/or intertwined with non-contract claims (2.9) | Intertwined | Overruled | $ 614.80 | $307.40 |
| 439 | Francis, Carrie M | 7/27/2022 | 4.20 | 300.00 | $ 2,163.00 | Continue to prepare for and attend Motion for Summary Judgment oral argument hearing in federal court. | Unrelated to Contract Claims and/or intertwined with non-contract claims; vague and ambiguous | Intertwined | Overruled | $ 1260.00 | $630.00 |
| 440 | Lauxman, Timothy | 10/5/2022 | 0.10 | 212.00 | $ 33.50 | Reviewed the file for information regarding the Court's orders regarding preparation for trial. | | | No Objection Raised | $ 21.20 | $21.20 |
| 441 | Lauxman, Timothy | 10/13/2022 | 0.80 | 212.00 | $ 268.00 | Reviewed the case management order and federal rules of civil procedure to understand our obligations to notify the court of trial readiness (.5); drafted a notice informing the court of our trial readiness (.3). | Clerical (.3) | | Overruled | $ 169.60 | $169.60 |
| 442 | Francis, Carrie M | 10/13/2022 | 0.20 | 300.00 | $ 103.00 | Work on pre-trial conference readiness notice with T.Lauxman (.1); finalize and file same (.1). | IC (.1 (work with Lauxman); Clerical (.2) | | Overruled | $ 60.00 | $60.00 |
| 443 | Lauxman, Timothy | 10/17/2022 | 0.20 | 212.00 | $ 67.00 | Reviewed letter from S.Leonhardt regarding mediation and settlement offer (.1); researched caselaw surrounding A.R.S. section 12-341.01 (.1). | | | No Objection Raised | $ 42.40 | $42.40 |
| 444 | Lauxman, Timothy | 10/18/2022 | 4.00 | 212.00 | $ 1,340.00 | Strategized with C. Francis regarding response to USHRN's letter regarding mediation and settlement offer (.5); continued researching A.R.S. 12-341.01, focusing on the analysis for determining the successful party after an offer of judgment has been made (1); reviewed USHRN's insurance policy to better understand our chances of recovery (.4); drafted letter responding to S.Leonhardt's letter, stating our position on settlement and mediation, and why USHRN's position is flawed (1.8); emailed Dr. Gonzalez regarding settlement negotiations (.3). | IC (.5); Duplicative ( .4 - entries 39, 40, 369, 370) | | Overruled | $ 848.00 | $848.00 |
| 445 | Francis, Carrie M | 10/18/2022 | 0.50 | 300.00 | $ 257.50 | Work on settlement counter offer strategy. | Vague and ambiguous | | Overruled | $ 150.00 | $150.00 |
| 446 | Lauxman, Timothy | 10/19/2022 | 0.10 | 212.00 | $ 33.50 | Revised letter responding to S.Leonhardt's letter regarding mediation and settlement. | | | No Objection Raised | $ 21.20 | $21.20 |
| 447 | Francis, Carrie M | 10/19/2022 | 1.20 | 300.00 | $ 618.00 | Work on settlement negotiations/counter with T.Lauxman. | IC | | Overruled | $ 360.00 | $360.00 |
| 448 | Lauxman, Timothy | 10/25/2022 | 0.20 | 212.00 | $ 67.00 | Email to Dr. Gonzalez regarding settlement negotiations. | | | No Objection Raised | $ 42.40 | $42.40 |
| 449 | Francis, Carrie M | 10/26/2022 | 0.20 | 300.00 | $ 103.00 | Work on trial date setting with S.Leonhardt. | Vague and ambiguous | | Overruled | $ 60.00 | $60.00 |
| 450 | Francis, Carrie M | 10/27/2022 | 0.20 | 300.00 | $ 103.00 | Work on trial setting. | Vague and ambiguous | | Overruled | $ 60.00 | $60.00 |
| 451 | Lauxman, Timothy | 10/31/2022 | 0.10 | 212.00 | $ 33.50 | Email to Dr. Gonzalez regarding trial dates. | Clerical | | Sustained | $ 0.00 | $ 0.00 |
| 452 | Lauxman, Timothy | 11/1/2022 | 0.10 | 212.00 | $ 33.50 | Email to S.Leonhardt confirming our dates of availability for a potential trial. | | | No Objection Raised | $ 21.20 | $21.20 |
| 453 | Lauxman, Timothy | 11/3/2022 | 0.30 | 212.00 | $ 134.00 | Prepared draft joint notice of the parties' proposed trial dates and expected trial length (.2); worked with S.Leonhardt to finalize the joint notice (.1); worked with staff to ensure the joint notice was filed with the court (.1). | Clerical (.1 (filing of joint notice)) | | Sustained (.1); Overruled (.3) | $ 63.60 | $63.60 |
| 454 | Francis, Carrie M | 11/3/2022 | 0.20 | 300.00 | $ 103.00 | Work on joint notice of trial schedule / readiness. | Duplicative (entry 454) | | Overruled | $ 60.00 | $60.00 |
| 455 | Francis, Carrie M | 1/12/2023 | 0.30 | 300.00 | $ 163.50 | Telephone conference and correspondence with Dr. Gonzalez regarding trial strategy. | | | No Objection Raised | $ 90.00 | $90.00 |
| 456 | Lauxman, Timothy | 3/15/2023 | 0.10 | 212.00 | $ 38.50 | Strategized with C. Francis regarding the schedule for our preparation for trial. | IC | | Overruled | $ 21.20 | $21.20 |
| 457 | Lauxman, Timothy | 3/20/2023 | 1.50 | 212.00 | $ 577.50 | Reviewed the court's orders regarding trial preparation, as well as the form pretrial plan available on the court's website (.6); prepared timeline for trial preparation, including external and internal deadlines, with consideration of the issues in the case and potential settlement (.9). | | | No Objection Raised | $ 318.00 | $318.00 |
| 458 | Lauxman, Timothy | 3/22/2023 | 0.20 | 212.00 | $ 77.00 | Strategized with C. Francis regarding preparation for trial, focusing on gathering exhibits. | IC | | Overruled | $ 42.40 | $42.40 |
| 459 | Francis, Carrie M | 3/22/2023 | 0.20 | 300.00 | $ 103.00 | Office conference with T.Lauxman regarding trial exhibit list and related motions in limine. | IC; Inconsistent with entry 459 on time of conference | | Sustained (reduced to .2) | $ 60.00 | $60.00 |
| 460 | Pearce, Susan M | 3/23/2023 | 0.20 | 100.00 | $ 51.00 | Communications with T. Lauxman regarding strategy meeting for trial preparation. | IC; Clerical | | Overruled | $ 20.00 | $20.00 |
| 461 | Pearce, Susan M | 3/28/2023 | 0.20 | 100.00 | $ 51.00 | Communication with T. Lauxman regarding strategy meeting. | IC; Clerical | | Overruled | $ 20.00 | $20.00 |
| 462 | Lauxman, Timothy | 3/29/2023 | 0.50 | 212.00 | $ 192.50 | Strategized with S. Pearce regarding the circumstances of trial preparation, and the need for her to gather documents to use as trial exhibits as well as for use in preparing trial testimony outlines and focus other steps in trial preparation. | IC; Clerical | | Overruled | $ 106.00 | $106.00 |

| # | Name | Date | Hours | % | Amount | Description | Objection | Ruling | Amount | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 463 | Pearce, Susan M | 3/29/2023 | 0.50 | 100.00 | $127.50 | Trial preparation strategy meeting with T. Lauxman. | IC; Clerical (based on entry 463) | Overruled | $50.00 | $50.00 |
| 464 | Pearce, Susan M | 4/12/2023 | 1.80 | 100.00 | $459.00 | Research and review summary judgment briefings and disclosures to identify remaining claims and related trial exhibits. | Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $180.00 | $180.00 |
| 465 | Pearce, Susan M | 4/14/2023 | 3.00 | 100.00 | $765.00 | Continue identifying and preparing potential trial exhibit group. | Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $300.00 | $300.00 |
| 466 | Pearce, Susan M | 4/17/2023 | 2.60 | 100.00 | $663.00 | Prepare spreadsheet of potential trial exhibits with description to be used as trial exhibit list. | Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $260.00 | $260.00 |
| 467 | Pearce, Susan M | 4/17/2023 | 1.20 | 100.00 | $306.00 | Review disclosure statements to identify additional potential trial exhibits. | Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $120.00 | $120.00 |
| 468 | Pearce, Susan M | 4/18/2023 | 1.90 | 100.00 | $484.50 | Prepare additional potential trial exhibits for attorney review (1.7); communications with T. Lauxman regarding same (.2). | IC (.2); Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $190.00 | $190.00 |
| 469 | Pearce, Susan M | 4/19/2023 | 1.10 | 100.00 | $280.50 | Continue work on potential trial exhibit list and preparation of additional exhibits (1); communications with T. Lauxman regarding same (.1). | IC (.1); Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $110.00 | $110.00 |
| 470 | Pearce, Susan M | 4/20/2023 | 0.70 | 100.00 | $178.50 | Communications with T. Lauxman regarding potential trial exhibits (.1); revise potential trial exhibit list (.6). | IC (.1); Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $70.00 | $70.00 |
| 471 | Pearce, Susan M | 4/20/2023 | 1.50 | 100.00 | $382.50 | Continue to add to potential trial exhibit list and prepare potential exhibits for attorney review. | Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $150.00 | $150.00 |
| 472 | Pearce, Susan M | 4/25/2023 | 0.80 | 100.00 | $204.00 | Continue review of documents to identify potential trial exhibits (.3); review trial exhibit list spreadsheet regarding same (.5). | Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $80.00 | $80.00 |
| 473 | Pearce, Susan M | 4/26/2023 | 1.10 | 100.00 | $280.50 | Continue working on identifying and preparing trial exhibits and exhibit list. | Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $110.00 | $110.00 |
| 474 | Lauxman, Timothy | 4/27/2023 | 0.40 | 212.00 | $154.00 | Discussed the expected trial exhibits pulled by S. Pearce, what additional documents or sources of documents S. Pearce should look at to find potential trial exhibits, and trial preparation in general. | IC; Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $84.80 | $84.80 |
| 475 | Pearce, Susan M | 4/27/2023 | 0.90 | 100.00 | $229.50 | Meet with T. Lauxman to review prepared group of potential trial exhibits and strategize need for additional exhibits (.4); revise spreadsheet regarding trial exhibits (.5). | IC; Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $90.00 | $90.00 |
| 476 | Pearce, Susan M | 4/28/2023 | 2.50 | 100.00 | $637.50 | Prepare additional trial exhibits, and revise trial exhibit spreadsheet regarding same. | Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $250.00 | $250.00 |
| 477 | Pearce, Susan M | 4/28/2023 | 0.80 | 100.00 | $204.00 | Revise trial exhibit list spreadsheet based on input from T. Lauxman. | Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $80.00 | $80.00 |
| 478 | Pearce, Susan M | 5/1/2023 | 1.50 | 100.00 | $382.50 | Revise and add to trial exhibits and trial exhibit list. | Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $150.00 | $150.00 |

| # | Name | Date | Hours | Rate | Amount | Description | Objection | Ruling | Amount | Amount |
|---|------|------|-------|------|--------|-------------|-----------|--------|--------|--------|
| 479 | Pearce, Susan M | 5/2/2023 | 0.50 | 100.00 | $127.50 | Prepare additional trial exhibits, and updated exhibit list. | Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $ 50.00 | $50.00 |
| 480 | Pearce, Susan M | 5/3/2023 | 0.40 | 100.00 | $102.00 | Communications with T. Lauxman regarding Dr. Gonzalez documents demonstrating unpaid expenses (.2); review trial exhibits and identify same (.2). | Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $ 40.00 | $40.00 |
| 481 | Pearce, Susan M | 5/8/2023 | 0.50 | 100.00 | $127.50 | Edit trial exhibit descriptions. | Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $ 50.00 | $50.00 |
| 482 | Pearce, Susan M | 5/9/2023 | 0.70 | 100.00 | $178.50 | Continue revising descriptions of trial exhibits to include additional detail. | Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $ 70.00 | $70.00 |
| 483 | Lauxman, Timothy | 5/31/2023 | 0.10 | 212.00 | $38.50 | Review emails from S.Leonhardt, and discussed timing of trial preparation with C. Francis. | JC | Overruled | $ 21.20 | $21.20 |
| 484 | Petersen, Vic | 6/2/2023 | 0.90 | 100.00 | $247.50 | Prepare PDF and native file export from Relativity for T. Lauxman of potential trial exhibit list | Clerical | Overruled | $ 90.00 | $90.00 |
| 485 | Lauxman, Timothy | 6/2/2023 | 0.30 | 212.00 | $115.50 | Emails to S.Leonhardt and C. Francis regarding scheduling a call to discuss trial preparation and the parties' exchange of information before trial. | JC; Clerical | Overruled | $ 63.60 | $63.60 |
| 486 | Pearce, Susan M | 6/6/2023 | 1.70 | 100.00 | $433.50 | Revise trial exhibit spreadsheet (.4); prepare additional trial exhibits (1.3). | Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $ 170.00 | $170.00 |
| 487 | Lauxman, Timothy | 6/7/2023 | 1.00 | 212.00 | $385.00 | Reviewed court's order regarding trial preparation (.2); participated in call with opposing call determined a preliminary schedule regarding trial preparation and the parties' exchange of information in preparation for trial, as consistent with court's order (.8). | Duplicative (.8 - enry 490) | Overruled | $ 212.00 | $212.00 |
| 488 | Francis, Carrie M | 6/7/2023 | 0.20 | 300.00 | $109.00 | Correspondence with Dr. Gonzalez regarding trial prep schedule. | | No Objection Raised | $ 60.00 | $60.00 |
| 489 | Francis, Carrie M | 6/8/2023 | 1.50 | 300.00 | $817.50 | Telephone conference with Defendant's counsel regarding preparation of pretrial filings (.8); work on disclosure issues with same (.7). | | No Objection Raised | $ 450.00 | $450.00 |
| 490 | Pearce, Susan M | 6/8/2023 | 2.10 | 100.00 | $535.50 | Revise and update trial exhibit spreadsheet and potential exhibits. | Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $ 210.00 | $210.00 |
| 491 | Pearce, Susan M | 6/9/2023 | 3.50 | 100.00 | $892.50 | Revise and extensively edit trial spreadsheet to include information for using exhibits at trial, and reorder exhibits (.9); research court rules regarding use of exhibits and form for joint pretrial order (1.9); draft Joint Proposed Pretrial Order (.7) | Excessive (1.9 (Looking up court rules and form should not take 1.9 hours)); Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $ 350.00 | $350.00 |
| 492 | Lauxman, Timothy | 6/14/2023 | 0.10 | 212.00 | $38.50 | Reviewed USHRN's parts of the joint pre-trial order. | | No Objection Raised | $ 21.20 | $21.20 |
| 493 | Lauxman, Timothy | 6/15/2023 | 0.30 | 212.00 | $115.50 | Prepared notes on issues with USHRN's inserts in the draft joint pre-trial order, as well as noting points we should include in the draft joint pre-trial order. | | No Objection Raised | $ 63.60 | $63.60 |
| 494 | Lauxman, Timothy | 6/20/2023 | 0.70 | 212.00 | $269.50 | Reviewed USHRN's inserts to the final pretrial order, and began drafting Dr. Gonzalez's corresponding inserts, as well as researching the legal basis for USHRN's characterization of certain issues. | | No Objection Raised | $ 148.40 | $148.40 |
| 495 | Francis, Carrie M | 6/20/2023 | 0.60 | 300.00 | $327.00 | Office conference with T.Lauxman regarding trial prep issues. | JC | Overruled | $ 180.00 | $180.00 |
| 496 | Lauxman, Timothy | 6/22/2023 | 1.60 | 212.00 | $616.00 | Continued drafting Dr. Gonzalez's inserts to the final pretrial order, focusing on the undisputed factual and legal issues, as well as the disputed factual and legal issues (.7); researched Arizona law regarding whether the disputed issues were issues of fact for the fact finder or legal issues for the court (.9). | | No Objection Raised | $ 339.20 | $339.20 |
| 497 | Francis, Carrie M | 6/22/2023 | 3.00 | 300.00 | $1,635.00 | Work on draft pretrial edits. | Duplicative (entries 493, 494, 495, 496, 497, 498); vague and ambiguous | Overruled | $ 900.00 | $900.00 |
| 498 | Francis, Carrie M | 6/23/2023 | 1.20 | 300.00 | $654.00 | Analyze Defendant's draft pretrial segments. | vague and ambiguous | Overruled | $ 360.00 | $360.00 |
| 499 | Pearce, Susan M | 6/23/2023 | 0.30 | 100.00 | $76.50 | Communications with T. Lauxman regarding plaintiff's exhibit list and related items. | JC; Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $ 30.00 | $30.00 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 500 | Lauxman, Timothy | 6/25/2023 | 4.70 | 212.00 $ 1,809.50 | Continued drafting Dr. Gonzalez's inserts to the final pretrial order, focusing on the disputed factual and legal issues, as well as the expected testimony for each witness (3.2); researched Arizona law regarding whether the disputed issues were issues of fact for the fact finder or legal issues for the court (1.5). | | No Objection Raised | $ 996.40 | $996.40 |
| 501 | Lauxman, Timothy | 6/26/2023 | 0.70 | 212.00 $ 346.50 | Reviewed draft trial exhibit list, and select exhibits to understand which documents they were and what information was included in those exhibits (.7); worked with staff to provide the draft final pretrial order and exhibit list to S.Leonhardt (.2). | | Sustained (.2); Overruled (.7) | $ 148.40 | $148.40 |
| 502 | Pearce, Susan M | 6/26/2023 | 3.50 | 100.00 $ 892.50 | Communications with T. Lauxman regarding plaintiff's exhibit list (.2); prepare draft exhibit list (.5); research court rules and judge's instruction pages to ensure compliance with same (1.3); review defendant's exhibit list to identify duplicate exhibits (.8); identify incorrect bates numbers on defendant's exhibit list (.2); communications with T.Lauxman regarding adding objections to exhibit list (.2); communications with Sanders Parks paralegal firm regarding non-pursuit of business expense claim and related issues (.3). | IC (.2 + .2 (communications with Lauxman)); Excessive (1.3 (research of court rules and judge instructions should not take 1.3 hours)); Duplicative (1.3 - entry 492); Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $ 350.00 | $350.00 |
| 503 | Francis, Carrie M | 6/26/2023 | 0.40 | 300.00 $ 218.00 | Work on draft joint pretrial and exhibit list with T.Lauxman and S.Pearce (.2); work on Motion in Limine analysis (.2). | IC (.2 (work with Lauxman and Pearce)); Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637); vague and ambiguous (.2 (motion in limine)) | Overruled | $ 120.00 | $120.00 |
| 504 | Lauxman, Timothy | 6/27/2023 | 3.60 | 212.00 $ 1,386.00 | Continued reviewing exhibits from our and USHRN's draft trial exhibit lists, as well as reviewed USHRN's inserts to the draft final pretrial order (2.9); strategized with C. Francis regarding potential motions in limine (.4); prepared list of potential motions in limine and sent to S.Leonhardt, and reviewed S.Leonhardt's list (.3). | IC (.4); Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $ 763.20 | $763.20 |
| 505 | Francis, Carrie M | 6/27/2023 | 0.70 | 300.00 $ 381.50 | Further work with T.Lauxman (.4); analyze MIL proposal (.3); | IC (.4); vague and ambiguous (.7) | Overruled | $ 210.00 | $210.00 |
| 506 | Lauxman, Timothy | 6/28/2023 | 0.10 | 212.00 $ 38.50 | Noted additional documents to remove from our draft trial exhibit list. | Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $ 21.20 | $21.20 |
| 507 | Pearce, Susan M | 6/29/2023 | 3.70 | 100.00 $ 943.50 | Prepare trial binder for C. Francis (3.3); communications with C. Francis regarding same (.4). | Clerical (3.7); IC (.4) | Overruled | $ 370.00 | $370.00 |
| 508 | Francis, Carrie M | 6/29/2023 | 0.60 | 300.00 $ 327.00 | Work on MIL issues and exhibit list with paralegal. | IC; Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637); Block-billing; vague and ambiguous | Sustained | $ 0.00 | $ 0.00 |
| 509 | Lauxman, Timothy | 6/30/2023 | 1.80 | 212.00 $ 693.00 | Reviewed the parties' inserts to the final pretrial order, as well our answer to USHRN's counterclaims and disclosure statements (.5); participated in meet and confer call regarding the parties' proposed motions in limine (.6); researched Ninth Circuit law regarding precluding testimony by witnesses that is inconsistent with the corporation's 30(b)(6) testimony (.7). | | No Objection Raised | $ 381.60 | $381.60 |
| 510 | Pearce, Susan M | 6/30/2023 | 0.90 | 100.00 $ 280.50 | Finalize trial binder (.9); communications with Stinson staff regarding same (.2) | Clerical (1.1); IC (.2) | Sustained (.2); Overruled (.9) | $ 90.00 | $90.00 |
| 511 | Francis, Carrie M | 6/30/2023 | 1.00 | 300.00 $ 545.00 | Preparation for and meet with Defendant's counsel regarding draft pretrial and Motion in Limine for | Vague and ambiguous | Overruled | $ 300.00 | $300.00 |
| 512 | Francis, Carrie M | 7/3/2023 | 5.00 | 300.00 $ 2,725.00 | Analyze exhibits for examination use and evidentiary exclusion motions. | Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637); vague and ambiguous | Overruled | $ 1500.00 | $1,500.00 |
| 513 | Lauxman, Timothy | 7/5/2023 | 1.10 | 212.00 $ 423.50 | Reviewed email from S.Leonhardt regarding USHRN's proposed motions in limine (.2); reviewed the parties' proposed trial exhibits in preparation of Dr. Gonzalez's witness preparation session tomorrow (.9). | Duplicative (.2 - entry 505) | Overruled | $ 233.20 | $233.20 |
| 514 | Pearce, Susan M | 7/5/2023 | 0.20 | 100.00 $ 51.00 | Reviewed email from S.Leonhardt regarding potential motions in limine | Duplicative (entry 505, 514) | Overruled | $ 20.00 | $20.00 |

| # | Name | Date | Hours | Rate | Amount | Description | Objection | Ruling | Amount | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 515 | Lauxman, Timothy | 7/6/2023 | 5.00 | 212.00 | $ 1,925.00 | Reviewed the parties' proposed trial exhibits in preparation of Dr. Gonzalez's witness preparation session (2.5); worked with C. Francis to prepare Dr. Gonzalez for trial (2.5). | Duplicative (2.5 - prepare Gonzalez for trial) - entry 517) | Overruled | $ 1060.00 | $1,060.00 |
| 516 | Francis, Carrie M | 7/6/2023 | 3.00 | 300.00 | $ 1635.00 | Prepare for and meet with Dr. Gonzalez regarding trial preparation. | vague and ambiguous | Overruled | $ 900.00 | $900.00 |
| 517 | Cheff, Ashley V | 7/7/2023 | 0.30 | 212.00 | $ 102.00 | Review research and order setting trial to prepare to draft a motion in limine. | Duplicative/Excessive (new attorney getting up to speed) | Overruled | $ 63.60 | $63.60 |
| 518 | Lauxman, Timothy | 7/7/2023 | 0.90 | 212.00 | $ 346.50 | Email to C. Francis regarding proposed response to S.Leonhardt's email regarding motion in limine (.2); reviewed research regarding whether 30(b)(6) deponent's testimony can be contradicted at trial (.4), and email to C. Francis regarding how to draft a motion in limine based | BC (.2 + .3); Duplicative (.4 - entry 510) | Overruled | $ 190.80 | $190.80 |
| 519 | Francis, Carrie M | 7/7/2023 | 2.00 | 300.00 | $ 1,090.00 | Work on Motion in Limine drafts, research and conferral issues with S.Leonhardt (1.43); correspondence with S.Leonhardt regarding same (.6). | Block-billing (1.4); vague and ambiguous | Overruled | $ 600.00 | $600.00 |
| 520 | Cheff, Ashley V | 7/8/2023 | 0.50 | 212.00 | $ 170.00 | Review Defendant's disclosure statements to develop background and prepare to draft motion in limine to exclude testimony by Eric Tars. | Duplicative/Excessive (new attorney getting up to speed) | Sustained | $ 0.00 | $ 0.00 |
| 521 | Cheff, Ashley V | 7/8/2023 | 0.90 | 212.00 | $ 306.00 | Review deposition testimony of Marcia Johnson-Blanco to develop background and prepare to draft motion in limine to exclude testimony by Eric Tars. | Duplicative/Excessive (new attorney getting up to speed) | Sustained | $ 0.00 | $ 0.00 |
| 522 | Cheff, Ashley V | 7/8/2023 | 1.70 | 212.00 | $ 578.00 | Review case law on Federal Rule of Civil Procedure Rule 30(b)(6) and when testimony contradicts that of the corporate representative to prepare to draft a motion in limine to exclude Eric Tars' testimony. | Duplicative (entries 510, 519) | Overruled | $ 360.40 | $360.40 |
| 523 | Lauxman, Timothy | 7/8/2023 | 3.70 | 212.00 | $ 1,424.50 | Reviewed USHRN's 30(b)(6) depositions to understand USHRN's prior testimony, what statements are relevant to the issues remaining in the case, and designating those sections of testimony for use at trial, with specific focus on the testimony of USHRN's representative's Vickie Casanova-Willis, Lisa Crooms- Robinson, and Marcia Johnson-Blanco. | Duplicative (entries 352, 353, 357, 371-374, 376) | Overruled | $ 784.40 | $784.40 |
| 524 | Cheff, Ashley V | 7/9/2023 | 3.50 | 212.00 | $ 1,190.00 | Draft motion in limine to exclude testimony of Eric Tars. | No Objection Raised | | $ 742.00 | $742.00 |
| 525 | Lauxman, Timothy | 7/9/2023 | 3.40 | 212.00 | $ 1,309.00 | Reviewed USHRN's 30(b)(6) depositions and Dr. Gonzalez's depositions to understand the prior testimony, what statements are relevant to the issues remaining in the case, and designating those sections of testimony for use at trial, with specific focus on the testimony of USHRN's representative Marcia Johnson-Blanco and Dr. Gonzalez. | Duplicative (entries 352, 353, 357, 371-374, 376) | Overruled | $ 720.80 | $720.80 |
| 526 | Lauxman, Timothy | 7/10/2023 | 3.10 | 212.00 | $ 1,193.50 | Reviewed draft motion in limine regarding preclusion of testimony contradicting USHRN's Rule 30(b)(6) deponent (.7); conferral with S.Leonhardt regarding our proposed motion in limine precluding evidence of USHRN's purported board minutes and events at the board meetings (.2); drafted motion in limine regarding preclusion of USHRN's purported board minutes (2.2). | Duplicative (.7 - entries 521, 522, 523, 525) | Overruled | $ 657.20 | $657.20 |
| 527 | Francis, Carrie M | 7/10/2023 | 0.80 | 300.00 | $ 436.00 | Work on Motion in Limine drafts (.7); continued conferral with USHRN attorneys regarding same (.1). | Vague and ambiguous (.7) | Overruled | $ 240.00 | $240.00 |
| 528 | Lauxman, Timothy | 7/11/2023 | 3.60 | 212.00 | $ 1,386.00 | Revised the motions and limine regarding Rule 30(b)(6) testimony and USHRN's purported board minutes, including adding certificates of good-faith conferral consistent with the court's rules, and adding language in the motion regarding 30(b)(6) testimony with our proposed order and the specific testimony form USHRN's Rule 30(b)(6) deponent (3.3); worked with staff to ensure our motions were filed with their | Clerical (3.3 (good faith certificates)); Duplicative (3.3 - entries 521, 522, 523, 525, 527) | Overruled | $ 763.20 | $763.20 |
| 529 | Francis, Carrie M | 7/11/2023 | 3.00 | 300.00 | $ 1635.00 | Edit/finalize two Motions in Limine (2.1); analyze USHRN filing of five Motions in Limine and start work on response arguments to same (.9). | vague and ambiguous (2.1) | Overruled | $ 900.00 | $900.00 |
| 530 | Bellows, Kenneth | 7/11/2023 | 3.10 | 125.00 | $899.00 | Building timeline of events relevant to trial for T. Lauxman. | Duplicative/Excessive (new attorney getting up to speed) | Overruled | $ 387.50 | $387.50 |
| 531 | Lauxman, Timothy | 7/12/2023 | 2.00 | 212.00 | $ 770.00 | Reviewed potential trial exhibits disclosed by us and USHRN, in preparation for Dr. Gonzalez's witness preparation session tomorrow (.6); reviewed USHRN's motions in limine and prepared for dividing the responses between A. Cheff and the summer T.Lauxmans, as well as guidance for those responses (1.4). | Clerical (1.4 (billing for splitting up work)) | Overruled | $ 424.00 | $424.00 |
| 532 | Cheff, Ashley V | 7/12/2023 | 0.50 | 212.00 | $ 170.00 | Review motions in limine filed by S.Leonhardt to assess legal issues and prepare to draft responses. | Duplicative (entries 530, 532) | Overruled | $ 106.00 | $106.00 |
| 533 | Francis, Carrie M | 7/12/2023 | 0.50 | 300.00 | $ 272.50 | Work on exhibit marking issues per court clerk instructions. | Clerical; vague and ambiguous | Sustained | $ 0.00 | $ 0.00 |

| # | Name | Date | Hours | Rate | Amount | Description | Objection | Ruling | Claimed | Awarded |
|---|------|------|-------|------|--------|-------------|-----------|--------|---------|---------|
| 534 | Pearce, Susan M | 7/12/2023 | 0.50 | 100.00 | $ 127.50 | Review instructions for exhibits from court staff (.3); communications with staff regarding same (.2). | Clerical (.5); IC (.2); Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $ 50.00 | $50.00 |
| 535 | Pearce, Susan M | 7/12/2023 | 0.60 | 100.00 | $ 153.00 | Update trial spreadsheet with new exhibit and other information. | Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $ 60.00 | $60.00 |
| 536 | Bellows, Kenneth | 7/12/2023 | 2.50 | 125.00 | $ 725.00 | Creating Dramatis Personae for T. Lauxman. | Relevance/Excessive/Duplicative (unclear how this relates to case) | Sustained | $ 0.00 | $ 0.00 |
| 537 | Bellows, Kenneth | 7/12/2023 | 0.20 | 125.00 | $58.00 | Communication with T. Lauxman on responses to motions in limine. | IC; Excessive for Response to single MIL (19.9 hours - entries 538, 545, 546, 551, 552, 561, 568, 574) | Overruled | $ 25.00 | $25.00 |
| 538 | Lauxman, Timothy | 7/13/2023 | 4.50 | 212.00 | $ 1,732.50 | Strategized with A. Cheff and C. Francis regarding our responses to USHRN's motions in limine (.5); witness testimony preparation session with Dr. Gonzalez (4). | IC (.5) | Overruled | $ 954.00 | $954.00 |
| 539 | Cheff, Ashley V | 7/13/2023 | 0.50 | 212.00 | $ 170.00 | Meeting with C. Francis and T. Lauxman to strategize the best approach for responding to USHRN's Motions in Limine. | IC | Overruled | $ 106.00 | $106.00 |
| 540 | Francis, Carrie M | 7/13/2023 | 0.90 | 300.00 | $ 2,452.50 | Meeting with T. Lauxman and A.Cheff regarding oppositions to USHRN motions in limine (.5); trial prep meeting with Dr. Gonzalez (4). | IC (.5); incorrect time (says 4.5 but should be .9) | Sustained (reduced to .9); Overruled (otherwise) | $ 270.00 | $270.00 |
| 541 | Lauxman, Timothy | 7/14/2023 | 3.50 | 212.00 | $ 1,347.50 | Reviewed documents produced by the parties that were not already disclosed as potential exhibits (2.6); finished reviewing deposition of Dr. Gonzalez and USHRN's Rule 30(b)(6) representatives and designating portions of the transcripts for potential use at trial (.9) | Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $ 742.00 | $742.00 |
| 542 | Francis, Carrie M | 7/14/2023 | 5.00 | 300.00 | $ 2,725.00 | Work on trial exhibits (1.7); finalize all witness deposition designations for trial (3.1); correspondence with Defendant's counsel regarding same (.2). | Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $ 1500.00 | $1,500.00 |
| 543 | Lauxman, Timothy | 7/17/2023 | 1.00 | 212.00 | $ 385.00 | Email to summer T.Lauxman regarding their preparation of responses to USHRN's motions in limine (.4); reviewed additional documents within our files to determine what additional documents we should include in our potential trial exhibits (.3); reviewed USHRN's proposed jury instruction and proposed verdict from (.3). | IC (.4); Clerical (.4 - billing for assigning work); Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $ 212.00 | $212.00 |
| 544 | Bellows, Kenneth | 7/17/2023 | 0.40 | 125.00 | $ 116.00 | Reviewing Motion in Limine to exclude evidence of Dr. Gonzalez's ASU employment. | Duplicative/Excessive (new attorney getting up to speed); Duplicative (entries 530, 532, 533, 539, 540, 541); Excessive for Response to single MIL (19.9 hours - entries 538, 545, 546, 551, 552, 561, 568, 574) | Overruled | $ 50.00 | $50.00 |
| 545 | Bellows, Kenneth | 7/17/2023 | 0.40 | 125.00 | $ 116.00 | Research for reply to motion in limine regarding Dr. Gonzalez's ASU employment. | Duplicative/Excessive (new attorney getting up to speed); Duplicative (entries 530, 532, 533, 539, 540, 541); Excessive for Response to single MIL (19.9 hours - entries 538, 545, 546, 551, 552, 561, 568, 574) | Overruled | $ 50.00 | $50.00 |
| 546 | Francis, Carrie M | 7/17/2023 | 1.40 | 300.00 | $ 763.00 | Work on deposition designations and pretrial issues. | Block-billing; vague and ambiguous | Sustained | $ 0.00 | $ 0.00 |
| 547 | Lauxman, Timothy | 7/18/2023 | 3.90 | 212.00 | $ 1,501.50 | Strategized with L. Williams and C. Francis regarding attorney-client privilege and how to present questions which are for the judge's decision (.9); worked with summer T.Lauxmann to prepare the responses to USHRN's motions in limine (.7); worked with A. Cheff to prepare proposed voir dire (.6); began researching whether communications between an independent contractor and the principal's attorney are subject to attorney-client privilege (1.7). | IC (.9 + .7 + .6); Excessive for research on discrete issue of attorney-client privilege (8 hours - entries 548, 555, 570, 577, 579, 586) | Overruled | $ 826.80 | $826.80 |
| 548 | Cheff, Ashley V | 7/18/2023 | 1.80 | 212.00 | $ 612.00 | Conduct research on voir dire questions to prepare to draft list of potential questions. | | No Objection Raised | $ 381.60 | $381.60 |
| 549 | Cheff, Ashley V | 7/18/2023 | 1.20 | 212.00 | $ 408.00 | Review facts of this case and draft voir dire questions to prepare for trial. | Duplicative (review of facts of case) | Overruled | $ 254.40 | $254.40 |
| 550 | Bellows, Kenneth | 7/18/2023 | 4.70 | 125.00 | $ 1,363.00 | Researching and drafting a response to a Motion in Limine regarding Dr. Gonzalez's ASU employment. | Duplicative/Excessive (new attorney getting up to speed); Duplicative (entries 530, 532, 533, 539, 540, 541); Excessive for Response to single MIL (19.9 hours - entries 538, 545, 546, 551, 552, 561, 568, 574) | Overruled | $ 587.50 | $587.50 |
| 551 | Bellows, Kenneth | 7/18/2023 | 0.60 | 125.00 | $ 174.00 | Meeting with T. Lauxman and I. Cuevas on motions in limine. | IC; Excessive for Response to single MIL (19.9 hours - entries 538, 545, 546, 551, 552, 561, 568, 574) | Overruled | $ 75.00 | $75.00 |
| 552 | Francis, Carrie M | 7/18/2023 | 3.00 | 300.00 | $ 1,635.00 | Work on oppositions to Motion in Limine regarding misclassification evidence (2.1); research regarding same (.9). | | No Objection Raised | $ 900.00 | $900.00 |

| # | Name | Date | Hours | Rate | Amount | Description | Objection | Ruling | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 553 | Cuevas, Isabella T | 7/19/2023 | 3.80 | 125.00 | $1,102.00 | Draft response to motion in limine No. 3 regarding Evidence of USHRN's Termination or Investigation of Other Executive Directors. | Duplicative/Excessive (new attorney getting up to speed); Duplicative (entries 530, 532, 533, 539, 540, 541) | Overruled | $475.00 | $475.00 |
| 554 | Lauxman, Timothy | 7/19/2023 | 2.50 | 212.00 | $962.50 | Continued researching whether communications between an independent contractor and a principal's attorney are subject to attorney-client privilege (2.1); assisted A. Cheff with the preparation of proposed voir dire (.4). | IC (.4); Excessive for research on discrete issue of attorney-client privilege (8 hours - entries 548, 555, 570, 577, 579, 586) | Overruled | $530.00 | $530.00 |
| 555 | Cheff, Ashley V | 7/19/2023 | 1.80 | 212.00 | $612.00 | Review case law cited by Defendant and research helpful case law to use in Response to Defendant's Motion in Limine 1. | Duplicative (entries 530, 532, 533) | Overruled | $381.60 | $381.60 |
| 556 | Cheff, Ashley V | 7/19/2023 | 1.70 | 212.00 | $578.00 | Draft response to Defendant's Motion in Limine 1. | Duplicative (entries 530, 532, 533, 553) | Overruled | $360.40 | $360.40 |
| 557 | Cheff, Ashley V | 7/19/2023 | 1.20 | 212.00 | $408.00 | Conduct research to prepare to draft a response to Defendant's Motion in Limine 4. | Duplicative (entries 530, 532, 533, 553) | Overruled | $254.40 | $254.40 |
| 558 | Cheff, Ashley V | 7/19/2023 | 1.80 | 212.00 | $612.00 | Draft response to Defendant's Motion in Limine 4. | Duplicative (entries 530, 532, 533, 553) | Overruled | $381.60 | $381.60 |
| 559 | Cheff, Ashley V | 7/19/2023 | 1.20 | 212.00 | $408.00 | Draft response to Defendant's Motion in Limine 5. | Duplicative (entries 530, 532, 533) | Overruled | $254.40 | $254.40 |
| 560 | Bellows, Kenneth | 7/19/2023 | 2.10 | 125.00 | $609.00 | Drafting Response to Motion In Limine number 2. | Duplicative/Excessive (new attorney getting up to speed); Duplicative (entries 530, 532, 533, 539, 540, 541); Excessive for Response to single MIL (19.9 hours entries 538, 545, 546, 551, 552, 561, 568, 574) | Overruled | $262.50 | $262.50 |
| 561 | Bellows, Kenneth | 7/19/2023 | 0.70 | 125.00 | $203.00 | Reading Arizona and Federal Jury Instructions. | Excessive/Duplicative/Relevance (new attorney learning basic law);Excessive for Jury Instructions (73.6 hours - entries 562, 571, 572, 575, 576, 577, 578, 579, 580, 582, 583, 584, 587, 588, 590, 593, 597, 598, 599, 601, 602, 609, 616, 618, 619, 621) | Sustained | $0.00 | $0.00 |
| 562 | Francis, Carrie M | 7/19/2023 | 3.00 | 300.00 | $1,635.00 | Office conference with T.Lauxman regarding strategy for handling specific evidentiary issues (.4); further work on motions in limine responses (2.6). | IC (.4); vague and ambiguous (2.6) | Overruled | $900.00 | $900.00 |
| 563 | Cuevas, Isabella T | 7/20/2023 | 1.50 | 125.00 | $435.00 | Review and edit draft response to defendant's motion in limine no. 3 regarding USHRN's termination or investigation of other Executive Directors. | | No Objection Raised | $187.50 | $187.50 |
| 564 | Lauxman, Timothy | 7/20/2023 | 2.00 | 212.00 | $770.00 | Reviewed USHRN's jury instructions and K. Bellows' previous research regarding which uniform jury instructions to rely on (1); strategized with K. Bellows regarding analyzing the flaws with USHRN's proposed jury instructions (.7); revised the draft proposed voir dire based on comments from C. Francis (.3). | Duplicative (1 (review of work previously done)); IC (.7) | Overruled | $424.00 | $424.00 |
| 565 | Cheff, Ashley V | 7/20/2023 | 0.80 | 212.00 | $272.00 | Edit and finalize responses to Defendant's Motions in Limine 1, 4, and 5. | | No Objection Raised | $169.60 | $169.60 |
| 566 | Cheff, Ashley V | 7/20/2023 | 0.30 | 212.00 | $102.00 | Edit and finalize list of voir dire questions to send to S.Leonhardt. | | No Objection Raised | $63.60 | $63.60 |
| 567 | Bellows, Kenneth | 7/20/2023 | 8.40 | 125.00 | $2,436.00 | Drafting Response to Motion in Limine for T. Lauxman (7.4); meeting with T. Lauxman regarding next steps in the case (1). | Duplicative/Excessive (new attorney getting up to speed); Excessive for Response to single MIL (19.9 hours - entries 538, 545, 546, 551, 552, 561, 568, 574) | Overruled | $1050.00 | $1,050.00 |
| 568 | Francis, Carrie M | 7/20/2023 | 1.20 | 300.00 | $654.00 | Work on voir dire draft. | | No Objection Raised | $360.00 | $360.00 |
| 569 | Lauxman, Timothy | 7/21/2023 | 2.80 | 212.00 | $1,078.00 | Began revising drafts of responses to USHRN's motions in limine, focusing on motion seeking to exclude evidence of USHRN's termination of other Executive Directors (1.2); revised the draft proposed voir dire and provided it to S.Leonhardt (.5); continued research whether attorney-client privilege applies to an independent contractor that speaks to the principal's attorney (1.1). | Excessive for research on discrete issue of attorney-client privilege (8 hours - entries 548, 555, 570, 577, 579, 586) | Overruled | $593.60 | $593.60 |
| 570 | Bellows, Kenneth | 7/21/2023 | 1.80 | 125.00 | $522.00 | Researching potential jury instructions. | Excessive for Jury Instructions (73.6 hours - entries 562, 571, 572, 575, 576, 577, 578, 579, 580, 582, 583, 584, 587, 588, 590, 593, 597, 598, 599, 601, 602, 609, 616, 618, 619, 621) | Overruled | $225.00 | $225.00 |
| 571 | Bellows, Kenneth | 7/21/2023 | 2.50 | 125.00 | $725.00 | Conducting work on the jury instruction project. | Excessive for Jury Instructions (73.6 hours - entries 562, 571, 572, 575, 576, 577, 578, 579, 580, 582, 583, 584, 587, 588, 590, 593, 597, 598, 599, 601, 602, 609, 616, 618, 619, 621) | Overruled | $312.50 | $312.50 |
| 572 | Francis, Carrie M | 7/21/2023 | 0.70 | 300.00 | $381.50 | Further work on edits to voir dire. | | No Objection Raised | $210.00 | $210.00 |
| 573 | Lauxman, Timothy | 7/23/2023 | 4.10 | 212.00 | $1,578.50 | Continued revising drafts of responses to USHRN's motions in limine, focusing on motions to exclude evidence of Dr. Gonzalez's termination and the reasons for her termination, evidence of Dr. Gonzalez's other job opportunities, evidence of the illegality of Dr. Gonzalez's misclassification, and evidence of USHRN's violations of law via its representations to the federal government. | Excessive for Response to single MIL (19.9 hours - entries 538, 545, 546, 551, 552, 561, 568, 574) | Overruled | $869.20 | $869.20 |

| # | Name | Date | Hours | Rate | Amount | Description | Objection | Ruling | Amount | Amount |
|---|------|------|-------|------|--------|------------|-----------|--------|--------|--------|
| 574 | Bellows, Kenneth | 7/24/2023 | 6.10 | 125.00 | $ 1,769.00 | Researching and drafting jury instructions (4); legal research regarding implied contracts and implied contract terms (2.1). | Duplicative/Excessive (2.1 - new attorney getting up to speed); Duplicative (2.1 - entry 379); Excessive for Jury Instructions (73.6 hours - entries 562, 571, 572, 575, 576, 577, 578, 579, 580, 582, 583, 584, 587, 588, 590, 593, 597, 598, 599, 601, 602, 609, 616, 618, 619, 621) | Overruled | $ 762.50 | $762.50 |
| 575 | Francis, Carrie M | 7/24/2023 | 0.30 | 300.00 | $ 163.50 | Work on draft jury instructions. | Excessive for Jury Instructions (73.6 hours - entries 562, 571, 572, 575, 576, 577, 578, 579, 580, 582, 583, 584, 587, 588, 590, 593, 597, 598, 599, 601, 602, 609, 616, 618, 619, 621); vague and ambiguous | Overruled | $ 90.00 | $90.00 |
| 576 | Lauxman, Timothy | 7/24/2023 | 4.60 | 212.00 | $ 1,771.00 | Revised response to USHRN's motion in limine seeking to exclude evidence of his termination and reasons for terminating other executive directors (1.8); researched Arizona and Ninth Circuit caselaw regarding whether attorney Dr. Gonzalez privilege applies to independent contractors (1.8); outlined the various issues in the case, which issues we need to add to the final pretrial order, which exhibits we need to add based on those issues, and what jury instructions are needed based on those issues (1). | Excessive research on discrete issue of attorney-client privilege (8 hours - entries 548, 555, 570, 577, 579, 586); Excessive for Jury Instructions (73.6 hours - entries 562, 571, 572, 575, 576, 577, 578, 579, 580, 582, 583, 584, 587, 588, 590, 593, 597, 598, 599, 601, 602, 609, 616, 618, 619, 621) | Overruled | $ 975.20 | $975.20 |
| 577 | Bellows, Kenneth | 7/24/2023 | 6.90 | 125.00 | $ 2,001.00 | Legal Research and drafting jury instructions for independent contractors and uncertain contract terms (6.2); meeting with T. Lauxman, research into breach of contract accrual of claims (.7). | Excessive for drafting of two jury instructions (6.2); IC (7); Excessive for Jury Instructions (73.6 hours - entries 562, 571, 572, 575, 576, 577, 578, 579, 580, 582, 583, 584, 587, 588, 590, 593, 597, 598, 599, 601, 602, 609, 616, 618, 619, 621) | Overruled | $ 862.50 | $862.50 |
| 578 | Lauxman, Timothy | 7/25/2023 | 5.60 | 212.00 | $ 2,233.00 | Finished revising the draft responses to USHRN's motions in limine, including preparing the exhibits required for our responses (.8); worked with staff to ensure the responses and exhibits were properly filed (.2); researched Arizona law regarding attorney Dr. Gonzalez privilege (.7); reviewed USHRN's proposed jury instructions and verdict forms (.8); began outlining the form of our proposed verdict forms, in light of the objectionable portions of USHRN's proposed verdict forms (.4); reviewed the caselaw provided by summer T.Lauxman regarding implied contracts and the certainty of contractual terms, as well as his proposed inclusions of uniform jury instructions (2.9). | Clerical (.8 = .2 (filing and preparing exhibits)); Excessive research on discrete issue of attorney-client privilege (8 hours - entries 548, 555, 570, 577, 579, 586); Duplicative/Excessive (2.9 (review of work already done/excessive for two jury instructions - entry 578)); Excessive for Jury Instructions (73.6 hours - entries 562, 571, 572, 575, 576, 577, 578, 579, 580, 582, 583, 584, 587, 588, 590, 593, 597, 598, 599, 601, 602, 609, 616, 618, 619, 621) | Sustained (.2); Overruled (5.6) | $ 1187.20 | $1,187.20 |
| 579 | Bellows, Kenneth | 7/26/2023 | 7.90 | 125.00 | $ 2,291.00 | Drafting jury instructions, adding jury instructions (7.4); meeting with T. Lauxman on other potential jury instructions (.5). | Vague and ambiguous (7.4); Excessive/Duplicative (new attorney getting up to speed); Excessive for Jury Instructions (73.6 hours - entries 562, 571, 572, 575, 576, 577, 578, 579, 580, 582, 583, 584, 587, 588, 590, 593, 597, 598, 599, 601, 602, 609, 616, 618, 619, 621) | Overruled | $ 987.50 | $987.50 |
| 580 | Cheff, Ashley V | 7/26/2023 | 1.70 | 212.00 | $ 578.00 | Review draft verdict form and provide input and edits. | | No Objection Raised | $ 360.40 | $360.40 |
| 581 | Cheff, Ashley V | 7/26/2023 | 0.90 | 212.00 | $ 306.00 | Review case law and secondary sources regarding jury instructions on acknowledgment of a just debt (.5); make edits to Dr. Gonzalez's proposed jury instructions on acknowledgment of a just debt (.4). | Excessive for Jury Instructions (73.6 hours - entries 562, 571, 572, 575, 576, 577, 578, 579, 580, 582, 583, 584, 587, 588, 590, 593, 597, 598, 599, 601, 602, 609, 616, 618, 619, 621) | Overruled | $ 190.80 | $190.80 |
| 582 | Cheff, Ashley V | 7/26/2023 | 1.10 | 212.00 | $ 374.00 | Review case law and secondary sources regarding jury instructions on accrual of a claim where there is a continuous breach(.6); make edits to Dr. Gonzalez's proposed jury instructions on accrual (.5). | Excessive for Jury Instructions (73.6 hours - entries 562, 571, 572, 575, 576, 577, 578, 579, 580, 582, 583, 584, 587, 588, 590, 593, 597, 598, 599, 601, 602, 609, 616, 618, 619, 621) | Overruled | $ 233.20 | $233.20 |
| 583 | Cheff, Ashley V | 7/26/2023 | 0.50 | 212.00 | $ 170.00 | Review USHRN's proposed jury instructions to assess potential issues with the proposals and evaluate how to best draft Dr. Gonzalez's proposed instructions. | Excessive for Jury Instructions (73.6 hours - entries 562, 571, 572, 575, 576, 577, 578, 579, 580, 582, 583, 584, 587, 588, 590, 593, 597, 598, 599, 601, 602, 609, 616, 618, 619, 621) | Overruled | $ 106.00 | $106.00 |
| 584 | Francis, Carrie M | 7/26/2023 | 0.30 | 300.00 | $ 163.50 | Work on verdict forms. | | No Objection Raised | $ 90.00 | $90.00 |
| 585 | Lauxman, Timothy | 7/26/2023 | 2.70 | 212.00 | $ 1,039.50 | Researched Arizona caselaw regarding attorney-client privilege (.6); drafted insert to the final pre- trial order regarding the factual issue of whether Dr. Gonzalez and USHRN had an employee-employer relationship and USHRN misclassified her (1.1); researched Arizona law regarding implied contracts and employee handbook terms as implied-in-fact terms of an employment contract (1). | Excessive research on discrete issue of attorney-client privilege (8 hours - entries 548, 555, 570, 577, 579, 586); Duplicative (1 - entry 379, 575) | Overruled | $ 572.40 | $572.40 |
| 586 | Cheff, Ashley V | 7/27/2023 | 1.70 | 212.00 | $ 578.00 | Search for authority that when a breach is continuous, the claim accrues at the last breach for statute of limitations purposes to cite to in Plaintiff's proposed jury instructions. | Duplicative (entry 578); Excessive for Jury Instructions (73.6 hours - entries 562, 571, 572, 575, 576, 577, 578, 579, 580, 582, 583, 584, 587, 588, 590, 593, 597, 598, 599, 601, 602, 609, 616, 618, 619, 621) | Overruled | $ 360.40 | $360.40 |
| 587 | Cheff, Ashley V | 7/27/2023 | 0.50 | 212.00 | $ 170.00 | Search for authority that a signature need not be a traditional, handwritten signature under Arizona law to cite to in Plaintiff's proposed jury instructions. | Excessive for Jury Instructions (73.6 hours - entries 562, 571, 572, 575, 576, 577, 578, 579, 580, 582, 583, 584, 587, 588, 590, 593, 597, 598, 599, 601, 602, 609, 616, 618, 619, 621) | Overruled | $ 106.00 | $106.00 |

| # | Name | Date | Hours | Rate | Amount | Description | Objection | Ruling | Amount | Amount |
|---|------|------|-------|------|--------|-------------|-----------|--------|--------|--------|
| 588 | Pearce, Susan M | 7/27/2023 | 1.20 | 100.00 | $306.00 | Revise trial exhibits and exhibit list. | Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $ 120.00 | $120.00 |
| 589 | Lauxman, Timothy | 7/27/2023 | 6.00 | 212.00 | $ 2,310.00 | Researched Arizona and federal law regarding the renewal of a claim for failure to appropriately compensate an employee, based on a subsequent failure (1.2); reviewed documents in our files for additional potential exhibits at trial (2.1); reviewed draft jury instructions prepared by summer T.Lauxman, as well as authorities cited, and began revising the instructions (2.7). | Duplicative/Excessive (2.7 (reviewing work already done));Excessive for Jury Instructions (73.6 hours - entries 562, 571, 572, 575, 576, 577, 578, 579, 580, 582, 583, 584, 587, 588, 590, 593, 597, 598, 599, 601, 602, 609, 616, 618, 619, 621) | Overruled | $ 1272.00 | $1,272.00 |
| 590 | Bellows, Kenneth | 7/28/2023 | 1.20 | 125.00 | $ 348.00 | Attending Dr. Gonzalez trial prep meeting. | Duplicative (entries 595, 596) | Overruled | $ 150.00 | $150.00 |
| 591 | Cheff, Ashley V | 7/28/2023 | 1.40 | 212.00 | $ 476.00 | Review deposition transcript for Plaintiff Rosalee Gonzalez to prepare a mock cross examination to perform to assist with preparing Ms. Gonzalez for trial. | | No Objection Raised | $ 296.80 | $296.80 |
| 592 | Cheff, Ashley V | 7/28/2023 | 0.50 | 212.00 | $ 170.00 | Review United States Supreme Court cases for helpful precedent regarding the accrual of a breach of contract claim for an ongoing breach to find a helpful citation for the accrual jury instructions. | Duplicative (entry 578, 587); Excessive for Jury Instructions (73.6 hours - entries 562, 571, 575, 576, 577, 578, 579, 580, 582, 583, 584, 587, 588, 590, 593, 597, 598, 599, 601, 602, 609, 616, 618, 619, 621) | Overruled | $ 106.00 | $106.00 |
| 593 | Pearce, Susan M | 7/28/2023 | 1.20 | 100.00 | $ 306.00 | Revise and add new trial exhibits (.6); communications with T. Lauxman regarding same (.3); revise trial exhibit list (.3). | IC (.3); Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $ 120.00 | $120.00 |
| 594 | Francis, Carrie M | 7/28/2023 | 3.50 | 300.00 | $ 1,907.50 | Trial preparation meeting with Dr. Gonzalez (2.4); work on trial exhibits (1.1). | Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $ 1050.00 | $1,050.00 |
| 595 | Lauxman, Timothy | 7/28/2023 | 8.70 | 212.00 | $ 3,349.50 | Witness preparation with Dr. Gonzalez (2.4); gathered documents to include as additional trial exhibits (5.1); revised our exhibit list to disclose the additional exhibits to S.Leonhardt (1.2). | Duplicative (2.4 - entry 595); Clerical (5.1); Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $ 1844.40 | $1,844.40 |
| 596 | Lauxman, Timothy | 7/30/2023 | 9.80 | 212.00 | $ 3,773.00 | Reviewed USHRN's proposed jury instructions, the draft jury instructions prepared by A. Cheff and K. Bellows, and the uniform instructions for the Ninth Circuit (MCB) and Arizona (RAJI) (2.5); drafted proposed instructions for Dr. Gonzalez, and revised the proposed instructions prepared by other A. Cheff and K. Bellows, to ensure they complied with Arizona law and Dr. Gonzalez's interests, as well as were in a form suited for the jury (4.1); prepared objections to USHRN's proposed jury instructions, including the instructions USHRN drafted and the uniform instructions that are not appropriate for this case (3.2). | Duplicative/Excessive (2.5 (reviewing work already done)); Excessive for Jury Instructions (73.6 hours - entries 562, 571, 572, 575, 576, 577, 578, 579, 580, 582, 583, 584, 587, 588, 590, 593, 597, 598, 599, 601, 602, 609, 616, 618, 619, 621) | Overruled | $ 2077.60 | $2,077.60 |
| 597 | Francis, Carrie M | 7/31/2023 | 2.50 | 300.00 | $ 1,362.50 | Further work on jury instructions, verdict forms and joint statement of the case to be read to jurors. | Block-billing; vague and ambiguous; Excessive for Jury Instructions (73.6 hours - entries 562, 571, 572, 575, 576, 577, 578, 579, 580, 582, 583, 584, 587, 588, 590, 593, 597, 598, 599, 601, 602, 609, 616, 618, 619, 621) | Overruled | $ 750.00 | $750.00 |
| 598 | Lauxman, Timothy | 7/31/2023 | 0.80 | 212.00 | $ 308.00 | Continued revising draft jury instructions and verdict forms, including adding language regarding the necessity of knowledge of circumstances when ratifying an agreement (.5); revised the filing stating the parties' proposed jury instructions (.3). | Excessive for Jury Instructions (73.6 hours - entries 562, 571, 572, 575, 576, 577, 578, 579, 580, 582, 583, 584, 587, 588, 590, 593, 597, 598, 599, 601, 602, 609, 616, 618, 619, 621) | Overruled | $ 169.60 | $169.60 |
| 599 | Pearce, Susan M | 8/1/2023 | 0.40 | 100.00 | $ 102.00 | Review trial readiness preparation checklist from V. Peterson (.2); communications with T. Lauxman re same (.2). | Duplicative/Excessive/Clerical (.4); IC (.2 (communications with Lauxman)) | Overruled | $ 40.00 | $40.00 |
| 600 | Lauxman, Timothy | 8/1/2023 | 4.50 | 212.00 | $ 1,732.50 | Reviewed and responded to emails from S.Leonhardt regarding our revised exhibit list (.2); strategized with C.Francis regarding the preparation of proposed verdict forms and jury instructions (.3); revised our proposed jury instructions and proposed verdict forms, and drafted objections to USHRN's proposed verdict forms and jury instructions (4). | Block-billing (4); IC (.3); Excessive for Jury Instructions (73.6 hours - entries 562, 571, 572, 575, 576, 577, 578, 579, 580, 582, 583, 584, 587, 588, 590, 593, 597, 598, 599, 601, 602, 609, 616, 618, 619, 621) | Overruled | $ 954.00 | $954.00 |
| 601 | Francis, Carrie M | 8/1/2023 | 1.50 | 300.00 | $ 817.50 | Work on draft jury instructions. | Excessive for Jury Instructions (73.6 hours - entries 562, 571, 572, 575, 576, 577, 578, 579, 580, 582, 583, 584, 587, 588, 590, 593, 597, 598, 599, 601, 602, 609, 616, 618, 619, 621); vague and ambiguous | Overruled | $ 450.00 | $450.00 |

| # | Name | Date | Hours | Rate | Amount | Description | Objection | Ruling | Amount | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 602 | Pearce, Susan M | 8/2/2023 | 1.70 | 100.00 | $ 433.50 | Continued trial preparation, including updated trial exhibit spreadsheet and related tasks. | Vague and ambiguous; Clerical; Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $ 170.00 | $170.00 |
| 603 | Lauxman, Timothy | 8/2/2023 | 5.90 | 212.00 | $ 2,271.50 | Continued revising the draft joint final pretrial order to include issues regarding the implied contracts, Dr. Gonzalez's rights under her express or implied contracts, her damages, the illegality of enforcement of the independent contractor agreement, and additional arguments in support of other issues. | | No Objection Raised | $ 1250.80 | $1,250.80 |
| 604 | Francis, Carrie M | 8/2/2023 | 5.00 | 300.00 | $ 2,725.00 | Work with Dr. Gonzalez on direct exam. | | No Objection Raised | $ 1500.00 | $1,500.00 |
| 605 | Lauxman, Timothy | 8/3/2023 | 6.00 | 212.00 | $ 2,310.00 | Continued revising the draft joint final pretrial order to include issues regarding the implied contract, Dr. Gonzalez's rights under her express or implied contracts, her damages, the illegality of enforcement of the independent contractor agreement, and additional arguments in support of other issues. | | Overruled | $ 1272.00 | $1,272.00 |
| 606 | Francis, Carrie M | 8/3/2023 | 1.00 | 300.00 | $ 545.00 | Meet with Defendant's counsel regarding draft pretrial filings and prepare for same. | Duplicative (Identical with entry 604 except for time) | Overruled | $ 300.00 | $300.00 |
| 607 | Pearce, Susan M | 8/3/2023 | 0.30 | 100.00 | $ 76.50 | Communications with internal team re Notice to Court Reporter. | Block-billing; vague and ambiguous | Overruled | $ 30.00 | $30.00 |
| 608 | Francis, Carrie M | 8/4/2023 | 3.00 | 300.00 | $ 1,635.00 | Further work on jury instructions, verdict forms, joint statement of the case, deposition designations/objections with Dr. Gonzalez. | IC; Clerical | Overruled | $ 900.00 | $900.00 |
| 609 | Lauxman, Timothy | 8/7/2023 | 7.50 | 212.00 | $ 2,887.50 | Assisted with preparation of Dr. Gonzalez's testimony on cross-examination by S.Leonhardt at trial, including providing her advice on how to respond when certain issues are raised (2.6); prepared objections to USHRN's proposed exhibits, deposition designations, verdict forms, and jury instructions (4.9). | Block-billing; vague and ambiguous; Excessive for Jury Instructions (73.6 hours - entries 562, 571, 572, 575, 576, 577, 578, 579, 580, 582, 583, 584, 587, 588, 590, 593, 597, 598, 599, 601, 602, 609, 616, 618, 619, 621) | Overruled | $ 1590.00 | $1,590.00 |
| 610 | Cheff, Ashley V | 8/7/2023 | 4.20 | 212.00 | $ 1,428.00 | Review discovery and deposition transcripts to prepare for mock cross examination of Plaintiff. | Duplicative/Excessive (2.6 - entry 592, 612, 613); Block billing (4.9) | Overruled | $ 890.40 | $890.40 |
| 611 | Cheff, Ashley V | 8/7/2023 | 2.60 | 212.00 | $ 884.00 | Mock cross examination of Plaintiff. | Duplicative/Excessive (entry 592, 610, 613) | Overruled | $ 551.20 | $551.20 |
| 612 | Francis, Carrie M | 8/7/2023 | 3.00 | 300.00 | $ 1,635.00 | Prepare for and conduct mock cross exam with Dr. Gonzalez. | Duplicative/Excessive (entry 592, 610, 613) | Overruled | $ 900.00 | $900.00 |
| 613 | Pearce, Susan M | 8/7/2023 | 0.70 | 100.00 | $ 178.50 | Run comparison of defendant's notice to court reporter against plaintiff's notice to court reporter (.4); revise and update notice to court reporter (.3). | Vague and ambiguous | Overruled | $ 70.00 | $70.00 |
| 614 | Lauxman, Timothy | 8/8/2023 | 10.00 | 212.00 | $ 3,850.00 | Strategized with C.Francis regarding providing objections to S.Leonhardt regarding its expected trial exhibits (.4); reviewed new sections of the joint final pretrial order added by S.Leonhardt the previous day (2.2); reviewed documents in our files to address each of USHRN's assertions of waiver, and drafted relevant responsive arguments showing that USHRN's assertions of waiver are baseless (6.5); added counterdesignations of Dr. Gonzalez's deposition and legal issue regarding Dr. Gonzalez's entitlement to judgment on USHRN's counterclaims that it is not pursuing at trial (.9). | Clerical (.7) | Overruled | $ 2120.00 | $2,120.00 |
| 615 | Francis, Carrie M | 8/8/2023 | 2.00 | 300.00 | $ 1,090.00 | Work on jury instructions, verdict forms, notice to court reporter and exhibit objections. | IC (.4); Excessive (6.5 - (It should not take this long to address a simple waiver argument)) Clerical (notice to court reporter); Block-billing; vague and ambiguous; Excessive for Jury Instructions (73.6 hours - entries 562, 571, 572, 575, 576, 577, 578, 579, 580, 582, 583, 584, 587, 588, 590, 593, 597, 598, 599, 601, 602, 609, 616, 618, 619, 621) | Overruled | $ 600.00 | $600.00 |
| 616 | Pearce, Susan M | 8/8/2023 | 0.50 | 100.00 | $ 127.50 | Communications with internal team re comparison of notice to court reporter (.2); revise notice to court reporter (.3). | IC(.2); Clerical (.5) | Overruled | $ 50.00 | $50.00 |
| 617 | Lauxman, Timothy | 8/9/2023 | 8.00 | 212.00 | $ 3,080.00 | Reviewed USHRN's newly disclosed redacted trial exhibits; revised objections to USHRN's trial exhibits (1.2); revised objections to verdict forms and jury instructions (4.1); revised our jury instructions and verdict forms based on USHRN's objections (2.7). | Excessive for Jury Instructions (73.6 hours - entries 562, 571, 572, 575, 576, 577, 578, 579, 580, 582, 583, 584, 587, 588, 590, 593, 597, 598, 599, 601, 602, 609, 616, 618, 619, 621) | Overruled | $ 1696.00 | $1,696.00 |

| # | Name | Date | Hours | Rate | Amount | Description | Notes | Ruling | Claimed | Awarded |
|---|------|------|-------|------|--------|-------------|-------|--------|---------|---------|
| 618 | Lauxman, Timothy | 8/10/2023 | 7.00 | 212.00 | $ 2,695.00 | Strategized with C. Francis regarding revisions to the joint final pretrial order based on USHRN's new objection to inclusion of issues despite purported waiver (1.); revised the joint final pretrial order based on additional changes by USHRN (1.1); revised the verdict forms based on USHRN's objections (.8); worked with C.Francis, staff, and S.Leonhardt to finalize all of the documents we needed to file, including the joint final pretrial order, the parties' trial exhibit lists, proposed jury instructions, proposed verdict forms, master witness list, voir dire, and joint statement of the case (4.1). | IC (1); Block-billing (4.1); Clerical (4.1 (related to filing); Excessive for Jury Instructions (73.6 hours - entries 562, 571, 572, 575, 576, 577, 578, 579, 580, 582, 583, 584, 587, 588, 590, 593, 597, 598, 599, 601, 602, 609, 616, 618, 619, 621); Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $ 1484.00 | $1,484.00 |
| 619 | Cheff, Ashley V | 8/10/2023 | 1.00 | 212.00 | $ 340.00 | Prepare for second mock cross examination of Plaintiff. | | No Objection Raised | $ 212.00 | $212.00 |
| 620 | Francis, Carrie M | 8/10/2023 | 8.00 | 300.00 | $ 4,360.00 | Finalize all joint pretrial filings with Defendant's counsel. | Block-billing; vague and ambiguous; Clerical (related to filing); Excessive for Jury Instructions (73.6 hours - entries 562, 571, 572, 575, 576, 577, 578, 579, 580, 582, 583, 584, 587, 588, 590, 593, 597, 598, 599, 601, 602, 609, 616, 618, 619, 621); Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $ 2400.00 | $2,400.00 |
| 621 | Pearce, Susan M | 8/10/2023 | 3.50 | 100.00 | $ 892.50 | Prepare final complete set of exhibits for trial (3.1); telephone calls and emails with S.Leonhardt's paralegal re same (.4). | Clerical (3.5); Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $ 350.00 | $350.00 |
| 622 | Lauxman, Timothy | 8/11/2023 | 3.70 | 212.00 | $ 1,424.50 | Assisted with preparation of Dr. Gonzalez's cross-examination. | Duplicative (entry 620) | Overruled | $ 784.40 | $784.40 |
| 623 | Cheff, Ashley V | 8/11/2023 | 3.70 | 212.00 | $ 1,258.00 | Second mock cross examination and prep for pre-trial conference. | Block-billing; Duplicative (entry 625) | Overruled | $ 784.40 | $784.40 |
| 624 | Francis, Carrie M | 8/11/2023 | 3.70 | 300.00 | $ 2,016.50 | Work on mock cross exam with Dr. Gonzalez; work on draft outlines for trial exams (3.7). | Block-billing | Overruled | $ 1110.00 | $1,110.00 |
| 625 | Pearce, Susan M | 8/11/2023 | 0.50 | 100.00 | $ 127.50 | Communications with internal team re final set of exhibits, exhibit and witness lists and related items. | IC; Clerical; Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $ 50.00 | $50.00 |
| 626 | Pearce, Susan M | 8/11/2023 | 2.80 | 100.00 | $ 714.00 | Complete preparation of final set of exhibits. | Clerical; Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $ 280.00 | $280.00 |
| 627 | Petersen, Vic | 8/11/2023 | 0.60 | 100.00 | $ 165.00 | Prepare searches in Relativity for USHRN documents. | Clerical | Overruled | $ 60.00 | $60.00 |
| 628 | Petersen, Vic | 8/14/2023 | 2.30 | 100.00 | $ 632.50 | Prepare updated PDF exhibit for trial exhibit 23 (.6); consult with case team regarding trial preparation (.4); coordinate with support staff to have trial exhibit cover pages applied for the court (.4); prepare plaintiff trial exhibits for secure file transfer (.9). | Clerical (2.3); IC (.4 = .4 (consult with team and coordinate with staff)); Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $ 230.00 | $230.00 |
| 629 | Cheff, Ashley V | 8/14/2023 | 2.50 | 212.00 | $ 850.00 | Prep to argue motions in limine at pre-trial conference. | Duplicative/Excessive (3rd attorney not needed for pre-trial conference) | Overruled | $ 530.00 | $530.00 |
| 630 | Lauxman, Timothy | 8/14/2023 | 5.60 | 212.00 | $ 2,156.00 | Worked with staff to finalize Plaintiff's exhibits and provide them to S.Leonhardt (.9); reviewed the parties' statements in the joint pretrial order and the motions in limine and reviewed the case law cited by each party in those documents to prepare for any argument that may be necessary at the final pretrial conference on 8/15 (3.4); started preparing outline of arguments at the final pretrial conference (1.3). | Clerical (.9); Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $ 1187.20 | $1,187.20 |
| 631 | Pearce, Susan M | 8/15/2023 | 2.10 | 100.00 | $ 535.50 | Communications with internal team re transcript request, trial preparation tasks, and trial equipment (.5); review pretrial order to determine completion of all tasks required for trial, and identify missing or additional trial preparation needed (1.6). | IC (.5); Clerical (2.1) | Overruled | $ 210.00 | $210.00 |
| 632 | Cheff, Ashley V | 8/15/2023 | 3.50 | 212.00 | $ 1,190.00 | Attend the pre-trial conference. | Duplicative/Excessive (3rd attorney not needed for pre-trial conference) | Overruled | $ 742.00 | $742.00 |
| 633 | Cheff, Ashley V | 8/15/2023 | 0.80 | 212.00 | $ 272.00 | Prepare for pre-trial conference. | Duplicative/Excessive (3rd attorney not needed for pre-trial conference) | Overruled | $ 169.60 | $169.60 |
| 634 | Lauxman, Timothy | 8/15/2023 | 4.40 | 212.00 | $ 1,694.00 | Reviewed the parties' statements in the joint pretrial order and the motions in limine and reviewed the caselaw cited by each party in those documents to prepare for any argument that may be necessary at the final pretrial conference (.3); continued preparing outline of arguments at the final pretrial conference (.6); attended the final pretrial conference and presented arguments in support of Dr. Gonzalez's position (3.5). | | No Objection Raised | $ 932.80 | $932.80 |

| # | Name | Date | Rate | Hours | Amount | Description | Objection | Ruling | Claimed | Awarded |
|---|---|---|---|---|---|---|---|---|---|---|
| 635 | Francis, Carrie M | 8/15/2023 | 300.00 / 5.70 | $ 3,270.00 | Continue to prepare for and attend Final Pretrial Conference (3.5); file notice of appearance for A. Cheff (.3); prepare filings for court use (2.2). | Clerical (.3); Vague and ambiguous (2.2 = 3.5) | Sustained (.3); Overruled (5.7) | $ 1710.00 | $1,710.00 |
| 636 | Petersen, Vic | 8/16/2023 | 100.00 / 2.10 | $ 577.50 | Prepare Trial Director database for this matter (1.8); Prepare updated PDF exhibit for trial exhibit 23 (.3). | Clerical (2.1); Excessive for Plaintiff's Trial Exhibits (82.1 total hours - entries 465-483, 487, 491, 492, 500, 502-505, 507, 509, 513, 535, 536, 542-544, 589, 594-596, 603, 619, 621, 622, 626, 627, 629, 631, 637) | Overruled | $ 210.00 | $210.00 |
| 637 | Pearce, Susan M | 8/16/2023 | 100.00 / 2.50 | $ 637.50 | Begin preparation of copies of documents for court, jury, judge and counsel (1.13); prepare witness and exhibit lists for court (.5); communications with internal team re same and logistics for trial preparation (.7). | Clerical (2.5); IC (.7) | Overruled | $ 250.00 | $250.00 |
| 638 | Lauxman, Timothy | 8/16/2023 | 212.00 / 8.30 | $ 3,195.50 | Began outlining the cross- examination of Eric Tars, focusing on the various topic areas that we may need to inquire into and determining which of Plaintiff's exhibits are relevant to those issues; strategized with C.Francis regarding the issues to include out trial brief (2.1); reviewed the court rules regarding exhibit marking and JERS, and worked with staff to prepare a version of the excel file which is the basis for Plaintiff's Exhibit 23 (.7); reviewed the materials in our file regarding the production issues related to USHRN's 2019 board-approved budget (1.6); drafted motion for reconsideration of the court's decision to exclude Dr. Gonzalez's claim for damages outside the approximately $27,000 figure stated in Dr. Gonzalez's MIDP response (3.9). | Clerical (.7); IC (.7) | Overruled | $ 1759.60 | $1,759.60 |
| 639 | Francis, Carrie M | 8/16/2023 | 300.00 / 6.00 | $ 3,270.00 | Work on trial preparation including outline of direct examination for R. Gonzalez (4.2); request for M. Johnson to appear by remote video (.3); analyze settlement offer (.3); Motion for Reconsideration of Damages (1.2). | Duplicative (1.2 - entry 639) | Overruled | $ 1800.00 | $1,800.00 |
| 640 | Pearce, Susan M | 8/17/2023 | 100.00 / 6.40 | $ 1,632.00 | Trial preparation, including preparing exhibit copies for court, judge, jury and counsel, and preparing witness and exhibit lists (5.3); communications with internal team re same (.7); review motion to allow virtual testimony (.2); communications with internal team re same (.2). | Clerical (5.3 + .7); Duplicative/Excessive (.2 + .2 - entry 640); IC (.7 + .2 communications with team)) | Overruled | $ 640.00 | $640.00 |
| 641 | Lauxman, Timothy | 8/17/2023 | 212.00 / 11.80 | $ 4,543.00 | Assisted with Dr. Gonzalez's witness preparation and settlement negotiations (1); continued drafting portions of the trial brief relating to USHRN's assertion of attorney-client privilege and why Rule 408 does not apply to Plaintiff's Exhibit 25 (5.9); researched the case law regarding what law applies to the assertion of attorney-client privilege, Arizona law regarding whether attorney-client privilege can apply to an independent contractor, implicit waiver of attorney-client privilege, and the applicability of Rule 408 (4.9). | Duplicative/Excessive (1 - entry 644); Duplicative/Excessive (4.9 - entries 88, 548, 555, 570, 577, 579, 586) | Overruled | $ 2501.60 | $2,501.60 |
| 642 | Petersen, Vic | 8/17/2023 | 100.00 / 1.20 | $ 330.00 | Perform equipment testing in the court (.5); Prepare back up trial laptop (.7). | Clerical (1.2) | Overruled | $ 120.00 | $120.00 |
| 643 | Francis, Carrie M | 8/17/2023 | 300.00 / 8.00 | $ 4,360.00 | Prepare direct and cross examinations of Plaintiff (1.2); meeting with client regarding same (2); continue trial preparation, including opening argument (3.8); attend hearing on MJB trial attendance (.5); prepare supplemental filing regarding same (.5). | Duplicative/Excessive (1.2 - cross-exam of pltf) entries 592, 611, 612, 613, 620, 624, 625) | Overruled | $ 2400.00 | $2,400.00 |
| 644 | Pearce, Susan M | 8/18/2023 | 100.00 / 6.60 | $ 1,683.00 | Trial preparation, including preparation of binders, exhibits for trial and jury, and deposition designation copies. | Clerical | Overruled | $ 660.00 | $660.00 |
| 645 | Lauxman, Timothy | 8/18/2023 | 212.00 / 7.70 | $ 2,964.50 | Finished preparing outline of the cross-examination of Eric Tars, including sections on impeachment, Tars' lack of firsthand knowledge of the negotiations between Dr. Gonzalez and Marcia Johnson-Blanco, and the absence of evidence that USHRN made a payment to Max Rameau (3.2); reviewed all of USHRN's exhibits to find portions to use in Eric Tars' cross- examination, and discovered the difference between USHRN's version of DEX 130 (USHRN000451) and the version of USHRN000451 in Stinson's records (2.2); reviewed history of USHRN's production to determine why two documents existed with the same bates labeling (.9); drafted counter settlement offer to USHRN based on terms approved by Dr. Gonzalez in an effort to avoid trial (1.4). | | No Objection Raised | $ 1632.40 | $1,632.40 |

| # | Name | Date | Hours | Rate | Total | Description | Objection | Ruling | Requested | Awarded |
|---|---|---|---|---|---|---|---|---|---|---|
| 646 | Petersen, Vic | 8/18/2023 | 2.90 | 100.00 | $797.50 | Perform image quality and trial exhibit testing on the trial laptop for all exhibits loaded to trial director. | Clerical | Overruled | $290.00 | $290.00 |
| 647 | Francis, Carrie M | 8/18/2023 | 8.00 | 300.00 | $4,360.00 | Continue trial preparation, including Dr. Gonzalez direct exam outlines and opening statement (5.3); work on settlement issues (1.1); work on Rameau document issues (.6); work on Tars cross outline (1). | Duplicative (1 - entries 639, 646, 649); Block-billing (5.3); vague and ambiguous (5.3) | Overruled | $2400.00 | $2,400.00 |
| 648 | Lauxman, Timothy | 8/19/2023 | 8.70 | 212.00 | $3,349.50 | Finished outline of cross-examination of Eric Tars (1); continued drafting and finished drafting the trial brief, focusing on issues related to DEX 130 based on USHRN's issues when disclosing that document (.9), and the sections of the trial brief addressing the question of whether the court or the jury should decide USHRN's ratification argument (1.6), Dr. Gonzalez's accrual argument (1.8), and the acknowledgement of a just claim argument (1.4), as well as the merits of those issues and the merits of Dr. Gonzalez's illegality and equitable estoppel arguments (.5). | | No Objection Raised | $1844.40 | $1,844.40 |
| 649 | Lauxman, Timothy | 8/20/2023 | 3.30 | 212.00 | $1,270.50 | Revised trial brief based on comments from C.Francis and made further revisions in the sections addressing the merits of Dr. Gonzalez's illegality and equitable estoppel arguments (2.8); worked with staff to finalize the trial brief, including adding tables of contents and authorities and ensuring the exhibit to the brief was ready, so that the brief could be filed while myself and C.Francis were in court (.5). | Clerical (.5) | Overruled | $699.60 | $699.60 |
| 650 | Francis, Carrie M | 8/20/2023 | 8.00 | 300.00 | $4,360.00 | Work on witness preparation with client (6); work on opening statement (2). | Clerical (.5) | No Objection Raised | $2400.00 | $2,400.00 |
| 651 | Pearce, Susan M | 8/21/2023 | 0.70 | 100.00 | $178.50 | Telephone calls with T. Lauxman and J. Nichols re witness and exhibit lists (.4); prepare same for delivery to courthouse (.3). | IC (.4); Clerical (.7) | Overruled | $70.00 | $70.00 |
| 652 | Lauxman, Timothy | 8/21/2023 | 14.20 | 212.00 | $5,467.00 | Attended and assisted at trial, including taking notes during jury selection, testimony, and discussions with the court while the jury was not present (9); practiced with A.Cheff the reading of the deposition designations for Ms. Crooms-Robinson's testimony as USHRN's 30(b)(6) representative (.8); researched Georgia law related to the issues before the court, including equitable estoppel and illegality, as well as the issue of waiver of a choice-of-law provision under Ninth Circuit, Arizona, and Georgia law (4.4). | Duplicative/Excessive (.8 not necessary to practice reading depo); Duplicative (4.4 - entries 649, 650) | Overruled | $3010.40 | $3,010.40 |
| 653 | Petersen, Vic | 8/21/2023 | 9.00 | 100.00 | $2,475.00 | Attend trial and assist with exhibit presentation (8.7); load and set up equipment at counsel's table (.3). | Duplicative/Excessive (8.7 tech person not needed for entire trial); Clerical (.3) | Overruled | $900.00 | $900.00 |
| 654 | Cheff, Ashley V | 8/21/2023 | 1.80 | 212.00 | $612.00 | Review portions of deposition for Lisa Crooms to prepare to read it out loud at trial. | Duplicative/Excessive (not necessary to practice reading depo) | Overruled | $381.60 | $381.60 |
| 655 | Cheff, Ashley V | 8/21/2023 | 0.80 | 212.00 | $272.00 | Practice reading Lisa Crooms deposition with Tim Lauxman. | Duplicative/Excessive (not necessary to practice reading depo) | Overruled | $169.60 | $169.60 |
| 656 | Francis, Carrie M | 8/21/2023 | 12.00 | 300.00 | $6,540.00 | Prepare for and attend jury trial day 1 (9.5); work on trial brief for court evidentiary issues (.5); work on opening statement (1.7); related correspondence with Defendant's counsel (.3). | Block-billing (9.5); vague and ambiguous (9.5) | Overruled | $3600.00 | $3,600.00 |
| 657 | Lauxman, Timothy | 8/22/2023 | 10.10 | 212.00 | $3,888.50 | Prepared summary of research of Georgia law and waiver issues (.7); attended and assisted at trial, including taking notes during testimony (8.2); reviewed USHRN's trial brief and our counterarguments in our trial brief and our positions on the issues in the joint pretrial order, as well as the parties' proposed jury instructions and verdict forms, and each side's objections on those proposals (1.2). | | No Objection Raised | $2141.20 | $2,141.20 |
| 658 | Petersen, Vic | 8/22/2023 | 9.00 | 100.00 | $2,475.00 | Attend trial and assist with exhibit presentation at trial (8.5); print and prepare updated exhibits for trial (.5). | Duplicative/Excessive (8.5 tech person not needed for entire trial); Clerical (.5) | Overruled | $900.00 | $900.00 |
| 659 | Cheff, Ashley V | 8/22/2023 | 1.80 | 212.00 | $612.00 | Review case law and statutes on choice of law to provide C. Francis and T. Lauxman with the relevant law to argue Georgia law does not apply at trial. | Duplicative (entries 169, 171, 653, 658) | Overruled | $381.60 | $381.60 |
| 660 | Francis, Carrie M | 8/22/2023 | 12.00 | 300.00 | $6,540.00 | Prepare for (3.5) and attend jury trial day 2 (8.5). | Vague and ambiguous | Overruled | $3600.00 | $3,600.00 |

| # | Name | Date | Hours | Rate | Amount | Description | Objection | Ruling | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 661 | Lauxman, Timothy | 8/23/2023 | 6.90 | 212.00 | $3,349.50 | Continued reviewing the proposed jury instructions and verdict forms, and the parties' objections (1.2); reviewed the parties' trial briefs and positions in the joint final pretrial order, as well as the case law cited by each side (1); prepared an outline of our position and arguments for oral argument on those issues (.7); presented argument to the court on Dr. Gonzalez's position on issues for judgment as a matter of law, jury instructions, and verdict forms, and generally assisted C.Francis with her arguments (5.8). | Incorrect Time/Excessive/Duplicative (5.8 (Trial Day 1 was not 5.8 hours long, inconsistent with entry 663, 664)) | Sustained (reduced 5.8 to 4) | $1462.80 | $1,462.80 |
| 662 | Petersen, Vic | 8/23/2023 | 4.00 | 100.00 | $1,100.00 | Attend trial. | Duplicative/Excessive (tech person not needed for entire trial + no presentation) | Overruled | $400.00 | $400.00 |
| 663 | Francis, Carrie M | 8/23/2023 | 10.00 | 300.00 | $6,540.00 | Prepare for (2) and attend jury trial day 3 (6); work on closing argument and presentation materials for same (4). | Incorrect Time/Excessive/Duplicative (6 (Trial Day 3 was not 6 hours long, inconsistent with entry 663, 662)); vague and ambiguous (2 + 6) | Sustained (reduced 6 to 4); Overruled | $3000.00 | $3,000.00 |
| 664 | Lauxman, Timothy | 8/24/2023 | 5.00 | 212.00 | $1,925.00 | Reviewed the admitted exhibits to prepare for objections to USHRN's demonstrative exhibit (.4); reviewed admitted exhibits in court to ensure the exhibits provided to the jury were correct (.4); attended and assisted at trial, including asserting objections to USHRN's demonstrative and taking notes during proceedings (4.2). | | No Objection Raised | $1060.00 | $1,060.00 |
| 665 | Petersen, Vic | 8/24/2023 | 4.00 | 100.00 | $1,100.00 | Attend trial and assist with exhibit presentation at trial. | Duplicative/Excessive (tech person not needed for entire trial) | Overruled | $400.00 | $400.00 |
| 666 | Francis, Carrie M | 8/24/2023 | 6.00 | 300.00 | $3,706.00 | Prepare for (1.5) and attend jury trial day 4 (5); work on application for attorneys' fees and costs (.3). | Incorrect Time/Excessive/Duplicative (5 (Trial Day 4 was not 5 hours long, inconsistent with entry 665, 666)); Vague and ambiguous (1.5 + 5) | Sustained (5 reduced to 4.2); Overruled | $1800.00 | $1,800.00 |
| 667 | Lauxman, Timothy | 8/28/2023 | 0.20 | 212.00 | $77.00 | Reviewed Rules regarding applications for awards of attorneys fees (.2). | | No Objection Raised | $42.40 | $42.40 |
| 668 | Francis, Carrie M | 8/28/2023 | 0.70 | 300.00 | $381.50 | Work on fee motion (.7). | Vague and ambiguous | Overruled | $210.00 | $210.00 |
| 669 | Francis, Carrie M | 8/29/2023 | 1.40 | 300.00 | $763.00 | Further work on fee application (.3); analyze settlement strategy (1.1). | Vague and ambiguous (.3) | Overruled | $420.00 | $420.00 |
| 670 | Lauxman, Timothy | 8/30/2023 | 0.10 | 212.00 | $38.50 | Reviewed Arizona law regarding the determination of which party is the "prevailing party" in a litigation with mixed results. | | No Objection Raised | $21.20 | $21.20 |
| 671 | Francis, Carrie M | 8/30/2023 | 0.70 | 300.00 | $381.50 | Correspondence with USHRN counsel regarding application conferral (.2); further work on fee application excel file (.5). | | No Objection Raised | $210.00 | $210.00 |
| 672 | Francis, Carrie M | 9/4/2023 | 0.50 | 300.00 | $272.50 | Review final judgment and timing for appeal, fees and costs applications. | | Overruled | $150.00 | $150.00 |
| 673 | Lauxman, Timothy | 9/6/2023 | 3.00 | 212.00 | $1,155.00 | Reviewed time entries in preparation for motion for attorney fees. | | No Objection Raised | $636.00 | $636.00 |
| 674 | Lauxman, Timothy | 9/7/2023 | 5.70 | 212.00 | $2,348.50 | Conferral with opposing counsel regarding motion for attorney fees (.7); review time entries in preparation for motion for attorneys fees (5); review trial testimony of Ms. Marcia Johnson (.4). | Unrelated motion for reconsideration (.4) | Sustained (.4) | $1208.40 | $1,208.40 |
| 675 | Francis, Carrie M | 9/7/2023 | 2.00 | 300.00 | $1,635.00 | Prepare for (1) and confer with USHRN counsel regarding fee application (.7); work on fee application issues and analysis (1.3). | vague and ambiguous (1 + 1.3) | Sustained (1); Overruled (1.3) | $600.00 | $600.00 |
| 676 | Lauxman, Timothy | 9/9/2023 | 0.70 | 212.00 | $269.50 | Review court rules regarding motion for attorney fees and begin drafting the motion. | Duplicative (entry 668) | Overruled | $148.40 | $148.40 |
| 677 | Lauxman, Timothy | 9/11/2023 | 6.10 | 212.00 | $3,195.50 | Researched Arizona law regarding the various tests for when a party is the successful party, and when a claim arises out of a contract (3.3); began drafting motion for attorney fees pursuant to A.R.S. 12-341.01 (2.8); researched Ninth Circuit law regarding sanctions under 28 U.S.C. 1927 (1.1); began drafting motion for sanctions pursuant to 28 U.S.C. (1.1). | Unrelated sanitons motion (1.1 + 1.1) | Sustained (2.2) | $1293.20 | $1,293.20 |
| 678 | Lauxman, Timothy | 9/12/2023 | 6.40 | 212.00 | $3,696.00 | Researched Arizona and federal law regarding awards of prejudgment interest (.9); continued drafting motion for sanctions pursuant to 28 USC 1927 (3.2); finished drafting the motion for attorney fees pursuant to ARS 12-341.01, and began drafting declaration of C.Francis in support of the motion (5.1); reviewed local rule 54.2 for specifics on what must be included in a declaration supporting a motion for attorney fees (.4). | Duplicative (.4 - entries 668, 677); Unrelated sanitons motion (3.2) | Sustained (3.2); Overruled (.4) | $1356.80 | $1,356.80 |

| # | Name | Date | Hours | Rate | Amount | Description | Objection | Sustained/Overruled | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 679 | Lauxman, Timothy | 9/13/2023 | 1.90 | 212.00 | $ 3,157.00 | Prepared transcript request for for portions od Trial Day 3, in order to support motions for sanctions and prejudgment interest (.2); researched which federal rule was the appropriate vehicle for a motion for prejudgment interest after entry of judgment (.4); continued drafting motion for sanctions pursuant to 28 USC 1927, including gathering evidentiary support for USHRN's Counsel's reckless and bad faith pursuit of USHRN's counterclaims (5.4); researched cases applying 28 USC 1927 (.7); reviewed and revised time entries to remove from fee and sanction requests any time entries that solely sought fees incurred on Dr. Gonzalez's tort claims or other issues not related to the claims and counterclaims on which she prevailed (1.5). | Clerical (.2); Unrelated sanctions motion (.2 + 5.4 + .7) | Sustained (6.3) | $ 402.80 | $402.80 |
| 680 | Lauxman, Timothy | 9/14/2023 | 7.10 | 212.00 | $ 2,733.50 | Finished drafting motion for sanctions pursuant to 28 USC 1927 (.8); drafted declaration of C.Francis in support of motion for sanctions (.4); reviewed and revised time entries to remove from fee and sanction requests any time entries that solely sought fees incurred on Dr. Gonzalez's tort claims or other issues not related to the claims and counterclaims on which she prevailed, or which needed revision to comply with the local rule's requirements, included privileged information, or were unclear (5.7). | Unrelated sanctions motion (.8 + .4 + 5.7); Incorrect time (should be 6.9, not 7.1) | Sustained | $ 0.00 | $ 0.00 |
| 681 | Francis, Carrie M | 9/14/2023 | 5.00 | 300.00 | $ 3,815.00 | Work on application for attorney fees (1.8); brief research re apportionment of success arguments (1.6); work on motion for sanctions (2); research re fee award against non-appearing attorney identified in pleadings (.8); draft and file application for costs and review receipts in support of same (.8). | Unrelated sanctions motion (2); Clerical (.8 (filing of app for costs and review of receipts)); vague and ambiguous (1.8 + 2) | Sustained (2.0); Overruled (2.6) | $ 1500.00 | $1,500.00 |
| 682 | Lauxman, Timothy | 9/15/2023 | 1.70 | 212.00 | $ 3,003.00 | Finished reviewing and revising time entries to motion for attorneys fees, and then further removed time entries which were supportable under the motion made pursuant to ARS 12-341.01 but not 28 USC 1927 (4.3); revised the motion for sanctions pursuant to 28 USC 1927, focusing on ensure the exhibits' citations, and preparing the motion and exhibits for filing (1.8); revised motion for attorney fees and declaration for filing, including preparing exhibits (1.7). | Unrelated sanctions motion (4.3 + 1.8); Clerical (1.7 (preparing exhibits)) | Sustained (6.1); Overruled (1.7) | $ 360.40 | $360.40 |
| 683 | Francis, Carrie M | 9/15/2023 | 5.00 | 300.00 | $ 3,379.00 | Work on application for attorney fees and finalize and file same (3.8); research re case law cited therein for limitations on use (1.2); work on motion for sanctions and delcaration in support of same with exhibits, finalize and file same (1.2) | Unrelated motion for sanctions (1.2); Clerical (3.8 + 1.2 (filing of app for attorney's fees and filing of sanctions motion)); vague and ambiguous (3.8) | Sustained (1.2); Overruled (3.8) | $ 1500.00 | $1,500.00 |

**TOTAL:** $234,881.00
**TOTAL AS OF AUG. 16, 2023:** $185,956.20
**TOTAL AS OF DEC. 21, 2021:** $97,135.80